UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Jane Does 1-9, <br><br> Plaintiffs, <br><br> v. <br><br> Collins Murphy, Limestone College, Mindgeek Holding SARL a/k/a Mindgeek USA, Inc. d/b/aPornhub.com, and Hammy Media, Ltd. d/b/a Xhamster.com,, <br><br> Defendants. | Civil Action No.: 7:20-CV-00947-TMC <br><br><br> DEFENDANT COLLINS MURPHY'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT |

Defendant Collins Murphy ("Murphy" or "Defendant"), by and through its undersigned counsel, answers the Plaintiffs' Amended Complaint as follows:

### FOR A FIRST DEFENSE

Each and every allegation of Plaintiffs' Amended Complaint not specifically admitted, explained, or modified herein is denied.

1.  In response to the allegations contained in Paragraphs 1, 29, 30, 31, 32, 34, 37, 38, 39, 40, 41, 42, 44, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 103, 104, 105, 107, 108, 109, 110, of the Plaintiffs' Amended Complaint, including all subparts and subparagraphs therein, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5. Pursuant to this constitutional safeguard, the Defendant would show that he is not compelled to respond to the specific numerated paragraphs above.[1]

---

[1] See generally, N. River Ins. Co. v. Stefanou, 831 F.2d 484, 486-487 (4th Cir. 1987). In Stefanou, in determining whether a Defendant in a civil matter may invoke a constitutional protection against self-incrimination, the court reasoned as follows:

2. Defendant would show that the allegations contained in Paragraph 2 of the Plaintiffs' Amended Complaint do not pertain to Defendant and therefore no response by him is required. To the extent the allegations contained in Paragraph 2 could in any way be construed so as to impose liability upon Defendant in this lawsuit for any reason whatsoever, those allegations are denied.

3. Defendant would show that the allegations contained in Paragraph 3 of the Plaintiffs' Amended Complaint do not pertain to Defendant and therefore no response by him is required. To the extent the allegations contained in Paragraph 3 could in any way be construed so as to impose liability upon Defendant in this lawsuit for any reason whatsoever, those allegations are denied.

---

> The failure to deny an allegation in a pleading to which a responsive pleading is required constitutes an admission of that allegation. Fed.R.Civ.P. 8(d). However, when properly invoked, the fifth amendment privilege against self-incrimination, which applies to civil proceedings as well as criminal, can avoid the operation of Rule 8(d). The privilege applies not only at trial but also at the pleading stage.
>
> ***
>
> The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. But for one to invoke this privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim.
>
> <u>Id</u>.

4. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4-12 of the Plaintiffs' Amended Complaint, and therefore denies them.

5. Defendant admits only so much of the allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint as allege Defendant Limestone College is a private co-ed liberal arts college located at 1115 College Drive, Gaffney, South Carolina. The remaining allegations contained in Paragraph 13 of the Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 13 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

6. Defendant admits the allegations contained in Paragraph 14 of Amended Complaint, upon information and belief.

7. The allegations contained in Paragraph 15 of the Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 15 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiffs' Amended Complaint, and therefore denies them.

9. The allegations contained in Paragraph 17 of the Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations

contained in Paragraph 17 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

10. The allegations contained in Paragraph 18 of the Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 18 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiffs' Amended Complaint, and therefore denies them.

12. The allegations contained in Paragraph 20 of the Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 20 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

13. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Plaintiffs' Amended Complaint, and therefore denies them.

14. The allegations contained in Paragraph 22 of the Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 22 could in any way be construed so as to impose liability against

Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

15. Defendant admits the allegations contained in Paragraph 23 of Plaintiffs' Amended Complaint.

16. Defendant admits the allegations contained in Paragraph 24 of Plaintiffs' Amended Complaint.

17. In response to the allegations contained in Paragraph 25 of the Plaintiffs' Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

18. Defendant admits the allegations contained in Paragraph 26 of Plaintiffs' Amended Complaint, upon information and belief.

19. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Plaintiffs' Amended Complaint, and therefore denies them.

20. The allegations contained in Paragraph 28 of the Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 28 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

21. Defendant admits the allegations contained in Paragraph 33 of the Plaintiffs' Amended Complaint, upon information and belief.

22. Defendant admits the allegations contained in Paragraph 35 of the Plaintiffs' Amended Complaint, upon information and belief.

23. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 36 of Plaintiffs' Amended Complaint and therefore denies them.

24. The allegations contained in Paragraph 43 of the Plaintiffs' Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 43 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

25. Defendant would show that the allegations contained in Paragraphs 45 through 59 of the Plaintiffs' Amended Complaint do not pertain to Defendant and therefore no response is required. To the extent the allegations contained in said Paragraphs could in any way be construed so as to impose liability upon Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

26. In response to the allegations contained in Paragraph 60 of the Plaintiffs' Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

27. In response to the allegations contained in Paragraph 68 of the Plaintiffs' Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

28. In response to the allegations contained in Paragraph 75 of the Plaintiffs' Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

29. Defendant would show that the allegations contained in Paragraphs 76 through 101 of the Plaintiffs' Amended Complaint do not pertain to Defendant and therefore no response

is required. To the extent the allegations contained in said Paragraphs could in any way be construed so as to impose liability upon Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

30. In response to the allegations contained in Paragraph 102 of the Plaintiffs' Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

31. In response to the allegations contained in Paragraph 106 of the Plaintiffs' Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

32. Defendant denies the allegations contained in Plaintiffs' Prayer for Relief.

## AS A FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

33. One or more of the Plaintiffs' Causes of Action fails to state a claim upon which relief can be granted against Defendant and therefore should be dismissed under Fed.R.Civ.P. 12(b)(6).

## AS A SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

34. The claims set forth in the Plaintiffs' Amended Complaint are or may be barred, in whole or in part, by the applicable statute(s) of limitations.

## AS A THIRD AFFIRMATIVE DEFENSE
(Punitive Damages)

35. An award or assessment of punitive or exemplary damages against Defendant as prayed for by the Plaintiffs in this Plaintiffs' Amended Complaint would violate this Defendant's constitutional rights under the Due Process clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines clause of the Eighth Amendment to the

United States Constitution, the Double Jeopardy clause of the Fifth Amendment to the United States Constitution, and similar provisions in the South Carolina Constitution, applicable statutes and court rules, and this Defendant pleads such constitutional provisions as a complete defense to any claim for punitive damages.

## AS A FOURTH AFFIRMATIVE DEFENSE
(Punitive Damages)

36. An award of punitive damages under South Carolina law against Defendant would violate the 5th, 6th, and 14th Amendments of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that:

   a) The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

   b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

   c) Any award of punitive damages based upon the wealth of this Defendant violates due process guarantees;

   d) The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

   e) Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

   f) The Plaintiffs' claim for punitive damages violates the Equal Protection Clause of the 14th Amendment of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based on the wealth of this Defendant.

## AS A FIFTH AFFIRMATIVE DEFENSE
(Failure to Join Necessary Party)

37. Further responding to the Plaintiffs' Amended Complaint and as an affirmative defense thereto, Defendant would show that the Plaintiffs may have failed to join a necessary party

to this litigation as required by Fed.R.Civ.P. 19 and Plaintiffs' Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(7).

## AS A SIXTH AFFIRMATIVE DEFENSE
(S.C. Code Ann. § 15-38-510 et. seq.)

38. Defendant pleads the limitations on damage awards found in S.C. Code Ann. § 15-38-510 et. seq. and requests bifurcation in accordance with these code sections.

## AS A SEVENTH AFFIRMATIVE DEFENSE
(Cap on Punitive Damages – S.C. Code Ann. § 15-38-530)

39. Plaintiff's claims may be barred or limited by S.C. Code Ann. § 15-38-530.

## AS AN EIGHTH AFFIRMATIVE DEFENSE
(Non-Waiver)

40. Defendant reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

## AS A NINTH AFFIRMATIVE DEFENSE
(Incorporation)

41. Defendant hereby incorporates and asserts all defenses, counterclaims, set-offs, and credits pled by other parties to this action, to include any pleadings filed after this Answer, and specifically, without limitation, all defenses, counterclaims, set-offs, and credits pled to Plaintiffs' claims, to the extent not inconsistent with its Answer herein and its denial of liability of any kind.

WHEREFORE, having fully answered the allegations herein, Defendant prays that this honorable Court:

a) dismiss Plaintiff's Amended Complaint against Defendant with prejudice.

b) award the Defendant costs and reasonable attorney's fees in defending this action.

c) grant Defendant a trial by jury; and

d) grant Defendant any other relief the Court may be deem just and proper.

**HALL, BOOTH, SMITH, P.C.**

/s/ Alan Belcher
_____
Alan R. Belcher, Jr., Esquire, Bar No. 9342
111 Coleman Blvd., Suite 301
Mt. Pleasant, SC 29464
Telephone: (843) 720-3460
Facsimile: (843) 720-3458
alan.belcher@hallboothsmith.com

This 10th day of June, 2020

67745226-1
Collins Murphy's Answer to Plaintiffs' Amended Complaint
P a g e | **10**