## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| Jane Does 1-9,<br><br>        Plaintiffs,<br><br>v.<br><br>Collins Murphy, Limestone College, MG Freesites, LTD., d/b/a Pornhub.com, and Hammy Media, Ltd. d/b/a Xhamster.com,,<br><br>        Defendants. | Civil Action No.: 7:20-CV-00947-TMC<br><br>DEFENDANT COLLINS MURPHY'S ANSWER TO THE CROSS-CLAIMS OF DEFENDANT LIMESTONE COLLEGE AS ASSERTED IN DEFENDANT LIMESTONE COLLEGE'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT |

Defendant Collins Murphy ("Murphy" or "Defendant Murphy"), by and through its undersigned counsel, answers the Cross-claims of Defendant Limestone University f/k/a Limestone College ("Limestone") as asserted in Limestone's Answer to the Plaintiffs' Second Amended Complaint as follows:

### FOR A FIRST DEFENSE

Each and every allegation of Limestone's Cross-claims as asserted in its Answer to the Plaintiffs' Second Amended Complaint not specifically admitted, explained, or modified herein is denied.

1.  The first defense paragraph, second defense paragraph, third defense paragraph, in addition to paragraphs 1 through 110, the prayer for relief paragraph, fifth defense paragraph, sixth defense paragraph, seventh defense paragraph, eight defense paragraph, ninth defense paragraph, tenth defense paragraph, eleventh defense paragraph, twelfth defense paragraph, thirteenth defense paragraph, fourteenth defense paragraph, fifteenth defense paragraph, and sixteenth defense paragraph constitute Limestone's Answer to the Plaintiffs' Second Amended

Complaint and require no response from Defendant Murphy. To the extent that these paragraphs could in any way whatsoever be construed so as to impute liability upon Defendant Murphy, those paragraphs are denied, and Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

2. Defendant Murphy denies the introduction paragraphs of Limestone's Cross-claims to the extent those paragraphs can in any way whatsoever be construed so as to impute liability upon Defendant Murphy, and Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

3. In response to the allegations contained in Paragraph 1 of Limestone's Cross-claims, Defendant Murphy repeats and realleges all prior responses above as if fully set forth herein verbatim.

4. Upon information and belief, Paragraphs 2-4 of Limestone's Cross-claims are admitted.

5. In response to the allegations contained in Paragraphs 5, 8, 9, 11, 13, 25, 26, 27, 31, 32, 33, 37, 38, 39, 42, 43, 44, 51, 52, 56 of Limestone's Cross-claims, including all subparts and subparagraphs therein, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5. Pursuant to this constitutional safeguard, Defendant Murphy would show that he is not compelled to respond to the specific numerated paragraphs above.[1]

---

[1] See generally, N. River Ins. Co. v. Stefanou, 831 F.2d 484, 486-487 (4th Cir. 1987). In Stefanou, in determining whether a Defendant in a civil matter may invoke a constitutional protection against self-incrimination, the court reasoned as follows:

> The failure to deny an allegation in a pleading to which a responsive pleading is required constitutes an admission of that allegation. Fed.R.Civ.P. 8(d). However, when properly invoked,

Collins Murphy's Answer to Defendant Limestone's Cross-claims as asserted in Limestone's Answer to the Paintiffs' Second Amended Complaint

P a g e | 2

6. Defendant Murphy does not possess knowledge or information sufficient to admit or deny the allegations of Paragraph 6 of Limestone's Cross-claims and therefore denies the same.

7. Defendant Murphy does not possess knowledge or information sufficient to admit or deny the allegations of Paragraph 7 of Limestone's Cross-claims and therefore denies the same.

8. As to Paragraph 8 of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

9. As to Paragraph 9 of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

---

> the fifth amendment privilege against self-incrimination, which applies to civil proceedings as well as criminal, can avoid the operation of Rule 8(d). The privilege applies not only at trial but also at the pleading stage.
>
> ***
>
> The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. But for one to invoke this privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim.
>
> Id.

10. Defendant Murphy does not possess knowledge or information sufficient to admit or deny the allegations of Paragraph 10 of Limestone's Cross-claims and therefore denies the same. To the extent that this paragraph could in any way whatsoever be construed so as to impose liability upon Defendant Murphy, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

11. As to Paragraph 11 of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

12. Defendant Murphy does not possess knowledge or information sufficient to admit or deny the allegations of Paragraph 12 of Limestone's Cross-claims and therefore denies the same. To the extent that this paragraph could in any way whatsoever be construed so as to impose liability upon Defendant Murphy, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

13. As to Paragraph 13 of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

14. Defendant Murphy does not possess knowledge or information sufficient to admit or deny the allegations of Paragraph 14 and therefore denies the same. To the extent that this paragraph could in any way whatsoever be construed so as to impose liability upon Defendant Murphy, including all subparts, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

15. Paragraph 15 of Limestone's Cross-claims constitutes recitation of the causes of action asserted against Limestone in Plaintiffs' Second Amended Complaint and requires no response by Defendant Murphy. To the extent that this paragraph could in any way whatsoever

be construed so as to impose liability upon Defendant Murphy, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

16. Paragraph 16 of Limestone's Cross-claims constitutes recitation of Limestone's Answer to the causes of action asserted against Limestone in Plaintiffs' Second Amended Complaint and requires no response by Defendant Murphy. To the extent that this paragraph could in any way whatsoever be construed so as to impose liability upon Defendant Murphy, including all subparts, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

17. In response to the allegations contained in Paragraph 17 of Limestone's Cross-claims, Defendant Murphy repeats and realleges all prior responses above as if fully set forth herein verbatim.

18. Paragraph 18 of Limestone's Cross-claims constitutes a recitation of the facts asserted against Limestone in Plaintiffs' Second Amended Complaint and requires no response by Defendant Murphy. To the extent that this paragraph could in any way whatsoever be construed so as to impose liability upon Defendant Murphy, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

19. Defendant Murphy does not possess knowledge or information sufficient to admit or deny the allegations of Paragraph 19 of Limestone's Cross-claims and therefore denies the same.

20. Paragraph 20 of Limestone's Cross-claims is denied.

21. Paragraph 21 of Limestone's Cross-claims constitutes a legal conclusion and requires no response by Defendant Murphy. To the extent the allegations in Paragraph 21 could in any way be construed so as to impose liability upon Defendant Murphy in this lawsuit for any

reason, those allegations are denied, and Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

22.     Paragraph 22 of Limestone's Cross-claims is denied.

23.     Paragraph 23 of Limestone's Cross-claims is denied.

24.     In response to the allegations contained in Paragraph 24 of Limestone's Cross-claims, Defendant Murphy repeats and realleges all prior responses above as if fully set forth herein verbatim.

25-27.  In response to Paragraphs 25 through 27 of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

28.     Defendant Murphy does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 28 of Limestone's Cross-claims and therefore denies the same.

29.     Paragraph 29 of Limestone's Cross-claims is denied.

30.     In response to the allegations contained in Paragraph 30 of Limestone's Cross-claims, Defendant Murphy repeats and realleges all prior responses as if fully set forth herein verbatim.

31-32.  In response to Paragraphs 31 through 32 of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

33.     As to Paragraph 33, Defendant Murphy admits only that he owed Limestone duties under South Carolina law and under his contract or agreement, if any, with Limestone, and Defendant Murphy denies the allegations contained in this paragraph to the extent that they are inconsistent therewith.

34. Defendant Murphy does not possess knowledge or information sufficient to admit or deny the allegations of Paragraph 34 of Limestone's Cross-claims and therefore denies the same and invokes the privilege imparted to him under U.S.C.A. Const. Amend. 5.

35. Defendant Murphy denies the allegations of Paragraph 35 of Limestone's Cross-claims.

36. In response to the allegations contained in Paragraph 36 of Limestone's Cross-claims, Defendant Murphy repeats and realleges all prior responses as if fully set forth herein verbatim.

37-39. In response to Paragraphs 37 through 39 of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

40. Defendant Murphy does not possess knowledge or information sufficient to admit or deny the allegations of Paragraph 40 of Limestone's Cross-claims and therefore denies the same and invokes the privilege imparted to him under U.S.C.A. Const. Amend. 5.

41. In response to the allegations contained in Paragraph 41 of Limestone's Cross-claims, Defendant Murphy repeats and realleges all prior responses as if fully set forth herein verbatim.

42-43. In response to Paragraphs 42 through 43 of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

44. As to Paragraph 44, Defendant Murphy admits only that he owed Limestone duties under South Carolina law and under his contract or agreement, if any, with Limestone, and Defendant Murphy denies the allegations contained in this paragraph to the extent that they are inconsistent therewith.

45. Defendant Murphy does not possess knowledge or information sufficient to admit or deny the allegations of Paragraph 45 of Limestone's Cross-claims and therefore denies the same and invokes the privilege imparted to him under U.S.C.A. Const. Amend. 5.

46. Paragraph 46 of Limestone's Cross-claims is denied.

47. In response to the allegations contained in Paragraph 47 of Limestone's Cross-claims, Defendant Murphy repeats and realleges all prior responses as if fully set forth herein verbatim.

48. Upon information and belief, Paragraph 48 of Limestone's Cross-claims is admitted. However, to the extent the allegations in Paragraph 48 could in any way be construed so as to impose liability upon Defendant Murphy in this lawsuit for any reason, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

49. Upon information and belief, Paragraph 49 of Limestone's Cross-claims is admitted. However, to the extent the allegations in Paragraph 49 could in any way be construed so as to impose liability upon Defendant Murphy in this lawsuit for any reason, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

50. Paragraph 50 of Limestone's Cross-claims constitutes a recitation of the facts asserted against Limestone in Plaintiffs' Second Amended Complaint and requires no response by Defendant Murphy. To the extent that this paragraph could in any way whatsoever be construed so as to impose liability upon Defendant Murphy, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

51-52. In response to Paragraphs 51 through 52 of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

53. Paragraph 53 of Limestone's Cross-claims is denied.

54. In response to the allegations contained in Paragraph 54 of Limestone's Cross-claims, Defendant Murphy repeats and realleges all prior responses as if fully set forth herein verbatim.

55. As to Paragraph 55, Defendant Murphy admits that he owed Limestone duties under South Carolina law and under his contract or agreement, if any, with Limestone, and Defendant Murphy denies the allegations contained in this paragraph to the extent that they are inconsistent therewith.

56. In response to Paragraph 56, including all subparts, of Limestone's Cross-claims, Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

57. Paragraph 57 of Limestone's Cross-claims constitutes a legal conclusion and requires no response by Defendant Murphy. To the extent that this paragraph could in any way whatsoever be construed so as to impose liability upon Defendant Murphy, this paragraph is denied, and Defendant Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend. 5.

58. Paragraph 58 of Limestone's Cross-claims is denied.

## GENERAL DENIAL

59. Pursuant to Fed.R.Civ.P. 8, Defendant Murphy denies each and every allegation contained in the Complaint which is not specifically admitted hereinabove. By way of further answer, Defendant Murphy denies the allegations contained in the paragraph beginning with "WHEREFORE" and expressly denies the allegations of that paragraph could they in any way whatsoever be construed to impose liability upon Defendant Murphy.

## AS A FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

60. One or more of the Limestone's Causes of Action fails to state a claim upon which relief can be granted against Defendant Murphy and therefore should be dismissed under Fed.R.Civ.P. 12(b)(6).

## AS A SECOND AFFIRMATIVE DEFENSE
(Intervening/Superseding Negligence of Others)

61. The damages allegedly suffered by Limestone, if any, were due to, and caused by, and were the proximate result of, the intervening and superseding negligence, willfulness, wantonness, and recklessness of Limestone and/or others, and, as such, constitute a complete defense to Limestone's claims.

## AS A THIRD AFFIRMATIVE DEFENSE
(Negligence of a Third-Party)

62. Any injuries and damages sustained by Limestone, if any, were due to and caused by the sole negligent acts or omissions of some other person or persons other than Defendant Murphy.

## AS A FOURTH AFFIRMATIVE DEFENSE
(Equitable Defenses)

63. Limestone's Cross-claims may be barred, in whole or in part, by the doctrines of laches, unclean hands, lack of due diligence, waiver, estoppel and any other equitable principle.

## AS A FIFTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

64. The claims set forth in Limestone's Cross-claims are or may be barred, in whole or in part, by the applicable statute(s) of limitations.

### AS A SIXTH AFFIRMATIVE DEFENSE
(Punitive Damages)

65. An award or assessment of punitive or exemplary damages against Defendant Murphy as prayed for by Limestone in its Cross-claims would violate this Defendant's constitutional rights under the Due Process clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Excessive Fines clause of the Eighth Amendment to the United States Constitution, the Double Jeopardy clause of the Fifth Amendment to the United States Constitution, and similar provisions in the South Carolina Constitution, applicable statutes and court rules, and Defendant Murphy pleads such constitutional provisions as a complete defense to any claim for punitive damages.

### AS A SEVENTH AFFIRMATIVE DEFENSE
(Punitive Damages)

66. An award of punitive damages under South Carolina law against Defendant Murphy would violate the 5th, 6th, and 14th Amendments of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that:

   a) The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

   b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

   c) Any award of punitive damages based upon the wealth of this Defendant violates due process guarantees;

   d) The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

   e) Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

    f)    Limestone's claim for punitive damages violates the Equal Protection Clause of the 14th Amendment of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based on the wealth of this Defendant.

### AS AN EIGHTH AFFIRMATIVE DEFENSE
(S.C. Code Ann. § 15-38-510 <u>et. seq.</u>)

67.    Defendant Murphy pleads the limitations on damage awards found in S.C. Code Ann. § 15-38-510 et. seq. and requests bifurcation in accordance with these code sections.

### AS A NINTH AFFIRMATIVE DEFENSE
(Cap on Punitive Damages – S.C. Code Ann. § 15-38-530)

68.    Limestone's claims may be barred or limited by S.C. Code Ann. § 15-38-530.

### AS A TENTH AFFIRMATIVE DEFENSE
(Non-Waiver)

69.    Defendant Murphy reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

### AS AN ELEVENTH AFFIRMATIVE DEFENSE
(Incorporation)

70.    Defendant Murphy hereby incorporates and asserts all defenses, counterclaims, set-offs, and credits pled by other parties to this action, to include any pleadings filed after this Answer, and specifically, without limitation, all defenses, counterclaims, set-offs, and credits pled to Limestone's Cross-claims, to the extent not inconsistent with its Answer herein and its denial of liability of any kind.

WHEREFORE, having fully answered the allegations herein, Defendant Murphy prays that this honorable Court:

    a)    dismiss Limestone's Cross-claims against Defendant Murphy with prejudice.

    b)    award Defendant Murphy costs and reasonable attorney's fees in defending this action.

c) grant Defendant Murphy a trial by jury; and

d) grant Defendant Murphy any other relief the Court may be deem just and proper.

**HALL BOOTH SMITH, P.C.**

/s/ Alan Belcher

Alan R. Belcher, Jr., Esquire, Bar No. 9342
Connor E. Johnson, Esquire, Bar No. 12954
111 Coleman Blvd., Suite 301
Mt. Pleasant, SC 29464
Telephone: (843) 720-3460
Facsimile: (843) 720-3458
alan.belcher@hallboothsmith.com
cjohnson@hallboothsmith.com

This  31st  day of August, 2020