IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>      Plaintiffs,<br><br>v.<br><br>COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD d/b/a PORNHUB.COM, and HAMMY MEDIA, LTD. d/b/a XHAMSTER.COM,<br><br>      Defendants. | Civil Action Number: 7:20-cv-00947-TMC<br><br><br><br>**DEFENDANT MG FREESITES' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiffs' Motion for Leave to File a Third Amended Complaint ("3AC") is a futile attempt to address the fatal shortcomings of their case laid out in the Motion to Dismiss filed by MG Freesites, Ltd ("MG Freesites") on September 14, 2020 ("MTD") by adding two new but equally meritless claims for relief. Plaintiffs' amendments are futile. Neither of these claims for relief is based on any facts other than those already alleged in the Second Amended Complaint, which is the subject of the MTD. As such, Plaintiffs' proposed new claims fail for the very same reasons that Plaintiffs' other claims (e.g., for "Negligent Monitoring," "False Light," and "Civil Conspiracy") fail. Plaintiffs have now had three opportunities to state a claim against MG Freesites. Their 3AC only confirms that it is past time to dismiss MG Freesites as a defendant in this case. There is no reason for any further delay, especially since MG Freesites has specifically addressed the new claims in its reply memorandum in support of the MTD. (Dkt. 53.)

MG Freesites has no objection to amendment as to the two defendants that have answered the Complaint, Collins Murphy and Limestone College, as well as to Hammy Media (e.g.,

Hammy Media, Ltd.) However, for the reasons set forth below, the Court should deny Plaintiffs' motion for leave or, alternatively, order that the claims set forth in the 3AC be limited solely to Murphy, Limestone, and Hammy Media, Ltd. The Court also should grant the MTD in its entirety.

## BACKGROUND FACTS

The timeline set forth in Plaintiffs' memorandum is not entirely accurate. Plaintiffs correctly note that their initial Complaint in this lawsuit was filed on March 4, 2020 – more than eight months ago. For reasons unknown to MG Freesites, Plaintiffs filed an Amended Complaint shortly thereafter. However, Plaintiffs did not even attempt to serve MG Freesites (initially improperly named as MindGeek Holding Sarl) until ***June 2020***, after the 90-day deadline for service set forth in the Federal Rules already had passed. Specifically, on or about June 12, 2020, Plaintiffs contacted MG Freesites' U.S. counsel to ask whether it would accept service of the Amended Complaint on "MindGeek Holding Sarl." In a show of good faith and in order to avoid delay, MG Freesites agreed to waive service of a Second Amended Complaint against the proper party, MG Freesites. (Dkt. 35.) Plaintiffs filed that Second Amended Complaint on ***July 16, 2020***. Pursuant to Rule 4(d)(3), on September 14, 2020, MG Freesites filed its Motion to Dismiss the Second Amended Complaint.

MG Freesites' MTD is fully briefed and awaiting decision. (Dkt. 46, 51, 53.) The MTD is largely premised on a single dispositive legal issue – namely, that Section 230 of the Communications Decency Act (47 U.S.C. § 230(c)(1)) ("CDA") bars Plaintiffs' claims against MG Freesites. The legal issue is straightforward, and the law in this Circuit is well-established. In short, because all of Plaintiffs' claims arise from MG Freesites' alleged publication of ***third***

*party* content (i.e., videos created by defendant Murphy several years earlier) by one of many hundreds of millions of users of its website, the claims are wholly barred in by the CDA. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) ("Congress carved out a sphere of immunity from state lawsuits for providers of interactive computer services to preserve the 'vibrant and competitive free market' of ideas on the Internet."); *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) ("[L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone, or alter content – are banned."); *Cox v. Twitter, Inc.*, No. 2:18-2573-DCN-BM, 2019 WL 2513963, at *3 (D.S.C. Feb. 8, 2019) ("[w]here the violation alleged by a Plaintiff derives from the Defendant's status or conduct as a publisher, § 230(c)(1) of the CDA prohibits liability.")

Evidently recognizing that MG Freesites' CDA defense disposes of all of the claims alleged in the Second Amended Complaint, Plaintiffs filed their *pro forma* Motion for Leave to Amend ("Motion for Leave") **one** day before Plaintiffs' deadline to respond to the MTD. That decision muddles the docket, but ultimately should not change the outcome.[1] The Motion for Leave requests permission to file a Third Amended Complaint, but fails to provide any explanation as to why amendment is justified or would overcome the legal barriers discussed in the MTD. To the contrary, the Third Amended Complaint is substantively identical to the Second Amended Complaint, and does not add *any* new factual allegations. The only substantive difference between the Second Amended Complaint and Third Amended Complaint is the addition of two causes of action: (1) a Second Cause of Action for "Invasion of Privacy –

---

[1] For the avoidance of doubt, if this Court grants Plaintiffs' Motion to Amend, MG Freesites is prepared to, and intends to, file another Motion to Dismiss. MG Freesites reserves the right to make additional arguments in any such Motion.

Wrongful Publicizing of Private Affairs," and (2) a Third Cause of Action for "Invasion of Privacy – Wrongful Appropriation of Personality." *See* Proposed Third Amended Complaint ("3AC"), ¶¶ 70-85.[2] These two causes of action are premised on the exact same facts that give rise to Plaintiffs' other causes of action. As such, they are equally subject to dismissal.

## ARGUMENT

### I. AMENDMENT WOULD BE FUTILE AS AGAINST MG FREESITES.

The Fourth Circuit has held that leave to amend a pleading should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Wilder v. Krebs*, No. CV 2:17-763-CMC-MGB, 2019 WL 2537482, at *2 (D.S.C. June 20, 2019) (quoting *Katyle v. Penn. Nat. Gaming, Inc.,* 637 F.3d 462, 471 (4th Cir. 2011) (internal citations omitted). In other words, if the Amended Complaint could not survive a motion to dismiss under Rule 12(b)(6), it will be deemed to be futile and amendment will be denied. *Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 376 (4th Cir. 2008) ("Because [the] proposed amended complaint does not properly state a claim under Rule 12(b)(6)... we find the district court correctly determined that further amendment would be futile."); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (holding the district court justified in denying the motion to amend complaint "because the proposed amendments could not withstand a motion to dismiss.").

---

[2] Plaintiffs also added two paragraphs to their First Claim for Relief, paragraphs 66 and 67. These paragraphs simply repeat the conclusory allegation that "[t]he secret and unauthorized videotaping by Defendant Murphy was motivated by the joint venture partnership between Defendant Murphy and Defendants Pornhub and XHamster, respectively," and that "[t]he acts of Defendants, collectively, led to the wrongful intrusion of the Plaintiffs."

Courts routinely deny leave to amend when, as here, the plaintiff's request is in response to a pending motion to dismiss, but the plaintiff does not explain how amendment would cure the deficiencies identified in the pending motion. *Palmetto Assisted Living Sys., Inc. v. KeyBank Nat'l Ass'n,* No. 3:18-CV-2665-CMC, 2019 WL 5872138, at *2 (D.S.C. Apr. 8, 2019) ("Plaintiff requested an opportunity to amend in its responses to Defendants' motions to dismiss; however, the proposed amendments do not successfully address or satisfy the reasons for dismissal argued by Defendants."); *Lindler v. Mentor Worldwide LLC*, No. CIV.A. 3:14-1982-MGL, 2014 WL 6390307, at *2 (D.S.C. Oct. 23, 2014) ("[T]he grant of leave to amend here would be futile because even the proposed Amended Complaint would not survive a motion to dismiss.").

Here, Plaintiffs do not make *any* effort to explain how their proposed amendment would impact the pending MTD. Motion at 4 ("The Plaintiffs[sic] proposed Amended Complaint is not futile insofar as it properly pleads the new causes of action and is no[sic] insufficient or frivolous on its face.") This is because amendment will not change the outcome of the MTD at all.

As set forth in more detail in MG Freesites' reply memorandum (Dkt. 53), the CDA applies with equal force to "Invasion of Privacy" claims as it does to any other tort claim. *See Carafino v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003) (CDA barred claims for invasion of privacy and misappropriation of the right of publicity). This includes invasion of privacy claims premised on the unauthorized or wrongful use of a plaintiffs' image (i.e. misappropriation of personality). *Id.* Accordingly, courts routinely dismiss right of publicity or misappropriation of personality claims under the CDA. *See, e.g., Perfect 10 v. CCBill LLC*, 488 F.3d 1102, 1118-19 (9th Cir. 2007) (dismissing right of publicity claims under the CDA); *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 946 F. 3d 1040, 1053 (9th Cir. 2019) (noting that right of publicity claims are barred by the CDA); *Curran v. Amazon.com, Inc.*, No.

2:07-0354, 2008 WL 472433, at *11 (S.D.W.Va. Feb. 19, 2008) ("CDA immunity exists for both right of publicity claims… and right of privacy claims."); *Hepp v. Facebook, Inc.*, No. 19-4034-JMY, 2020 WL 3034815, at *7 (E.D.Pa. June 5, 2020) (dismissing right of publicity claims as barred by the CDA); *Doe ex rel. Roe v. Backpage.com, LLC,* 104 F. Supp. 3d 149, 163 n. 13 (D. Mass. 2015) ("[A] person's image is not a 'product of the human intellect'" and thus not subject to the "intellectual property" exception of the CDA.), *superseded by statute on other grounds* as stated in *Stokinger v. Armslist*, No. 1884CV03236F, 2020 WL 2617168, at *5 (Mass. Sup. Ct. Apr. 28, 2020).

To be sure, these decisions are required by Congress's clear and closely considered decision that "[w]hile the facts of [the posted illegal content at issue] may be highly offensive… the parties to be punished and deterred are not the internet service providers but rather are those who created and posted the illegal material[.]" *See Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 WL 3813758, at *4 (E.D. Tex. Dec. 27, 2006). The policy behind this decision is to serve, not frustrate, the public good, given that "the existing legal system provides a massive disincentive for the people who might best help us control the Internet to do so." *Id.* (citing 141 Cong. Rec. H8469). "If internet service providers … could be liable for reviewing materials but ultimately deciding to allow them," that would hamper their efforts to engage in responsive review to begin with. *Id.*

In the end, the same arguments set forth in the MTD apply to Plaintiffs' proposed new claims – and those claims must fail for the exact same reasons. There is no reason to further delay this proceeding by requiring MG Freesites to engage in additional briefing with respect to the 3AC, especially since the other defendants have answered and apparently are prepared to litigate the primary issues in this case.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' request for leave to amend to the extent the Third Amended Complaint asserts claims against Defendant MG Freesites.

Respectfully submitted,

| | | |
|---|---|---|
| DATED October 16, 2020 | | TURNER, PADGET, GRAHAM AND LANEY, P.A. |
| Greenville, South Carolina | By: | */s/ R. Taylor Speer* |
| | | R. Taylor Speer | Attorney ID: 12267 |
| | | email | tspeer@turnerpadget.com |
| | | direct | 864-552-4618 |
| | | |
| | | J. Kenneth Carter | Attorney ID: 05108 |
| | | email | kcarter@turnerpadget.com |
| | | direct | 864-552-4611 |
| | | |
| | | Post Office Box 1509 |
| | | Greenville, South Carolina 29602 |
| | | facsimile | 864-282-5993 |
| TPGL 10662263V1 16881.00101 | | *Attorneys for Defendant MG Freesites, Ltd* |
| | | |
| | | MITCHELL SILBERBERG & KNUPP LLP |
| | | |
| | | Marc E. Mayer | admitted *pro hac vice*: |
| | | email | mem@msk.com |
| | | direct | 310-312-3154 |
| | | |
| | | 2049 Century Park East |
| | | 18th Floor |
| | | Los Angeles, California 90067 |
| | | facsimile | 864-282-5993 |
| 12566459.2 | | *Attorneys for Defendant MG Freesites, Ltd* |