**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| **JANE DOES 1-9,** | Case No.: 7:20-cv-00947-TMC |
| **Plaintiffs,** | |
| vs. | **PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO AMEND** |
| **COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD. d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,** | |
| **Defendants.** | |

**PLAINTIFF'S REPLY TO DEFENANTS RESPONSE IN OPPOSITION TO PLAINTIFFS LEAVE TO AMEND THE COMPLAINT**

The Plaintiffs, Jane Does 1-9, hereby submit this Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Amend the Complaint. Contrary to the Defendant's arguments, the Plaintiffs' Third Amended Complaint is not futile and is not factually and legally deficient. Specifically, the additional causes of action are firmly supported by the allegations within the complaint and are made sufficiently so that the Third Amended Complaint would survive a Motion to Dismiss under 12(b)(6). Plaintiffs hereby reply to Defendants Response in Opposition as follows:

First, as a preliminary matter, Defendant's assert that Plaintiffs' claims brought in this lawsuit against them are barred by § 230 of the Communications Decency Act arbitrarily, and thus, this Court should not entertain Plaintiffs' Motion to Amend. Defendant's assertion neglects the fact that at this stage of the case, no discovery has been completed, thus rendering their Motion to Dismiss premature. As pled, Plaintiffs' Second Amended Complaint (and the proposed Third Amended Complaint) should survive a Motion to Dismiss because Plaintiffs have plausibly alleged

that Defendant MG Freesites were sufficiently engaged and maintained a relationship with Defendant Murphy for the purpose of creating explicit and sexually lude content to publish onto their website, Pornhub.com. (ECF No. 33 at 1-2, 3, 4, 6-8.)

As the Court held in *Huon*, "potentially meritorious claims could be prematurely and improperly dismissed … since the information necessary to prove or refute allegations … is typically available only to defendants." *Huon v. Denton*, 841 F.3d 733, 743 (7th Cir. 2016). Plaintiffs have met their burden under the law to establish a viable claim and deserve the opportunity to seek discovery to support it. If the Court were to merely disregard Plaintiffs' pleadings and grant dismissal under Defendant's claims of blanket immunity under § 230 of the CDA it would grant Defendant the ultimate insulation from liability. Only Defendants are in possession of the records related to their business dealings and if the Court were to allow this claim, or similarly situated claims, to be dismissed prematurely it give Defendants, and others like them, free reign to violate and take advantage of innocent individuals not only within the state, but across nation.

As to the arguments presented by Defendant regarding the futility of Plaintiffs' amendment, the additional causes of action are rooted and stem from the same set of facts that gave rise to the existing Invasion of Privacy: Wrongful Intrusion upon Private Affairs claim that is present within the Second Amended Complaint. Defendant argues that Plaintiffs amendment is factually deficient. However, the Court must accept as true all well-pleaded factual allegations in Plaintiffs' Complaint and draw all reasonable inferences from these allegations in the Plaintiffs' favor. Only if it appears *certain* that the Plaintiffs' cannot prove any set of facts shall the Court grant Defendants Motion to Dismiss. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)(emphasis added). Here, Plaintiffs have shown that they have properly alleged a set of facts

that give rise to well pleaded allegations. As one example, Plaintiffs have sufficiently alleged that Defendant was engaged in a conscious business relationship to create explicitly lude, surreptitious films of women.

> 45. Upon information and belief both Defendant Pornhub and Defendant xHamster promote the creation of lewd sexual content by providing payment to those who submit such media to their website.
>
> 46. This lewd sexual content increases the viewership to their respective platforms which increases their own financial gain.
>
> 47. Upon information and belief Defendant Pornhub and Defendant xHamster individually schemed to increase their financial positions by enlisting others to create sexually deviant content and shared the revenues such content generated with the providers.
>
> 48. This scheme created a joint venture partnership and civil conspiracy between Defendants and the individuals who provided the Defendants with the lewd, sexual, and pornographic content which the Defendants used to make money and removes any protections granted to them as they are no longer merely hosts of said content.
>
> 49. But for the Defendants monetization of the creation of "homemade/ spy cam" style lewd content, such content would likely have not been so heavily sought after.
>
> 50. Upon information and belief the Defendants, after starting this practice, have received takedown notices by women who appeared on their websites but never consented to being filmed.
>
> 51. Despite these takedown notices, which gave Defendant Pornhub and Defendant xHamster adequate notice of apparent issues involving their content, took no steps to mitigate the exposure of women even though they knew or should have known that the content they were being provided was filmed surreptitiously and without consent.
>
> 52. Defendant Pornhub and Defendant xHamster, made no further efforts to monitor the uploads onto their websites despite a duty being created by the several takedown notices received.
>
> 53. Upon information and belief Defendant Pornhub and Defendant xHamster provided payment to Defendant Murphy in exchange for

> the content he posted on his accounts found on their respective websites.
>
> 54. Defendant Pornhub and Defendant xHamster rewarded Defendant Murphy for developing a large internet following for the purpose of making money and sharing spy camera footage of women without their consent.

(See Pltfs' Complaint, ECF No. 33 at 1-2, 3, 4, 6-8.)

The existence of such a relationship removes Defendant from the immunity provided by the CDA, hence why the Defendant's wish is to have Plaintiffs' claims dismissed prematurely to avoid exposing their business dealings. Because the additional claims for invasion of privacy presented by the Third Amended Complaint arise from the same facts as the current invasion of privacy claim, the Defendant's are unable to show Plaintiff's amendment is based on insufficient facts alleged.

Defendants want the Court to believe that all the arguments they've presented merit the dismissal of the claims against them and a denial of this Motion to Amend, however, they ignore the fact that their direct involvement in the creation of the explicitly lude sexual content, which is the subject of this litigation, brings them outside of the bubble of protection provided by the CDA. Defendant continues to maintain that no analysis should be conducted as to the merits of Plaintiffs' claims because the CDA forbids it, however that is not the case. As illustrated here, and in Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss, Plaintiffs claims against Defendant MG Freesites are not barred by the § 230 of the CDA, thus Plaintiffs Motion to Amend should be granted as the Defendant cannot illustrate futility, it is made timely, and the Defendant cannot illustrate the amendment would prejudice them.

## **CONCLUSION**

This Court should grant Plaintiffs' Motion to Amend the Complaint because the additional claims presented would survive a Motion to Dismiss, the Plaintiffs' additional claims are rooted from the sufficiently alleged facts of the Second Amended Complaint such that it would not prejudice the Defendant, and Plaintiffs are entitled to seek discovery to properly support their claims as they are properly pled in accordance with the law.

**[SIGNATURE BLOCK ON FOLLOWING PAGE.]**

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*/s/ J. Edward Bell, III*
J. Edward Bell, III (#1280)
Joshua M. W. Salley (#13214)
219 North Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@edbelllaw.com
jsalley@edbelllaw.com
*Counsel for Plaintiffs*

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
Jordan A. Stanton (admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com
*Counsel for Plaintiffs*

October 23, 2020
Georgetown, SC