**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| JANE DOES 1-9,<br><br>**Plaintiffs,**<br><br>vs.<br><br>COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,<br><br>**Defendants.** | Case No.: 7:20-cv-00947-TMC |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO AMEND.**

Plaintiffs, Jane Does 1-9, individually and on behalf of all others similarly situated, respectfully submits this Memorandum of Law in support of their Motion for Leave to Amend the Complaint.

**INTRODUCTION**

Plaintiffs filed their Complaint on March 4, 2020 against Defendants. Plaintiffs, after conferring with Defendant MG Freesites, Ltd., filed an amended Complaint to properly name Defendants on March 18, 2020. On September 14, 2020 Defendant MG Freesites, Ltd. filed their Motion to Dismiss. On September 25, 2020 Plaintiffs filed a Consent Motion to file their response to Defendant MG Freesites, Ltd.'s pending Motion to dismiss. The Court issued a Text Order granting Plaintiffs' Motion, making the new deadline for a response October 5, 2020. Plaintiffs have not yet filed that response. On November 3, 2020 Plaintiffs filed their Third Amended Complaint against Defendants after being granted Leave to file. A scheduling Order was issued on November 9, 2020. Since the issued Scheduling Order the parties have conducted

1

their 26f conference and have agreed to Amend the Scheduling Order such that the dates are extend 120 days. On Friday November 4, 2020 an article was released by the New York times which revealed information that was previously unavailable to Plaintiffs but that substantiated their beliefs about Defendant MG Freesites, LTD.[1] Following this article, two articles released by Reuters and New York Times which indicated that further investigation is being pursued.[2] Upon learning this new information Plaintiffs now seeks leave to amend their Complaint to add one additional causes of action. Granting of this motion will ensure this controversy is fully resolved as a whole and will avoid the expense and complications of multiple lawsuits against the same parties in subsequent actions. Moreover, this Court is the most knowledgeable and logical forum to remedy all the wrongs that have occurred to the Plaintiff. A proposed Amended Complaint is attached hereto as Exhibit 1.

## ARGUMENT

I.  **The Court should grant Plaintiffs leave to amend the complaint because the Motion is timely, will not prejudice the Defendants, and the Defendants cannot demonstrate futility.**

Federal Rule of Civil Procedure 15(a)(2) applies to this Motion and provides that "a party may amend its pleading only with the opposing party's consent or the court's leave." The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The right to amend is broad; it encompasses the right to make simples changes in phraseology as well as to add a new cause or theory of action. *Farrell v Hollingsworth*, 43 F.R.D. 362, 363 (D.S.C. 1968). Indeed "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for

---

[1] https://www.nytimes.com/2020/12/04/opinion/sunday/pornhub-rape-trafficking.html
[2] https://www.nytimes.com/2020/12/07/business/visa-mastercard-pornhub.html;
https://www.reuters.com/article/pornhub-payments/mastercard-to-investigate-allegations-against-pornhub-idINL4N2IM035

relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittston Co. v United States*, 199 F.3d 694, 705 (4th Cir. 1999). The right to amend is so broad that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v City of Goldsboro*, 178 F.3d 231,242 (4th Cir. 1999) (quoting *Johnson v Oroweat Foods Co*., 785 F.2d 503, 509 (4th Cir. 1986)).

### A. The Motion for Leave is Timely

Plaintiffs have sought leave to amend the Complaint within the applicable timeframe for amendments to pleadings provided by the current Scheduling Order deadlines issued by the Court. Therefore, Defendants cannot claim that the Motion for Leave is untimely.

### B. Defendants cannot demonstrate prejudice

Defendants cannot claim sufficient prejudice to defeat Plaintiffs Motion for Leave. Although the question of whether an amendment is prejudicial is determined on a case by case basis, a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant and is offered shortly before or during trial". *Johnson v Oroweat Foods Co*., 785 F.2d 503, 510 (4th Cir. 1986). A non-prejudicial amendment is one that merely adds an additional claim based on facts already presented. See *Davis v Piper Aircraft Corp*., 615 F.2d 606, 613 (4th Cir. 1980).

Here, Defendants will not suffer prejudice if this Court grants Plaintiffs Motion to Amend the Complaint. The new cause of action the Plaintiffs wish to add relate to the factual account already presented to this Court. The court has issued a scheduling order for this case and as such the discovery period has just begun and new information is anticipated to be forthcoming. This early amendment will give the Defendants adequate time to gather any information needed.

Additionally the facts giving rise to the new cause of action arose from the same incident and set of facts as originally plead. Thus common questions of both fact and law exist as to the original and new claims. There will be no statute of limitations issues related to these new causes of action because the amendment relates back to the date of the original pleading, which is March 4, 2020 and the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading, (See Fed. R. Civ. Pro 15(c)(1)).

Moreover, Plaintiffs motion should not be denied based on any alleged delay that the Defendants may suggest in opposition. *See Forrester v Smith & Steele Builders, Inc*., 369 S.E.2d 156, 159, 295 S.C. 504, 508 (Ct. App. 1988) ("Delay in seeking leave to amend pleadings, regardless of the length of delay, will not ordinarily be held to bar an amendment in the absence of a finding of prejudice…."). The South Carolina Court of Appeals has also noted, prejudice arguments based on requirements to file additional pleadings, engage in additional discovery, incur additional costs, and prolong the litigation, does not constitute such prejudice as to preclude the amendment.  *Id.* Accordingly, this Court should grant the Plaintiffs leave to file the proposed Amended Complaint because Defendant's cannot demonstrate sufficient prejudice.

**C.  Defendants cannot demonstrate futility.**

A motion for leave to amend will be denied as futile when the proposed amendment is "clearly insufficient or frivolous on its face." *Oroweat Foods Co*., 785 F.2d at 510-11. The Plaintiffs proposed Amended Complaint is not futile insofar as it properly pleads the new cause of action and is no insufficient or frivolous on its face. This Amendment is being made solely due to the new information learned by Plaintiffs. If Plaintiffs had access to the information prior to the filing of their Complaint, this cause of action would have originally been plead therein.

Therefore, this Court should grant Plaintiffs motion for leave to amend the Complaint because Defendants cannot demonstrate the amendment is futile by the proposed new claim.

## **CONCLUSION**

Accordingly, Plaintiffs respectfully requests that this Court enter an order granting Plaintiffs leave to file an amended Complaint.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
Jordan A. Stanton (admitted *Pro Hac Vice*)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**ATTORNEYS FOR PLAINTIFFS**

Georgetown, SC
December 9, 2020