# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Jane Does 1-9, | Civil Action No.: 7:20-cv-00947-TMC |
| Plaintiffs, | |
| v. | |
| Collins Murphy, Limestone College, MG Freesites, Ltd., d/b/a Pornhub.com, and Hammy Media, Ltd. d/b/a Xhamster.com,, | **DEFENDANT COLLINS MURPHY'S LOCAL RULE 26.03 ANSWERS** |
| Defendants. | |

Defendant Collins Murphy ("Defendant"), by and through undersigned counsel, hereby submits its answers to Local Rule 26.03 Interrogatories as follows:

1.  A short statement of the facts of the case.

ANSWER: Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5. Pursuant to this constitutional safeguard, the Defendant would show that he is not compelled to respond to the specific interrogatory request above.

2.  The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

ANSWER: Defendant has not yet identified all of the witnesses it may call at trial. Defendant expressly reserves the right to supplement this response to add other witnesses as discovery progresses, and to amend their expected testimony. Defendant believes its witnesses may include, without limitation:

    a) Jane Does 1-9: Jane Does are the Plaintiffs in this action. They are expected to provide testimony regarding their various allegations contained in the Third Amended Complaint.

    b) Other Parties' Witnesses: Defendant reserves the right to call as a fact witness any witness identified by any other party to this action during the course of discovery in this matter including, without limitation, those identified by the other parties in their Responses to Local Rule 26.03 Interrogatories.

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

ANSWER: Defendant has not retained an expert witness to testify at trial but reserves the right to do so in accordance with the Scheduling Order and the applicable procedural rules. At this time, Defendant expects to designate a mental health expert to testify concerning the scope and amount of Plaintiffs' alleged damages for emotional distress.

4. A summary of the claims and defenses with statutory and/or case citations supporting same.

ANSWER:

    a) Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007).

    b) To the extent that Plaintiffs allege any damages, those damages were not proximately caused by Defendant. *J.R. v. Walgreens Boots All., Inc.*, No. 2:19-CV-00446-DCN, 2020 WL 3620025 (D.S.C. July 2, 2020).

    c) Any award of punitive damages against Defendant would violate the constitutional safeguards provided under the Constitution of the United States of America and the Constitution of the State of South Carolina in that punitive damages violate the due process and equal protection guarantees, place an undue burden on interstate commerce, violate the right to assembly and petition the government, and violate the prescription against excessive fines. *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 350 (S.C. 1991).

    d) Plaintiffs' causes of action seek relief based on the same alleged underlying injury and, although Defendant specifically denies that Plaintiffs are entitled to any recovery whatsoever, should Plaintiffs succeed on more than one ground for relief, Plaintiffs must elect their remedy so as to prevent a double recovery for a single purported wrong. *Cowart v. Poore*, 337 S.C. 359, 523 S.E.2d 182 (Ct. App. 1999).

5.    Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):

    a. Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

    b. Completion of discovery.

ANSWER: Defendant agrees to the deadlines for these events set by the Joint Proposed Amended Scheduling Order submitted by the Parties.

6. Any special circumstances that would affect the time frames applied in preparing the scheduling order. *See generally* Local Civ. Rule 16.02(c) (D.S.C.) (Content of Scheduling Order).

ANSWER: There are nine Plaintiffs, three corporate defendants, upon information and belief multiple pending criminal investigations, and a large number of potential witnesses spread out over the country. Therefore, an additional five months is requested for discovery, as contemplated in the Joint Proposed Amended Scheduling Order.

7. Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

ANSWER: None at this time.

Respectfully submitted,

**HALL, BOOTH, SMITH, P.C.**

/s/ Alan Belcher
_____
Alan R. Belcher, Jr., Esquire, Bar No. 9342
Thomas A. D. Barrow, Esquire, Bar No. 13364
111 Coleman Blvd., Suite 301
Mt. Pleasant, SC 29464
Telephone: (843) 720-3460
Facsimile: (843) 720-3458
alan.belcher@hallboothsmith.com

*Attorneys for Collins Murphy*

This 14th day of December, 2020