**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| **JANE DOES 1-9,** | ) | |
| | ) | Case No: 7:20-cv-00947-JD |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **LIMESTONE UNIVERSITY'S** |
| | ) | **REPLY IN SUPPORT OF ITS** |
| **COLLINS MURPHY, LIMESTONE** | ) | **PARTIAL MOTION TO DISMISS** |
| **COLLEGE, MG FREESITES, LTD., d/b/a** | ) | **PLAINTIFFS' THIRD AMENDED** |
| **PORNHUB.COM and HAMMY MEDIA** | ) | **COMPLAINT** |
| **LTD. d/b/a XHAMSTER.COM,** | ) | |
| | ) | **(Jury Trial Demanded)** |
| Defendants. | ) | |
| | ) | |

**NOW COMES LIMESTONE UNIVERSITY** (incorrectly identified as "Limestone College" and hereinafter referred to as "Limestone"), a Defendant to the above-captioned action, and files this Reply in Support of Limestone's Partial Motion to Dismiss.

**I. INTRODUCTION**

Plaintiffs' Response opposing Limestone's Partial Motion to Dismiss (hereinafter "Plaintiffs' Response") (ECF No. 94), wholly fails to counter the arguments Limestone made in its motion to dismiss. Instead, Plaintiffs rely on blanket, generic statements of the law that only reinforce the concerns Limestone raised in its Partial Motion to Dismiss (ECF No. 70) about Plaintiffs' First, Second, Third, and Fourth Causes of Action. In its Motion to Dismiss, Limestone asked the Court to dismiss the claims against it allegedly based on *respondeat superior* for several reasons. As noted, there was a failure to actually plead that Defendant Collins Murphy was acting in the course and scope of his employment with Limestone *when he allegedly made the recordings*. Not only was there a failure to plead facts that plausibly alleged that Defendant Murphy was furthering Limestone's business when he allegedly planted the cameras to make the surreptitious

1

recordings, but there was a direct acknowledgement that Defendant Murphy's term of employment with Limestone had been terminated years before he allegedly published said videos.

Above all else, however, Plaintiffs fail to address a central issue contained in their Third Amended Complaint and raised by Limestone – Causes of Action One through Four are simply implausible when applied to Limestone and therefore cannot meet the legal standard for sufficiency. For these reasons, Limestone's Partial Motion to Dismiss should be granted.

## II. ARGUMENT

1. Plaintiffs Failed to Allege that Collins Murphy's Alleged Recordings—the Actions on Which Their Entire Case are Based—Were Made in the Course and Scope of his Employment with Limestone, which is Required to State Claims for Counts One through Four Based on Vicarious Liability

Plaintiffs' Response claims that the issues raised in Limestone's Motion to Dismiss are more properly subject to a Motion for Summary Judgment, not a Motion to Dismiss. (ECF No. 94, pp. 2, 14). Limestone's Motion labored to distinguish the causes of action alleged by Plaintiffs into two categories: vicarious liability causes of action based on agency concepts (which are subject to Limestone's Motion to Dismiss), and direct causes of action (Negligent Supervision and Hiring). Limestone conceded in its motion that Plaintiffs satisfied their burdens in pleading the direct causes of action against Limestone, but noted that the allegations based on vicarious liability are defective and should be dismissed for failing to claim that Defendant Murphy was acting in the course and scope of his employment when he purportedly placed the cameras in the locker rooms to make the recordings. At first blush this may seem like a distinction without a difference, but the discrepancy between the theories of liability is telling, and fatal to Causes of Action One through Four.

Plaintiffs' Response urges the Court to look at the Third Amended Complaint as a whole, and then recites the subject Causes of Action in turn as proof-positive that the pleadings are not

2

subject to dismissal. Unfortunately, taking the Third Amended Complaint as a whole does not cure the defects in Plaintiffs' pleadings. This is evident when looking at the allegation that Plaintiffs' Response highlights at the outset – Paragraph 102. This allegation claims that:

> Defendant Murphy was acting within the scope of his employment when entering, or accessing the women's locker rooms, and thus Defendant Limestone was able to control or supervise his conduct.

ECF No. 94, p. 1.

While Plaintiffs hold this up as the only allegation that Murphy acted in the course and scope of his employment with Limestone, it simply does not go that far. Instead, it says that Murphy was acting in the course and scope of his employment when entering the women's locker room. Plaintiffs' causes of action do not rest on Murphy entering the women's locker room, however; they rest on the allegation that he secretly videotaped the Plaintiffs. And very clearly, Plaintiffs do not allege anywhere in the Third Amended Complaint that Murphy acted within the course and scope of his employment when he allegedly made those recordings.[1]

Actions based upon *respondeat superior* liability, like counts One through Four, require more than just the relation of employer-employee. They require that the act complained of be "reasonably necessary to accomplish the purpose of his employment and in furtherance of the master's business." *Armstrong v. Food Lion, Inc.*, 371 S.C. 271, 276, 639 S.E.2d 50, 52 (2006). This is the crucial element missing from Plaintiffs' Third Amended Complaint, and which Plaintiffs' Response fails to tackle. This failure highlights the implausibility of Claims One

---

[1] It is important to note that Paragraph 102 does not come under Causes of Action One – Four, which Limestone has moved to dismiss. Rather, this comes from Cause of Action Six of Plaintiffs' Third Amended Complaint – Negligent Supervision. (ECF No. 60, p. 13). That this allegation appears in one of Plaintiffs' "direct" causes of action but is held up as an example of why their "vicarious" causes of action should survive Limestone's Motion is a perfect example of why the argument contained in Plaintiffs' Response is ineffective.

3

through Four of Plaintiffs' Third Amended Complaint, which is not addressed in any substantive fashion in Plaintiffs' Response. Simply put, in order to advance on Causes of Action One through Four, Plaintiffs must allege that Murphy's act of recording Plaintiffs changing in the locker room, and then his act to publish said videos, were acts committed in furtherance of Limestone's business. But the surreptitious videotaping of Plaintiffs changing in the locker rooms is not an act that can reasonably be considered to have been done with the purpose of in some way furthering Limestone's business. Limestone's business is to provide an education foe its student-athletes. There is no plausible argument that making videos of visiting student-athletes changing (and then releasing said videos years after the individual responsible for making the videos was terminated) in the locker rooms furthered this business.  Even if such an argument could be plausibly made, Plaintiffs fail to state the central and dispositive allegation for such an argument; that Murphy made the recordings and published them in the course and scope of his employment with Limestone.  Thus, Counts One through Four must be dismissed. This issue can be disposed of at the pleading stage, as discussed below.

2. A Determination as to Whether an Employee's Act was in the Course and Scope of His Employment can be Subject to Dismissal Prior to Discovery

Ignoring the utter absurdity that Defendant Murphy's actions were in the course and scope of his employment with Limestone (or that Limestone somehow benefitted from the publication of the illicit videos), Plaintiffs oppose dismissal of Counts One through Four on the grounds that "if there is doubt as to whether the servant in injuring a third party was acting at the time within the scope of his employment, the doubt will be resolved against the master, at least to the extent of requiring the question to be submitted to the jury for determination." *Crittenden v. Thompson-Walker Co.*, 288 S.C. 112, 114, 341 S.E.2d 385, 387 (Ct. App. 1986). (ECF No. 94, pp. 6-7).

The holding in *Crittenden* is not dispositive in the case at bar, however, and Plaintiffs' reliance upon it is misplaced. *Crittenden* was a South Carolina state court case that was heard on an appeal from a jury verdict. Agency can be decided at the Motion to Dismiss phase, however. *Eady v. Koon*, No. 3:12-CV-1671-CMC, 2013 WL 652722, at *3 (D.S.C. Feb. 21, 2013). In fact, in a case very similar to the one at hand, this Court dismissed claims for invasion of privacy and intentional infliction of emotional distress at the pleading stage when Plaintiff claimed that a janitor taking secret videos of individuals using the restroom was in the course and scope of the janitor's employment. *Park v. Southeast Service Corp.*, 3:10-CV-2949-JFA (D.S.C. Feb. 16, 2011). In *Park*, the Court recognized that said claims based on negligent supervision and hiring could move forward, while claims based on *respondeat superior* were too implausible to move past the pleading stage and were dismissed.

A further examination of *Crittenden* makes clear how distinguishable it is to the case at bar. It took place:

> in the presence of the master, who, according to the testimony of Crittenden and his father, assisted Welch by physically restraining the father when he attempted to come to the aid of his son. The purpose of the assault was to coerce Crittenden to pay a debt owed to the master. Consequently, although it may have been outside the scope of Welch's authority, the jury could reasonably find the assault was an act in furtherance of the master's business.

*Crittenden,* 288 S.C. 112, 116, (Ct. App. 1986).

There are no allegations here that Murphy made the videos with the knowledge and consent of Limestone. In fact, the opposite is true – Plaintiffs acknowledge that the recordings were made in secret with a hidden camera. There are no allegations that Murphy recorded the Plaintiffs in furtherance of Limestone's business. Therefore, Plaintiffs' claims should be dismissed.

3. Plaintiffs' Claims of Concurring or Contributory Negligence do not allow Plaintiffs to Circumvent the Requirements that Defendant Murphy's Actions must be in Furtherance of Limestone's Business to Hold Limestone Accountable Based on *Respondeat Superior*

Plaintiffs briefly cite *J.T. Baggerly v. CSX Transp., Inc.*, 370 S.C. 362, 369, 635 S.E.2d 97, 101 (2006) to support that Defendant Murphy's alleged decision to upload the secret recording years after his employment with Limestone was terminated is of no consequence. (ECF No. 94, p. 7). This is a plain misapplication of the law. First, the existence of concurring or contributory negligence are inapplicable to Plaintiffs' theory of vicarious liability in Counts One through Four. Concurring and contributory negligence are negligence theories for negligence causes of action. But Counts One through Four are not negligence causes of action, e.g. Count Four is for *intentional* infliction of emotional distress (emphasis added). And, vicarious liability is liability to the master for acts of the servant when those acts are performed in furtherance of the master's business. *See Crittenden v. Thompson-Walker Co.*, 288 S.C. 112, 114, 341 S.E.2d 385, 387 (Ct. App. 1986). Contributory negligence is the negligence of a party that contributes to the harm. These are different. Plaintiffs cannot attempt to bypass their inability to hold Limestone vicariously liable for Murphy's acts four years after his employment with Limestone ended by improperly blurring theories of liability.

Stated another way, according to *J.T. Baggerly,* "[i]f **the actor's conduct** is a substantial factor in the harm to another, the fact that he neither foresaw nor should have foreseen the extent of harm or the manner in which it occurred does not negative his liability." *Id.*, 370 S.C. at 369, (2006) (emphasis added). Limestone was not an "actor" for these causes of action - it merely employed one. Limestone's employment of Murphy is a factor for Causes of Action Five and Six (Negligent Hiring/Supervision), but simple employment is not an affirmative action causing the alleged injury. As Limestone pointed out in its Motion, respondeat superior is a theory of liability

6

that calls an employer to answer for the tortious acts of its servant – it is not a cause of action in itself. *J.R. v. Walgreens Boots All., Inc.*, No. 2:19-CV-00446-DCN, 2020 WL 3620025, at *16 (D.S.C. July 2, 2020); *James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008).

In short, *J.T. Baggerly* is inapposite to Counts One through Four, and the fact that Murphy was not employed by Limestone when he allegedly published the videos still leaves Counts One through Four insufficient to state a claim.

### III. CONCLUSION

Plaintiffs' Response fails to address many of the points raised in Limestone's Motion. It is largely a recitation of the allegations in Plaintiffs' Third Amended Complaint with conclusory statements of law related to the Causes of Action Limestone has moved to dismiss. As Plaintiffs have failed to adequately address, much less counter, the basis of Limestone's Partial Motion to Dismiss, Limestones' Motion should be granted.

This 19th day of January, 2021.

                                                  **RAHIMI, HUGHES & PADGETT, LLC**

                                                  **/s/ JOSEPH Y. RAHIMI II**
                                                  **JOSEPH Y. RAHIMI II**
                                                  Federal ID No. 9670
                                                  **JOHN A. HUBERT**
                                                  Federal ID No. 13154
                                                  **ATTORNEYS FOR DEFENDANT**
                                                  **LIMESTONE UNIVERSITY**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com

                                                  **JENNIFER S. CLUVERIUS**
                                                  Federal ID No. 9992
                                                  **L. GRANT CLOSE III**
                                                  Federal ID No. 10810
                                                  **ATTORNEYS FOR DEFENDANT**
                                                  **LIMESTONE UNIVERSITY**

**NEXSEN PRUET, LLC**
55 East Camperdown Way, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603-0648
Phone: (864) 370-2211
jcluverius@nexsenpruet.com
gclose@nexsenpruet.com

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing **LIMESTONE UNIVERSITY'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** has been served on counsel for all parties by placing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereon and/or via electronic mail to all other counsel of record to ensure delivery to:

**Attorney for Plaintiffs**

J. Edward Bell, III
Bell Legal Group, LLC
219 North Ridge Street
Georgetown, SC 29440

ebell@edbelllaw.com

**Attorneys for Plaintiffs**

Liz Jeanette Shepherd
Jordan Alexander Stanton
Tyler Smyth Thompson
Dolt Thompson Shepherd and Conway PSC
13800 Lake Point Circle
Louisville, KY 40223

lshepherd@kytrial.com
jstanton@kytrial.com
tthompson@kytrial.com

**Attorneys for Murphy**

Alan R Belcher Jr.
Conner E. Johnson
Hall Booth Smith, P.C.
111 Coleman Boulevard, Suite 301
Mount Pleasant, SC 29464

abelcher@hallboothsmith.com
cjohnson@hallboothsmith.com

**Attorneys for MG Freesites**

R. Taylor Speer
J. Kenneth Carter
Turner, Padget, Graham and Laney, P.A.
P.O. Box 1509
Greenville, SC 29602

tspeer@turnerpadgett.com
kcarter@turnerpadget.com

9

**Attorneys for Limestone**

Jennifer S. Cluveris
L. Grant Close III
Nexen Pruet, LLC
P.O. Drawer 10648
Greenville, SC 29603

jcluverius@nexenpruet.com
gclose@nexsenpruiet.com

This 19th day of January, 2021.

        **RAHIMI, HUGHES & PADGETT, LLC**


        **/s/ JOSEPH Y. RAHIMI II**
        **JOSEPH Y. RAHIMI II**
        Federal ID No. 9670
        **JOHN A. HUBERT**
        Federal ID No. 13154
        **ATTORNEYS FOR DEFENDANT**
        **LIMESTONE**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com