# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Jane Does 1-9,<br><br>               Plaintiffs,<br><br>v.<br><br>Collins Murphy, Limestone College, MG Freesites, Ltd., d/b/a Pornhub.com, and Hammy Media, Ltd. d/b/a Xhamster.com,,<br><br>               Defendants. | Civil Action No.: 7:20-cv-00947-JD<br><br><br>DEFENDANT COLLINS MURPHY'S ANSWER TO DEFENDANT LIMESTONE UNIVERSITY f/k/a LIMESTONE COLLEGE'S CROSS-CLAIMS |

Defendant Collins Murphy ("Murphy"), by and through its undersigned counsel, submits this Answer to Defendant Limestone University f/k/a Limestone College's ("Limestone") cross-claims asserted in their Answer to Plaintiff's Fourth Amended Complaint.

    1.    Paragraphs 1 through 153 of Limestone's Answer are Limestone's responses to Plaintiff's Fourth Amended Complaint. Accordingly, no response is required. To the extent a response is necessary, Murphy adopts and incorporates its Answer to the Fourth Amended Complaint and denies any allegations inconsistent therewith.

## FOR A FIRST DEFENSE

Each and every allegation of Limestone's Cross-claims not specifically admitted, explained, or modified herein is denied.

    2.    In response to the allegations contained in Paragraphs 14, 15, 16, 17, 18, 19, 22, 26, 27, 28, 29, 31, 32, 38, 39, 40, 41, 44, 45, 47, 50, 51, 53, 54, 55, 56, 59, 60, 62, 63, 67, 68, 69, 74, 75, 76 of Limestone's Cross-claims, including all subparts and subparagraphs therein, Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

Pursuant to this constitutional safeguard, Murphy would show that he is not compelled to respond to the specific numerated paragraphs above.[1]

    3.    The unnumbered paragraphs following "PRAYERS FOR RELIEF" of Limestone's Answer, beginning with the header "FIFTH DEFENSE (Apportionment)" and ending with the header "FOR A SEVENTEENTH DEFENSE (Preservation of Affirmative Defense/Reservation of Rights)," are Limestone's alleged affirmative defenses in response to Plaintiff's Fourth Amended Complaint. Accordingly, no response is required. To the extent a response is necessary, Murphy adopts and incorporates its Answer to the Fourth Amended Complaint and denies any allegation inconsistent therewith.

---

[1] See generally, N. River Ins. Co. v. Stefanou, 831 F.2d 484, 486-487 (4th Cir. 1987). In Stefanou, in determining whether a alanant in a civil matter may invoke a constitutional protection against self-incrimination, the court reasoned as follows:

> The failure to deny an allegation in a pleading to which a responsive pleading is required constitutes an admission of that allegation. Fed.R.Civ.P. 8(d). However, when properly invoked, the fifth amendment privilege against self-incrimination, which applies to civil proceedings as well as criminal, can avoid the operation of Rule 8(d). The privilege applies not only at trial but also at the pleading stage.
>
> ***
>
> The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. But for one to invoke this privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim.
>
> Id.

## ANSWERING LIMESTONE'S CROSS-CLAIMS AGAINST CO-DEFENDANT COLLINS MURPHY

4. Defendant Murphy lacks sufficient knowledge or information necessary to admit or deny the allegations contained in the paragraphs headed "INTRODUCTION" and therefore denies the same. However, to the extent the allegations in the narrative of those paragraphs could in any way be construed so as to allege wrongdoing, fault, or liability against Murphy in this lawsuit, or any reason whatsoever, those allegations are denied.

5. In response to Paragraph 1 of Limestone's Cross-claims, Murphy adopts and incorporates its Answer to the Fourth Amended Complaint and denies any allegations inconsistent therewith.

6. In response to Paragraph 2 of Limestone's Cross-claims, Murphy admits the same.

7. The allegations contained in Paragraph 3 of Limestone's Cross-claims constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 3 could in any way be construed so as to impose liability against Murphy in this lawsuit for any reason whatsoever, Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

8. Murphy admits the allegations in Paragraph 4 of Limestone's Cross-claims.

9. Murphy admits the allegations in Paragraph 5 of Limestone's Cross-claims.

10. In response to Paragraph 6 of Limestone's Cross-claims, Murphy lacks sufficient knowledge or information necessary to admit or deny the allegations and therefore denies the same.

11. In response to Paragraph 7 of Limestone's Cross-claims, Murphy lacks sufficient knowledge or information necessary to admit or deny the allegations and therefore denies the same.

12. In response to Paragraph 8 of Limestone's Cross-claims, Murphy lacks sufficient knowledge or information necessary to admit or deny the allegations and therefore denies the same.

13. Murphy admits the allegations in Paragraph 9 of Limestone's Cross-claims .

14. Murphy admits the allegations in Paragraph 10 of Limestone's Cross-claims.

15. Upon information and belief, Murphy admits the allegations in Paragraph 11 of Limestone's cross-claims.

16. Murphy admits the allegations in Paragraph 12 of Limestone's cross-claims.

17. In response to Paragraph 13 of Limestone's Cross-claims, Murphy lacks sufficient knowledge or information necessary to admit or deny the allegations and therefore denies the same.

18. In response to Paragraph 20 of Limestone's Cross-claims, Murphy lacks sufficient knowledge or information necessary to admit or deny the allegations and therefore denies the same.

19. Murphy admits the allegations in Paragraph 21 of Limestone's Cross-claims.

20. In response to Paragraph 23 of Limestone's Cross-claims, Murphy lacks sufficient knowledge or information necessary to admit or deny the allegations and therefore denies the same.

21. Murphy admits the allegations in Paragraph 24 of Limestone's Cross-claims.

22. In response to Paragraph 25 of Limestone's Cross-claims, Murphy lacks sufficient knowledge or information necessary to admit or deny the allegations and therefore denies the same.

### FIRST CROSS-CLAIM AGAINST MURPHY
**(Indemnification)**

23. In response to Paragraph 30, Murphy incorporates herein by reference its responses to the preceding paragraphs as if set forth fully herein verbatim.

24. Murphy denies Paragraph 33.

25. Murphy denies Paragraph 34.

26. Murphy denies Paragraph 35.

27. Murphy denies Paragraph 36 and demands strict proof thereof.

### SECOND CROSS-CLAIM AGAINST MURPHY
**(Fraud)**

28. In response to Paragraph 37, Murphy incorporates herein by reference its responses to the preceding paragraphs as if set forth fully herein verbatim.

29. Murphy denies Paragraph 42.

### THIRD CROSS-CLAIM AGAINST MURPHY
**(Constructive Fraud)**

30. In response to Paragraph 43, Murphy incorporates herein by reference its responses to the preceding paragraphs as if set forth fully herein verbatim.

31. In response to Paragraph 46, Murphy craves reference to the applicable duties arising under any then-existing employment contract and/or applicable South Carolina law and denies these allegations to the extent they are inconsistent with the same.

32. Murphy denies Paragraph 48.

### FOURTH CROSS-CLAIM AGAINST MURPHY
**(Fraudulent Concealment)**

33. In response to Paragraph 49, Murphy incorporates herein by reference its responses to the preceding paragraphs as if set forth fully herein verbatim.

34. In response to Paragraph 52, Murphy craves reference to the applicable duties arising under any then-existing employment contract and/or applicable South Carolina law and denies these allegations to the extent they are inconsistent with the same.

35. Murphy denies Paragraph 57.

### FIFTH CROSS CLAIM AGAINST MURPHY
### (Negligent Misrepresentation)

36. In response to Paragraph 58, Murphy incorporates herein by reference its responses to the preceding paragraphs as if set forth fully herein verbatim.

37. In response to Paragraph 61, Murphy craves reference to the applicable duties arising under any then-existing employment contract and/or applicable South Carolina law and denies these allegations to the extent they are inconsistent with the same.

38. Murphy denies Paragraph 64.

### SIXTH CROSS-CLAIM AGAINST MURPHY
### (Trespass)

39. In response to Paragraph 65, Murphy incorporates herein by reference its responses to the preceding paragraphs as if set forth fully herein verbatim.

40. Upon information and belief, Murphy admits the allegations in Paragraph 66 of Limestone's cross-claims.

41. The allegations contained in Paragraph 70 of Limestone's Cross-claims constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 70 could in any way be construed so as to impose liability against Murphy in this

lawsuit for any reason whatsoever, Murphy invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

42. Murphy denies Paragraph 71.

## SEVENTH CROSS-CLAIM AGAINST MURPHY
**(Breach of Duties of Employee - Loyalty, Fidelity, Disclosure and Devoting Working Time)**

43. In response to Paragraph 72, Murphy incorporates herein by reference its responses to the preceding paragraphs as if set forth fully herein verbatim.

44. In response to Paragraph 73, Murphy craves reference to the applicable duties arising under any then-existing employment contract and/or applicable South Carolina law and denies these allegations to the extent they are inconsistent with the same.

45. Murphy denies the allegations contained within the paragraph beginning with "WHEREFORE" of Limestone's Answer to Plaintiff's Fourth Amended Complaint and Cross-Claims.

## AS A FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

46. One or more of Limestone's Causes of Action fails to state a claim upon which relief can be granted against Murphy and therefore should be dismissed under Fed.R.Civ.P. 12(b)(6).

## AS A SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

47. The claims set forth in Limestone's Cross-claims are or may be barred, in whole or in part, by the applicable statute(s) of limitations.

## AS A SIXTH AFFIRMATIVE DEFENSE
**(S.C. Code Ann. § 15-38-510 et. seq.)**

49. Murphy pleads the limitations on damage awards found in S.C. Code Ann. § 15-38-510 et. seq. and requests bifurcation in accordance with these code sections.

## AS AN EIGHTH AFFIRMATIVE DEFENSE
(Non-Waiver)

50. Murphy reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

## AS AN ADDITIONAL AFFIRMATIVE DEFENSE
(Comparative Negligence)

51.     Limestone's alleged damages are barred, or should be reduced, by Limestone's own contributory and/or comparative negligence and recklessness, which combined, contributed, and concurred with any alleged negligence on the part of Murphy, if any, and which is expressly denied.

## AS A NINTH AFFIRMATIVE DEFENSE
(Incorporation)

51. Murphy hereby incorporates and asserts all defenses, counterclaims, set-offs, and credits pled by other parties to this action, to include any pleadings filed after this Answer, and specifically, without limitation, all defenses, counterclaims, set-offs, and credits pled to Limestone's cross-claims, to the extent not inconsistent with its Answer herein and its denial of liability of any kind.

WHEREFORE, having fully answered the allegations herein, Murphy prays that this honorable Court:

a) dismiss Limestone's Cross-claims against Murphy with prejudice.

b) award Murphy costs and reasonable attorney's fees in defending this action.

c) grant Murphy a trial by jury; and

d) grant Murphy any other relief the Court may be deem just and proper.

**HALL, BOOTH, SMITH, P.C.**

/s/ Alan Belcher

_____
Alan R. Belcher, Jr., Esquire, Bar No. 9342
111 Coleman Blvd., Suite 301
Mt. Pleasant, SC 29464
Telephone: (843) 720-3460
Facsimile: (843) 720-3458
alan.belcher@hallboothsmith.com

*Attorneys for Collins Murphy*

This 24th day of February, 2021