# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>**Plaintiffs,**<br><br>vs.<br><br>COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD. d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,<br><br>**Defendants.** | Case No.: 7:20-cv-00947-JD<br><br>PLAINTIFFS' RESPONSE IN OPPOSTION TO DEFENDANT, LIMESTONE UNIVERSITY'S PARTIAL MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT |

\* \* \* \* \*

Defendant, Limestone University has filed a Partial Motion to Dismiss for Judgment on the Pleadings and for Failure to State a Cause of Action. Plaintiffs, by and through undersigned counsel, hereby submit their Response in Opposition to Defendant's Motion to Dismiss (ECF No. 102), and state as follows:

## INTRODUCTION

> 105. Defendant Murphy was acting within the scope of his employment when entering, or accessing the women's locker rooms, and thus Defendant Limestone was able to control or supervise his conduct.

ECF No. 99 at 14. Limestone's primary argument is Plaintiffs have failed to "allege that Collins Murphy was acting in the course and scope of his employment when he allegedly committed his tortious actions." *See* ECF No. 102 at 1. As reflected, however, Plaintiffs have done just that.

It is well settled a court is to evaluate the complaint in its entirety when considering a motion to dismiss. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448

1

(4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety.").

Further, a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted only in very limited circumstances. *See Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). The Fourth Circuit has long held "a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Id.* (citing *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir.1969)).

The determination at this stage of the litigation is not whether Plaintiffs can prove a *prima facie* case at trial. Instead, the analysis hinges on whether Plaintiffs' allegations, accepted as true and viewed in a light most favorable to them, are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs have far surpassed this legal threshold regarding their claims for invasion of privacy and intentional infliction of emotional distress against Limestone.

To the extent discovery proves otherwise, Limestone can move for summary judgment. At this stage, however, Plaintiffs' claims should not be prematurely dismissed since they have been sufficiently pled.

## FACTUAL BACKGROUND

On October 5, 2012, the Bellarmine University Knights traveled to Gaffney, South Carolina to face the Limestone College Saints in women's field hockey. Plaintiffs were members of the Bellarmine Knights field hockey team.

Upon arrival, Limestone agents directed Plaintiffs to a men's locker room which was designated for their use both before and after the game. While in the subject locker room, Plaintiffs showered and changed clothes such that they were in a state of nudity for periods of time.

A Limestone employee, Collins Murphy, secretly placed a video camera in the subject locker room prior to Plaintiffs' arrival on campus. The secretly placed video camera recorded Plaintiffs, without their knowledge or consent, while they were in a state of nudity. As intramural/summer conference director, Mr. Murphy had knowledge of sporting events on campus and had access to athletic facilities, such as the subject locker room, with Limestone's knowledge and consent.

During the course of his employment with Limestone, Mr. Murphy secretly recorded multiple women changing clothes and taking showers in locker rooms between September 2012 and October 2013. At some point thereafter, the recording of the Plaintiffs was uploaded to various pornographic websites, including Pornhub and xHamster.

On October 10, 2019, the Gaffney Police Department opened an investigation into the illegal video recordings which took place on Limestone's campus. The investigation remains ongoing.

Based on the foregoing, Plaintiffs filed an twenty-two-page Fourth Amended Complaint asserting claims for invasion of privacy, intentional infliction of emotional distress, negligent hiring, and negligent supervision against Limestone. *See* ECF No. 99. Included in the Fourth Amended Complaint is five pages strictly devoted to factual allegations giving rise to each cause of action. *See id.* at 4-8. In addition, the Fourth Amended Complaint includes numerous references to the agency relationship between Limestone and Mr. Murphy:

> 2. The failure of Defendant Limestone College to reasonably investigate Defendant Murphy throughout the hiring process,

3

despite similar sexual allegations being made against Defendant Murphy prior to his hiring, which resulted in the invasion of privacy and emotional distress of the Plaintiffs.

\* \* \*

13. At present, and all times relevant to this action, Defendant Limestone College (hereinafter referred as "Defendant Limestone") is a private co-ed liberal arts college located at 1115 College Drive, Gaffney, South Carolina 29340, and carries out its business by and through its agents, servants, and/or employees, and is therefore directly and vicariously liable for the wrongful acts described in this Complaint.

14. Defendant, Collins Murphy, is a citizen and resident of Rockville, Maryland. At all times mentioned herein, Defendant, Collins Murphy, was employed by Limestone College as its intramural/summer conference director.

15. Under the doctrine of *respondeat superior*, Defendant Limestone was and is responsible for the actions and conduct of Defendant Murphy done while employed by Limestone as its agent and employee and Defendants are thereby jointly and severally liable to Plaintiffs for their injuries and damages.

\* \* \*

31. As intramural/summer conference director, Defendant Murphy, had knowledge of sporting events on campus and had access to athletic facilities, such as the subject locker room, with Limestone College's knowledge and consent.

32. Defendant Murphy, secretly recorded multiple women, including women who are not Plaintiffs in this action, changing clothes and taking showers in locker rooms between September 2012 and October 2013.

\* \* \*

102. Defendant Murphy was acting within the scope of his employment when entering, or accessing the women's locker rooms, and thus Defendant Limestone was able to control or supervise his conduct.

*Id.* at 1, 2-3, 5, 13.

4

Prior to the completion of any discovery, Limestone has moved to dismiss Plaintiffs' claims for invasion of privacy and intentional infliction of emotional distress. *See* ECF No. 102. Limestone contends these claims have been insufficiently pled. *See id.*

This Response in Opposition follows.

## LEGAL DISCUSSION

Plaintiffs will begin by discussing the legal standard governing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Next, Plaintiffs will illustrate why Limestone's Partial Motion to Dismiss is legally impermissible. In so doing, Plaintiffs will demonstrate why their claims for invasion of privacy and intentional infliction of emotional distress have been sufficiently pled against Limestone.

### I.     Legal standard.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] … and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id.* Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

It is universally understood a complaint "does not need detailed factual allegations" but must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). However,

"[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Of importance, when determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). Moreover, dismissal is warranted only when it is beyond doubt the plaintiffs can prove no set of facts which would entitle them to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969).

**II.     Plaintiffs have alleged plausible claims for invasion of privacy and intentional infliction of emotional distress against Limestone.**

Plaintiffs' claims for invasion of privacy and intentional infliction of emotional distress have been sufficiently pled against Limestone. Of importance, the determination at this stage of the litigation is not whether Plaintiffs can prove a *prima facie* case at trial. Instead, the analysis hinges on whether Plaintiffs' allegations, accepted as true and viewed in a light most favorable to them, are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs have far surpassed this legal threshold regarding these claims. Unlike in *Park v. Southeast Serv. Corp.* where the Defendants were a janitorial service contracted to service the workplace of the Plaintiff, here Defendant Limestone owns and maintains the facilities in question, and Defendant Limestone employs Murphy. Murphy's role at Limestone necessitated the preparation of locker room facilities for guests on campus, interaction with students, developing programing, improving Day program admissions and retention, scheduling, and filming and media coverage of student participants.

Nevertheless, "[d]iscovery is the proper tool for [a plaintiff] to use to test the validity of his allegations, and if he is unable to marshal enough facts to support his claim the [defendant] can move for summary judgment." *Huon v. Denton*, 841 F.3d 733, 742 (7th Cir. 2016). Otherwise, "potentially meritorious claims could be prematurely and improperly dismissed … since the information necessary to prove or refute allegations … is typically available only to defendants." *Id.* at 743.

Critical to the motion *sub judice*, and as conceded by Limestone, an employer can be held liable for its employee's intentional torts. *See* ECF No. 70-1 at 10-11; *Crittenden v. Thompson-Walker Co.*, 341 S.E.2d 385, 387 (S.C. Ct. App. 1986). Furthermore, "if there is doubt as to whether the servant in injuring a third party was acting at the time within the scope of his employment, the doubt will be resolved against the master, at least to the extent of requiring the question to be submitted to the jury for determination." *Crittenden*, 341 S.E.2d at 387 (citing *Hyde v. S. Grocery Stores*, 15 S.E.2d 353, 357 (S.C. 1941)). Thus, the jury is the ultimate arbiter on whether Mr. Murphy was acting within the course and scope of his employment with Limestone during the time periods in question.

Lastly, the point in time when Mr. Murphy uploaded the videos he recorded while employed by Limestone to the pornographic websites is of no consequence. South Carolina law recognizes concurring or a contributing proximate cause. *See J.T. Baggerly v. CSX Transp., Inc.*, 635 S.E.2d 97, 101 (S.C. 2006). Simply stated, "[i]f the actor's conduct is a substantial factor in the harm to another, the fact that he neither foresaw nor should have foreseen the extent of harm or the manner in which it occurred does not negative his liability." *Id.* (quoting *Childers v. Gas Lines, Inc.*, 149 S.E.2d 761, 765 (S.C. 1966)). As such, Limestone cannot circumvent liability on this basis.

7

With the foregoing in mind, Plaintiffs will sequentially address the pleading sufficiency of their claims for invasion of privacy and intentional infliction of emotional distress against Limestone.

### A. *Invasion of privacy.*

Under South Carolina law, the "right to privacy is correctly defined … as the right to be let alone; the right of a person to be free from unwarranted publicity." *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 514 S.E.2d 126, 130 (S.C. 1999) (quoting *Holloman v. Life Insurance Co. of Virginia*, 7 S.E.2d 169, 171 (S.C. 1940)). The South Carolina Court of Appeals has recognized three causes of action under the invasion of privacy moniker: (1) wrongful appropriation of personality, (2) wrongful publicizing of private affairs, and (3) wrongful intrusion into private affairs. *Snakenberg v. Hartford Cas. Ins. Co.*, 383 S.E.2d 2, 5 (S.C. Ct. App. 1989).

To establish a claim for wrongful intrusion into private affairs, a plaintiff must show (1) intentional, (2) intrusion, (3) into that which is private, which is (4) substantial and unreasonable enough to be legally cognizable. *See id.* at 6.

Here, in addition to the detailed factual recitation referenced above, Plaintiffs have specifically pled the following in support of their claim for wrongful intrusion into private affairs against Limestone:

> **FOR A FIRST CAUSE OF ACTION AGAINST
> DEFENDANTS**
> **(Invasion of Privacy –Wrongful Intrusion upon Private
> Affairs)**
>
> 60. Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.
>
> 61. Defendant Murphy, in his capacity as an employee and agent of Defendant Limestone, was given access to and/or control over the locker room facilities at Limestone.

> 62. Utilizing that access, Defendant Murphy placed a hidden video camera in Defendant Limestone's locker room and captured video and images of the Plaintiffs their teammates, and other student athletes from around the nation, all while they were fully nude, or in various stages of undress.
>
> 63. The secret and unauthorized videotaping by Defendant Murphy of the Plaintiffs and the other student athletes constitutes an intrusion in to the private affairs of the Plaintiffs and the other women.
>
> 64. The intrusion was and is highly offensive, substantial and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights.
>
> 65. The secret and unauthorized videotaping by Defendant Murphy was intentional.
>
> 66. The secret and unauthorized videotaping by Defendant Murphy was motivated by the joint venture partnership between Defendant Murphy and Defendants Pornhub and xHamster respectively.
>
> 67. The acts of Defendants, collectively, led to the wrongful intrusion of the Plaintiffs' private affairs.
>
> 68. As a direct and proximate result of the conduct by Defendants, the Plaintiffs have sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.
>
> 69. The conduct by Defendants was a willful and wanton violation of the privacy rights of the Plaintiffs and the other student athletes, such that the Plaintiffs are entitled to an award of punitive damages.

ECF No. 99 at 9-10.

As reflected, Plaintiffs have sufficiently alleged a cause of action against all Defendants, including Limestone, pertaining to the intentional and egregious generation and dissemination of nonconsensual illicit videos of the Plaintiffs. *See id.* ¶¶ 2, 13-15, 25-69, 102.

Next, under South Carolina law, a claim for wrongful publicizing of private affairs requires (1) publicizing, (2) absent any waiver or privilege, (3) private matters in which the public has no

legitimate concern, (4) so as to bring shame or humiliation to a person of ordinary sensibilities. *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 514 S.E.2d 126, 131 (S.C. 1999).

Here, in addition to the detailed factual recitation referenced above, Plaintiffs have specifically pled the following in support of their claim for wrongful publicizing of private affairs against Limestone:

> **FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS**
> **(Invasion of Privacy – Wrongful Publicizing of Private Affairs)**
>
> 70. Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.
>
> 71. The conduct of Defendants in secretly videotaping the Plaintiffs and the other student athletes while totally nude, or in various stages of undress, was done intentionally, and without consent, to Defendants' benefit.
>
> 72. The secret and unauthorized videotaping by Defendants of the Plaintiffs and the other student athletes constitutes an intrusion in to the private affairs of the Plaintiffs and the other women.
>
> 73. The intrusion was and is highly offensive, substantial and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights.
>
> 74. The Plaintiffs have an enforceable right to their identities/personas.
>
> 75. The Defendants use of Plaintiffs' identities/personas without permission in this manner allows for Defendants to be advantaged by the appropriation and publication of their private affairs.
>
> 76. As a direct and proximate result of the conduct by Defendants, the Plaintiffs have sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.
>
> 77. The conduct by Defendants was a willful and wanton violation of the privacy rights of the Plaintiffs and the other student athletes, such that the Plaintiffs are entitled to an award of punitive damages.

ECF No. 99 at 10-11.

Based on the foregoing, Plaintiffs have properly alleged Limestone was involved in the publication, without the necessary consent, of the illicit videos taken while Plaintiffs were in a state of nudity. A publication which resulted in serious mental and emotional distress. *See id.* ¶¶ 2, 13-15, 25-59, 70-77, 102.

Lastly, a claim for wrongful appropriation of personality involves the (1) intentional, (2) unconsented use of the plaintiff's name, likeness, or identity by the defendant (3) for his own benefit. *Snakenberg v. Hartford Cas. Ins. Co.*, 383 S.E.2d 2, 5 (S.C. Ct. App. 1989).

Here, in addition to the detailed factual referenced above, Plaintiffs have specifically pled the following in support of their claim for wrongful appropriation of personality against Limestone:

**FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS**
**(Invasion of Privacy – Wrongful Appropriation of Personality)**

78. Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.

79. The conduct of Defendants in secretly videotaping the Plaintiffs and the other student athletes while totally nude, or in various stages of undress, was done intentionally, and without consent, to Defendants' benefit.

80. The secret and unauthorized videotaping by Defendants of the Plaintiffs and the other student athletes constitutes an intrusion in to the private affairs of the Plaintiffs and the other women.

81. The intrusion was and is highly offensive, substantial and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights.

82. The Plaintiffs have an enforceable right to their identities/personas.

83. The Defendants use of Plaintiffs' identities/personas without permission in this manner allows for Defendants to be advantaged by the appropriation.

> 84. As a direct and proximate result of the conduct by Defendants, the Plaintiffs have sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.
>
> 85. The conduct by Defendants was a willful and wanton violation of the privacy rights of the Plaintiffs and the other student athletes, such that the Plaintiffs are entitled to an award of punitive damages.

ECF No. 99 at 11.

As reflected, Plaintiffs have sufficiently pled Limestone was involved in the creation and publication of the illicit videos, without the necessary consent. A publication which yielded a monetary incentive. *See id.* ¶¶ 2, 13-15, 25-59, 78-85, 102.

In sum, Plaintiffs have adequately pled their claims for invasion of privacy. In viewing Plaintiffs' Fourth Amended Complaint in its entirety, Plaintiffs have devoted at least seven pages of detailed factual recitation in support of each claim. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety.").

Accordingly, Limestone's Partial Motion to Dismiss should be denied.

### B. *Intentional infliction of emotional distress.*

In order to recover for intentional infliction of emotional distress, "a plaintiff must establish that (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." *Upchurch v. New York Times Co.*, 431 S.E.2d 558, 561 (S.C. 1993) (citing *Ford v. Hutson*, 276 S.E.2d 776, 778 (S.C. 1981)).

Here, in addition to the detailed factual recitation referenced above, Plaintiffs have specifically pled the following in support of their claim for intentional infliction of emotional distress against Limestone:

**FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Intentional Infliction of Emotional Distress)**

> 86. Plaintiffs incorporate by reference and reasserts all previous allegations contained in this Complaint as if fully set forth herein.
>
> 87. The conduct of Defendant Murphy in secretly videotaping the Plaintiffs and the other student athletes while totally nude, or in various stages of undress, was done intentionally to inflict severe emotional distress on the Plaintiffs and/or Defendants knew that such distress would likely result from such conduct.
>
> 88. Defendants' conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious and utterly intolerable in a civilized community.
>
> 89. As a direct and proximate result of Defendants' wrongful conduct, the Plaintiffs have suffered, and continue to suffer, severe emotional distress.
>
> 90. The emotional distress caused by Defendant's wrongful conduct was, and is, so severe such that no reasonable person could be expected to endure it.
>
> 91. As a direct and proximate result of Defendants' wrongful and unlawful conduct, the Plaintiffs have sustained the injuries and damages referenced above, including serious mental and emotional injuries and distress.
>
> 92. The wrongful conduct by Defendants was willful, wanton and undertaken in reckless disregard for the privacy rights of the Plaintiffs and the other student athletes, such that the Plaintiffs are entitled to an award of **PUNITIVE** damages.

ECF No. 99 at 12.

Based on the foregoing, Plaintiffs have adequately alleged Limestone intentionally, or recklessly, caused the generation and dissemination of nonconsensual illicit videos of the

Plaintiffs. Moreover, Plaintiffs have properly alleged such conduct was outrageous and resulted in severe emotional distress. *See id.* ¶¶ 2, 13-15, 25-59, 86-92, 102.

In short, Plaintiffs have properly pled their claim for intentional infliction of emotional distress. Again, in viewing Plaintiffs' Fourth Amended Complaint in its entirety, Plaintiffs have devoted at least seven pages of detailed factual recitation in support of this claim. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety.").

Accordingly, Limestone's Partial Motion to Dismiss should be denied.

## CONCLUSION

In viewing the entire twenty-two-page Fourth Amended Complaint in a light most favorable to the Plaintiffs, it is clear plausible claims for invasion of privacy and intentional infliction of emotional distress have been pled against Limestone. Of importance, South Carolina law expressly allows an employer to be held liable for an employee's intentional torts. *See Crittenden v. Thompson-Walker Co.*, 341 S.E.2d 385, 387 (S.C. Ct. App. 1986). Further, if there is any doubt as to whether an employee was acting within the scope of employment while committing a tortious act, South Carolina law requires all doubt to be resolved against the employer, and the question submitted to the jury. *See id.*

To the extent discovery establishes Plaintiffs cannot meet their burden of proof regarding these claims, Limestone can move for summary judgment. At this stage, however, Plaintiffs' claims should not be prematurely dismissed since they have been sufficiently pled. Accordingly, Limestone's Partial Motion to Dismiss should be denied in its entirety.

**[SIGNATURE BLOCK ON FOLLOWING PAGE.]**

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*/s/ J. Edward Bell, III*
J. Edward Bell, III (#1280)
Joshua M. W. Salley (#13214)
219 North Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@edbelllaw.com
jsalley@edbelllaw.com
*Counsel for Plaintiffs*

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
Jordan A. Stanton (admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com
*Counsel for Plaintiffs*

March 15, 2021
Georgetown, SC