UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, ) | |
| ) | Case No: 7:20-cv-00947-JD |
| Plaintiffs, ) | |
| ) | |
| vs. ) | LIMESTONE UNIVERSITY'S |
| ) | REPLY IN SUPPORT OF ITS |
| COLLINS MURPHY, LIMESTONE ) | PARTIAL MOTION TO DISMISS |
| COLLEGE, MG FREESITES, LTD., d/b/a ) | PLAINTIFFS' FOURTH AMENDED |
| PORNHUB.COM and HAMMY MEDIA ) | COMPLAINT |
| LTD. d/b/a XHAMSTER.COM, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOW COMES LIMESTONE UNIVERSITY** (hereinafter referred to as "Limestone"), a Defendant to the above-captioned action, and files this Reply in Support of Limestone's Partial Motion to Dismiss.

## I. INTRODUCTION

Plaintiffs' Response in Opposition to Defendant, Limestone University's Partial Motion to Dismiss Plaintiffs' Fourth Amended Complaint (hereinafter "Plaintiffs' Response") (ECF No. 115), wholly fails to counter the arguments Limestone made in its motion to dismiss. Instead, Plaintiffs primarily restate their allegations of fact for each cause of action followed by a conclusory statement that they have properly alleged the cause of action without providing explanation. Plaintiffs rely on blanket, generic statements of the law that only reinforce the concerns Limestone raised in its Partial Motion to Dismiss (ECF No. 102) about Plaintiffs' First, Second, Third, and Fourth Causes of Action. In its Motion to Dismiss, Limestone asked the Court to dismiss the claims based on *respondeat superior* for several reasons, including that Plaintiffs failed to plead that Defendant Collins Murphy was acting in furtherance of Limestone's business—

1

the critical requirement for liability based on *respondeat superior–when he allegedly made the recordings*, which are central to this case. Not only did Plaintiffs fail to plead facts that plausibly alleged that Defendant Murphy was furthering Limestone's business when he allegedly planted the cameras to make the surreptitious recordings, but there was a direct acknowledgement that Limestone had terminated Defendant Murphy's employment years before he allegedly published said videos.

Above all else, however, Plaintiffs fail to address a central issue contained in their Fourth Amended Complaint and raised by Limestone – Causes of Action One through Four are simply implausible when applied to Limestone and therefore cannot meet the legal standard for sufficiency. This is because, according to this Court's holding in *Park v. Southeast Service Corp.*, 771 F.Supp.2d 588 (D.S.C. 2011), in order for Plaintiffs to base Limestone's liability for Defendant Murphy's alleged actions on a theory of *respondeat superior*, Murphy's alleged surreptitious video recording of Plaintiffs must be in furtherance of Limestone's mission to educate its students. *See Id.* at 593 (". . . the court agrees with Defendant that Plaintiff's claim for wrongful intrusion into private affairs and outrage should be dismissed, as Plaintiff has not submitted to the court a plausible argument that Richardson's decision to video record Plaintiff using the restroom was an act committed in furtherance of his employment.") For these reasons, Limestone's Partial Motion to Dismiss should be granted.

## II. ARGUMENT

1. **Plaintiffs Failed to Allege that Collins Murphy's Alleged Recordings—the Actions on Which Their Entire Case is Based—Were Made in the Course and Scope of his Employment with Limestone, which is Required to State Claims for Counts One through Four Based on Vicarious Liability**

Plaintiffs' Response claims that the issues raised in Limestone's Motion to Dismiss are more properly subject to a Motion for Summary Judgment, not a Motion to Dismiss. (ECF No.

2

115, pp. 2, 14). Limestone's Motion labored to distinguish the causes of action alleged by Plaintiffs into two categories: vicarious liability causes of action based on agency concepts (which are subject to Limestone's Motion to Dismiss), and direct causes of action (Negligent Supervision and Negligent Hiring). Limestone conceded in its motion that Plaintiffs satisfied their burdens in pleading the direct causes of action against Limestone, but noted that the allegations based on vicarious liability are defective and should be dismissed for failing to claim that Defendant Murphy was acting in the course and scope of his employment when he purportedly placed the cameras in the locker rooms to make the recordings. At first blush this may seem like a distinction without a difference, but the discrepancy between the theories of liability is telling, and fatal to Causes of Action One through Four.

Plaintiffs' Response urges the Court to look at the Fourth Amended Complaint as a whole, and then recites the subject Causes of Action in turn as proof-positive that the pleadings are not subject to dismissal. Unfortunately, taking the Fourth Amended Complaint as a whole does not cure the defects in Plaintiffs' pleadings. This is evident when looking at the allegation that Plaintiffs' Response highlights at the outset – Paragraph 105. This allegation claims that:

> Defendant Murphy was acting within the scope of his employment when entering, or accessing the women's locker rooms, and thus Defendant Limestone was able to control or supervise his conduct.

ECF No. 115, p. 1.

While Plaintiffs hold this up as the only allegation that Murphy acted in the course and scope of his employment with Limestone, it simply does not go that far. Instead, it says that Murphy was acting in the course and scope of his employment when entering the women's locker room. Plaintiffs' causes of action do not rest on Murphy entering the women's locker room. They rest on the allegation that he secretly videotaped the Plaintiffs. And, very clearly, Plaintiffs do not

allege anywhere in the Fourth Amended Complaint that Murphy acted within the course and scope of his employment when he allegedly made those recordings.[1]

Actions based upon *respondeat superior* liability, like counts One through Four, require more than just the relation of employer-employee. They require that the act complained of be "reasonably necessary to accomplish the purpose of his employment and in furtherance of the master's business." *Armstrong v. Food Lion, Inc.*, 371 S.C. 271, 276, 639 S.E.2d 50, 52 (2006). This is the crucial element missing from Plaintiffs' Fourth Amended Complaint. Simply put, in order to advance on Causes of Action One through Four, Plaintiffs must allege that Murphy's act of recording Plaintiffs changing in the locker room, and then his act to publish said videos, were acts committed in furtherance of Limestone's business. *See Park v. Southeast Service Corp.*, 771 F.Supp.2d 588, 593 (D.S.C. 2011) (". . . Plaintiff must first show that [the wrongdoer's] video recording somehow furthered Defendant's business of providing janitorial services.") But the secretive videotaping of Plaintiffs changing in the locker rooms cannot rationally be considered to have been done with the purpose of in some way promoting Limestone's business. Limestone's business is to provide its students an education. There is no plausible argument that making videos of visiting student-athletes changing (and then releasing said videos years after the individual responsible for making the videos was terminated) in the locker rooms furthered Limestone's business. *See Id*. ("But the surreptitious videotaping of Plaintiff using the restroom is not an act that can reasonably be considered to have been done with the purpose of in some way furthering

---

[1] It is important to note that Paragraph 105 does not come under Causes of Action One through Four, which Limestone has moved to dismiss. Rather, this comes from Cause of Action Six of Plaintiffs' Fourth Amended Complaint – Negligent Supervision. (ECF No. 99, p. 13). That this allegation appears in one of Plaintiffs' "direct" causes of action but is held up as an example of why their "vicarious" causes of action should survive Limestone's Motion is a perfect illustration of why the argument contained in Plaintiffs' Response is ineffective.

Defendant's business, which is to provide janitorial services to the school at which Plaintiff worked.") Therefore, Plaintiffs cannot plausibly state any cause of action that relies on *respondeat superior* liability, including those alleged in Causes of Action One through Four.

The previously cited case of *Park v. Southeast Service Corp.*, 771 F.Supp.2d 588, 592 (D.S.C. 2011) (ECF No. 102-1, pp. 10-11), deserves further review because like the case and motion at bar it dealt with a Rule 12(b)(6) motion to dismiss claims of invasion of privacy and intentional infliction of emotional distress (outrage) pled based on a theory of *respondeat superior* liability. Furthermore, it is factually similar because it involved a janitor taking secret videos of individuals while they used the restroom in their workplace, which he cleaned. *Id.* In *Park*, the Court held that the complaint could not plausibly state causes of action based on *respondeat superior* liability because the janitor's misconduct was not done in furtherance of his employment as a janitor. *Id.* In a further step that dooms Plaintiffs' causes of action at issue here, the Honorable Joseph F. Anderson held that "the surreptitious videotaping of Plaintiff using the restroom *is not an act that can reasonably be considered to have been done with the purpose of in some way furthering Defendant's business*, which is to provide janitorial services to the school at which Plaintiff worked." *Id.* at 593 (emphasis added). Thus the Court held that when it came to an employee making secret lewd videos while working, there is no reasonable argument that misconduct could be in the course and scope of his employment. And, it further held that an argument that such conduct was in the course and scope of employment was so implausible that it could adjudicate that issue at the pleading stage and dismissed the causes of action for invasion of privacy and intentional infliction of emotional distress. *Id.*

Plaintiffs' own faint attempts to distinguish *Park* in their Response only highlight the futility of Counts One through Four of their Fourth Amended Complaint. First, Plaintiffs attempt

to diminish *Park* by noting that the janitor in that case worked for a janitorial staffing company and not for the school at which the secret recording took place. However, where the alleged conduct took place and whether there was a third entity in involved (in *Park* the school where the recording took place) were not a part of the Court's analysis and Plaintiffs offer no explanation for how these minor difference should impact the outcome here. The important facts to the *Park* holding are that an employee secretly videotaped others while working. Plaintiffs allege the same facts here. In *Park*, the Court held there is no plausible way that the janitor's alleged actions could be in furtherance of his employer's janitorial service. *Id.* at 593. Here, just like in *Park*, Murphy was Limestone's employee and there is no plausible way his alleged secret videotaping could be in furtherance of Limestone's business of educating students. Thus, Limestone's motion should be granted as was the defendant's in *Park*.

Plaintiffs further attempt to address *Park* by making new factual allegations not contained in the Fourth Amended Complaint (nor any prior iteration of the Complaint); specifically that:

> Murphy's role at Limestone necessitated the preparation of locker room facilities for guests on campus, interaction with students, developing programming, improving Day program admissions and retention, scheduling, and filming and media coverage of student participants.

(Plaintiffs' Response, ECF No. 115, p. 6).

The allegations cannot be considered by the Court in its ruling on Limestone's Partial Motion to Dismiss because they are absent from the Fourth Amended Complaint. *See* State Bd. of Med. Examiners of S.C. v. Fenwick Hall, Inc., 300 S.C. 274, 276, 387 S.E.2d 458, 459 (1990) ("A ruling on a 12(b)(6) motion to dismiss [for failure to state a claim] must be based *solely* upon allegations set forth on the face of a complaint.") (emphasis in original). (ECF No. 99). Although no further argument on those allegations is necessary, as previously stated, the dispositive question is whether

6

Murphy's alleged misconduct can be plausibly stated to be in furtherance of Limestone's business. The Court in *Park* held that secretly recording people in the bathroom at a janitor's workplace cannot reasonably be alleged to be in furtherance of his employer's janitorial business, and Plaintiffs' added facts lend no credibility to an allegation (although Plaintiffs do not even make one) that Murphy's alleged secret recording could reasonably be alleged to be in furtherance of Limestone's education business. Thus, even if accepted, these allegations of Murphy's duties would not save Causes of Action One through Four.

   2. **A Determination as to Whether an Employee's Act was in the Course and Scope of His Employment can be Subject to Dismissal Prior to Discovery**

Ignoring the utter absurdity that Defendant Murphy's actions were in the course and scope of his employment with Limestone (or that Limestone somehow benefitted from the publication of the illicit videos), Plaintiffs oppose dismissal of Counts One through Four on the grounds that "if there is doubt as to whether the servant in injuring a third party was acting at the time within the scope of his employment, the doubt will be resolved against the master, at least to the extent of requiring the question to be submitted to the jury for determination." *Crittenden v. Thompson-Walker Co.*, 288 S.C. 112, 114, 341 S.E.2d 385, 387 (Ct. App. 1986). (ECF No. 115, p. 7).

The holding in *Crittenden* is not dispositive in the case at bar, however, and Plaintiffs' reliance upon it is misplaced. *Crittenden* was a South Carolina state court case that was heard on an appeal from a jury verdict, not a District Court applying the "plausibility" pleading standard of Twombly/Iqbal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, as noted in its original Partial Motion to Dismiss, agency can plainly be decided on the pleadings. *Eady v. Koon*, No. 3:12-CV-1671-CMC, 2013 WL 652722, at *3 (D.S.C. Feb. 21, 2013). In fact, the Fourth Circuit has upheld the grant of a Rule 12(b) motion to dismiss after

7


finding that "…if plaintiff's allegations are true, the Air Force officer clearly was acting for his personal gratification rather than within the scope of his employment." *Doe v. United States*, 769 F.2d 174, 175 (4th Cir. 1985). That is exactly what the Court did in *Park*, finding that even at the pleadings stage the notion that an employee making surreptitious recordings did not meet the Twombly/Iqbal test of facial plausibility. *Park*, 771 F.Supp.2d 588 (D.S.C. 2011). There, this Court reviewed the Plaintiff's Complaint and found that based upon the allegations in the Complaint that "…the only appropriate way to view [the employee's] acts are as a temporary suspension of the master-servant relationship, for which [the employee] is solely liable." *Park*, 771 F.Supp.2d at 589-590, 593 (D.S.C. 2011). That finding is as applicable to the case at hand as it was in *Park*.

Beyond the numerous cases holding that this Court can clearly continue to dispose of these claims at this stage of the litigation, a further examination of the *Crittenden* case cited in Plaintiffs Response for the contrary position that these issues should be disposed of at the summary judgment phases makes clear how distinguishable it is to the case at bar. The employee's assault in *Crittenden* took place:

> in the presence of the master, who, according to the testimony of Crittenden and his father, assisted Welch by physically restraining the father when he attempted to come to the aid of his son. The purpose of the assault was to coerce Crittenden to pay a debt owed to the master. Consequently, although it may have been outside the scope of Welch's authority, the jury could reasonably find the assault was an act in furtherance of the master's business.

*Crittenden,* 288 S.C. 112, 116, (Ct. App. 1986).

Therefore, in *Crittenden* it was clear that there was *some* purpose of the employer that the employee conceivably could be furthering, even if the employee in *Crittenden* went beyond his authority in assaulting someone to collect the employer's debts. *Id.* In the case at bar, however,

there are no plausible allegations that Murphy made the videos with Limestone's consent and knowledge, or in furtherance of Limestone's business. In fact, the opposite is true – Plaintiffs acknowledge that the recordings were made in secret with a hidden camera. There are no allegations that Murphy recorded the Plaintiffs in furtherance of Limestone's business, and even if there were any such inferences can be dismissed at the pleading stages if they are implausible.[2] Therefore, Plaintiffs' claims should be dismissed.

3. **Plaintiffs' Claims of Concurring or Contributory Negligence do not allow Plaintiffs to Circumvent the Requirements that Defendant Murphy's Actions must be in Furtherance of Limestone's Business to Hold Limestone Accountable Based on *Respondeat Superior***

Plaintiffs briefly cite *J.T. Baggerly v. CSX Transp., Inc.*, 370 S.C. 362, 369, 635 S.E.2d 97, 101 (2006) to support that Defendant Murphy's alleged decision to upload the secret recording years after his employment with Limestone was terminated is of no consequence. (ECF No. 115, p. 7). This is a plain misapplication of the law. First, the existence of concurring or contributory negligence are inapplicable to Plaintiffs' theory of vicarious liability in Counts One through Four. Concurring and contributory negligence are negligence theories for negligence causes of action. But Counts One through Four are not negligence causes of action, e.g. Count Four is for *intentional* infliction of emotional distress (emphasis added). And, vicarious liability is liability to the master for acts of the servant when those acts are performed in furtherance of the master's business. *See Crittenden v. Thompson-Walker Co.*, 288 S.C. 112, 114, 341 S.E.2d 385, 387 (Ct. App. 1986).

---

[2] In fact, when dealing with *Crittenden*'s assertion that doubt as to the scope of employment is resolved against the master to the extent of requiring the issue to go to a jury, the South Carolina Court of Appeals noted that it is "not unmindful" of the principle but is still prepared to uphold a judgment on the issue as a matter of law where "there is no doubt" in the case at hand. *Hamilton v. Davis*, 300 S.C. 411, 417, 389 S.E.2d 297, 300 (Ct. App. 1990). Though *Hamilton* was a South Carolina state court case interpreting another state court case, it is clear that the holding in *Crittenden* has limits in South Carolina, and questions of agency (such as whether an individual was acting for his own or his employer's interest) can be adjudicated without a jury.

Contributory negligence is the negligence of a party that contributes to the harm. These are different. Plaintiffs cannot attempt to bypass their inability to hold Limestone vicariously liable for Murphy's acts four years after his employment with Limestone ended by improperly blurring theories of liability.

Stated another way, according to *J.T. Baggerly,* "[i]f **the actor's conduct** is a substantial factor in the harm to another, the fact that he neither foresaw nor should have foreseen the extent of harm or the manner in which it occurred does not negative his liability." *Id.*, 370 S.C. at 369, (2006) (emphasis added). Limestone was not an "actor" for these causes of action - it merely employed one. Limestone's employment of Murphy is a factor for Causes of Action Five and Six (Negligent Hiring/Supervision), but simple employment is not an affirmative action causing the alleged injury. As Limestone pointed out in its Motion, *respondeat superior* is a theory of liability that calls an employer to answer for the tortious acts of its servant – it is not a cause of action in itself. *J.R. v. Walgreens Boots All., Inc.*, No. 2:19-CV-00446-DCN, 2020 WL 3620025, at *16 (D.S.C. July 2, 2020); *James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008).

In short, *J.T. Baggerly* is inapposite to Counts One through Four, and the fact that Murphy was not employed by Limestone when he allegedly published the videos still leaves Counts One through Four insufficient to state a claim.

### III. CONCLUSION

Plaintiffs' Response fails to address many of the points raised in Limestone's Motion. It is largely a recitation of the allegations in Plaintiffs' Fourth Amended Complaint with conclusory statements of law related to the Causes of Action Limestone has moved to dismiss. As Plaintiffs have failed to adequately address, much less counter, the basis of Limestone's Partial Motion to Dismiss, Limestones' Motion should be granted.

This 22nd day of March, 2021.

**RAHIMI, HUGHES & PADGETT, LLC**

/s/ JOSEPH Y. RAHIMI II
**JOSEPH Y. RAHIMI II**
Federal ID No. 9670
**JOHN A. HUBERT**
Federal ID No. 13154
**ATTORNEYS FOR DEFENDANT**
**LIMESTONE UNIVERSITY**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com

**JENNIFER S. CLUVERIUS**
Federal ID No. 9992
**L. GRANT CLOSE III**
Federal ID No. 10810
**ATTORNEYS FOR DEFENDANT**
**LIMESTONE UNIVERSITY**

**NEXSEN PRUET, LLC**
55 East Camperdown Way, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603-0648
Phone: (864) 370-2211
jcluverius@nexsenpruet.com
gclose@nexsenpruet.com

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing **LIMESTONE UNIVERSITY'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT** has been served on counsel for all parties by placing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereon and/or via electronic mail to all other counsel of record to ensure delivery to:

| **Attorney for Plaintiffs** | **Attorneys for Plaintiffs** |
|---|---|
| J. Edward Bell, III<br>Bell Legal Group, LLC<br>219 North Ridge Street<br>Georgetown, SC 29440<br><br>ebell@edbelllaw.com | Liz Jeanette Shepherd<br>Jordan Alexander Stanton<br>Tyler Smyth Thompson<br>Dolt Thompson Shepherd and Conway PSC<br>13800 Lake Point Circle<br>Louisville, KY 40223<br><br>lshepherd@kytrial.com<br>jstanton@kytrial.com<br>tthompson@kytrial.com |
| **Attorneys for Murphy** | **Attorneys for MG Freesites** |
| Alan R Belcher Jr.<br>Conner E. Johnson<br>Hall Booth Smith, P.C.<br>111 Coleman Boulevard, Suite 301<br>Mount Pleasant, SC 29464<br><br>abelcher@hallboothsmith.com<br>cjohnson@hallboothsmith.com | R. Taylor Speer<br>J. Kenneth Carter<br>Turner, Padget, Graham and Laney, P.A.<br>P.O. Box 1509<br>Greenville, SC 29602<br><br>tspeer@turnerpadgett.com<br>kcarter@turnerpadget.com |

**Attorneys for Limestone**

Jennifer S. Cluveris
L. Grant Close III
Nexen Pruet, LLC
P.O. Drawer 10648
Greenville, SC 29603

jcluverius@nexsenpruet.com
gclose@nexsenpruiet.com

   This 22nd day of March, 2021.

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com

                              **RAHIMI, HUGHES & PADGETT, LLC**


**/s/ JOSEPH Y. RAHIMI II**
**JOSEPH Y. RAHIMI II**
Federal ID No. 9670
**JOHN A. HUBERT**
Federal ID No. 13154
**ATTORNEYS FOR DEFENDANT**
**LIMESTONE UNIVERSITY**