UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, ) | |
| ) | Case No: 7:20-cv-00947-TMC |
| Plaintiffs, ) | |
| ) | |
| vs. ) | LIMESTONE UNIVERSITY'S |
| ) | MEMORANDUM IN SUPPORT OF |
| COLLINS MURPHY, LIMESTONE ) | PARTIAL MOTION TO DISMISS |
| COLLEGE, MG FREESITES, LTD., d/b/a ) | PLAINTIFFS' FOURTH AMENDED |
| PORNHUB.COM and HAMMY MEDIA ) | COMPLAINT |
| LTD. d/b/a XHAMSTER.COM, ) | |
| ) | (Jury Trial Demanded) |
| Defendants. ) | |
| ) | |

**NOW COMES LIMESTONE UNIVERSITY** (incorrectly identified as "Limestone College" and hereinafter referred to as "Limestone"), a Defendant to the above-captioned action, and files this Memorandum in Support of its Motion to Amend its Answer and Cross-Claims pursuant to Local Rule 7.04.

**I. INTRODUCTION**

This case arises from the alleged misdeeds of Defendant Collins Murphy ("Murphy"), who Plaintiffs allege surreptitiously filmed them in locker rooms on Limestone's campus. Limestone is an accredited non-profit Christian non-denominational university that is entitled to protections under the South Carolina Solicitation of Charitable Funds Act. Following the filing of an additional lawsuit related to the same alleged acts or omissions of Limestone University, the undersigned counsel subsequently recognized that the defenses and immunities as set forth in the South Carolina Solicitation of Charitable Funds Act (S.C. Code Ann. Section 33-56-10 *et seq.* (Supp 1998), hereinafter the "Act") are applicable to Limestone University as it was a charitable organization under the Act. Pleading defenses under the Act has been held to constitute an

affirmative defense by South Carolina state courts. Accordingly, Limestone now moves to amend its Answer to incorporate said defense.

## II. LEGAL STANDARD

Leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "should be denied only when the amendment would be prejudicial to the opposing party, [when] there has been bad faith on the part of the moving party, or [when] the amendment would be futile." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986). There is a "longstanding approach to liberal amendment of pleadings in the absence of undue prejudice" which "applies equally to amendments to assert affirmative defenses." *IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 311 (4th Cir. 2003); *see also Laber v. Harvey,* 438 F.3d 404, 426–29 (4th Cir. 2006) (*en banc*) (finding abuse of discretion in denial of leave to amend).

## III. ARGUMENT

Plaintiffs filed the operative Fourth Amended Complaint ("4AC") on January 27, 2021. (ECF No. 99). On February 10, 2021, Defendant MG Freesites, Ltd., d/b/a Pornhub.com moved to dismiss 4AC (ECF No. 104), while Limestone moved to partially dismiss 4AC (ECF No. 102). In an abundance of caution, Limestone contemporaneously filed an answer to the portions of the Complaint it did not move to dismiss. (ECF No. 103). Both of these motions are pending before the Court. Pursuant to the current scheduling order, parties must move to amend their pleadings no later than May 25, 2021. (ECF No. 78).[1] The current Discovery deadline is August 24, 2021. *Id.*[2]

---

[1] The Parties submitted a Consent Motion to Amend the Scheduling Order that moves the deadline to amend pleadings to July 24, 2021. (ECF No. 122-1). This motion is currently pending before the Court.
[2] The Discovery deadline in the pending Consent Motion to Amend the Scheduling Order is not until October 23, 2021.

Upon the filing of a separate action in this Court against Limestone and Defendant Collins Murphy related to the alleged lewd acts of Murphy, counsel for Limestone became aware of the application of the Act due to Limestone's status as a nonprofit organization. Specifically, the defenses available under the Act include without limitation the possible preclusion of certain types of damages against Limestone, a heightened standard of proof, immunities for Limestone employees, and caps on recoverable damages. S.C. Code Ann. Section 33-56-10 *et seq.*; S.C. Code Ann. Section 33-56-180. In James v. Lister, 331 S.C. 277, 282, 500 S.E.2d 198, 201 (Ct. App. 1998), the South Carolina Court of Appeals held that that as the defenses outlined in the South Carolina Charitable Funds affected the manner in which the case was tried to a jury, the defenses provided by the South Carolina Charitable Funds Act must be raised prior to trial. In Myat v. Tuomey Reg'l Med. Ctr., 427 S.C. 601, 608, 832 S.E.2d 306, 310 (Ct. App. 2019), reh'g denied (Sept. 20, 2019), cert. granted (May 22, 2020), cert. dismissed as improvidently granted, 856 S.E.2d 550 (S.C. 2021), the South Carolina Court of Appeals elaborated on the holding in James v. Lister, allowing a pre-trial amendment to include the defenses included in the Act when the plaintiff was aware of the existence of the defenses provided by the Act during discovery.

While the case at hand is pending in federal court, it is clear that under South Carolina state law, defenses under the Act must be plead as an affirmative defense. As the Fourth Circuit Court of Appeals has found, "it is well established that an affirmative defense is not waived absent unfair surprise or prejudice." *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.,* 380 F.3d 200, 205 n. 3 (4th Cir.2004); *see also Brinkley v. Harbour Recreation Club,* 180 F.3d 598, 612 (4th Cir.1999) ("[T]here is ample authority in this Circuit for the proposition that absent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised

3

in a pre-trial dispositive motion."), *overruled on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). Limestone respectfully requests that the Court grant leave to Amend its Answer to 4AC to include the aforementioned affirmative defense related to the Act. As noted above, neither the deadline to amend pleadings or for the conclusion of discovery have elapsed. In fact, all parties have asked that they be further expanded. Furthermore, due to the pending motions to dismiss, the parties and claims that will be permitted to move past the pleading stage are still uncertain.

As the deadline to move the court for leave to file an amended pleading has not elapsed, preliminary dispositive motions have not been ruled upon, and discovery is ongoing, there is no prejudice to opposing parties. *See Clark v. Target Corp.*, No. 2:19-CV-01997-RMG, 2020 WL 772871, at *2 (D.S.C. Feb. 18, 2020) (allowing amendment to include an affirmative defense when the defendant sought Plaintiff's consent and leave of Court to amend the answer prior to the close of discovery and before fact witnesses had been deposed). As leave to amend pursuant to Fed. R. Civ. P. 15(a) shall be freely given when justice so requires, Limestone should be permitted to file an Amended Answer and Cross-Claims to Plaintiffs' 4AC.

## V. CONCLUSION

For the foregoing reasons, Limestone respectfully requests that the Court grant it leave to file its Amended Answer to Plaintiffs' Fourth Amended Complaint, attached hereto as Exhibit "1".

**(SIGNATURE ON FOLLOWING PAGE)**

This 25th day of May, 2021.

**RAHIMI, HUGHES & PADGETT, LLC**

**/s/ JOSEPH Y. RAHIMI II**
**JOSEPH Y. RAHIMI II**
Federal ID No. 9670
**JOHN A. HUBERT**
Federal ID No. 13154
**ATTORNEYS FOR DEFENDANT**
**LIMESTONE UNIVERSITY**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com

**JENNIFER S. CLUVERIUS**
Federal ID No. 9992
**L. GRANT CLOSE III**
Federal ID No. 10810
**ATTORNEYS FOR DEFENDANT**
**LIMESTONE UNIVERSITY**

**NEXSEN PRUET, LLC**
55 East Camperdown Way, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603-0648
Phone: (864) 370-2211
jcluverius@nexsenpruet.com
gclose@nexsenpruet.com

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing **LIMESTONE UNIVERSITY'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND** has been served on counsel for all parties by placing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereon and/or via electronic mail to all other counsel of record to ensure delivery to:

**Attorney for Plaintiffs**

J. Edward Bell, III
Bell Legal Group, LLC
219 North Ridge Street
Georgetown, SC 29440

ebell@edbelllaw.com

**Attorneys for Plaintiffs**

Liz Jeanette Shepherd
Jordan Alexander Stanton
Tyler Smyth Thompson
Dolt Thompson Shepherd and Conway PSC
13800 Lake Point Circle
Louisville, KY 40223

lshepherd@kytrial.com
jstanton@kytrial.com
tthompson@kytrial.com

**Attorneys for Murphy**

Alan R Belcher Jr.
Conner E. Johnson
Hall Booth Smith, P.C.
111 Coleman Boulevard, Suite 301
Mount Pleasant, SC 29464

abelcher@hallboothsmith.com
cjohnson@hallboothsmith.com

**Attorneys for MG Freesites**

R. Taylor Speer
J. Kenneth Carter
Turner, Padget, Graham and Laney, P.A.
P.O. Box 1509
Greenville, SC 29602

tspeer@turnerpadgett.com
kcarter@turnerpadget.com

**Attorneys for Limestone**

Jennifer S. Cluveris
L. Grant Close III
Nexen Pruet, LLC
P.O. Drawer 10648
Greenville, SC 29603

jcluverius@nexenpruet.com
gclose@nexenpruiet.com

This 25th day of May, 2021.

             **RAHIMI, HUGHES & PADGETT, LLC**

             **/s/ JOSEPH Y. RAHIMI II**
             **JOSEPH Y. RAHIMI II**
             Federal ID No. 9670
             **JOHN A. HUBERT**
             Federal ID No. 13154
             **ATTORNEYS FOR DEFENDANT**
             **LIMESTONE**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com