UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION
CIVIL ACTION NO. 7:20-cv-00947-TMC

*Electronically Filed*

JANE DOES 1-9                                                                    PLAINTIFFS

v.

LIMESTONE COLLEGE ET AL.                                          DEFENDANTS

* * * * *

**CONFIDENTIALITY AGREEMENT AND ORDER**

**IT IS HEREBY AGREED**, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Confidentiality Agreement and Order (the "Order") shall govern disclosure and use by the parties of all documents, videos, photographs, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "Action") as described herein.

      1.     All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

      2.     When used in this Order, the term:

      (a)    **"Confidential Information"** shall mean all documents, video, photographs, testimony, and all information contained therein, containing:

      (i)    Personal identifying information of the Jane Doe plaintiffs; or

      (ii)    Any description, depiction, representation or reproduction of any image of the Plaintiffs;

      (iii)    trade secrets or other confidential research, development, financial, proprietary, or commercial information that may be subject to a protective order under FRCP 26(c)(1)(G); or

      (iv)    confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise.

      (b)    **"Disclosing Party"** shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

(c)    **"Discovery Material"** shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(d)    **"Document"** shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

(e)    **"Information"** shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

(f)    **"Receiving Party"** shall refer to any party to this Action and any non-party that receives Confidential Information.

3.    Unless otherwise ordered by the court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

(a)    counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)    the named parties including in-house counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    experts, consultants, or investigators including their staff who have signed an acknowledgment of receipt of this Order;

(d)    outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(e)    the court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(f)    court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

(g)    during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed an acknowledgment of this Order (although such individuals shall not be permitted to retain any copies);

(h)     any mediator or arbitrator engaged by the named parties in connection with this Action;

(i)     the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

(j)     other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.  (Consent will not be unreasonably denied for persons whose assistance is necessary to the conduct of the litigation in which the information is disclosed)

4.     Form and Timing of Designation:  Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

Designation of documents or other material as containing Confidential Information as set forth in Paragraph 3 of this Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend ["CONFIDENTIAL"/"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"] on each page deemed Confidential in a manner that does not interfere with the legibility of the document. The Disclosing Party must limit designations of Confidential Information to only those parts of documents, testimony, or material that are clearly identified as containing Confidential Information. When Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential Information shall be designated as Confidential in writing at the time it is delivered to the Receiving Party.

Documents may be additionally designated as both CONFIDENTIAL and "ATTORNEY'S EYES ONLY" ("AEO"), meaning that only counsel and their employees or agents may view and access those documents.

5.     Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure as defined by the scope of this Order.  Any party may additionally designate as AEO a document that includes financial or trade secret information, as well as personal information of third parties.

6.     A Disclosing Party may designate as Confidential any portion of a transcript from a deposition [or a transcript from other pretrial or trial proceedings] deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information ("**Confidential Testimony**") either orally at the deposition or in writing no later than 10 calendar days after receipt from the court reporter of the final deposition transcript. During such 10-day period, the parties shall treat the

entire transcript as Confidential. The reporter shall mark ["CONFIDENTIAL"/"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"] on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential. [At the request of any party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Testimony. Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume.] [Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.]

The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as ["CONFIDENTIAL"/"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"].

Designation of material as CONFIDENTIAL does not preclude the receiving party from challenging the designation. The following procedures shall apply to any such challenge:

a.  The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

b.  A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

c.  Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

1.  the party who claims that the documents are confidential withdraws such designation in writing;

2.  the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph (b) above; or

3.  the court rules that the documents should no longer be designated as confidential information;

d.  Challenges to the confidentiality of documents are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

7.    Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential Information shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute a written acknowledgement of the contents of this Order.

8.    Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

9.    Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party within three (3) calendar days after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials, or testimony fall within the definition of Confidential Information. Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation.

10.    Disputes regarding the propriety of a designation of particular Confidential Information [or information protected by the attorney-client privilege, work product doctrine, or other protection] shall be submitted to the Court for resolution as provided for in the Fed.R.Civ.P.

11.    Within thirty calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured.

Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

12.    This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. In the event that Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public

record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

13.     Filing of Confidential Materials:  In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.  The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03

14.     Nothing in this Consent Order of Confidentiality and Protection shall be deemed to preclude the parties from seeking and obtaining additional protection  or modification  with respect to the confidentiality of documents or other discovery material or relief from this Consent Order of Confidentiality and Protection with respect to particular records designated hereunder.  However, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

15.     Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

16.     The parties agree that a designation of information as Confidential is not intended to be and shall not be construed as an admission that the Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

17.     Nothing in this Order shall be deemed an admission that any particular Confidential Information is entitled to protection under this Order, Fed. R. Civ. P. 26(c) or any other law.

18.     The treatment accorded under this Order shall survive the termination of this Action.

19.     This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

[signature page follows]

HAVING SEEN AND AGREED:

**BELL LEGAL GROUP, LLC**

*/s/ J. Edward Bell, III* _____

J. Edward Bell, III (#1280)
Joshua M. W. Salley (#13214)
219 North Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@edbelllaw.com
jsalley@edbelllaw.com
*Counsel for Plaintiffs*

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
Jordan A. Stanton (admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-
7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com
*Counsel for Plaintiffs*

**TURNER, PADGET, GRAHAM AND LANEY, P.A.**

*/s/ R. Taylor Speer (with permission)* _____

R. Taylor Speer
J. Kenneth Carter
P.O. Box 1509
Greenville, SC 29602
Telephone: (864) 552-4600
tspeer@turnerpadget.com
kcarter@turnerpadget.com
*Counsel for Defendant, MGFreesites, Ltd.*

**MITCHELL SILBERBERG & KNUPP LLP**

Marc E. Mayer | Attorney ID: pro hac vice
email | mem@msk.com
direct | 310-312-3154 2049
Century Park East 18th Floor
Los Angeles, California 90067
facsimile | 864-282-5993

**RAHIMI, HUGHES & PADGETT, LLC**

/s/ JOSEPH Y. RAHIMI II
**JOSEPH Y. RAHIMI II**
Federal ID No. 9670
**JOHN A. HUBERT**
Federal ID No. 13154 33 Bull Street,
Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.comjhubert@rhp-law.com

**ATTORNEYS FOR
DEFENDANTLIMESTONE
UNIVERSITY**

JENNIFER S. CLUVERIUS
Federal ID No. 9992
L. GRANT CLOSE III
Federal ID No. 10810

**ATTORNEYS FOR
DEFENDANTLIMESTONE
UNIVERSITY**

**NEXSEN PRUET, LLC**

55 East Camperdown Way, Suite 400
(29601)Post Office Drawer 10648
Greenville, South Carolina 29603-0648
Phone: (864) 370-2211
jcluverius@nexsenpruet.com
gclose@nexsenpruet.com