# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, | ) |
| | ) Case No: 7:20-cv-00947-JD |
| Plaintiffs, | ) |
| | ) |
| vs. | ) LIMESTONE UNIVERSITY'S |
| | ) RESPONSE IN OPPOSITION TO |
| COLLINS MURPHY, LIMESTONE | ) PLAINTIFFS' MOTION TO AMEND |
| COLLEGE, MG FREESITES, LTD., d/b/a | ) COMPLAINT |
| PORNHUB.COM and HAMMY MEDIA | ) |
| LTD. d/b/a XHAMSTER.COM, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NOW COMES LIMESTONE UNIVERSITY** (hereinafter referred to as "Limestone"), a Defendant to the above-captioned action, and files this Response opposing Plaintiffs' Motion to Amend Complaint (ECF No. 145).

## I. INTRODUCTION

This case was first filed on March 4, 2020, and has been amended four times in the ensuing twenty months. Plaintiffs now move to amend the complaint for a fifth time. (ECF No. 145). Among the many amendments to Plaintiffs' Proposed Fifth Amended Complaint ("5AC") are the addition of several former Limestone employees to the action. (ECF No. 145-1). This includes Dr. Walter "Walt" Griffin, the former President of Limestone College. While the proposed claims asserted against Limestone and its former employees are meritless, the allegations against Dr. Griffin are legally null as Dr. Griffin unfortunately passed away on October 18, 2021.[1] As Plaintiffs did not move to add Dr. Griffin to the litigation until after his passing, he cannot be added to the

---

[1] Dr. Griffin's obituary reflecting the date of his death is attached hereto as Exhibit "A".

1

litigation and therefore Plaintiffs' 5AC is futile. For these reasons, Plaintiffs' Motion to Amend to add Dr. Griffin as a party should be denied.

## II. LEGAL STANDARD

A district court may deny leave to amend if amending the complaint would be futile; that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules. *Kramer v. Omnicare ESC, LLC*, 307 F.R.D. 459 (D.S.C. 2015). In considering the sufficiency of a proposed amended complaint, the Rule 12(b)(6) standard applies. *Bartley v. Wells Fargo Bank, NA*, No. CIV.A. 3:14-3814-CMC, 2015 WL 5158708, at *3 (D.S.C. Sept. 2, 2015). A dismissal with prejudice pursuant to Rule 12(b)(6) is appropriate for claims as to which an amendment would be futile. *Conner v. Nucor Corp.*, No. 2:14-CV-4145, 2015 WL 5785510, at *5 (D.S.C. Sept. 30, 2015). In other words, if the proposed amendment could not withstand a motion to dismiss, the denial of a motion to amend is justified. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir.1993). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679. *Woodruff v. Pride Mobility Prod. Corp.*, No. 3:14-CV-02573-MGL, 2014 WL 5795572, at *1 (D.S.C. Nov. 6, 2014).

### III. ARGUMENT

1. **A Deceased Individual Cannot Later be Sued and Thus Plaintiffs' Claims in their 5AC against Dr. Griffin are Subject to Dismissal.**

Plaintiffs' most recent Motion to Amend the Complaint was filed on or about November 9, 2021. (ECF No. 145). In it, Plaintiffs alleged two causes of action against Dr. Griffin: Negligent Hiring (Seventh Cause of Action) and Negligent Supervision (Eighth Cause of Action). As noted, Dr. Griffin passed away on October 18, 2021, several weeks *prior* to Plaintiffs' filing their Motion to Amend the Complaint to add Dr. Griffin as a party. An action brought against a nonexistent defendant is a nullity. *McCullar v. Est. of Campbell*, 381 S.C. 205, 207, 672 S.E.2d 784, 785 (2009). Thus, put simply, Plaintiffs cannot properly assert any causes of action against Dr. Griffin after his death.

2. **Plaintiffs Cannot Seek to Add Dr. Griffin's Successor or Representative as a Party in His Place and Thus Any Attempt to do so Would be Futile.**

Plaintiffs might argue that Fed. R. Civ. P. 25 could operate to cure the defect of suing a deceased individual by substituting in Dr. Griffin's "successor or representative" as envisioned by the Rules. However, Fed. R. Civ. P. 25(a)(1) was merely designed 'to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party.'" *James v. Benjamin*, No. 3:17- CV-491-MBS-PJG, 2018 WL 4560744, at *4 (D.S.C. Sept. 24, 2018) (quoting *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469–70 (2d Cir. 1998)). Critically, "Rule 25 requires that the deceased was a party to the lawsuit before his death." *James*, 2018 WL 4560744, at *5 (citing *Mizukami v. Buras*, 419 F. 2d 1319, 1320 (5th Cir. 1969) ("[T]he rule contemplates substitution for someone who had been made a party before his death."); *Darmanchev v. Roytshteyn*, 234 F.R.D. 78, 80 (E.D. Pa. 2005) ("Rule 25 clearly contemplates the death of one of the parties after the Complaint has been filed.")).

Here, Plaintiffs did not move to make Dr. Griffin a party to the instant litigation until after Dr. Griffin's passing.[2] As Rule 25(a) does not apply if the death occurred before the party was added to the litigation, no procedural mechanism exists for the Court to substitute his presence in this case for that of a personal representative of his estate. *Goss v. Larry*, No. 220CV02978JFAMGB, 2021 WL 2562407, at *2 (D.S.C. June 22, 2021) (dismissing a case for inability to serve a deceased individual with process as "once a suit is filed against an individual who passed away before the complaint's filing, at that point the purported action is a nullity, for a dead man obviously cannot be named party defendant in an action."). Therefore any attempt by Plaintiffs to prosecute an action against Dr. Griffin are a nullity, and Plaintiffs' proposed 5AC is futile.

## IV. CONCLUSION

Plaintiffs' Proposed 5AC is fatally defective in including claims against an already deceased individual, and therefore Plaintiffs' Motion to Amend should be denied as futile.

This 7th day of December, 2021.

                                                        **RAHIMI, HUGHES & PADGETT, LLC**

                                                        /s/ JOSEPH Y. RAHIMI II
                                                        **JOSEPH Y. RAHIMI II**
                                                        Federal ID No. 9670
                                                        **JOHN A. HUBERT**
                                                        Federal ID No. 13154
                                                        **ATTORNEYS FOR DEFENDANT**
                                                        **LIMESTONE UNIVERSITY**

33 Bull Street, Suite 590
Savannah, Georgia 31401
(912) 421-9988
jrahimi@rhp-law.com
jhubert@rhp-law.com

---

[2] The undersigned counsel informed Plaintiffs' counsel of Dr. Griffin's death prior to the filing of Plaintiffs' Motion to Amend.

4

5

**JENNIFER S. CLUVERIUS**
Federal ID No. 9992
**L. GRANT CLOSE III**
Federal ID No. 10810
**ATTORNEYS FOR DEFENDANT LIMESTONE UNIVERSITY**

**NEXSEN PRUET, LLC**
55 East Camperdown Way, Suite 400 (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603-0648
Phone: (864) 370-2211
jcluverius@nexsenpruet.com
gclose@nexsenpruet.com

5