IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>          Plaintiffs,<br><br>v.<br><br>COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD d/b/a PORNHUB.COM, and HAMMY MEDIA, LTD. d/b/a XHAMSTER.COM,<br><br>          Defendants. | Civil Action Number: 7:20-cv-00947-JD<br><br><br><br>**MEMORANDUM OF DEFENDANT MG FREESITES LTD IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT** |

## **INTRODUCTION**

After twenty months of litigation and intensive motion practice, four prior Complaint amendments, one year of discovery, and over 150 entries on the docket, Plaintiffs now seek leave to pursue a completely new case. Plaintiffs' proposed Fifth Amended Complaint (*i.e.,* their "Sixth Complaint") includes many dozens of new allegations, eleven new defendants, and is built around an entirely new (but legally meritless) statutory claim. In other words, the proposed amendment is no mere clarification or correction, but rather a re-written complaint focusing upon allegations and theories not even hinted at by Plaintiffs' ***first five Complaints***.

There is no plausible justification for Plaintiffs' decision to attempt this kind of transfiguration so late in these proceedings, and after five prior Complaints over nearly two years. Plaintiffs' one-page motion does not offer any explanation other than a bald reference to "newly discovered information." However, the motion never explains what "newly discovered" information justified another Complaint. To the contrary, it appears that the proposed Sixth Complaint is largely copy/pasted from allegations in a complaint filed over five months ago in

another, unrelated case.  Even earlier, Plaintiffs were aware of, and repeatedly cited to, these same unrelated allegations as justification to submit a fourth amended complaint in this case in December 2020.  Neither are there any relevant changes in controlling law; the new statutory claim at the center of the Sixth Complaint has been available to litigants since 2003.  This Court can, and should, infer that improper motives explain Plaintiffs' extreme delay in re-thinking their case theory, after having already taken four opportunities to amend.

Untimely as it is, the proposed Sixth Complaint would cause substantial prejudice to Defendants in this case.  Plaintiffs have served extensive discovery, to which MG Freesites has already spent significant time responding, and Plaintiffs have noticed multiple depositions.  Plaintiffs have already required MG Freesites to expend considerable resources to complete ***three*** motions to dismiss, and one answer to, a series of five past complaints that bear little to no resemblance to the Sixth Complaint Plaintiffs now seek to file.  Plaintiffs' Sixth Complaint would render all of that motion practice meaningless, require substantial additional discovery, and necessitate many more months of motion practice that would indefinitely delay resolution of this case.  For example, MG Freesites (and likely other Defendants) would be required to seek to strike a number of proposed allegations (and a new RICO predicate action) regarding child pornography because (as discovery has confirmed) none of the Plaintiffs was underage at any relevant time.  Several of the proposed additional Defendants affiliated with MG Freesites would also be forced to bring various jurisdictional objections and motions since they are not subject to the jurisdiction of this Court.  The proposed Sixth Complaint will further force MG Freesites to pursue a ***fourth*** round of Rule 12 briefing to dismiss, *inter alia*, Plaintiffs' Trafficking Victims Protection Reauthorization Act ("TVPRA") claim.  Plaintiffs do not, and cannot, adequately allege a TVPRA claim in this case.

For these reasons, the Court should deny Plaintiffs' motion for leave to amend to assert an entirely new case and set of legal theories as part of a Sixth Complaint in this case.

## BACKGROUND FACTS

Plaintiffs have already sought to amend their Complaint *four times* in this case, over the course of nearly two years.

**The First Three Complaints.** Plaintiffs' initial Complaint in this lawsuit was filed on March 4, 2020. *See* ECF 1. For reasons unknown to MG Freesites, Plaintiffs filed an Amended Complaint shortly thereafter. *See* ECF 5. However, Plaintiffs did not even attempt to serve MG Freesites (initially improperly named as MindGeek Holding Sarl) until *June 2020*, after the 90-day deadline for service set forth in the Federal Rules already had passed. Specifically, on or about June 12, 2020, Plaintiffs contacted MG Freesites' U.S. counsel to ask whether it would accept service of the Amended Complaint on "MindGeek Holding Sarl." In a show of good faith and in order to avoid delay, MG Freesites agreed to waive service of a Second Amended Complaint against the proper party, MG Freesites. That waiver also was based on an understanding that Plaintiffs would pursue their action against only the proper, relevant party, and not include a scattershot of other corporate entities that had no involvement with any of the claims at issue. Plaintiffs filed that Second Amended Complaint on *July 16, 2020*. *See* ECF 33. Pursuant to Rule 4(d)(3), on September 14, 2020, MG Freesites filed its Motion to Dismiss the Second Amended Complaint. *See* ECF 46.

**The Fourth Complaint.** On October 4, 2020, Plaintiffs filed a short, *pro forma* Motion for Leave to file a Third Amended Complaint one day before their deadline to respond to the Motion to Dismiss the Second Amended Complaint. *See* ECF 50. The Third Amended Complaint (and fourth version overall) was substantively identical to the first three versions, and did not add

any new factual allegations.  The only substantive difference was the addition of two causes of action:  (1) a Second Cause of Action for "Invasion of Privacy – Wrongful Publicizing of Private Affairs," and (2) a Third Cause of Action for "Invasion of Privacy – Wrongful Appropriation of Personality."  *See Id.* at ¶¶ 70-85.[1]  Defendant MG Freesites opposed the motion for leave to file a Third Amended Complaint, but this Court ultimately granted leave.  *See* ECF 55, 58.  This Court reasoned, *inter alia*, that the amendments were not prejudicial because the parties had yet to undertake any discovery in the case.  ECF 58.  This Court also noted that the issues raised by MG Freesites in opposition to the Motion for Leave (namely, that the claims were barred by Section 230 of the Communications Decency Act) were properly the subject of a Motion to Dismiss and should be addressed in that context.  *Id.*[2]

**The Fifth Complaint.**  On November 17, 2020, MG Freesites filed its *second* Motion to Dismiss (the newly entered Third Amended Complaint).  *See* ECF 64.  On December 9, 2020, and before the Court could address MG Freesites' second Motion to Dismiss, Plaintiffs filed a *fourth* amended Complaint (fifth Complaint overall) with substantively identical allegations but adding yet another cause of action – a RICO claim – as to Defendant xHamster.  *See* ECF 79-2.  In Plaintiffs' Motion to Amend, their principal stated justification for the amendment was a series of articles published by the New York Times and Reuters that told the story of Serena K. Fleites.  ECF 79-1 at 2.  Because that proposed Complaint listed only Defendant xHamster as the subject

---

[1]  Plaintiffs also added two paragraphs to their First Claim for Relief, paragraphs 66 and 67.  These paragraphs simply repeat the conclusory allegation that "[t]he secret and unauthorized videotaping by Defendant Murphy was motivated by the joint venture partnership between Defendant Murphy and Defendants Pornhub and XHamster, respectively," and that "[t]he acts of Defendants, collectively, led to the wrongful intrusion of the Plaintiffs."

[2] The Court subsequently declined to decide the immunity defense at the motion to dismiss stage of the case.

of the RICO claim, MG Freesites did not oppose the amendment, and instead filed a *third* Motion to Dismiss. ECF 104. In opposition, Plaintiffs claimed that it was their intention to list MG Freesites as a Defendant for the RICO claim; and this Court ultimately agreed. ECF 114, 133. Plaintiffs' Fourth Amended Complaint (fifth overall) has been the operative Complaint in this case since *December 2020*.

Thereafter, Plaintiffs pursued aggressive discovery in this case. Plaintiffs served broad and extensive Requests for Production, Requests for Admission and Interrogatories upon Defendant MG Freesites in March 2021, as well as a second round of Requests for Production at the end of October 2021 – a mere week before moving to amend their entire case. Plaintiffs additionally have noticed depositions in this case.

In June 2021, this Court partially granted MG Freesites' motion to dismiss as to Plaintiffs' claims for various Invasion of Privacy Torts as well as Intentional Infliction of Emotional Distress. ECF 133. Plaintiffs' claims for Negligent Monitoring, False Light, Civil Conspiracy, and RICO (on the basis of alleging fraud only) survived the Motion to Dismiss. MG Freesites has (justifiably) relied on the claims and allegations of the Fourth Amended Complaint in preparing its defense of the case over the past year.

**The Proposed Sixth Complaint.** On November 8, 2021, nearly a year after they filed their Fourth Amended Complaint, Plaintiffs, without any advance notice or discussion, and without any explanation or justification, informed MG Freesites that the following day (*i.e.*, on a single day's notice) they would be filing a motion for leave to file a Fifth Amended Complaint (*i.e.*, a sixth complaint overall). The proposed Sixth Complaint is a massive, substantive revision to the Fourth Amended Complaint. Among other things, the Sixth Complaint:

5

- Adds *eleven* new Defendants, including *four* new defendants affiliated with the MindGeek group of companies. One of these new MindGeek defendants has been dissolved. Two of the other new MindGeek defendants are European companies – incorporated in Luxembourg and Ireland – without any principal place of business or headquarters in the United States. The fourth MindGeek company (MindGeek USA Inc.) is based in California, has no presence in South Carolina, and does not own or operate the Pornhub.com website. None of these new MindGeek defendants is properly included in this lawsuit, and the Court lacks personal jurisdiction over them.

- Adds **dozens** of new substantive allegations about MG Freesites and other MindGeek companies. These allegations (involving MG Freesites' purported business model and its relationship to various *third-party* claims) have nothing to do with the issues in this lawsuit, and have been included merely to vilify MG Freesites and other MindGeek companies.

- Features a brand new claim for violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA") that completely changes Plaintiffs' case theory, will require extensive Rule 12 motion practice, and (if not dismissed) will require extensive additional discovery. (Notably, in the nearly two years since this case was filed, Plaintiffs never once claimed that they were victims of "sex trafficking," including that they had been forced, coerced or defrauded into performing "commercial sex acts.")

- Entirely rewrites the RICO claim, including by relying on "Sex Trafficking" and "Sexual exploitation of children," as predicate acts, even though (as noted) Plaintiffs do not allege they were victims of sex trafficking and were not minors at the time of the alleged incident, and there are no factual allegations supporting a claim that MG Freesites and any other defendant worked together as an "enterprise."

On November 9, 2021, MG Freesites advised Plaintiffs that it would not consent to the filing of the Sixth Complaint, as it would be prejudicial and cause significant litigation delay. Plaintiffs shortly thereafter filed their cursory Motion for Leave, and did not attempt to meet and confer regarding the issues and objections raised by MG Freesites.

## ARGUMENT

Given the advanced stage of this case, which has developed over the past twenty months, Plaintiffs' proposed Sixth Complaint does not meet the standard for permissible amendment set forth within Federal Rule of Civil Procedure 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's consent or the court's leave[.]" Circumstances that require denial of leave include "undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Meisner v. Zymogenetics, Inc.*, 2016 WL 4858741, at *6 (D.S.C. Sept. 15, 2016), *aff'd sub nom.* 697 F. App'x 218 (4th Cir. 2017) (Denying amendment proposed after "undue delay that is prejudicial to Defendants"). All of these factors militate strongly against allowing Plaintiffs to file a *Sixth* Complaint.

**I.    Plaintiffs' Motion Should Be Denied Because Plaintiffs Seek Amendment After an Extreme (And Undue) Delay That Prejudices MG Freesites.**

Amendment should be denied where, as here, it is sought after an extreme delay of several months to a year that would prejudice defendants by requiring them to re-do significant discovery efforts and motion practice, as well as dramatically change relevant issues and parties. *See Meisner*, 2016 WL 4858741, at *6 (Denying motion to amend filed *two months* after adjudication of a motion to dismiss and after significant briefing and motions practice had been undertaken by the parties on the basis of the existing complaint); *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (Upholding denial of motion to amend where plaintiff had conducted discovery

7

for a year and "had already set forth four iterations of their complaint"); *Boardley v. Household Fin. Corp. III*, 2015 WL 3486891, at *2 (D. Md. June 1, 2015) (Denying motion for leave to amend complaint *a third time* over the course of over two years).

Plaintiffs' motion to file a *sixth* – and completely re-imagined – version of their Complaint comes after a delay comparable to, if not exceeding, the above benchmarks set by other courts in this Circuit. Specifically, the pending motion comes *twenty months* after Plaintiffs initiated this action (ECF 1), *one year* after the Plaintiffs last amended their Complaint (ECF 99) and initiated discovery, *five months* after this Court adjudicated motions to dismiss the existing Complaint (ECF 133), and after *five* prior iterations of the Complaint.

The attendant prejudice of this delay is significant because Defendant MG Freesites has already been forced to litigate heavily the allegations, claims and theories contained within Plaintiffs' prior five Complaints. MG Freesites has already engaged in three rounds of Rule 12 briefing and motion practice. Plaintiffs have served multiple rounds of discovery upon Defendants. In turn, Defendant MG Freesites has expended significant time answering Plaintiffs' discovery and propounding its own discovery – all with the understanding that the pleadings had been finally settled. Plaintiffs' latest amendment would force Defendant MG Freesites to re-do significant phases of this case, including discovery as well as a fourth round of Rule 12 motion practice – all after this case has already been pending for nearly two years. These facts alone should justify denial. *See, e.g., Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997) (upholding denial of amendment because "it would have been unfair to make [the non-movant] 'conduct discovery a second time in order to meet [the] newly asserted [claim]'" and would have required the "district court certainly … to schedule another hearing, and perhaps order more discovery" and

the non-movant's "'lawyers [to] spend additional time, money, and energy laboring in this Court's trenches.'").

The overwhelming enormity of the proposed changes to the Complaint at this late stage underscores that prejudice. "Whether an amendment is prejudicial will often be determined by the nature of the amendment … [and t]he amount of prejudice based on the nature of the amendment depends on whether it raises a new legal theory or if 'it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.'" *Whitaker v. Protective Life Ins. Co.*, 2014 WL 12736154, at *4 (D.S.C. Nov. 12, 2014) (citations omitted) (granting leave for only those proposed amendments that would not "change the focus of [the] suit, nor … require any additional discovery"). Plaintiffs' proposed amendments raise a number of new legal theories and parties, including dozens of new allegations, the addition of eleven new defendants, and an entirely new cause of action (the TVPRA, 18 U.S.C. § 1591). The TVPRA claim would cause substantial prejudice if added at this late date because "[t]he proof required to defend against this new claim would be of an entirely different character than the proof which the defendant had been led to believe would be necessary" for over a year now. *Id.* at *5 (citing *Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987)). All five versions of Plaintiffs' Complaint to date have been focused upon the true theory of the case – negligence as well as privacy violations, which have since been dismissed. The Sixth Complaint largely re-writes that theory to mirror a set of allegations that are already being litigated in another courtroom (as discussed below), and certainly do not apply to Plaintiffs.

The time has long since passed to foreclose the type of significant amendments Plaintiffs now seek. As one court in this Circuit has explained:

> There must come a time in a lawsuit when a party, having had prior opportunities to amend to address pleading deficiencies identified by the Court or adverse party, must proceed with the claims that have withstood challenge. Otherwise, the issues would never be joined, discovery would remain open indefinitely, and, like the common law pleaders of former times, the suit would devolve into an endless series of complaints, demurrers, and responsive complaints. There is a reason why modern rules of pleading rejected the practices of former times[.]

*Boardley*, 2015 WL 3486891, at *2.

This rationale is particularly acute here, since filing the Sixth Complaint will add significant delay to a case that already has been pending for close to two years. By adding four new MindGeek-affiliated defendants, including foreign entities, the parties now must deal with a host of issues relating to service, jurisdiction, and venue, which must be decided before the case can proceed any further. MG Freesites also expects to brief a number of issues relating to the new claims, and it may be several months before the Sixth Complaint is even at issue.

There is simply no reason to inject additional complexity and motion practice in what is, at bottom, a claim arising out of the creation of an unauthorized videotape. Congress did not enact the TVPRA to combat unauthorized surveillance or videotaping,[3] and has repeatedly chosen to speak to those issues as part of other, privacy-focused, legislative initiatives.

*****

Plaintiffs do not address the issue of timeliness whatsoever in their one-page, pro forma motion to amend. Nor can they rely on the Court's scheduling order, which was extended at their request, to justify their delay. As one court in this District explained when denying a "motion [to amend that] is timely in the sense that it is filed within the time allowed by the scheduling order[,]"

---

[3] Rather, the TVPRA applies to those who recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit "***a person,***" knowing that "means of force, threats of force, fraud, [and/or] coercion" will be used to cause the person to engage in a "commercial sex act." 18 U.S.C. § 1591(a).

[t]his 'measure' of timeliness must … be balanced against the age of the case … extensive prior proceedings, and scope of the proposed amendments." *U.S. ex rel. Knight v. Reliant Hospice, Inc.*, 2011 WL 1321584, at *3 (D.S.C. Apr. 4, 2011). In *Knight*, the court held only amendments "characterized as clarifications or corrections" would be timely under the scheduling order in a two-year old case in which the parties had already participated significantly in proceedings. *Id.* at *4. Amendments to add new claims, new defendants and significantly enlarge the scope of the case are not timely after such a long delay. *Id.; see also Whitaker*, 2014 WL 12736154, at *1 (denying amendment as prejudicial even where the deadline to amend had been stayed). Similarly here, because the proposed changes are dramatic and far-ranging, and come after nearly two years of active litigation, Plaintiff's motion is not timely. *See id.*, *see also Al-Haqq v. Brown*, 2006 WL 2622533, at *6 (D.S.C. Sept. 8, 2006) ("The plaintiff wants to add totally new claims against new defendants as well as the existing defendants. To do so, would cause undue delay and be prejudicial to the defendants.").

**II.     Plaintiffs' Motion Should Be Denied Because Bad Faith and Dilatory Motive Can Be Inferred from the Record.**

An additional reason to deny amendment here – bad faith and dilatory motive – can be inferred from Plaintiffs' unexplained decision to seek amendment now, apparently in order to copy allegations from other, unrelated actions Plaintiffs have been aware of for nearly a year. *Nat'l Bank of Washington v. Pearson*, 863 F.2d 322, 328 (4th Cir. 1988) ("absent explanation, it may be inferred from a review of the record that [plaintiff's] motion for leave to amend was a 'design by dilatoriness to harass the opponent.'"). Plaintiffs' proposed amendments are derived substantially (in many places as an exact copy/paste) from claims and theories contained in another complaint filed in the U.S. District Court for Central District of California, captioned *Fleites, et al. v. Mindgeek S.AR.L., a foreign entity, et al.*, Case No. 2:21-cv-4920. *Compare, e.g.,* ECF 145-1 ¶ 65

11

*with Fleites* ¶ 6, ECF 145-1 ¶ 43 *with Fleites* ¶ 7, ECF 145-1 ¶ 39 *with Fleites* ¶ 5 (all reflecting copy/pastes of entire sections). The *Fleites* case was filed in June 2021 – nearly five months before Plaintiffs' pending motion to amend. If that delay were not extreme enough, Plaintiffs were undoubtedly aware of these same allegations even earlier; their last motion to amend – filed nearly one year ago – featured and cited to a series of news articles laying out the same allegations in great detail. *See* ECF 79-1 at 2. Plaintiffs cited those news articles as justification to add a RICO cause of action, but waited nearly a year to copy additional allegations and claims. The purpose of these copy/paste allegations – to add a TVPRA claim – is also not "new." That cause of action has been available to litigants since 2003. Thus, Plaintiffs' assertion in their Motion for Leave that amendment is necessary to address "newly discovered information" is disingenuous.

Courts especially disfavor this form of bad faith because "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule." *Deasy*, 833 F.2d at 41. Plaintiffs have already had an opportunity to amend given information they allege they learned from the *Fleites case*. They have known about, or should have known about, this information for at least five months, if not a year. *See, e.g.*, *Smith*, 111 F.3d at 1134 (Upholding denial of amendment where plaintiff "had months to discover the [source of information] at issue"). They should not have a second opportunity to copy belatedly the complaint in that case wholesale.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' request for leave to amend to the extent Plaintiffs' proposed Sixth Complaint asserts claims against Defendant MG Freesites.

Respectfully submitted,

| | | |
|---|---|---|
| DATED December 7, 2021 | | TURNER, PADGET, GRAHAM AND LANEY, P.A. |
| Greenville, South Carolina | By: | */s/ R. Taylor Speer* <br> R. Taylor Speer \| Attorney ID: 12267 <br> email \| tspeer@turnerpadget.com <br> direct \| 864-552-4618 <br><br> J. Kenneth Carter \| Attorney ID: 05108 <br> email \| kcarter@turnerpadget.com <br> direct \| 864-552-4611 <br><br> Post Office Box 1509 <br> Greenville, South Carolina 29602 <br> facsimile \| 864-282-5993 |
| TPGL 11628459v6 | | *Attorneys for Defendant MG Freesites, Ltd.* |
| DATED December 7, 2021 | | MITCHELL SILBERBERG & KNUPP LLP |
| Los Angeles, California | | Marc E. Mayer \| Attorney ID: *pro hac vice* <br> email \| mem@msk.com <br> direct \| 310-312-3154 <br><br> 2049 Century Park East <br> 18th Floor <br> Los Angeles, California 90067 <br> facsimile \| 864-282-5993 <br><br> *Attorneys for Defendant MG Freesites, Ltd.* |
| 13736638.9 | | |