# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| **JANE DOES 1-9,** | Case No.: 7:20-cv-00947-JD |
| **Plaintiffs,** | |
| vs. | |
| **COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,** | |
| **Defendants.** | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR RULE 59(b) MOTION TO ALTER OR AMEND JUDGMENT

Plaintiffs, Jane Does 1-9, respectfully request that this Court reconsider its decision of March 21, 2022, denying Plaintiffs' Motion for leave to amend their Complaint. (Dkt. No. 172) The Text Order is plainly based on the belief that Plaintiffs' Motion for Leave to Amend was filed *after* the deadline established by the court's operative scheduling order and therefore must be scrutinized under the "good cause" analysis of Rule 16(b). This was simply a misapprehension by the court. The effective Amended Conference and Scheduling Order, entered by the court on 08/04/21 (Dk. 141) states as folows:

> 1. *Amendment of Pleadings: Any motions to join other parties and to amend the pleadings shall be filed by **July 25, 2022***.

The Plaintiffs' Motion to Amend was timely filed 11/09/21 and was not "filed after the deadline established by the court's scheduling order…".

Because the Plaintiffs' Motion was timely filed under the most recent and operative amendment deadline entered by the court, the motion for leave to amend was timely filed and

should be considered under the standards of Rule 15(a)(2), which requires that leave be freely granted when justice so requires. Plaintiffs' Reply Memorandum supporting the amendment (Dk. 166) provides ample explanation, factual, and legal background to justify the proposed amendment under the appropriate standard and should be granted.

## BACKGROUND

The court's scheduling order of 8/4/21 (Dk. 141) set a **July 25, 2022** deadline for amendment of pleadings; no other scheduling order has been entered in the intervening time. It is evident that the court inadvertently misapprehended the applicable date of the amendment deadline. The court's 3/21/22 Text Order (Dk. 172) states as follows:

> Where a motion to amend the pleadings is filed after the deadline established by the court's scheduling order, the party seeking such an amendment must satisfy the good cause requirements of Rule 16(b), in addition to the requirements of Rule 15. Rule 16(b) provides that a scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Here, Plaintiffs seek to amend the complaint pursuant to Rule 15**; however, the deadline established by the court's scheduling order had already lapsed. Therefore, based on the one- page motion unsupported by a memorandum and even after reviewing Plaintiffs' reply, Plaintiffs have not met the Rule 16 good cause requirements based on the purported need to amend the complaint to reflect newly discovered information that is relevant to the previously plead facts contained within Plaintiffs operative Complaint.** (citation omitted).

There has been an unusual amount of static motion practice in this case, and prolonged introductory pleading caused, in part, by the difficulty in obtaining service on the proper defendants and a cavalcade of defense motions to dismiss, so it is understandable that the court may have referred to an earlier obsolete scheduling order in making its review. However, the record is equally clear that Plaintiffs' motion was within the deadline established by the court's scheduling order and the wrong standard was inadvertently applied.

**LEGAL STANDARD**

Some confusion exists in the case law whether a "Motion to Reconsider" an interlocutory order is reviewed under Fed.R.Civ.P. 54(b) or 59(e). This confusion originates from the fact that the Federal Rules of Civil Procedure do not mention motions to reconsider, let alone set forth a specific procedure for filing them or a standard for analyzing them. A loose conflation in terminology in cases which refer to rule 59(e) motions -- "motion[s] to alter or amend a judgment" -- as "motions to reconsider," compounds that baseline confusion. See, *Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1021–22 (D.N.M. 2019) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000)).

Regardless of the nomenclature, it is blackletter law that a motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Remediation Prod., Inc. v. Adventus Americas, Inc.*, No. 3:07CV153-RJC-DCK, 2010 WL 2572555, at *1 (W.D.N.C. 2010); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). That is exactly what has happened in this case. The record is self-evident that Plaintiffs filed their motion for leave to amend before the active scheduling order had lapsed. The Text Order was founded on a misapprehension that the deadline had lapsed. This is a perfect example where reconsideration is proper.

When reconsidering errors like this one, courts are not hesitant to issue appropriate corrections. In *Gen. Ins. Co. of Am. v. Walter E. Campbell Co., Inc.*, 241 F. Supp. 3d 578, 584 (D. Md. 2017), aff'd sub nom. *Gen. Ins. Co. of Am. v. United States Fire Ins. Co.*, 886 F.3d 346 (4th Cir. 2018), as amended (Mar. 28, 2018), the District Court denied defendant's motion for summary judgment based on a misreading of documents important to the decision. After being made aware

of its misreading of the invoices through a motion to reconsider that ruling, the Court acknowledged its error and granted summary judgment for the defendant.

Likewise, in a medical malpractice case involving the Dorn VA Medical Center in Columbia, South Carolina, the District Court denied leave to amend the complaint as futile, based on a misreading of notice requirements. After Plaintiffs motion for reconsideration brought the error to the court's attention, the court reconsidered its ruling, granted Plaintiff's Motion to Amend the Complaint, and vacated its Opinion and Order granting Defendant's Motion to Dismiss. *Belton v. United States*, No. CV 3:15-1456-MBS, 2016 WL 3913703, at *1 (D.S.C. 2016)

In the present case, the court erroneously considered Plaintiffs' motion for leave to amend under the strict standards of a Rule 16 "good cause" analysis. It also criticized the plaintiffs for filing a one-page motion without a memorandum explaining the supporting the "good cause" necessary for the amendment. The plaintiffs take the court's criticism to heart and certainly want to "get ahead of the curve" in advising the court of the reasons and intricacies of justifying amendment in this very important and unusual case that is on the cutting edge of evolving law throughout the country. Candidly, the Plaintiffs did not think that such a memorandum was necessary because we were operating under the Rule 15 standards where leave is freely given. Nevertheless, Plaintiffs filed a Reply to the various objections (Dk.166) briefly touching on some of the compelling reasons why this latest amendment serves the interests of justice in this case and is not simply a dilatory tactic.

This case involves major players in the multi-billion-dollar pornography industry; an industry that has a record of indiscriminately soliciting and disseminating all forms of illicit pornographic material that includes child pornography, rape videos, revenge porn, non-consensual videos and sex trafficking. When Congress passed the Communications Decency Act, 47 U.S.C.

§230 in 1996, it inadvertently created a protected portal for this industry to exploit without fear of liability for its participation. The §230 loophole, as interpreted by our courts, left the victims of this lewd industry nearly without recourse for damages inflicted by their exploitation – and some of the stories are horrific.

But the law has been evolving, and in the spring of 2018, Congress passed the Allow States and Victims to Fight Online Trafficking Act of 2017 (FOSTA), which combined a House bill of the same name with provisions from a Senate bill, the Stop Enabling Sex Traffickers Act (SESTA). FOSTA as passed makes changes to three federal statutory schemes: the Communications Decency Act (Section 230), the Trafficking Victims Protection Act (TVPA), and the Mann Act. FOSTA significantly alters the protections offered by §230. Litigation and case law have taken time to catch up in interpreting and applying the new contours of the law. In fact, the United States District Court for the Northern District of Alabama only recently denied one of Defendant MindGeek's motions to dismiss, offering arguments which MindGeek routinely uses to avoid any liability for its actions. See *Doe #1 v. MG Freesites, Ltd.*, No. 7:21-CV-00220-LSC, 2021 WL 2556009 (N.D. Ala. 2021). The law is evolving.

Speaking boldly and without hyperbole, the Plaintiffs urge the court to take a careful and special look at this case, because it is about a national issue of tremendous importance that is currently in flux and it involves the lives and welfare of thousands upon thousands of exploited women and children. The defendants have resources almost beyond comprehension and can mobilize legal armies to stymie the progress of almost any case. It has taken enormous time and effort to begin to piece the true picture together. As stated in Plaintiffs' Proposed Amended Complaint, these enterprises have developed labyrinthine intertwined corporate structures so that one can claim it has no contact with a forum, while its doppelgänger processes payments and

memberships down the street from the courthouse. This is not what the law or our system of justice intended.

Plaintiffs implore the court to reconsider its Order denying amendment, which was based on mistaken grounds, and grant leave to file. The court has the discretion to prevent these defendants from steamrolling the Plaintiffs through obfuscation and procedural evasion. The court's Text Order (Dk. 172) should be vacated and Plaintiff's motion for leave to file amended complaint should be Granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to reconsider and to allow Plaintiffs to file the accompanying Fifth Amended Complaint.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle

Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**ATTORNEYS FOR PLAINTIFF**

Georgetown, SC
March 30, 2022