UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Jane Does 1-9,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>Collins Murphy, Limestone College, MG Freesites, LTD., d/b/a Pornhub.com, and Hammy Media LTD. d/b/a Xhamster.com,<br><br>　　　　　Defendants. | Case No.: 7:20-cv-00947 |

**HAMMY MEDIA LTD.'S OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER THE DENIAL OF PLAINTIFFS' *FOURTH* MOTION TO AMEND THE COMPLAINT**

Motions to reconsider are, by their very nature, are somewhat odd animals inasmuch as they technically ask two distinct questions: (1) is there a justification for the Court to revisit its earlier decision, and (2) if there is such a justification, should the Court nonetheless reach the same result as it did initially. *See, e.g., Geo Plastics v. Beacon Dev. Co*., 2009 U.S. Dist. LEXIS 115998, at *2 (D.S.C. Dec. 14, 2009)("The court finds the motion for reconsideration proper. However, having reviewed the pleadings… [the Court] finds no reason in the motion to reconsider that compels a different outcome."). If a Court concludes that its original decision was correct – even if for a reason different than it originally stated – it then becomes a matter of semantics as to whether it "denies" the motion to reconsider or "allows" the motion to reconsider and then, having reconsidered, affirms its original decision. No matter how this Court chooses to slice it, however, its original determination was correct and Plaintiffs' *Fourth* Motion to Amend the Complaint should be denied.

I. The Court's Decision Was A Proper Exercise of Its Inherent Power To Control Its Own Docket.

In their **_fourth_** motion to amend, filed some 20-months after the filing of their original complaint, Plaintiffs sought to file a Fifth Amended Complaint (having amended their complaint once by right), which would have **_quadrupled_** the number of defendants – including the *addition* of seven new foreign corporations located in Cyprus, Luxembourg, Ireland, and the British Virgin Islands – and added entirely new causes of action (while dropping others), presumably in recognition of the weakness of claims made in their first four complaints. The Court was well within its discretion to declare that enough was enough and, absent some good cause, the motion should be denied. *See, e.g., Brooks-Mills v. Lexington Med. Ctr.,* 2019 U.S. Dist. LEXIS 49985, at *8 (D.S.C. Mar. 26, 2019)("[a] federal district court has both specific and inherent power to control its docket")(citation omitted); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)(affirming "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")

In rejecting Plaintiffs' bid to amend their complaint for a fifth time, this Court properly exerted its inherent power to control its docket so as to avoid the whack-a-mole theory of pleading adopted by Plaintiffs' counsel. *See, e.g., Performance Sales & Mktg. v. Co. V.,* 2011 U.S. Dist. LEXIS 171079, at *4-6 (W.D.N.C. May 27, 2011)("Rule 15 is not designed to allow a plaintiff to repeatedly amend his or her pleadings in the face of motions to dismiss and/or Court Orders dismissing claims until the plaintiff can 'get it right.'"). In seeking reconsideration, Plaintiffs point to a technical loophole, namely that – because the Court automatically resets its tracking order deadlines each time an amended complaint is filed – Plaintiffs' motion was within the timeframe set by the automatically-extended deadline for the filing of amended pleadings. This, of course, would be true until the end of time. Were Plaintiffs' amendment allowed, the automatic docketing

system would again reset the deadline for motions to amend and Plaintiffs would be allowed to amend their complaint without demonstrating a good faith basis *ad infinitum*.

In short, Plaintiffs argue that the Court's automated computer system knows better than the Court itself what is and is not equitable. Thankfully, however, we have not (yet) reached the point of justice-by-artificial-intelligence and the Court is not required to welcome the computer overlords, ceding its discretion to an automated docketing system. Accordingly, the Court should affirm its decision denying Plaintiffs' Fourth Motion to Amend Their Complaint.

    2.    <u>Even If The Court Were Inclined To Reconsider Its Original Denial, It Should Deny Plaintiffs' Fourth Motion to Amend as Being Futile.</u>

Even assuming that the Court felt the need to look further than its inherent powers to control its own docket in considering Plaintiffs' motion, it should nonetheless affirm its original decision denying Plaintiffs' fourth motion to amend because the proposed Fifth Amended Complaint would be futile, inasmuch as it could not survive a Rule 12 motion to dismiss.

It is well-established that a motion to amend a complaint that would be futile (in that it would not survive a motion to dismiss under Rule 12) may be denied, particularly where, as here, Plaintiffs have already been afforded the opportunity to amend their complaint. *See, e.g., Martin v. Duffy,* 858 F.3d 239, 247 (4th Cir. 2017)("repeated, ineffective attempts at amendment suggest that further amendment of the complaint would be futile"); *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013)("Relator has amended his complaint three times. A decision granting him leave to amend yet again would have resulted in a fifth complaint filed in this case. …The granting of leave to file another amended complaint, when Relator was on notice of the deficiencies before filing the most recent amended complaint, would undermine the substantial interest of finality in litigation and unduly subject Takeda to the continued time and expense occasioned by Relator's pleading failures"); *Wilson v. B&B Props.,* 2021 U.S. Dist. LEXIS

124881, at *5 (D.S.C. July 1, 2021)("The court also is not inclined to grant Plaintiff's motion to amend her complaint. Although leave to amend should be liberally allowed, leave to amend should be denied when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile"); *Brown v. SunTrust Bank,* 2019 U.S. Dist. LEXIS 162232, at *5 (D.S.C. July 19, 2019)("The court finds that despite Plaintiff's availing himself of the opportunity to cure the deficiencies previously identified by the court, Plaintiff's Amended Complaint should nonetheless be summarily dismissed for failure to state a claim upon which relief can be granted.").

In its initial Opposition to Plaintiffs' Fourth Motion to Amend the Complaint, Hammy Media Ltd. ("HML") argued extensively as to why Plaintiffs' proposed fifth amendment was futile. *See* DE. 162, pp. 8-20.  HML incorporates those arguments herein by reference.  Had the Court previously felt the need to look past its original reasoning for denying Plaintiffs' Motion, it could have concluded that the motion should have *also* been denied as futile.  And, to the extent that the Court now feels compelled to justify its decision for reasons in addition to its inherent power to control its own docket in the interests of justice, it should find Plaintiffs' proposed amendment to be futile and deny the same.

## CONCLUSION

For the reasons stated hereinabove and in HML's Opposition to Plaintiffs' Fourth Motion to Amend the Complaint, incorporated herein by reference, Plaintiffs' Motion for Leave to File a Fourth Amended Complaint should be denied.

Respectfully Submitted,

**/s/ Hannah Rogers Metcalfe**
Hannah Rogers Metcalfe, Fed ID. 9943

4

Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com