UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| **JANE DOES 1-9,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,**<br><br>**Defendants.** | **Case No.: 7:20-cv-00947-JD** |

## **PLAINTIFFS' REPLY TO DEFENDANT HML RESPONSE IN OPPOSITION (DKT. NO. 176)**

Defendant Hammy Media Ltd. filed a response in opposition to Plaintiffs' Motion to reconsider on the grounds that 1) the Court need not reconsider Plaintiffs' Motion because the Court rightfully denied it, and 2) even if the Court were to entertain reconsideration of Plaintiffs' Motion, their proposed fifth amended complaint would be futile. By way of their response in opposition, Defendants attempt to confuse the Court of the issues presented before it. Plaintiffs hereby submit this reply to Defendants Response in opposition and states as follows:

**I.    PLAINTIFFS WERE NOT REQUIRED TO SHOW GOOD CAUSE FOR THEIR AMENDMENT.**

On August 4, 2021, this Court entered an Amended Scheduling Order, which set the deadline for the parties to amend their pleadings or join new parties as July 25, 2022. *See* Dkt, No. 141. At the time of that Scheduling Order, the Court recently issues a ruling on pending Motions, which allowed discovery to continue amongst the parties. On November 9, 2021 **(eight months before the scheduling order deadline)**, after receiving documents through discovery and independent investigation, Plaintiffs filed

their Motion to Amend their Complaint. *See* Dkt. No. 145. Plaintiffs moved for amendment of their pleadings well within the period allotted by the Court.

In their Response in Opposition, Defendants appear now to assert that Plaintiffs basis for reconsideration is an "automatically-extended deadline", however that could not be farther from the truth. The deadline dates provided in the Court's scheduling order, Dkt. No. 141, were discussed and agreed upon by counsel. These dates were not "automatically generated" by the electronic filing system. Additionally, Defendants assert that, "[if] Plaintiffs' amendment [is] allowed, the automatic docketing system would again reset the deadline for motions to amend and Plaintiffs would be allowed to amend their complaint without demonstrating a good faith basis ad infinitum." This is blatantly untrue. If the Court were to grant Plaintiffs' Motion, the filing system would not "reset" the clock and further extend the Court's deadline to amend the pleadings and join parties. The court can easily rebut this argument by way of review of this case's docket. On January 22, 2021, when this court granted Plaintiffs Third Motion to Amend, the electronic court filing system did not "automatically generate" a new amendment deadline for future motions. The court did not provide such a new deadline in its Text Order. Defendants attempt to sway the Court by presenting the idea that Plaintiffs are simply trying to delay the case by utilizing procedural loopholes. The truth is Defendants are unable to establish how Plaintiffs amendment would be overly prejudicial to them.

In sum, Defendants have failed to illustrate Plaintiffs filed their Motion untimely. Defendants are incorrect in their claim that the deadline dates within the operative scheduling order were "automatically generated", and as such, this Court should grant Plaintiffs' Motion for reconsideration, vacate the Text Order entered on March 21, 2022, and grant Plaintiffs leave to amend their Complaint.

## II.     PLAINTIFFS FIFTH AMENDED COMPLAINT WOULD SURVIVE A RULE 12 MOTION.

To determine whether a proposed amended complaint would be futile, the Court reviews the revised complaint under the standard used to evaluate a motion to dismiss for failure to state a

claim. *Amaya v. DGS Constr., LLC*, 326 F.R.D. 439, 451 (D. Md. 2018) (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). A motion to dismiss under Rule 12(b)(6) is not meant to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, a complaint must simply contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-moving party's favor, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

    Plaintiffs outlined in detail each new fact discovered about Defendants and how those facts relate to the claims brought against them in their proposed fifth amended complaint. *See* Dkt. No. 145-1. Plaintiffs carefully laid out the viability of each claim brought against Defendants in their reply to Defendants response in opposition. *See* Dkt. No. 166. Plaintiff incorporates their arguments in their reply to Defendants response in opposition to their Motion to amend by references. As proposed, Plaintiffs fifth amended complaint is sufficiently pled to state a plausible claim for relief against Defendants. Defendants have failed to illustrate that Plaintiffs amendment would unduly prejudice them or that it is futile and as such, the Court should permit Plaintiffs to amend the complaint. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." In other words, "leave to amend should be freely given unless there is a good reason ... to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996). The Defendants vigorously protest the addition of their affiliate, parent and subsidiary companies. They argue that the addition of

additional defendants and a new cause of action would be prejudicial. Ultimately, the nonmoving party bears the burden of demonstrating prejudice. *Bechtel v. Robinson*, 886 F.2d 644 (3d Cir. 1989). Defendants have not met their burden of establishing prejudice because even here, when a proposed amended complaint adds substantive allegations against a defendant or adds new defendants, prejudice does not exist where such new defendants are related to the existing ones or where "[t]he evidence required to meet these new allegations is substantially similar to that which was originally required". *Pegasus Int'l, Inc. v. Crescent Mfg. Co.*, No. Civ.A.06–2943, 2007 WL 1030457, at *5 (E.D.Pa. Apr. 2, 2007), quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir.1990). Of importance, the need for additional discovery due to amendment does not, without more, prejudice the non-moving party. See *N.C. ex rel. Long v. Alexander & Alexander Servs., Inc.*, 711 F.Supp. 257, 259–60 (E.D.N.C.1989) (noting that the fact that parties will have to prepare new defenses and conduct additional discovery "does not suffice as a showing of prejudice"); *Crago v. Cap. Advantage Fin. & Dev., Inc.*, 242 F.R.D. 341, 347 (D.S.C. 2007).

Accordingly, Plaintiffs respectfully requests that this Court enter an order granting Plaintiffs Motion for reconsideration and enter an order granting Plaintiffs leave to file an amended Complaint as Defendants have failed to illustrate that such an amendment would be untimely, unduly prejudicial, or futile.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to reconsider and to allow Plaintiffs to file the accompanying Fifth Amended Complaint.

**[SIGNATURE BLOCK ON FOLLOWING PAGE.]**

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**ATTORNEYS FOR PLAINTIFFS**

Georgetown, SC
April 18, 2022