**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| **JANE DOES 1-9,**<br><br>　　　　**Plaintiffs,**<br><br>vs.<br><br>**COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,**<br><br>　　　　**Defendants.** | **Case No.: 7:20-cv-00947-JD** |

### PLAINTIFFS' REPLY TO DEFENDANT MG FREESITES. LTD. RESPONSE IN OPPOSITION (DKT. NO. 179)

　　Defendant MG Freesites Ltd. filed a response in opposition to Plaintiffs' Motion to reconsider on the grounds that 1) the Court need not reconsider Plaintiffs' Motion because the Court rightfully denied it, and 2) even if the Court were to entertain reconsideration of Plaintiffs' Motion, Plaintiffs failed to meet the standard under Rule 15. By way of their response in opposition, Defendants attempt to confuse the Court of the issues presented before it. Plaintiffs hereby submit this reply to Defendants Response in opposition and states as follows:

### DISCUSSION

　　Although the court initially denied leave to file the updated complaint, (Dk. 172), the court's reasoning was based on the mistaken premise that the time for amendment of pleadings contained in the operative scheduling order had lapsed. In fact, Plaintiffs had until July 25, 2022 to join other parties and amend, under the operative scheduling order, which was agreed to by the defendants and entered by the court (Dk. 141).

Currently pending is a motion for the court to reconsider this ruling. (Dk. 175). The porn site defendants both swiftly opposed this motion - citing mainly the court's discretion to deny amendment regardless of its timeliness under the scheduling order, and repeating the mantra that Plaintiffs have already been allowed four amendments. (Dk. 176, 179). This Response will not digress too far into that related issue, except to make a couple vital points that impact the current motion.

First, the numerical count of amendments is misleading. The procedural history of the previous amendments was reviewed in Plaintiffs' Reply to Defendants' Responses in Opposition to Motion to Amend (Dk. 166). The first two amendments were made strictly to denominate which of the many MindGeek entities was the proper defendant and did not alter the allegations originally made. The third amendment simply clarified the Plaintiffs' Invasion of Privacy claims, which were dismissed and are irrelevant to the thrust of the current proposed amendment. No discovery had been exchanged and Hammy was yet to be served because it insisted on formal service through the Hague Convention in Cypress, which required the complaint be translated into Turkish.

The complaint was amended a fourth time, a mere *five days* after news broke in the New York Times revealing substantive evidence that Pornhub "monetizes child rapes, revenge pornography, spy cam videos of women showering, racist and misogynist content, and footage of women being asphyxiated in plastic bags."[1] Evidence began to surface like bodies in the Hudson River. Yet Pornhub [delay in discovery], and Hammy was still playing hide and seek in Cypress. Therefore, the illusion that a fifth amendment represents any kind of prejudice to the defendants or delay attributable to the Plaintiffs is disingenuous.

---

[1] Kristof, N. (2020, December 4). The Children of Pornhub. The New York Times.
https://www.nytimes.com/2020/12/04/opinion/sunday/pornhub-rape-trafficking.html

Secondly, the organizations that comprise the enterprises of MindGeek and xHamster are deliberately fragmented into a nearly impenetrable tangle of legal affiliation, making it daunting to unravel without the aid of formal and extensive discovery. Hammy's present jurisdictional motion is an example of this strategy in action, as is MindGeek's game of three-card monty that resulted in the first three amendments to the complaint. The Plaintiffs believe this to be a well-honed strategy – to make it as difficult as possible to get the correct parties before the court, obstruct and complicate the resolution of those matters, clog the docket with motion practice, and then gain dismissal based on the Plaintiffs inability to "get it right". The court should be wary of a quick dismissal under such circumstances.

## I.  PLAINTIFFS WERE NOT REQUIRED TO SHOW GOOD CAUSE FOR THEIR AMENDMENT.

On August 4, 2021, this Court entered an Amended Scheduling Order, which set the deadline for the parties to amend their pleadings or join new parties as July 25, 2022. *See* Dkt, No. 141. At the time of that Scheduling Order, the Court recently issues a ruling on pending Motions, which allowed discovery to continue amongst the parties. On November 9, 2021 **(eight months before the scheduling order deadline)**, after receiving documents through discovery and independent investigation, Plaintiffs filed their Motion to Amend their Complaint. *See* Dkt. No. 145. Plaintiffs moved for amendment of their pleadings well within the period allotted by the Court.

In their Response in Opposition, Defendants appear now to assert that Plaintiffs basis for reconsideration is unwarranted because 1) if granted, their amendment would unduly delay the case and require the alteration of additional dates within the scheduling order, and 2) Plaintiffs failed to meet the standards set forth in Rule 15. This is inaccurate. The deadline dates provided in the Court's scheduling order, Dkt. No. 141, were discussed and agreed upon by counsel. These dates were reached with the specific goal of expanding the case's timeline to allow for the resolution of Motions practice between the parties. Additionally, Defendants assert that this case has been extensively litigated by the parties. This is

blatantly untrue. As recited above, this case has endured constant motions practice brought on by Defendants. Defendants assert that the age of the case should prompt the Court to act swiftly; however, it is Defendants who have prolonged discovery by objecting to depositions and answering discovery requests. (See Exhibit A.) While Defendants argue that they are not required to participate in discovery with dispositive motions pending before the court, that does not excuse the reality that investigative process of this case has been hindered and delayed by their efforts. Contrary to MindGeek's assertions, subsequent discovery in this case has been neither extensive nor aggressive – largely because of the incessant opposition of MindGeek at every turn. Plaintiffs served MindGeek with preliminary written discovery on January 14, 2021 – which MindGeek did not answered until September 3, 2021. MindGeek did not propound its own written discovery to the Plaintiffs until June 18, 2021. Plaintiffs served MindGeek with a second set of discovery on October 28, 2021 and have still not received any responses.

Defendants are mistaken in their belief that the proposed amendment to Plaintiffs Complaint would require the alteration of the Court's Scheduling Order. As provided, at the time Plaintiffs filed their Motion to Amend, there was over **eight months** remaining on the expiration of the **first** deadline within the Scheduling Order. That is more time than provided by the Court's original Scheduling Order. The original complaint was filed in this case on March 4, 2020 and the First Amended Complaint was filed as a matter of right on March 18, 2020 before MindGeek had filed any responsive pleading. The amendment was substantively identical to the original complaint, only making an effort to correctly denominate the MindGeek defendant. In subsequent talks with opposing counsel, Plaintiffs were assured that MG Freesites Ltd. was the correct party and that none of the other MindGeek enterprises (of which there are many) were relevant to Plaintiffs claims. This resulted in a Second Amended Complaint that was substantively the same as the other two complaints and was filed on July 16, 2020, once again, to identify the proper MindGeek entity. Plaintiffs have since learned that the information that they relied upon from Defendants was inaccurate, which prompted Plaintiffs to conduct further investigation.

If the Court were to grant Plaintiffs' Motion, the Court would not be unduly burdened by an expanding Scheduling Order or consistent delay. Defendants attempt to sway the Court by presenting the idea that Plaintiffs are simply trying to delay the case by utilizing procedural loopholes. The truth is Defendants are unable to establish how Plaintiffs amendment would be overly prejudicial to them.

In sum, Defendants have failed to illustrate Plaintiffs filed their Motion untimely. Defendants are incorrect in their claim that the deadline dates within the operative scheduling order would need to be expanded, and as such, this Court should grant Plaintiffs' Motion for reconsideration, vacate the Text Order entered on March 21, 2022, and grant Plaintiffs leave to amend their Complaint.

## II.     PLAINTIFFS MET THEIR BURDEN UNDER RULE 15.

Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; and the Supreme Court has directed that this mandate is to be heeded. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). While the decision to grant a party leave to amend is within the sound discretion of the trial court, "that discretion is limited by the interpretation given Rule 15(a) and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.' " Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987). Denial of leave to amend is an abuse of discretion absent a sufficiently compelling reason, such as "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment," Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (ellipsis in original; quoting Foman v. Davis, 371 U.S. 178, 182 (1962)), or undue prejudice to the opposing party, see Foman, 371 U.S. at 182.

Defendants have failed to establish that Plaintiffs' proposed amendment would be unduly prejudicial, untimely, or futile. Defendants merely rely on the argument that Plaintiffs "should be barred" from being granted leave because they have failed to cure deficiencies previous amendments, however this argument too fails. The Court can look to the record to see that claims

brought against Defendants were pending prior to Plaintiffs Motion. Defendants would remain a party despite their suggestion that Plaintiffs Motion is a last ditched effort to keep them in as a party. Plaintiffs have extensively covered the various progressions in both their investigation as well as the law surrounding this case in their Reply to Defendants Response in Opposition to their Motion to Amend, Dkt. No. 166, and hereby incorporates those arguments herein by reference.

As presented, Plaintiffs moved the Court for leave to amend as soon as they were able to articulate their amendment after receiving new information through their own independent investigation. Defendants allude to Plaintiffs strategically delaying their amendment to further burden them, but have provided no evidence to support such a claim. The re-working of the factual allegations of the Complaint are justified. Discovery of pertinent information about the operation of the Defendants is a currently ongoing and evolving process – and not one in which Defendants are cooperative. Defendants cannot rely on the argument that this case has been long standing. Contrary to *Knight*, this case has not involved a long standing investigation that took place prior to the Court's Scheduling Order being entered. It does not involve a case that is three years old. Defendants cite to *Knight* in an effort once again, confuse the Court as to the issues presented before it. This is a case that involves Defendants who at every turn have made an effort to delay and interrupt Plaintiffs ability to move the case forward. This case is the polar opposite of *Knight* where a large amount of investigation was conducted by the government. This Court should not be misguided by Defendants assertions and Defendants failure to establish that Plaintiffs amendment should be rightfully barred.

Accordingly, Plaintiffs respectfully requests that this Court enter an order granting Plaintiffs Motion for reconsideration and enter an order granting Plaintiffs leave to file an amended Complaint as Defendants have failed to illustrate that such an amendment would be untimely,

unduly prejudicial, or futile.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to reconsider and to allow Plaintiffs to file the accompanying Fifth Amended Complaint.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**ATTORNEYS FOR PLAINTIFFS**

Georgetown, SC
April 18, 2022