# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| JANE DOES 1-9, | CASE NO. 7:20-CV-00947-TMC |
| Plaintiffs, | |
| v. | |
| COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, | **RESPONSE OF DEFENDANT MG FREESITES, LTD. TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |
| Defendants. | |

PROPOUNDING PARTY:     Plaintiffs Jane Does 1-9

RESPONDING PARTY:       Defendant MG Freesites, Ltd.

SET NUMBER:             One (1)

12821947.3

Pursuant to Federal Rule of Civil Procedure 34 and the corresponding Local Rules of the South Carolina District Court, Defendant MG Freesites, Ltd. ("Defendant"), hereby responds to Plaintiffs' First Set of Requests for Production of Documents (the "Requests").

## PRELIMINARY STATEMENT

1.      These responses are made solely for the purposes of this action.  Any information or documents provided in response to any particular Request is provided subject to and without waiving any objections as to competence, relevance, materiality, propriety, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2.      The following responses are based upon information and documents presently available to and located by Defendant.  Defendant has not completed its investigation of this action, has not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Requests.  Defendant specifically reserves the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts.  Defendant reserves all rights to rely at trial, or for any purpose in connection with this action, upon any and all information and documents, whether or not provided in response to any particular Request.  Nothing stated herein shall constitute or be construed as a waiver of Defendant's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3.      No incidental or implied admissions are intended by the responses herein.  The fact that Defendant has agreed to respond to any particular Request is not intended, and shall not be construed as, a waiver by Defendant of any part of any objection to any such Request, or any part of any General Objection.  The fact that Defendant responds or objects to any particular

2

Request or part thereof is not intended and shall not be construed as an admission that Defendant accepts or admits the existence of any facts or documents set forth in or assumed by such Request, or that such response, objection, or document produced constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1. Defendant objects to the Requests on the ground that they are premature, including because Defendant has not yet answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending. The Motion to Dismiss is dispositive of the entirety of this action. Accordingly, Defendant contends that it should not be required to respond to discovery until after the Motion to Dismiss is decided.

2. Defendant objects to the use of the term "Plaintiffs," because Plaintiffs have sued under the pseudonym "Jane Doe." Neither have Plaintiffs disclosed the titles or locations (e.g., by URL) of any video at issue in this lawsuit. Thus, it is impossible for Defendant to determine who Plaintiffs are or whether Defendant has any material in its possession, custody, or control concerning this action or any one individual Plaintiff.

3. Defendant objects to Plaintiff's Definitions, and to each and every Request, to the extent they purport to impose obligations on Defendant different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or the Civil Local Rules of the United States District Court for the District of South Carolina.

4. Defendant objects to each Request to the extent that the Request seeks documents or information that are not within Defendant's possession, custody, or control and/or solely within the possession, custody or control of entities other than Defendant. These responses are provided only on behalf of Defendant, and Defendant will only produce documents and information within its own possession, custody, or control.

3

5.      Defendant objects to each Request to the extent that the Request seeks documents and information that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines.  Defendant shall not provide documents or information so protected.  This objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Defendant or obtained such knowledge solely through communications with counsel for Defendant.  Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Defendant's rights to object to the use of such information.

6.      Defendant objects to the Requests as a whole to the extent they are overbroad, and unduly burdensome, duplicative, oppressive, and harassing, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

7.      Defendant objects to each Request to the extent that the Request seeks documents and information that is confidential, proprietary, and/or constitutes a trade secret.  Defendant will not produce any such documents or information until an appropriate protective order is entered in this case.

8.      Defendant objects to each Request to the extent that the Request seeks documents and information protected from disclosure by privacy rights enumerated in or recognized by the common law, State or federal statutes, any relevant State Constitution or the Constitution of the United States of America, or any other relevant law—including, but not limited to, private and sensitive documents and information regarding Defendant's employees, agents, end-users, and clients.

9.      Defendant objects to each Request to the extent that it calls for the production of electronically stored information that is not reasonably accessible because of undue burden or cost.

4

10.     Defendant objects to each Request to the extent that it implies the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all insurance policies which cover Defendant as a result of this lawsuit, including excess or umbrella policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant will produce a copy of any insurance policy that is providing coverage in connection with this case.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any and all investigative reports generated regarding the subject matter at-issue in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request on the ground that it is vague, ambiguous, and overbroad, including because the terms "investigative reports" and "subject matter at issue in this lawsuit" are undefined and vague.  Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege or attorney work product doctrine.

5

**REQUEST FOR PRODUCTION NO. 3:**

Please produce Defendant's policy and procedure manual applicable during the time period in question.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this Request on the ground that it is vague, ambiguous, and overbroad, including because the terms "the time period in question" and "policy and procedure manual" is undefined and vague. Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all documentation reflecting institutional changes implemented by Defendant following the subject matter at-issue herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this Request on the ground that it is vague, ambiguous, and overbroad, including because the terms "institutional changes" and "subject matter at-issue" are undefined, vague, and purport to include "changes" that have no relationship to this lawsuit. Defendant also objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this lawsuit, targets documents that are inadmissible as subsequent remedial measures under Fed. R. Evid. 407, and not proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege or attorney work product doctrine.

6

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all photographs and/or videotapes in the possession of the Defendant, or its representatives, regarding the Plaintiffs and this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this Request on the ground that it is overbroad, vague, ambiguous and seeks documents that may implicate or invade the privacy rights of third parties to this action. Plaintiffs have sued under the pseudonym "Jane Doe," and have not disclosed their identities. Neither have Plaintiffs disclosed the titles or locations (e.g., by URL) of any photographs and/or videotapes at issue in this lawsuit. Meanwhile, millions of content items have been uploaded to Defendant's website. Thus, without additional information, it is impossible for Defendant to locate or identify what specific content, if any, is "regarding Plaintiffs and this litigation." Subject to and without waiving the foregoing objections, Defendant will produce copies of the videos and photographs at issue in this lawsuit, provided that Plaintiffs can provide additional information sufficient for Defendants to be able to identify and locate what content they seek, including *inter alia* disclosing Plaintiffs' identities and the locations (e.g., by URL) on which those videos appeared on any of Defendant's websites.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of Defendant's mission statement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this Request on the ground that it is vague and ambiguous, including because the term "mission statement" is undefined. Defendant also objects to this Request on the

12821947.3

ground that it seeks documents that are not relevant to the subject matter of this lawsuit nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide a copy of all notes or other memoranda or documents made by or in the possession or control of Defendant or any of its employees or agents relative to the Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request on the ground that it is overbroad and seeks documents that may implicate the privacy rights of third parties to this action.  Defendant further objects to this Request as vague and ambiguous, including because Plaintiffs have sued under the pseudonym "Jane Doe" and have not disclosed their identities to Defendant.  Thus, it is impossible for Defendant to determine who Plaintiffs are, let alone locate or produce materials concerning "the Plaintiffs."  Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine and are not relevant to the subject matter of this lawsuit nor proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce *curriculum vitaes* of all experts who may testify in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Defendant further objects to this Request on the ground that it is premature. Defendant has not yet even answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending. If that Motion is denied, Defendant will make its expert disclosures consistent with Fed. R. Civ. P. 26 and any scheduling order that may be issued in the case.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all written or recorded statements in the possession of the Defendant, or its representatives, regarding the Plaintiffs and this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request as vague and ambiguous, including because Plaintiffs have sued under the pseudonym "Jane Doe" and have not disclosed their identities to Defendant. Thus, it is impossible for Defendant to determine who Plaintiffs are, let alone locate or produce materials concerning "the Plaintiffs and this litigation." The request is also overly broad as to be unduly burdensome and harassing because it seeks any and all statements, without limitation "regarding … this litigation."

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all expert reports prepared by your experts in this case.

12821947.3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the ground that it is premature.  Defendant has not yet even answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending.  If that Motion is denied, Defendant will make its expert disclosures consistent with Fed. R. Civ. P. 26 and any scheduling order that may be issued in the case.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all materials prepared by any of your experts related to their reviews of this case, including, but not limited to, any notes, interview transcripts, invoices, and/or summaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the ground that it is premature.  Defendant has not yet even answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending.  If that Motion is denied, Defendant will make its expert disclosures consistent with Fed. R. Civ. P. 26 and any scheduling order that may be issued in the case.

12821947.3

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all written communication between Defendant's counsel, or their staff, and any of your experts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the ground that it is premature. Defendant has not yet even answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending. If that Motion is denied, Defendant will make its expert disclosures consistent with Fed. R. Civ. P. 26 and any scheduling order that may be issued in the case.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any and all other documentation maintained by any of your experts related to their reviews of this case and their expert opinions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the ground that it is premature. Defendant has not yet even answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending. If that Motion is denied, Defendant will make its expert disclosures consistent with Fed. R. Civ. P. 26 and any scheduling order that may be issued in the case.

12821947.3

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all literature, regulations and/or statutes, and any other material relied upon by your experts in forming their opinions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the ground that it is premature. Defendant has not yet even answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending. If that Motion is denied, Defendant will make its expert disclosures consistent with Fed. R. Civ. P. 26 and any scheduling order that may be issued in the case.


**REQUEST FOR PRODUCTION NO. 15:**

Please produce copies of the meeting minutes of any meeting that took place discussing the subject matter giving rise to this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the ground that the terms "meeting minutes" and "the subject matter giving rise to this lawsuit" are vague and ambiguous and seek documents that are not relevant to the subject matter of this action nor proportional to the needs of this case. The term "the subject matter giving rise to this lawsuit" is vague and ambiguous because, *inter alia*, Plaintiffs have sued under the pseudonym "Jane Doe," and have not disclosed their identities.

12

Neither have Plaintiffs disclosed the titles or locations (e.g., by URL) of any photographs and/or videotapes at issue in this lawsuit.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce job descriptions for every individual who is responsible for generating video content and monitoring video content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "generating video content" and "monitoring video content" are undefined and ambiguous.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case, including because Defendant did not create any of the video content at issue and thus the identity of any person responsible for "generating video content" is irrelevant.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all file logs for videos uploaded by users Lordfauger18, cwdistribution, and salvyanka1, including dates, times, file names, and any other stored activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the term "file logs" is undefined and ambiguous.  Defendant further objects to this Request on the ground that it seeks documents that

13

are not relevant to the subject matter of this action nor proportional to the needs of this case, including because Plaintiff has not explained the relationship of any of these accounts to this action. Defendant also objects to this Request on the ground that it implicates the privacy rights of third parties and thus disclosure may violate applicable privacy laws, including the General Data Protection Regulation ("GDPR") and/or the California Consumer Privacy Act. Subject to and without waiving the foregoing objections, Defendant is prepared to meet-and-confer with Plaintiffs to discuss the narrowing and/or clarification of this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any and all email addresses associated with the accounts of users Lordfauger18, cwdistribution, and salvyanka1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case, including because Plaintiff has not explained the relationship of any of these accounts to this action. Defendant also objects to this Request on the ground that it implicates the privacy rights of third parties and thus disclosure may violate applicable privacy laws, including the General Data Protection Regulation ("GDPR") and/or the California Consumer Privacy Act. Subject to and without waiving the foregoing objections, Defendant is prepared to meet-and-confer with Plaintiffs to discuss the narrowing and/or clarification of this Request.

14

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any and all email address changes associated with the accounts of users Lordfauger18, cwdistribution, and salvyanka1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case, including because Plaintiff has not explained the relationship of any of these accounts to this action. Defendant also objects to this Request on the ground that it implicates the privacy rights of third parties and thus disclosure may violate applicable privacy laws, including the General Data Protection Regulation ("GDPR") and/or the California Consumer Privacy Act. Subject to and without waiving the foregoing objections, Defendant is prepared to meet-and-confer with Plaintiffs to discuss the narrowing and/or clarification of this Request.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce any and all password reset data associated with the accounts of users Lordfauger18, cwdistribution, and salvyanka1, including dates, times, and IP addresses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the term "password reset data" is undefined and ambiguous. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case, including because Plaintiff has not explained the relationship of any of these

15

accounts to this action.  Defendant also objects to this Request on the ground that it implicates

the privacy rights of third parties and thus disclosure may violate applicable privacy laws,

including the General Data Protection Regulation ("GDPR") and/or the California Consumer

Privacy Act.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce any and all private messages to or from users Lordfauger18,

cwdistribution, and salvyanka1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this Request on the ground that it seeks documents that are not

relevant to the subject matter of this action nor proportional to the needs of this case, including

because Plaintiff has not explained the relationship of any of these accounts to this action.

Defendant also objects to this Request on the ground that it implicates the privacy rights of third

parties and thus disclosure may violate applicable privacy laws, including the General Data

Protection Regulation ("GDPR") and/or the California Consumer Privacy Act.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce any and all payment options provided by users Lordfauger18,

cwdistribution, and salvyanka1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this Request on the grounds that it is overbroad, unduly

burdensome, and vague and ambiguous, including because the term "payment options" is

undefined and ambiguous.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case, including because Plaintiff has not explained the relationship of any of these accounts to this action.  Defendant also objects to this Request on the ground that it implicates the privacy rights of third parties and thus disclosure may violate applicable privacy laws, including the General Data Protection Regulation ("GDPR") and/or the California Consumer Privacy Act.  Subject to and without waiving the foregoing objections, Defendant is prepared to meet-and-confer with Plaintiffs to discuss the narrowing and/or clarification of this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce any and all IP address logs for users Lordfauger18, cwdistribution, and salvyanka1, including account creation IP addresses and latest login IP addresses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case, including because Plaintiff has not explained the relationship of any of these accounts to this action. Defendant also objects to this Request on the ground that it implicates the privacy rights of third parties and thus disclosure may violate applicable privacy laws, including the General Data Protection Regulation ("GDPR") and/or the California Consumer Privacy Act.  Subject to and without waiving the foregoing objections, Defendant is prepared to meet-and-confer with Plaintiffs to discuss the narrowing and/or clarification of this Request.

17

**REQUEST FOR PRODUCTION NO. 24:**

Please produce any and all documents related to the partnership program between Pornhub and those who upload videos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the term "partnership program" is undefined and ambiguous.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.  Subject to and without waiving the foregoing objections, Defendant Murphy was not a member of any "partnership program" with Defendant.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce any and all documents relating to Pornhub's association with Collins Murphy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the term "association" is undefined and ambiguous.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case. Subject to and without waiving the foregoing objections, Defendant did not have any "association" with Murphy.

18

**REQUEST FOR PRODUCTION NO. 26:**

Please produce any and all documentation reflecting the total number of videos posted by Collins Murphy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.  Subject to and without waiving the foregoing objections, Defendant is prepared to meet-and-confer with Plaintiffs to discuss the narrowing and/or clarification of this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce any and all documentation reflecting takedown notices Pornhub received regarding videos uploaded by Collins Murphy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this Request on the grounds that it is overbroad, vague and ambiguous.  To the extent the request seeks documents related to takedown notices unrelated to Plaintiffs in this lawsuit, Defendant objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.  To the extent the request seeks documents related to takedown notices related to the Plaintiffs in this lawsuit, Defendant objects that the request is currently impossible to address.  Plaintiffs have sued under the pseudonym "Jane Doe" and have not disclosed their identities to Defendant.

Thus, it is impossible for Defendant to determine who Plaintiffs are, let alone locate or produce takedown notices relevant to this lawsuit.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce any and all documentation reflecting the itemized financial compensation given to Collins Murphy by Pornhub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.  Subject to and without waiving the foregoing objections, Defendant is prepared to meet-and-confer with Plaintiffs to discuss the narrowing and/or clarification of this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce any and all policies and procedures regarding video content on Pornhub.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "policies and procedures" is undefined.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

12821947.3

Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce any and all policies and procedures regarding uploading content and monitoring content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "policies and procedures" is undefined. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce any and all policies and procedures regarding the process following receipt of a takedown notice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "policies and procedures" is undefined. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

21

Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce any and all policies and procedures regarding verification that posted videos are consensual.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "policies and procedures" is undefined. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce any and all documentation reflecting the number of lawsuits filed against Pornhub due to the posting of nonconsensual videos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "policies and procedures" is undefined. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

12821947.3

Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce any and all documentation reflecting the number and amount of agency fines levied against Pornhub due to the posting of nonconsensual videos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "agency fines" is undefined. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case. Defendant also objects to this Request on the ground that it seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce any and all documentation reflecting the itemized financial compensation given to users posting spy cam videos from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "spy cam videos" is undefined. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

23

**REQUEST FOR PRODUCTION NO. 36:**

Please produce any and all marketing or advertising material generated regarding spy cam videos from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "spy cam videos" and "marketing and advertising material" are undefined. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce any and all documents reflecting the payment structure given to users who upload videos, including payment based on type of video uploaded.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the term "payment structure" is undefined. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce any and all takedown notices received by Pornhub regarding spy cam videos from 2010 to the present.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the terms "spy cam videos" is undefined.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case. Defendant also objects to this Request on the grounds that it seeks documents that may implicate or invade the privacy rights of third parties to this action.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce any and all takedown notices received by Pornhub regarding any nonconsensual videos from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the term "nonconsensual videos" is undefined.  Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case. Defendant also objects to this Request on the grounds that it seeks documents that may implicate or invade the privacy rights of third parties to this action.

12821947.3

**REQUEST FOR PRODUCTION NO. 40:**

Please produce any and all documentation reflecting the number of nonconsensual videos removed from Pornhub from 2010 to the present. Further, please identify the type of video removed (*i.e.*, spy cam, homemade, etc.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and vague and ambiguous, including because the term "nonconsensual videos" is undefined. Defendant further objects to this Request on the ground that it seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce any and all documentation reflecting the total number of videos uploaded to Pornhub from 2010 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce any and all documentation reflecting the total number of spy cam videos uploaded to Pornhub from 2010 to the present.

26

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case, and is vague and ambiguous, including because the term "spy cam" is undefined.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce any and all documentation reflecting the average number of video views based on category.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case, and is vague and ambiguous, including because the term "category" is undefined.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce any and all documentation reflecting the financial gain realized by Pornhub due to the posting of spy cam videos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce any and all documentation reflecting the financial gain realized by Pornhub due to posting of nonconsensual videos.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to the subject matter of this action nor proportional to the needs of this case.

DATED: March 18, 2021

Greenville, South Carolina

TURNER, PADGET, GRAHAM AND LANEY, P.A.

By: */s/ R. Taylor Speer*
R. Taylor Speer | Attorney ID: 12267
email | tspeer@turnerpadget.com
direct | 864-552-4618

J. Kenneth Carter | Attorney ID: 05108
email | kcarter@turnerpadget.com
direct | 864-552-4611
Post Office Box 1509
Greenville, South Carolina 29602
facsimile | 864-282-5993
*Attorneys for Defendant MG Freesites, Ltd.*

MITCHELL SILBERBERG & KNUPP LLP
Marc E. Mayer | admitted *pro hac vice*:
email | mem@msk.com
direct | 310-312-3154
2049 Century Park East
18th Floor
Los Angeles, California 90067
facsimile | 864-282-5993
*Attorney for Defendant MG Freesites, Ltd.*

28

12821947.3

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles , State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120, and my business email address is szm@msk.com.

On March 18, 2021, I served a copy of the foregoing document(s) described as **RESPONSE OF DEFENDANT MG FREESITES, LTD. TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** on the interested parties in this action at their last known address as set forth below by taking the action described below:

### **SEE ATTACHED SERVICE LIST**

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 18, 2021, at Los Angeles, California.

_____
Suguey G. Melara

## SERVICE LIST

| | |
|---|---|
| **Attorney for Plaintiffs**<br>J. Edward Bell, III<br>Joshua Michael Wesley Salley<br>Bell Legal Group, LLC<br>219 North Ridge Street<br>Georgetown, SC 29440<br>ebell@edbelllaw.com<br>jsalley@edbelllaw.com | **Attorneys for Plaintiffs**<br>Liz Jeanette Shepherd<br>Jordan Alexander Stanton<br>Tyler Smyth Thompson<br>Dolt Thompson Shepherd and Conway PSC<br>13800 Lake Point Circle<br>Louisville, KY 40223<br>lshepherd@kytrial.com<br>jstanton@kytrial.com<br>tthompson@kytrial.com |
| **Attorneys for Limestone**<br>Jennifer S. Cluveris<br>L. Grant Close III<br>Nexen Pruet, LLC<br>P.O. Drawer 10648<br>Greenville, SC 29603<br>jcluverius@nexsenpruet.com<br>gclose@nexsenpruet.com | **Attorneys For Limestone**<br>Joseph Y. Rahimi II<br>John A. Hubert<br>Rahimi, Hughes & Padgett, LLC<br>33 Bull Street, Suite 590<br>Savannah, Georgia 31401<br>(912) 421-9988<br>jrahimi@rhp-law.com<br>jhubert@rhp-law.com |
| **Attorneys for Collins Murphy**<br>Alan R Belcher Jr.<br>Conner E. Johnson<br>Hall Booth Smith, P.C.<br>111 Coleman Boulevard, Suite 301<br>Mount Pleasant, SC 29464<br>abelcher@hallboothsmith.com<br>cjohnson@hallboothsmith.com | |

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

JANE DOES 1-9,

              Plaintiffs,

    v.

COLLINS MURPHY, LIMESTONE
COLLEGE, MG FREESITES, LTD., d/b/a
PORNHUB.COM, and HAMMY MEDIA
LTD. d/b/a XHAMSTER.COM,

              Defendants.

CASE NO. 7:20-CV-00947-TMC

**RESPONSE OF DEFENDANT MG
FREESITES, LTD. TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTY:    Plaintiffs Jane Does 1-9

RESPONDING PARTY:    Defendant MG Freesites

SET NUMBER:    One (1)

Pursuant to Federal Rule of Civil Procedure 33 and the corresponding Local Rules of the South Carolina District Court, Defendant MG Freesites, Ltd., d/b/a Pornhub.com ("Defendant") hereby responds to Plaintiff Jane Does 1-9 ("Plaintiff") First Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

1.      These responses are made solely for the purposes of this action.  Any information or documents provided in response to any particular Interrogatory is provided subject to and without waiving any objections as to competence, relevance, materiality, propriety, admissibility, and all other objections on grounds that would permit or require the exclusion of such information or document if it were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial or in response to any motion or application.

2.      The following responses are based upon information presently available to and located by Defendant.  Defendant has not completed its investigation of this action, has not completed discovery, and may in the future discover additional facts, information, and/or documents responsive to the Interrogatories.  Defendant specifically reserves the right to amend and/or supplement these responses at any time and produce evidence of any subsequently discovered facts.  Defendant reserves all rights to rely at trial or for any purpose in connection with this action upon any and all information and documents, whether or not provided in response to any particular Interrogatory.  Nothing stated herein shall constitute or be construed as a waiver of Defendant's right to prove its contentions through documents and/or other materials that currently are not in its possession, custody, or control.

3.      No incidental or implied admissions are intended by the responses herein.  The fact that Defendant has agreed to respond to any particular Interrogatory is not intended, and

2

shall not be construed as, a waiver by Defendant of any part of any objection to any such Interrogatory, or any part of any General Objection.  The fact that Defendant responds or objects to any particular Interrogatory or part thereof is not intended and shall not be construed as an admission that Defendant accepts or admits the existence of any facts set forth in or assumed by such Interrogatory, or that such response or objection constitutes admissible evidence.

## **GENERAL OBJECTIONS**

1.      Defendant objects to the Requests on the ground that they are premature, including because Defendant has not yet answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending.  The Motion to Dismiss is dispositive of the entirety of this action.  Accordingly, Defendant contends that it should not be required to respond to discovery until after the Motion to Dismiss is decided.

2.      Defendant objects to the use of the term "Plaintiffs," because Plaintiffs have sued under the pseudonym "Jane Doe."  Neither have Plaintiffs disclosed the titles or locations (e.g., by URL) of any video at issue in this lawsuit.  Thus, it is impossible for Defendant to determine who Plaintiffs are or whether Defendant has any material in its possession, custody, or control concerning this action or any one individual Plaintiff.

3.      Defendant objects to Plaintiff's Definitions, and to each and every Interrogatory, to the extent they purport to impose obligations on Defendant different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or the Civil Local Rules of the U.S. District Court for the District of South Carolina.

4.      Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is not within Defendant's possession, custody, or control and/or solely within the possession, custody or control of entities other than Defendant.  These responses are provided only on behalf of Defendant, and Defendant will only produce information within its own possession, custody, or control.

3

5.      Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and all other applicable privileges and doctrines.  Defendant shall not provide information so protected.  This objection extends to and includes requests for the identities of individuals with knowledge of matters, where such persons are counsel for Defendant or obtained such knowledge solely through communications with counsel for Defendant. Inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or ground for objecting to disclosing such information and shall not waive Defendant's rights to object to the use of such information.

6.      Defendant objects to the Interrogatories as a whole to the extent they are overbroad, and unduly burdensome, duplicative, oppressive, and harassing, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

7.      Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is highly confidential, sensitive, and/or proprietary business information and/or trade secrets.  Defendant will provide such information only after the issuance of an appropriate protective order.

8.      Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information protected from disclosure by privacy rights enumerated in or recognized by the common law, State or federal statutes, any relevant State Constitution or the Constitution of the United States of America, or any other relevant law – including, but not limited to, private and sensitive information regarding Defendant's employees, agents, end-users, and clients.

9.      Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is likely to be the subject of expert testimony.  Defendant will make its expert disclosures at the appropriate time and in the appropriate manner.

4

10.     The foregoing General Objections apply to all of the Interrogatories propounded by Plaintiff, and are incorporated into each specific response made herein.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Please state the full name, address, business, job title, and relationship to Defendant of any and all persons answering or who assisted in gathering information to answer these Interrogatories and Requests for Production of Documents.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the ground that it seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine.

**INTERROGATORY NO. 2:**

Within the five (5) years prior to the period in question, was Defendant ever notified by or charged by any public or private entity, internal or external, with non-compliance of any rules, regulations, standards, policies, or practices?  If so, please give the following:

(a)     What person or entity gave notice of the non-compliances and/or charges;

(b)     The date the notice and/or charges were given; and

(c)     List the rules, regulations, standards, policies, or practices that were involved.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on the ground that it is vague and ambiguous overbroad, unduly burdensome, oppressive, and harassing, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of this case.

**INTERROGATORY NO. 3:**

Do you contend Plaintiffs or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the injuries suffered by Plaintiffs relating to the claims asserted against Defendant in this lawsuit?  If yes, please identify said individual(s) or entity and describe in detail each act or omission on the part of Plaintiffs or any other person or entity that Defendant contends constituted negligence or fault or caused in whole or in part Plaintiffs' injuries.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of this case.  Defendant further objects that this Interrogatory is impossible to answer because Plaintiffs have sued under the pseudonym "Jane Doe," and thus are unknown to Defendant.  Defendant denies that it was negligent or that a cause of action for negligence can be maintained against it based on the facts of this case.  Subject to and without waiving the foregoing objections, Defendant asserts that Collins Murphy is responsible for creating and distributing the content at issue in this case.

**INTERROGATORY NO. 4:**

Please state the name of each person known to you who has knowledge or information relevant to the subject matter involved in this action, and for each such person, please state:

(a)    The last known address;

(b)     Whether you, your attorney, or any other representative have either a written or recorded statement, and if so, the date thereof, and the name and address of the person obtaining the statement; and

(c)     Whether you intend to call the person to testify at trial.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of this case.  Defendant also objects to this Interrogatory on the ground that it seeks information that is protected by the attorney-client privilege and/or attorney work product doctrine.  At this time, Defendant is unaware of any person or persons with knowledge of the facts underlying this case other than the parties to this action.  Defendant reserves the right to supplement its response at any time.

**INTERROGATORY NO. 5:**

Please list all exhibits, demonstrative or otherwise, you intend to use at trial.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory on the ground that it is premature and seeks information that is protected by the attorney work product doctrine.  Defendant has not yet even answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending.  If that Motion is denied, Defendant will make its pre-trial disclosures at the appropriate time as required by the Federal Rules.

12821927.2

**INTERROGATORY NO. 6:**

Please list all witnesses you intend to call at trial.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this Interrogatory on the ground that it is premature and seeks information that is protected by the attorney work product doctrine.  Defendant has not yet even answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending.  If that Motion is denied, Defendant will make its pre-trial disclosures at the appropriate time as required by the Federal Rules.

**INTERROGATORY NO. 7:**

Within the five (5) years prior to the period in question, have any individuals made or filed a complaint or grievance either in writing or orally, regarding the posting of nonconsensual videos?  If so, please state the following:

(a)     The name of the person making the complaint or statement and the substance thereof;

(b)     The date the complaint or statement was made or filed;

(c)     The reason the complaint or statement was made or filed;

(d)     To whom the complaint or statement was addressed; and

(e)     Action taken on the complaint and by whom.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, and seeks information that is not relevant to the subject matter of this action nor

8

proportional to the needs of this case.  Defendant also objects to this Interrogatory on the ground

that it seeks information that is protected by the attorney-client privilege and/or attorney work

product doctrine.


**INTERROGATORY NO. 8:**

Please identify any and all expert witnesses who will testify on Defendant's behalf,

whether by deposition or at the trial of this action, and with regard to each such expert witness,

please state:

(a)     Name, address, phone number, professional specialty, and qualifications, and

attach a copy of his/her resume or *curriculum vitae*;

(b)     The subject matter on which each such expert is expected to testify;

(c)     The substance of all facts and opinions about which each such expert is expected

to rely upon and to testify;

(d)     A summary of the grounds upon which each expert witness bases each opinion;

(e)     A listing of all materials reviewed by or furnished to each expert for review;

(f)     Whether such expert furnished a written report; and

(g)     Any book, journal, articles, treatises, or other writings or publications which the

Defendant or its expert witnesses intend to rely upon at the trial of this case.  Please name and

identify by reference each such article or publication and further identify those specific

statements, items, or propositions within said books, articles, treatises, or publications upon

which each witness intends to rely.

9

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory on the ground that it is premature and seeks information that is protected by the attorney work product doctrine. Defendant has not yet even answered the Complaint and has filed a Motion to Dismiss the Complaint, which is pending. If that Motion is denied, Defendant will make its pre-trial disclosures at the appropriate time as required by the Federal Rules.

**INTERROGATORY NO. 9:**

Please state whether there exists any insurance agreement under which an insurance company may be liable to satisfy part or all of any judgment which may be entered against Defendant in this action, and if so, please state the following for each policy:

(a)    The name of the insurance company;

(b)    The name of the named insured;

(c)    The limits of liability;

(d)    Whether the insurance company has asserted against Defendant or the named insured any policy defenses, lack of coverage, or reservations of rights;

(e)    Whether this insurance is primary or excess; and

(f)    Whether there exists any deductible clause or other arrangements whereby the Defendant is required to pay any portion of the limits or liability, and if so, the amount.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory on the ground that it is overbroad and seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

10

Subject to and without waiving the foregoing objections, Defendant will produce any insurance policy that is providing coverage in connection with this case.

**INTERROGATORY NO. 10:**

Please identify all individuals who were required to monitor Pornhub's website content during the time period in question.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory on the ground that it is vague and ambiguous, including because the "time period in question" is undefined.  Defendant further objects that "individuals who were required to monitor [the] … website content" is vague and ambiguous, and as written, overly broad as to be unduly burdensome and harassing.

**INTERROGATORY NO. 11:**

Please identify any and all individuals who communicated with users Lordfauger18, cwdistribution, and salvyankal.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of this case, including because Plaintiffs have not identified or explained the relationship of these users to the issues in this case.

11

**INTERROGATORY NO. 12:**

Please identify any and all individuals who are in charge of/or best understand the practices and procedures regarding the partnership program between Pornhub and its users who upload videos.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory on the ground that it is vague and ambiguous, overbroad, and seeks information that is not relevant to the subject matter of this action nor proportional to the needs of this case, including because defendant Murphy was not a "partner" of Defendant. Defendant further objects that the term "partnership program" is not defined or explained.

**INTERROGATORY NO. 13:**

Please specify the total number of times the video of the Plaintiffs was viewed. Further, please identify the various states and countries in which the various viewers of the video resided.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory on the ground that it is unanswerable. Plaintiffs have sued under the pseudonym "Jane Doe," and thus it is impossible for Defendant to determine who Plaintiffs are. Neither have Plaintiffs disclosed the titles or locations (e.g., by URL) of any video at issue in this lawsuit. Defendant will supplement this response after the necessary information has been provided.

DATED: March 18, 2021 | TURNER, PADGET, GRAHAM AND LANEY, P.A.

12

Greenville, South Carolina

By: */s/ R. Taylor Speer*
R. Taylor Speer | Attorney ID: 12267
email | tspeer@turnerpadget.com
direct | 864-552-4618

J. Kenneth Carter | Attorney ID: 05108
email | kcarter@turnerpadget.com
direct | 864-552-4611
Post Office Box 1509
Greenville, South Carolina 29602
facsimile | 864-282-5993
*Attorneys for Defendant MG Freesites, Ltd.*

MITCHELL SILBERBERG & KNUPP LLP
Marc E. Mayer | admitted *pro hac vice*:
email | mem@msk.com
direct | 310-312-3154
2049 Century Park East
18th Floor
Los Angeles, California 90067
facsimile | 864-282-5993
*Attorney for Defendant MG Freesites, Ltd.*

13

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

   I am employed in the County of Los Angeles , State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120, and my business email address is szm@msk.com.

   On March 18, 2021, I served a copy of the foregoing document(s) described as **RESPONSE OF DEFENDANT MG FREESITES, LTD. TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** on the interested parties in this action at their last known address as set forth below by taking the action described below:

**SEE ATTACHED SERVICE LIST**

☑ **BY ELECTRONIC MAIL**:  I served the above-mentioned document electronically on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.


   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

   Executed on March 18, 2021, at Los Angeles, California.


_____
Suguey G. Melara

14

**SERVICE LIST**

| | |
|---|---|
| **Attorney for Plaintiffs**<br>J. Edward Bell, III<br>Joshua Michael Wesley Salley<br>Bell Legal Group, LLC<br>219 North Ridge Street<br>Georgetown, SC 29440<br>ebell@edbelllaw.com<br>jsalley@edbelllaw.com | **Attorneys for Plaintiffs**<br>Liz Jeanette Shepherd<br>Jordan Alexander Stanton<br>Tyler Smyth Thompson<br>Dolt Thompson Shepherd and Conway PSC<br>13800 Lake Point Circle<br>Louisville, KY 40223<br>lshepherd@kytrial.com<br>jstanton@kytrial.com<br>tthompson@kytrial.com |
| **Attorneys For Limestone**<br>Joseph Y. Rahimi II<br>John A. Hubert<br>Rahimi, Hughes & Padgett, LLC<br>33 Bull Street, Suite 590<br>Savannah, Georgia 31401<br>(912) 421-9988<br>jrahimi@rhp-law.com<br>jhubert@rhp-law.com | **Attorneys for Limestone**<br>Jennifer S. Cluveris<br>L. Grant Close III<br>Nexen Pruet, LLC<br>P.O. Drawer 10648<br>Greenville, SC 29603<br>jcluverius@nexsenpruet.com<br>gclose@nexsenpruiet.com |
| **Attorneys for Collins Murphy**<br>Alan R Belcher Jr.<br>Conner E. Johnson<br>Hall Booth Smith, P.C.<br>111 Coleman Boulevard, Suite 301<br>Mount Pleasant, SC 29464<br>abelcher@hallboothsmith.com<br>cjohnson@hallboothsmith.com | |

12821927.2