UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| **JANE DOES 1-9,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,**<br><br>**Defendants.** | Case No.: 7:20-cv-00947-JD<br><br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO HAMMY MEDIA LTD's MOTION TO STAY DISCOVERY** |

## INTRODUCTION

After excoriating the Plaintiffs with ad hominem attacks more suited to a seventh-grade playground than a federal court pleading in their Reply in support of dismissal based on lack of personal jurisdiction, (Dk. 186) Hammy Media Ltd. ("HML") now moves to deny discovery on the very issues supporting jurisdiction over them. Despite HML's disdain for the Plaintiffs, the law holds that they need only make a *prima facie* showing of personal jurisdiction. See, *Sneha Media & Entm't, LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 196–97 (4th Cir. 2018). If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Carefirst of Md., Inc. v. Carefirst Pregnancy*

*Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). At present, important factual questions bearing on personal jurisdiction remain disputed and the Court should be allowed to consider all of the evidence, not just the bits HML chooses to reveal.

## ARGUMENT

HML is correct in stating that the Court has the discretion to stay discovery under the proper circumstances. However, this is not such a case. HML parses the individual elements of jurisdictional contact and then misstates the proper analysis to arrive at the erroneous conclusion that it is, as a matter of law, entitled to dismissal (which it is not).

For example, HML claims that the amount of revenue it takes from South Carolina is insufficient to establish personal jurisdiction. While HML ridicules the Plaintiffs' estimates of its revenue, it conspicuously neglects to inform the court of its actual U.S. revenue or the amount it gleans from South Carolina - although it most certainly has the information available to it. HML argues that its volume of website traffic in the U.S. and South Carolina is insufficient to confer personal jurisdiction. Yet, HML fails to provide the actual traffic figures – although it most certainly has the information available to it. HML likewise does not mention how many "partners" (paid contributors) it has in South Carolina, and that information is not readily available to Plaintiffs without resort to the discovery process. HML dismisses the geolocated ads on its videos as insufficient to confer personal jurisdiction, citing *AMA Multimedia, Ltd. Liab. Co. v. Wanat*, 970 F.3d 1201, 1211 (9th Cir. 2020). *Wanat* spoke in terms of a worldwide site being presented in English in the United States and German in Germany. xHamster geolocates ads down to the city of the user, soliciting directly.

Even if these isolated factors were insufficient to confer personal jurisdiction individually, the 4th Circuit Court of Appeals made clear in *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344,

351 (4th Cir. 2020), cert. denied, 141 S. Ct. 1057, 208 L. Ed. 2d 525 (2021), that the jurisdictional analysis considers the cumulative contacts with the forum. HML's argument that these Plaintiffs videos should be considered against the entire compendium of pornography in its library and are therefore too insignificant to confer jurisdiction is equally misguided. In *Kurbanovv,* personal jurisdiction was NOT solely based on the quantity or quality of contacts with the individual plaintiffs alone, but rather with the forum. See also, *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma*, S.A., 972 F.3d 1101 (9th Cir. 2020) "[C]ourts must evaluate the parties' entire course of dealing, not solely the particular . . . tortious conduct giving rise to the claim, when assessing whether a defendant has minimum contacts with a forum."

Plaintiffs propounded a brief and targeted set of discovery requests in April regarding facts bearing on personal jurisdiction that are within HML's custody and control. The discovery consists of five (5) interrogatories all directed to the issue of HML's contact with the forum. MHL has answered the Complaint and has counsel in the United States. It has not previously been subject to discovery because it insisted on service through Hague Convention process. In such cases, our courts will allow discovery to continue unless the defendant can show some abuse of the discovery process. *Rich v. KIS California, Inc.*, 121 F.R.D. 254 (M.D.N.C. 1988).

Access to jurisdictionally-targeted discovery may be made available to the parties, *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) ("discovery is available to ascertain the facts bearing on [jurisdictional] issues") and courts may grant that access prior to ruling on a pending Rule 12(b)(2) motion. *See U.S. v. Swiss American Bank, Ltd.*, 274 F.3d 610, 625 (1st Cir. 2001) ("timely and properly supported" motion for jurisdictional discovery "merits solicitous attention"). *See*, e.g., *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000). Whether, and under what constraints,

to permit jurisdictional discovery are matters typically reserved for the trial judge's discretion. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020); *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017). Jurisdictional discovery may be allowed where a "colorable" case for jurisdiction has been made, where the material facts that bear on jurisdiction are controverted, where a more satisfactory development of those facts is necessary, and where Plaintiff has demonstrated that discovery will permit a supplementation of the jurisdictional allegations. *See Nuance Cmmc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1235-36 (Fed.Cir. 2010); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). *See* also *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (permitted upon showing with reasonable particularity that jurisdiction exists). Jurisdictional discovery into whether an entity defendant has qualifying contacts with the forum may be granted more liberally. *See*, *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997) (jurisdictional discovery often relates to "doing business" inquiry). *See* also *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (such discovery "particularly appropriate" where defendant is corporation).

Here, Defendants are a corporate entity doing business with the forum, the facts that bear on jurisdiction are controverted, the Plaintiffs have established to the Court that a satisfactory development of those facts is necessary, and Plaintiffs have a good faith belief that discovery will lead to the supplementation of the jurisdictional allegations. Thus, it is well within the discretion of this Court to allow the parties to, at the least, engage in jurisdictional discovery. Defendants aim to deprive Plaintiffs of the means to adequately prosecute their claims against them in an attempt to skirt liability. This Court should not allow this type of subterfuge to continue. Defendants have failed to establish how inquiries into their contacts with the forum would be futile or overly

burdensome such that this Court should deny Plaintiffs discovery and as such, this Court should deny their Motion to stay discovery.

## CONCLUSION

As a matter of equity, the Court should not allow Hammy Media Ltd. to block inquiry into matters directly related to its contacts and dealings within the United States or South Carolina.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*/s/ J. Edward Bell, III*
J. Edward Bell, III (#1280)
Joshua M. W. Salley (#13214)
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@edbelllaw.com
jsalley@edbelllaw.com
*Counsel for Plaintiff*


**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
Jordan A. Stanton (admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com
*Counsel for Plaintiffs*


Georgetown, SC
May 16, 2022