UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANES DOES 1-9,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>COLLINS MURPHY, LIMESTONE COLLEGE, MG FREESITES, LTD., d/b/a PORNHUB.COM and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM,<br><br>　　　　　　Defendants. | CA: 7:20-cv-00947-JD<br><br><br><br>**ORDER** |

Before the Court is Plaintiff Janes Does 1-9 ("Plaintiffs") Motion to Alter or Amend (DE 175) this Court's Text Order (DE 172) denying Plaintiffs' Motion to Amend its pleading (DE 145), dated March 21, 2022.[1] Defendants MG Freesites Ltd., d/b/a Pornhub.com ("Freesites") (DE 179) and Hammy Media LTD. d/b/a Xhamster.com ("Hammy Media") (DE 176) oppose the motion. For the reasons set forth below, Plaintiffs' Motion to Alter or Amend (DE 175) is granted in part, to include the relief sought in their underlying Motion to Amend (DE 145).

Plaintiff contends the Court committed an error of law when it denied their Motion to Amend their Complaint based on the belief that Plaintiffs' motion was filed after the scheduling

---

[1]　Although styled as a Motion to Alter or Amend Judgment pursuant to Rule 59(b) Fed. R. Civ. P., the Court presumes this is a scrivener's error and will consider Plaintiffs' motion under Rule 59(e) Fed. R. Civ. P. In that regard, the Court considers this motion pursuant to Federal Rule Civil Procedure 54(b) for an abuse of discretion. Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (citation omitted). "[A] a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) "a subsequent trial produc[ing] substantially different evidence"; (2) a change in applicable law; or (3) clear error causing "manifest injustice." Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (citations omitted). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of "new evidence not available at trial." Id. (citations omitted).

1

order deadline for amendments.  Hence, the Court ruled Plaintiffs failed to meet the "good cause" standard of Rule 16, Fed. R. Civ. P., rather than the freely given standard found in Rule 15, Fed. R. Civ. P., and denied the motion.  Upon reconsideration, the Court agrees that it improvidently ruled the deadline for amendments in the Amended Conference and Scheduling Order dated August 4, 2021 (DE 141) ("Amended Scheduling Order") had passed, which is a clear error of law causing a manifest injustice in part.  Accordingly, the Court amends this ruling and finds that the Court should freely give leave to amend pleadings when justice so requires, and therefore, that standard should be applied here.  See Fed. R. Civ. P. 15(a)(2).

However, the Court's reconsideration of the matter does not resolve the merits of Plaintiffs' underlying request.  "Although leave to amend should be freely given when justice so requires, . . . [a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (brackets and internal quotation marks omitted).  To that end, "[d]elay alone, without prejudice, does not support the denial of a motion for leave to amend."  Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987) (citing Sweetheart Plastics, Inc. v. Detroit Forming, Inc., 743 F.2d 1039, 1044 (4th Cir. 1984) ("Absent prejudice to the opposing party, the mere fact that an amendment is offered late in the case is not enough to bar it.")).  Further, if an amendment would fail to withstand a motion to dismiss, it is futile.  See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).  Applying that standard, a motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint.  See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).  "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief."  Mylan Labs., Inc. v. Matkari,

7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id. To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Here, Plaintiffs seek to add the former President of Limestone College, Dr. Walter "Walt" Griffin ("Dr. Griffin") as a party, as well as dozens of new allegations, eleven new defendants, and a statutory claim for violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Since bad faith has not been alleged, the Court will evaluate Plaintiffs' Motion to Amend under the prejudice to the opposing party or futility prongs of the test.[2] As to the addition of Dr. Walter "Walt" Griffin, Defendant Limestone contends that this addition would be futile as Dr. Griffin passed away on October 18, 2021, and Plaintiffs did not move to add Dr. Griffin before his death. Plaintiffs effectively concede this point but contend this fact should not forego future claims against Dr. Griffin's estate. Nonetheless, the Court agrees Plaintiffs' Motion to Amend is futile on this issue, and therefore, Plaintiffs' Motion to Amend in that regard is denied.

As to Plaintiffs' request to add new allegations, eleven new defendants, and a TVPRA[3] claim, Defendants Freesites and Hammy Media oppose the motion because they argue among

---

[2]     Although Freesites mentions bad faith in its opposition to Plaintiffs' motion to amend it concedes that the facts it relies on in this case raises only an inference of bad faith not that there has been bad faith.

[3]     Hammy Media asserts as part of its futility argument that it has immunity under 47 U.S.C. § 230(e), and therefore, Plaintiff's TVPRA claim should be dismissed. However, this Court has previously declined to rule on claims of immunity under Section 230 of the CDA at the motion to dismiss stage. See DE 133, p. 2, n. 1, (finding that "[t]he protection claimed here is an affirmative defense, which does not justify dismissal under Rule 12(b)(6). See Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003) (finding that § 230 is an affirmative defense and noting that "[a]ffirmative defenses do not justify dismissal under Rule

other things prejudice due to delay in proceeding with this litigation and futility. Given the number of amendments, the Court agrees at first impression with Defendants' contention that "the Plaintiffs appear to be casting about with an ever-widening circle of potential defendants" and "shifting theories of liability (all based on the same underlying facts)." (DE 162, p. 1-2.) However, the ever-widening circle was facilitated in part by Freesites' consent to amend the Amended Scheduling Order, which permitted amendments to the pleading until July 25, 2022. Further, with respect to Hammy Media, the Fifth Amended Complaint removes four previously-alleged causes of action and replaces one new cause of action. Moreover, Hammy Media only recently filed its first Answer (DE 173) in this case on March 29, 2022 (because it was recently served), and the Discovery deadline expires October 24, 2022.[4] These factors disfavor Defendants' arguments of undue prejudice or delays. See Sweetheart Plastics, Inc. v. Detroit Forming, Inc., 743 F.2d 1039, 1044 (4th Cir. 1984) ("Absent prejudice to the opposing party, the mere fact that an amendment is offered late in the case is not enough to bar it.") Accordingly, the Court rejects any claims of prejudice.

As to Defendants' futility arguments regarding Plaintiffs' new allegations and the TVPRA claim, the Court finds, viewing the complaint in a light most favorable to the Plaintiffs, that the amended complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Here, Plaintiffs sufficiently allege that the applicable Defendants knowingly facilitated criminal conduct, materially contributed to the creation of illegal content, and intentionally possessed and facilitated the distribution of illegal content through their

---

12(b)(6) . . . .")). Accordingly, consistent with the Court's previous ruling, the Court will not consider this defense at this stage of the litigation.

[4]     The Court notes that Hammy Media's Answer is not its first substantive filing in this case in that it filed a response in opposition to Plaintiffs Motion to Amend but waited until it knew which complaint to answer before filing the same to include asserting a personal jurisdiction defense. See DE 162, p. 2, n. 1.

collective operations. (See DE 145-1, ¶¶ 88-109.)  In addition, Plaintiffs have sufficiently alleged that each of the eleven additional parties are alter egos of their respective affiliate, subsidiary, parent or sister companies and operate as a single business enterprise with Hammy Media. (See DE 145-1, ¶¶ 28, 41.)  Regarding Hammy Media's personal jurisdiction claims on behalf of the proposed defendants, the Court will address that matter when the parties have made an appearance and/or when the Court decides Hammy Media's personal jurisdiction defense (DE 174).

## CONCLUSION

For the foregoing reasons, Plaintiffs Motion to Alter or Amend (DE 175) is granted in part, and it is Ordered that Plaintiffs' Motion to Amend Complaint (DE 145) is granted as provided herein.

**AND IT IS SO ORDERED.**

                                                                          Joseph Dawson, III
                                                                          United States District Judge

June 2, 2022
Greenville, South Carolina