# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Jane Does 1-9, <br><br> Plaintiffs, <br><br> v. <br><br> Collins Murphy, Limestone College, Mindgeek Holding SARL a/k/a Mindgeek USA, Inc. d/b/aPornhub.com, and Hammy Media, Ltd. d/b/a Xhamster.com,, <br><br> Defendants. | Civil Action No.: 7:20-cv-00947-JD <br><br><br> DEFENDANT COLLINS MURPHY'S ANSWER TO PLAINTIFFS' FIFTH AMENDED COMPLAINT |

Defendant Collins Murphy ("Murphy" or "Defendant"), by and through its undersigned counsel, answers the Plaintiffs' Fifth Amended Complaint as follows:

## FOR A FIRST DEFENSE

Each and every allegation of Plaintiffs' Fifth Amended Complaint not specifically admitted, explained, or modified herein is denied.

1.  In response to the allegations contained in Paragraphs 2, 3, 4, 74, 75, 76, 77, 78, 79, 81, 82, 86, 87, 88, 89, 94, 105, 107, 108, 110, 134, 135, 136, 137, 138, 139, 140, 141, 143, 144, 147, 148, 149, 151, 155, 156, 157, 159, 160, 161, 162, 163, and 164 of the Plaintiffs' Fifth Amended Complaint, including all subparts and subparagraphs therein, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5. Pursuant to this

constitutional safeguard, the Defendant would show that he is not compelled to respond to the specific numerated paragraphs above.[1]

2. Defendant would show that the allegations contained in Paragraph 1 of the Plaintiffs' Fifth Amended Complaint do not pertain to Defendant and therefore no response by him is required. To the extent the allegations contained in Paragraph 1 could in any way be construed so as to impose liability upon Defendant in this lawsuit for any reason whatsoever, those allegations are denied.

3. The allegations contained in Paragraph 5 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 5 could in any way be construed so as to impose liability

---

[1] See generally, N. River Ins. Co. v. Stefanou, 831 F.2d 484, 486-487 (4th Cir. 1987). In Stefanou, in determining whether a Defendant in a civil matter may invoke a constitutional protection against self-incrimination, the court reasoned as follows:

> The failure to deny an allegation in a pleading to which a responsive pleading is required constitutes an admission of that allegation. Fed.R.Civ.P. 8(d). However, when properly invoked, the fifth amendment privilege against self-incrimination, which applies to civil proceedings as well as criminal, can avoid the operation of Rule 8(d). The privilege applies not only at trial but also at the pleading stage.
>
> ***
>
> The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. But for one to invoke this privilege the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim.
>
> Id.

against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

4. The allegations contained in Paragraph 6 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 6 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 7-15 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

6. Defendant admits only so much of the allegations contained in Paragraph 16 of Plaintiffs' Fifth Amended Complaint as allege Defendant Limestone College is a private co-ed liberal arts college located at 1115 College Drive, Gaffney, South Carolina. The remaining allegations contained in Paragraph 16 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 16 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

7. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

9. Defendant admits the allegations contained in Paragraph 19 of the Plaintiffs' Fifth Complaint, upon information and belief.

10. The allegations contained in Paragraph 20 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 20 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

13. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

14. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

15. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

16. Defendant acknowledges and admits the designation of nomenclature contained in Paragraph 26 of the Plaintiffs' Fifth Amended Complaint.

17. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

18. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

19. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

20. The allegations contained in Paragraph 30 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 30 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

21. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

22. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

23. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

24. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

25. Defendant acknowledges and admits the designation of nomenclature contained in Paragraph 35 of the Plaintiffs' Fifth Amended Complaint.

26. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 36 through 69 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.  To the extent the allegations contained in Paragraphs 36 through 69 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

27. In response to the allegations contained in Paragraph 70 of the Plaintiffs' Fifth Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

28. Defendant admits the allegations contained in Paragraph 71 of Plaintiffs' Fifth Amended Complaint, upon information and belief.

29. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them.

30. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them. To the extent the allegations contained in Paragraph 73 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

31. Defendant admits the allegations contained in Paragraph 80 of the Plaintiffs' Fifth Amended Complaint, upon information and belief.

32. Defendant admits the allegations contained in Paragraph 83 of the Plaintiffs' Fifth Amended Complaint, upon information and belief.

33. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 84 of Plaintiffs' Fifth Amended Complaint and therefore denies them.

34. Defendant has insufficient information to admit or deny the allegations contained in Paragraph 85 of Plaintiffs' Fifth Amended Complaint and therefore denies them.

35. Defendant would show that the allegations contained in Paragraphs 90 through 92 of the Plaintiffs' Fifth Amended Complaint do not pertain to Defendant and therefore no response is required. To the extent the allegations contained in said Paragraphs could in any way be construed so as to impose liability upon Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

36. The allegations contained in Paragraph 93 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 93 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

37. In response to the allegations contained in Paragraph 95 of the Plaintiffs' Fifth Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

38. In response to Paragraph 96, Defendant craves reference to the language and terms of the Trafficking Victims Protection Act and denies any all allegations contained in Paragraph 96 which are inconsistent therewith.

39. In response to Paragraph 97, Defendant craves reference to the language and terms of the Trafficking Victims Protection Reauthorization Act and 18 U.S.C. § 1595 and denies any all allegations contained in Paragraph 97 which are inconsistent therewith.

40. In response to Paragraph 98, Defendant craves reference to the language and terms of the Trafficking Victims Protection Reauthorization Act and denies any all allegations contained in Paragraph 98 which are inconsistent therewith.

41. In response to Paragraph 99, Defendant craves reference to the language and terms of 18 U.S.C. § 1591(e)(3) and denies any all allegations contained in Paragraph 99 which are inconsistent therewith.

42. In response to Paragraph 100, Defendant craves reference to the language and terms of 18 U.S.C. § 1591(a)(1) and 18 U.S.C. § 1591(a)(2) and denies any all allegations contained in Paragraph 100 which are inconsistent therewith.

43. In response to Paragraph 101, Defendant craves reference to the language, terms, and legislative intent of the Fight Online Sex Trafficking Act, Stop Enabling Sex Traffickers Act, and 47 U.S.C. § 230 and denies any all allegations contained in Paragraph 101 which are inconsistent therewith.

44. The allegations contained in Paragraph 102 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 102 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

45. Defendant denies the allegations contained in Paragraph 103 of the Plaintiffs' Fifth Amended Complaint as stated.

46. The allegations contained in Paragraph 104 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 104 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

47. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Plaintiffs' Fifth Amended Complaint, and therefore denies them. To the extent the allegations contained in Paragraph 106 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

48. Defendant denies the allegations contained in Paragraph 109 of the Plaintiffs' Fifth Amended Complaint as stated.

49. In response to the allegations contained in Paragraph 111 of the Plaintiffs' Fifth Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

50. The allegations contained in Paragraph 112 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 112 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

51. Defendant denies the allegations contained in Paragraph 113 through 132 of the Plaintiff's Fifth Amended Complaint as they commonly allege Defendant was acting, or is continuing to act in a concerted endeavor with Defendants Mindgeek and xHamster.

52. In response to the allegations contained in Paragraph 133 of the Plaintiffs' Fifth Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

53. In response to the allegations contained in Paragraph 142 of the Plaintiffs' Fifth Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

54. The allegations contained in Paragraph 145 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 145 could in any way be construed so as to impose liability

against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

55. The allegations contained in Paragraph 146 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraph 146 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

56. In response to the allegations contained in Paragraph 150 of the Plaintiffs' Fifth Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

57. The allegations contained in Paragraphs 152 through 154 of the Plaintiffs' Fifth Amended Complaint constitute legal conclusions to which no response is required. To the extent the allegations contained in Paragraphs 152 through 154 could in any way be construed so as to impose liability against Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

58. In response to the allegations contained in Paragraph 158 of the Plaintiffs' Fifth Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

59. In response to the allegations contained in Paragraph 165 of the Plaintiffs' Fifth Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

60. Defendant would show that the allegations contained in Paragraphs 166 through 193 of the Plaintiffs' Fifth Amended Complaint do not pertain to Defendant and therefore no

response is required. To the extent the allegations contained in said Paragraphs could in any way be construed so as to impose liability upon Defendant in this lawsuit for any reason whatsoever, the Defendant invokes the constitutional privilege imparted to him under U.S.C.A. Const. Amend 5.

61. In response to the allegations contained in Paragraph 194 of the Plaintiffs' Fifth Amended Complaint, Defendant repeats and realleges all prior responses above as if fully set forth herein verbatim.

62. Defendant denies the allegations contained in Paragraph 194 through 197 of the Plaintiff's Fifth Amended Complaint as they commonly allege Defendant was acting, or is continuing to act in a concerted endeavor with Defendants Mindgeek and xHamster.

63. Defendant denies the allegations contained in Plaintiffs' Prayer for Relief.

## AS A FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

64. One or more of the Plaintiffs' Causes of Action fails to state a claim upon which relief can be granted against Defendant and therefore should be dismissed under Fed.R.Civ.P. 12(b)(6).

## AS A SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

65. The claims set forth in the Plaintiffs' Fifth Amended Complaint are or may be barred, in whole or in part, by the applicable statute(s) of limitations.

## AS A THIRD AFFIRMATIVE DEFENSE
(Punitive Damages)

66. An award or assessment of punitive or exemplary damages against Defendant as prayed for by the Plaintiffs in this Plaintiffs' Fifth Amended Complaint would violate this Defendant's constitutional rights under the Due Process clause of the Fifth and Fourteenth

Amendments to the United States Constitution, the Excessive Fines clause of the Eighth Amendment to the United States Constitution, the Double Jeopardy clause of the Fifth Amendment to the United States Constitution, and similar provisions in the South Carolina Constitution, applicable statutes and court rules, and this Defendant pleads such constitutional provisions as a complete defense to any claim for punitive damages.

<u>AS A FOURTH AFFIRMATIVE DEFENSE</u>
(Punitive Damages)

67.     An award of punitive damages under South Carolina law against Defendant would violate the 5th, 6th, and 14th Amendments of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that:

a)  The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

b)  Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c)  Any award of punitive damages based upon the wealth of this Defendant violates due process guarantees;

d)  The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e)  Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

f)  The Plaintiffs' claim for punitive damages violates the Equal Protection Clause of the 14th Amendment of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based on the wealth of this Defendant.

<u>AS A FIFTH AFFIRMATIVE DEFENSE</u>
(Failure to Join Necessary Party)

68. Further responding to the Plaintiffs' Fifth Amended Complaint and as an affirmative defense thereto, Defendant would show that the Plaintiffs may have failed to join a necessary party to this litigation as required by Fed.R.Civ.P. 19 and Plaintiffs' Fifth Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(7).

AS A SIXTH AFFIRMATIVE DEFENSE
(S.C. Code Ann. § 15-38-510 et. seq.)

69. Defendant pleads the limitations on damage awards found in S.C. Code Ann. § 15-38-510 et. seq. and requests bifurcation in accordance with these code sections.

AS A SEVENTH AFFIRMATIVE DEFENSE
(Cap on Punitive Damages – S.C. Code Ann. § 15-38-530)

70. Plaintiffs' claims may be barred or limited by S.C. Code Ann. § 15-38-530.

AS AN EIGHTH AFFIRMATIVE DEFENSE
(Non-Waiver)

71. Defendant reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

AS A NINTH AFFIRMATIVE DEFENSE
(Incorporation)

72. Defendant hereby incorporates and asserts all defenses, counterclaims, set-offs, and credits pled by other parties to this action, to include any pleadings filed after this Answer, and specifically, without limitation, all defenses, counterclaims, set-offs, and credits pled to Plaintiffs' claims, to the extent not inconsistent with its Answer herein and its denial of liability of any kind.

WHEREFORE, having fully answered the allegations herein, Defendant prays that this honorable Court:

    a) dismiss Plaintiffs' Fifth Amended Complaint against Defendant with prejudice.

b) award the Defendant costs and reasonable attorney's fees in defending this action.

c) grant Defendant a trial by jury; and

d) grant Defendant any other relief the Court may be deem just and proper.

        **HALL, BOOTH, SMITH, P.C.**

        /s/ Alan Belcher

        _____
        Alan R. Belcher, Jr., Esquire, Bar No. 9342
        111 Coleman Blvd., Suite 301
        Mt. Pleasant, SC 29464
        Telephone: (843) 720-3460
        Facsimile: (843) 720-3458
        alan.belcher@hallboothsmith.com

        *Attorney for Collins Murphy*

This 16th day of FJune, 2021