

SARAH U. SHIFLETT
_____
CITY ATTORNEY

205 WEST MEADOW STREET
GAFFNEY, SC 29341

### Office of the City Attorney

TEL 864-489-0830
FAX 864-489-0840

December 30, 2021

Marc E. Mayer, Esquire
Mitchell, Silberberg & Knupp, LLP
2049 Century Park East
18th Floor
Los Angeles, CA  90067

RE:   Rule 45 Subpoena in Jane Does 1-9 vs. Collins Murphy, et al
       7:20-CV-00947-TMC

Dear Mr. Mayer:

I am responding to the Rule 45 subpoena which your firm served on the Gaffney Police Department.    There is an ongoing criminal investigation regarding the incident that occurred at Limestone College (now University) in the City of Gaffney, which apparently is the subject of your civil lawsuit.  In that investigation, Collins Murphy has been named a person of interest and I note that he is a Defendant in your civil suit.

The Gaffney Police Department is informed and believes that the production of materials in its law enforcement investigatory file will jeopardize its investigation. Therefore, the current Chief of the Gaffney Police Department claims a qualified law enforcement investigatory privilege against the production or release of the investigative file.   Enclosed with this letter is the Affidavit of the Chief of Police verifying his objection to the request.

The City is informed and believes that the material you are seeking can be obtained from parties to the lawsuit, other third parties or other means rather than requiring the City to produce confidential investigative materials.   In the event you feel you must obtain the City's file, the City requests that you obtain a Court Order protecting the City and its investigation and the privacy and rights of all parties potentially impacted by your request for production.

I would ask that you copy all other parties to the lawsuit with this letter and a copy of the Affidavit, as I am not sure who those other parties and attorneys might be. Thank you for your attention in this matter and please do not hesitate to contact me with questions.



With kindest regards, I am,

Very truly yours,

Sarah U. Shiflett

SUS/se

cc:   Mr. James R. Taylor, City of Gaffney Administrator
Chief Gerald Knight, Gaffney Police Department
R. Taylor Speer, Esquire

2

EXHIBIT E

STATE OF SOUTH CAROLINA    )    IN THE FEDERAL DISTRICT COURT
                            )    CASE NO.# 7:20-CV-00947-TMC
COUNTY OF CHEROKEE    )
                            )
                            )
Jane Does 1- 9    )
                            )
          Plaintiffs,    )
                            )
      vs.    )    AFFIDAVIT of GERALD KNIGHT
                            )    CHIEF OF POLICE, CITY OF GAFFNEY
Collins Murphy, et al,    )
                            )
         Defendants.    )
                            )

1.     I am Gerald Knight and I am the current Chief of Police for the City of Gaffney, having been appointed to this position on July 2, 2021.

2.     I have reviewed a document in the above referenced case entitled "Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action" and an Exhibit "A" dated October 12, 2021, a copy of which is attached.

3.     The aforementioned document was received by the Gaffney Police Department in October 15, 2021.

4.     Although I have not been provided additional information about the civil lawsuit, the City of Gaffney has an ongoing criminal investigation regarding the matter that appears to be the subject of this civil lawsuit.

5.     Based on my 30 years of law enforcement experience with the Prince George's County Police Department, which is the fourth largest law enforcement agency in the State of Maryland and consists of more than 1,500 police officers and 300 civilians who provide a full range of law enforcement services to nearly 900,000 residents and business owners, I would submit that a criminal



investigation is a time-consuming and complex matter and the contents of an investigatory file must be handled with extreme care in order to avoid compromising the investigation.

6.    I would further submit that based on my experience, the production of materials obtained in a criminal investigation can jeopardize the investigation by revealing confidential information to targets of the investigation and others.

7.    Also in this case, there are numerous victims, some of whom are unidentified and I feel that the production of the materials sought is not in the best interests of the victims, potential subjects or members of the public.

8.    Due to these facts and my experience, I object to the production of the materials requested in the attached subpoena and wish to claim a qualified law enforcement investigatory privilege against the production of these materials.


FURTHER affiant sayeth not.

Gerald Knight

SWORN to before me this 30ᵗʰ
day of November , 2021
                                    (SEAL)
Sarah U. Shiflett
Notary Public for South Carolina
My commission expires: 1/24/2023

2

EXHIBIT E

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTH CAROLINA

| | | |
|---|---|---|
| JANE DOES 1-9, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 7:20-CV-00947-TMC |
| | ) | |
| COLLINS MURPHY, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Gaffney Police Department, 201 North Limestone Street Gaffney, SC 29340 United States of America

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| | |
|---|---|
| Place: Turner Padget Graham and Laney P.A., 200 East Broad Street, Suite 250 Greenville, SC 29601 (864) 552-4618, c/o R. Taylor Speer | Date and Time: November 1, 2021 |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/12/2021

|                        CLERK OF COURT            | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Marc E. Mayer |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant MG Freesites, Ltd. _____, who issues or requests this subpoena, are:
Marc E. Mayer / Mitchell Silberberg & Knupp LLP / 2049 Century Park East, 18th Floor, Los Angeles, CA 90067 / mem@msk.com / Telephone: 310-312-2000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

135540081



American LegalNet, Inc.
www.FormsWorkFlow.com

**EXHIBIT E**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 7:20-CV-00947-TMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

13554608.1





AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).





| Attorney or Party without Attorney:<br>Marc E. Mayer<br>MITCHELL SILBERBERG & KNUPP LLP<br>2049 Century Park East 18th Floor<br>Los Angeles, CA 90067<br>Telephone No: 310-312-2000<br>Attorney For: Defendant<br>MG Freesites, Ltd | | For Court Use Only |
|---|---|---|
| | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States District Court for the District of South Carolina | | |
| Plaintiff: JANE DOES 1-9,<br>Defendant: COLLINS MURPHY | | |
| **PROOF OF SERVICE** | Hearing Date:<br>November 1, 2021 | Time: | Dept/Div: | Case Number:<br>7:20-CV-00947-TMC |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; Fourth Amended Complaint

3.   *a.*  *Party served:*    Gaffney Police Department
    *b.*  *Person served:*  Lorrie Smith, Clerk

4. *Address where the party was served:*    201 N Limestone St, Gaffney, SC 29340

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri, Oct 15 2021 (2) at: 11:00 AM

6. *Person Who Served Papers:*
    a. Nileshkumar Patel
    b. FIRST LEGAL
      1517 W. Beverly Blvd.
      LOS ANGELES, CA 90026
    c. (213) 250-1111

    d. *The Fee for Service was:*

7.   *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

10/18/2021
_____
*(Date)*

_____
*(Signature)*

PROOF OF
SERVICE

6234941
(4792330)

