## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>        Plaintiffs,<br>vs.<br><br>COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD,<br><br>        Defendants. | Case No.: 7:20-cv-00947<br><br>**HAMMY MEDIA LTD.'S RESPONSE TO MG FREESITES LTD'S MOTION TO STAY PURSUANT TO 18 U.S.C. § 1595(B)** |

## **INTRODUCTION**

      MG Freesites Ltd. ("MG") has brought the present motion pursuant to 18 U.S.C. §1595(B), which provides for a stay of all civil proceedings for claims brought under the Trafficking Victims Protection Reauthorization Act ("TVPRA") during the pendency of a criminal action "arising out of the same occurrence in which the claimant is the victim." *Id.* As MG points out in its Motion, the idea behind such a stay was that a civil proceeding should not "hinder prosecutors' abilities to try a case unfettered by the complications of civil discovery." H.R. REP. NO. 108-264(II), at *17 (2003).

      In large part, MG is correct that the consideration of Plaintiffs' *substantive* claims should be stayed pending the resolution of the criminal case against Defendant Collins Murphy. There is

no reason, however, why this Court should delay its consideration of certain procedural gating issues: namely the question of whether this Court has jurisdiction over the parties and over the claims asserted, and whether the claims are barred entirely by the operation of Section 230 of the Communications Decency Act. For that reason, Hammy Media Ltd ("HML") respectfully requests that, if the Court is inclined to stay the present action, that it exempt from such a stay any motions brought pursuant to Rule 12. Indeed, as is discussed below, carving out Rule 12 motions from such a stay is not only in keeping with the intent of §1595(B), but will also result in greater judicial efficiency with respect to the case as a whole.

## PROCEDURAL HISTORY

Plaintiffs filed their original complaint in this action on March 4, 2020, naming four defendants and setting out eight causes of action (including five sounding against Hammy).

Plaintiffs subsequently amended their complaint numerous times. By the time Plaintiffs actually served HML – on September 29, 2021 – the operative complaint was the Fourth Amended Complaint. On November 9, 2021, Plaintiffs filed a motion seeking leave to file a Fifth Amended Complaint.

On March 21, 2022, this Court denied Plaintiffs' Motion to Amend, rendering the Fourth Amended Complaint the active complaint in the case. Accordingly, on March 29, 2022, HML filed both an answer and a Motion for Judgment on the Pleadings with respect to the Fourth Amended Complaint. That Motion remains under consideration by this Court.

On March 30, 2022, Plaintiffs filed a Motion to Reconsider, which this Court allowed on June 2, 2022, making the Fifth Amended Complaint the operative complaint in the present case. On June 17, 2022, HML answered the Fifth Amended Complaint.

It is HML's intent to file a Motion for Judgment on the Pleadings aimed at the Fifth Amended Complaint. In that Motion, HML will argue that this Court lacks personal jurisdiction

2

over HML; lacks subject matter jurisdiction over the TVPRA claim; and that Section 230 of the Communications Decency Act provides HML with complete immunity against Plaintiffs' claims, including the TVPRA claim.

## ARGUMENT

### I. This Court Can and Should Determine Whether It Can Exercise Personal Jurisdiction Over HML Regardless of the Issuance of a Stay.

As the Fourth Circuit has repeatedly held, a Court must first determine if it has personal jurisdiction over the Defendants before any adjudication of issues is proper. *See, e.g, Zeno v. United States,* 451 F. App'x 268, 272 (4th Cir. 2011)("A district court may not adjudicate a dispute over which it lacks personal jurisdiction. …Further, a court is required to resolve threshold jurisdictional issues before considering the merits of a dispute"); *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 533 (4th Cir. 2013)("We address the jurisdictional matter first, as we must verify jurisdiction in order to proceed"); *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544, 548 (4th Cir. 2006)("Personal jurisdiction . . . is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication"), *quoting Ruhrgas AG v. Marathon Oil, Inc.*, 526 U.S. 574, 583 (1999); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("The validity of an order of a federal court depends upon that court's having jurisdiction over *both* the subject matter *and* the parties.").

Because jurisdiction is such a threshold issue and because a decision on the question of whether this Court can properly exercise personal jurisdiction over HML, the Court should carve out questions of personal jurisdiction from any stay that it might enter.

### II. This Court Can and Should Determine Whether It Has Subject Matter Jurisdiction Over Plaintiffs' Regardless of the Issuance of a Stay.

Similarly, "a federal court must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005). Because "subject-matter jurisdiction is a necessary prerequisite to any merits decision by a federal court… a federal court necessarily acts ultra vires when it considers the merits of a case over which it lacks subject-matter jurisdiction. *Id.* at 479-80. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998), *quoting Ex parte McCardle*, 74 U.S. 506 (1868).

A "core component" of subject matter jurisdiction is that the Plaintiff have standing to bring the claim at issue, without which federal jurisdiction is lacking. *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997), *citing Allen v. Wright*, 468 U.S. 737, 751 (1984). Standing, in turn, has "three basic components… injury, causation, and redressability. In order to have standing in federal court, a federal complainant must demonstrate: (1) he has suffered an actual or threatened injury… (2) a causal connection between the injury complained of and the challenged action… and (3) the injury can be redressed by a favorable decision." *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997)(citations omitted).

HML intends to argue in its Motion for Judgment on the Pleadings that this Court lacks subject matter jurisdiction over Plaintiffs' newly-asserted TVPRA claim because the complaint fails to properly allege the necessary causation. This is not surprising.  The Fifth Amended Complaint alleges that – in 2012 – Plaintiffs travelled (by their own volition) to South Carolina to participate in a collegiate sporting event and, while there, they were surreptitiously recorded in various states of undress by defendant Collins Murphy.  Seven years later, someone uploaded the

videos of Plaintiffs to "countless pornographic websites," including xHamster.com, which is owned and operated by HML.

Putting aside some obvious deficiencies in Plaintiffs' Fifth Amended Complaint (there is no allegation that Plaintiffs were minors at the time of the recording, no allegation of a commercial sex act, no allegation that Plaintiffs were "trafficked," and no allegation that Murphy utilized "force, fraud, or coercion"), HML will argue that the causal link between Plaintiffs' alleged injuries and HML fail as a matter of law, depriving the Court of subject matter jurisdiction over Plaintiffs' TVPRA claim.

Because HML's arguments are purely legal in nature (and are based entirely on the pleadings), they will not impede the criminal proceedings and, as such, the Court should carve out questions of subject matter jurisdiction from any stay that it might enter.

### III. This Court Can and Should Determine Whether Plaintiffs' Claims are Barred By Section 230 Regardless of the Issuance of a Stay.

Although this Court previously held that a Rule 12(b)(6) motion was an improper vehicle to raise a Section 230 challenge to Plaintiffs' claims, it also noted that such a challenge *would* be proper in a Rule 12(c) Motion for Judgment on the Pleadings, which is how HML raised the issue in its first Rule 12(c) motion (to the Fourth Amended Complaint) and as it intends to do again with respect to the Fifth Amended Complaint.

This approach is consistent with the Fourth Circuit's holding that Section 230 immunity must be given a broad scope and that the question of such immunity must be decided at the earliest possible point in the litigation so as not to subject a defendant to the need to defend costly litigation where the immunity applies.

Recognizing the importance of Section 230 as a *complete bar* to most civil suits, the Fourth Circuit and courts within this circuit have routinely held that the question of Section 230 immunity

5

should be determined at the "earliest possible stage" of a litigation because, "as we have often explained in the qualified immunity context, 'immunity is an *immunity from suit* rather than a mere defense to liability' and 'it is effectively lost if a case is erroneously permitted to go to trial.' … We thus aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from 'ultimate liability,' but also from 'having to fight costly and protracted legal battles.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 254-55 (4th Cir. 2009)(citations omitted)(italics in original). *See also Advanfort Co. v. Cartner,* 2015 U.S. Dist. LEXIS 199411, at *13-14 (E.D. Va. Oct. 30, 2015)("this Court is not persuaded by Plaintiffs insistence that this issue be decided on a motion for summary judgment after some discovery has been conducted, as opposed to at the motion to dismiss stage. Fourth Circuit precedent directs this Court 'to resolve the question of Section 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from ultimate liability, but also from having to fight costly and protracted legal battles.' …As MarEx points out, the Eastern District of Virginia has not hesitated to grant motions to dismiss based on CDA immunity."); *Russell v. Implode-Explode Heavy Indus.*, 2013 U.S. Dist. LEXIS 133358, at *14-15 (D. Md. Sep. 18, 2013)("Moreover, Section 230 immunity, like other forms of immunity, is generally accorded effect at the earliest point in the litigation because it is otherwise effectively lost if a case is erroneously permitted to go to trial.").

Here, too, the question of HML's entitlement to immunity under Section 230 is purely a question of law that will not in any way intrude upon the criminal case pending against Mr. Murphy and, as such, the Court should consider the question of such immunity regardless of whether it stays the remainder of the case or not.

### IV.   Resolving the Gatekeeping Issues Now, Regardless of The Issuance of a Stay Will Advance The Interests of Judicial Economy.

Finally, even putting aside the issue of fairness to HML, deciding the issues outlined above under Rule 12(c) now, as opposed to waiting for the criminal action to conclude, is in the interests of both the parties and this Court.  Preliminarily, allowing such a motion to proceed (and be decided) does not run afoul of the intent of §1595(B), which (as is noted above) concerns itself with not having a civil proceeding interfere with the prosecution of a criminal matter.  Because none of the issues to be addressed in HML's Rule 12(c) motion require the parties to engage in discovery, there is no risk that this proceeding would interfere with any criminal proceeding.

Moreover, the Court need look no further than the docket in this case to understand how allowing a limited carve-out for Rule 12 motions will greatly enhance the interests of judicial economy.  This case – which was filed more than 2 years ago – remains in its infancy with the pleadings having only closed a few weeks ago, with the filing of answers to HML's Fifth Amended Complaint.  Allowing HML to proceed with the filing of its Rule 12(c) motion may well be dispositive with respect to the case against HML – either because this Court finds that it lacks jurisdiction over HML or because it finds that the claims against HML are barred by Section 230.  And, it seems likely that any decision by this Court on such a motion will be subject to review by the Fourth Circuit.

If this Court were to stay even the resolution of such gatekeeping issues, it may well find itself years down the road – when the criminal case is finally resolved – delayed in its ability to proceed with the case substantively because it will *then* have to address the threshold issues which it could instead resolve now, as the criminal case progresses.  As such, it is in the interest of both the parties and the Court that an exception be made to any stay ordered, allowing HML to proceed with the filing of its Rule 12 Motion and the Court's consideration of the same.

Respectfully Submitted,

/s/ Hannah Rogers Metcalfe
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendant Hammy Media LTD*

July 5, 2022
Greenville, South Carolina