UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| **JANE DOES 1-9,** | Case No.: **7:20-CV-00947-JD** |
| **Plaintiffs,** | |
| vs. | **MOTION TO CONSOLIDATE** |
| **COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS**, **LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD.,** | |
| **Defendants.** | |

COMES NOW Plaintiffs, Jane Does 1-9, by and through their undersigned counsel, respectfully move this Court to consolidate and merge the present case with the pending case of Jane Doe v. Murphy et. al. 7:21-cv-03193-JD, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Plaintiff submits that consolidation is appropriate because both cases involve the same questions of law, and arise out of the same factual occurrences, with the same Defendants. Consolidation further offers efficiency and convenience in this case. Consolidation will result in one trial which will bind all plaintiffs and defendants. This will save time and avoid unnecessary costs to the defendants, the plaintiffs in two actions, witnesses who would otherwise be required to testify in both cases, and this Court.

**BACKGROUND**

This is a case and the companion case 7:21-cv-03193-JD both arise from the use of a hidden "spy camera" in a locker room located within Defendant LIMESTONE UNIVERSITY, for the purpose of surreptitiously filming the Plaintiffs and other women in all stages of undress, and the subsequent uploading of the video footage to one or more websites controlled by Co-Defendants. The cases allege the same causes of action, based on the same alleged conduct, with identity among the Defendants. The cases present the same questions of law and fact.

**LEGAL STANDARD**

Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact." Fed.R.Civ.P. 42(a). Even if there are some questions that are not common, consolidation is not precluded. *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981); See Central Motor Co. v. United States, 583 F.2d 470 (10th Cir. 1978). The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

A court has broad discretion in determining whether consolidation is practical. *Atlantic States Legal Foundation Inc. v. Koch Refining Co.*, 681 F. Supp 609, 615 (D. Minn. 1988). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). See also *Kramer v. Boeing Co.*, 134 F.R.D. 256 (D. Minn. 1991).

## DISCUSSION

Consolidation offers efficiency and convenience in this case. Consolidation will result in one trial which will bind all plaintiffs and defendants. This will save time and avoid unnecessary costs to the defendants, the plaintiffs in two actions, witnesses who would otherwise be required to testify in both cases, and this Court.

Consolidation will not delay the disposition of this case. In fact, it will minimize delays. The plaintiffs and defendants in the other case are at different stages of the discovery process, but this does not bar consolidation. *United States v. City of Chicago*, 385 F. Supp. 540, 543 (N.D. Ill. 1974). Consolidation of the cases in this instance will also allow the Court to hear all dispositive motions in conjunction, expediting their resolution.

Finally, consolidation presents no conflicts of interest, and resolution of the cases together will ensure consistency in the findings and conclusions of the Court. While a new scheduling order will be necessary in order to create a definite schedule of the case, in light of the recent amendments in the operative Complaints, readjustment of the scheduling deadlines is practical and reasonable.

## CONCLUSION

Thus, for the reasons set forth above, Plaintiff respectfully requests that the Court enter an Order to consolidate. A proposed Order is tendered herewith.

**[SIGNATURE BLOCK ON FOLLOWING PAGE.]**

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

<u>s/J. Edward Bell, III</u>
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
BELL LEGAL GROUP, LLC
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
DOLT, THOMPSON, SHEPHERD & CONWAY, PSC
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**ATTORNEYS FOR PLAINTIFF**

Georgetown, SC
June 30, 2022