IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **JANE DOES 1-9,**<br><br>PLAINTIFFS<br><br>vs.<br><br>**MURPHY, et al**<br><br>DEFENDANTS | C/A No. 7:20-CV-00947-DCC<br><br><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME FOR SERVICE** |

## INTRODUCTION

In Hammy Media LTD.'s ("Hammy") latest filing, the porn giant seeks to prevent the addition of several of its affiliate incarnations as defendants by opposing an extension of time to effect service on these foreign companies through the use of the Hague Service Convention. This comes on the heels of a status conference on 08/25/2022 wherein the Plaintiffs advised the Court that an extension of time for service would likely be necessary and the Court explicitly provided 30 days to file the motion if the parties could not work something out. (Dk. 218). Hammy's opposition to service upon companies to which, in the same breath, it disavows relationship serves only to add more bulk to an already burgeoning file.

## RELEVANT PROCEDURAL HISTORY

The Complaint that seeks to add the additional foreign defendants was filed on 06/03/22. On 06/09/22 counsel for the Plaintiffs sought voluntary acceptance of service by Hammy's counsel, which was refused by email dated 06/23/22. Hammy's refusal to accept service necessitated resort to the Hague Service Convention protocols to effect service. Hague service on

the new defendants had not been accomplished at the time of the status conference with this Court on 08/25/22. Plaintiffs' counsel informed the Court of that fact and indicated that additional time would likely be necessary. The Court advised the parties to try to work things out and if that could not be accomplished, to file any necessary motions within 30 days. (Dk. 218). Plaintiffs' counsel attempted several additional conversations regarding service with Defendants and were hoping an agreement was still possible; that Defendants would not ultimately force the expense and delay of Hague service protocols. It was to no avail. Plaintiffs filed a motion for extension of time for service on 09/19/22.

## ARGUMENT

Hammy's arguments are based on the wrong federal procedural rules. Under usual circumstances, Rule 4(m) governs time to effect service of the summons and complaint on a new party. But in the case of foreign defendants under the Hague, the 120-day period for service found in Rule 4(m) does not apply. *Lewis v. Vollmer of Am.*, 2006 WL 3308568, * *2-3 (W.D.Pa.2006). The Hague Service Convention "specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon*, ⸺ U.S. ⸺⸺, 137 S. Ct. 1504, 1507, 197 L.Ed.2d 826 (2017).

Thus, despite Hammy's misguided arguments to the contrary, the federal courts enforce no specific time limit on service in a foreign country, given the challenges of serving process abroad. *Elrod v. Busch Ent. Corp.*, No. 4:09CV164, 2010 WL 11701151, at *2 (E.D. Va. 2010). Under the Hague, a "flexible due diligence standard" is applied to determine whether service is timely. *Cane Creek Cycling Components, Inc. v. Tien Hsin Indus. Co.*, No. 1:07CV133, 2007 WL 3028321, at *2 (W.D.N.C. Oct. 15, 2007). "Flexible due diligence" measures the reasonableness of the plaintiff's effort as well as the prejudice to the defendant from any delay. *Elrod,* supra.

The Plaintiffs have met the 'due diligence' standard. Federal courts have readily acknowledged the inconvenience and delay that accompanies Hague service, which often takes ***six to eight*** months. *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012). In fact, service under the Hague is often so cumbersome that courts have frequently ordered alternative means of service to avoid the delay. See, e.g., *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562–66 (C.D.Cal.2012) (ordering alternative service and noting that service of defendant under the Hague Convention would take four to six months); *Ackerman v. Global Vehicles U.S.A., Inc.*, 2011 WL 3847427, at *3–4 (E.D.Mo. Aug. 26, 2011) (authorizing service on defendant's counsel "so as to not further delay" the lawsuit); *The Knit With v. Knitting Fever, Inc.*, 2010 WL 4977944, at *4–5 (E.D.Pa. Dec. 7, 2010) (plaintiff granted leave to serve a defendant via counsel where Hague Convention service would take up to three months and plaintiff sought a waiver of service from the defendant before seeking leave to serve the defendant by alternative means); *LG Elecs., Inc. v. ASKO Appliances, Inc.*, 2009 WL 1811098, at *4 (D.Del. 2009) (authorizing service on defendant's counsel "to prevent further delays in litigation").

The defendant cannot credibly claim any prejudice resulting from extended service. The defendants have long had notice of the pendency of this action. Hammy had the opportunity to avoid delay by accepting service through counsel and refused. In fact, it seems that delay is the main objective of the defendants, judging by the number of motions to stay and other procedural ploys used to thwart the progress of this case.

Hammy's Response in Opposition completely misses the mark. It is based on the wrong rule and offers the wrong analysis. It then veers into arguing its motion to dismiss for lack of

personal jurisdiction[1], which is – technically – not even properly before the Court. Hammy's Motion to Dismiss was directed to the Fourth Amended Complaint, which is no longer operative.

Under the law of this case, that Motion should be denied. (See Dk. 61, wherein the Court held: "It is well-established that a properly-filed amended pleading supersedes all prior iterations and becomes the operative pleading in the case. Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting Crysen/Montenay Energy Co. v. Shell Oil Co., 226 F.3d 160, 162 (2d Cir. 2000) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'"); see also Ohio River Valley Envtl. Coalition, Inc. v. Timmermeyer, 66 Fed. Appx 468, 471 (4th Cir. 2003) (noting that once a pleading has been amended, the original pleading "no longer perform[s] any function in the case" (emphasis omitted)). Therefore, by filing the Third Amended Complaint, Plaintiffs have rendered the Second Amended Complaint, on which MG's motion to dismiss is based, "of no effect." Fawzy v. Wauqiaz Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) (quoting Young v. City of Mt. Ranier, 238 F.3d 567, 573 (4th Cir. 2001)) (internal quotation marks omitted). Accordingly, because MG's motion to dismiss was directed at the Second Amended Complaint, which has now been superseded by the Third Amended Complaint, MG's motion [46] is hereby DENIED AS MOOT without prejudice and with leave to refile.").

This holding should equally apply to this situation.

## CONCLUSION

The opposition to this simple matter of service is a waste of resources deliberately caused by Hammy's informed actions in refusing acceptance of service and instead proffering pages of

---

[1] Notably, Hammy has refused to answer interrogatories that would show the extent of its business within the forum.

opposition argument that contain no relevance to applicable law. Plaintiffs are allowed additional time to serve under the Hague Convention.

**BELL LEGAL GROUP, LLC**

<u>s/J. Edward Bell, III</u>
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com


**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull ( admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org


**ATTORNEYS FOR PLAINTIFF**

October 6, 2022
Georgetown, SC