# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>        Plaintiffs,<br><br>  v.<br><br>COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD,<br><br>        Defendants. | CASE NO. 7:20-CV-00947-DCC<br><br><br>**DEFENDANTS MINDGEEK S.A.R.L., MINDGEEK USA INC. AND MG BILLING LTD'S MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED COMPLAINT** |

1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION.................................................................................................. 1

II.     BACKGROUND FACTS ...................................................................................... 3

III.    LEGAL STANDARD ........................................................................................... 6

IV.     ARGUMENT ........................................................................................................ 8

      A.     The Court Lacks Personal Jurisdiction Over the Four Newly Added "MindGeek" Defendants. ............................................................................ 8

            1.     The Court Lacks Personal Jurisdiction Over MindGeek S.à.r.l. ....... 11

            2.     The Court Lacks Personal Jurisdiction Over MindGeek USA Inc.... 14

            3.     The Court Lacks Personal Jurisdiction Over MG Billing Ltd. .......... 16

            4.     The Court Lacks Personal Jurisdiction Over MG Freesites II Ltd... 17

      B.     Plaintiffs' Cursory Alter Ego Allegations Are Insufficient To Allege An Alternate Basis For Jurisdiction........................................................ 17

      C.     Plaintiffs' "Shotgun" Allegations Regarding "MindGeek" Also Fail to State A Claim Against Any Of The New "MindGeek" Defendants Under Rule 12(b)(6). ..................................................................................... 20

V.      CONCLUSION ................................................................................................... 22

i

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**CASES**

*Allmond v. Sec. 8 Dep't of Housing*,
   2003 WL 23784041 (E.D. Va. Sept. 25, 2003), *aff'd*, 89 F. App'x 392 (4th
   Cir. 2004) ...................................................................................................................17

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*,
   293 F.3d 707 (4th Cir. 2002) ....................................................................................9, 10

*Armstrong v. Nat'l Shipping Co. of Saudi Arabia*,
   2015 WL 751344 (D. Md. Feb. 20, 2015) ....................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................6, 19

*Black Magic, LLC v. Hartford Fin. Servs. Grp., Inc.*,
   2021 WL 964969 (D.S.C. Mar. 15, 2021) ..............................................................13, 15

*Bristol-Myers Squibb Co.* ["*BMS*"] *v. Superior Ct. of California, San Francisco
   Cnty.*, 137 S. Ct. 1773 (2017) ...........................................................9, 10, 11, 13, 14

*Burkhead v. Wachovia Home Mortg.*,
   2013 WL 2156472 (E.D. Va. May 17, 2013) ...............................................................17

*Calder v. Jones*,
   465 U.S. 783 (1984)......................................................................................................20

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*,
   334 F.3d 390 (4th Cir. 2003) ...........................................................................8, 10, 11, 15

*Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*,
   259 F.3d 209 (4th Cir. 2001) .........................................................................................8

*Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*,
   2016 WL 6781057 (D.S.C. Nov. 16, 2016) .........................................................7, 12, 13

*Doe v. WebGroup Czech Republic, as*,
   2022 WL 982248 (C.D. Cal. Jan. 13, 2022), *amended on reconsideration in
   part sub nom. Doe v. WebGroup Czech Republic*, 2022 WL 982245 (C.D. Cal.
   Feb. 25, 2022) .........................................................................................................21, 22

## TABLE OF AUTHORITIES
<u>(continued)</u>

<u>Page(s)</u>

*ESAB Grp., Inc. v. Centricut, LLC*,
34 F. Supp. 2d 323 (D.S.C. 1999)......................................................................................9

*Ferguson v. Option One Mortg. Corp.*,
2012 WL 8467527 (M.D.N.C. Sept. 25, 2012), *aff'd*, 513 F. App'x 357 (4th
Cir. 2013) .....................................................................................................................7, 21

*Freud Am., Inc. v. Milwaukee Elec. Tool Corp.*,
2020 WL 8248765 (M.D.N.C. June 17, 2020) .................................................................8, 14

*Grant v. Lowe's Home Ctrs. LLC*,
2020 WL 1494070 (D.S.C. Mar. 27, 2020) ...........................................................12, 14, 15

*Gray v. Riso Kagaku Corp.*,
82 F.3d 410, 1996 WL 181488 (4th Cir. 1996) (unpublished)..........................................12, 15

*Haley Paint Co. v. E.I. Dupont De Nemours & Co.*,
775 F. Supp. 2d 790 (D. Md. 2011)...................................................................................7, 10

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
351 F. Supp. 2d 334 (D. Md. 2004)...................................................................................20

*Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*,
505 F. Supp. 3d 570 (M.D.N.C. 2020) ...............................................................................21

*JPB Installers, LLC v. Dancker, Sellew & Douglas, Inc.*,
2017 WL 2881142 (M.D.N.C. July 6, 2017) ...................................................................11, 15

*Juntti v. Prudential-Bache Secs., Inc.*,
993 F.2d 228, 1993 WL 138523 (4th Cir. May 3, 1993) (unpublished)................................21

*Magic Toyota, Inc. v. Se. Toyota Distributors, Inc.*,
784 F. Supp. 306 (D.S.C. 1992)...................................................................................11, 15

*Masselli & Lane, PC v. Miller & Schuh, PA*,
215 F.3d 1320, 2000 WL 691100 (4th Cir. 2000) (unpublished)........................................7, 8

*McGinnis v. Allstate Ins.*,
2015 WL 502240 (W.D.N.C. Feb. 5, 2015) .........................................................................17

iii

# TABLE OF AUTHORITIES
<u>(continued)</u>

<u>Page(s)</u>

*Montague v. Dixie Nat'l Life Ins. Co.*,
  2010 WL 753342 (D.S.C. Feb. 26, 2010) ................................................................19

*Mylan Labs., Inc. v. Akzo, N.V.*,
  2 F.3d 56 (4th Cir. 1993) .........................................................................................13

*Roper v. TAP Pharm. Prods., Inc.*,
  2012 WL 2974912 (D.S.C. July 20, 2012) ..............................................................19

*S. Plastics Co. v. S. Commerce Bank*,
  310 S.C. 256 (S.C. 1992) ...........................................................................................8

*Salley v. Heartland-Charleston of Hanahan, SC, LLC*,
  2010 WL 5136211 (D.S.C. Dec. 10, 2010) ...............................................................7

*ScanSource, Inc. v. Mitel Networks Corp.*,
  2011 WL 2550719 (D.S.C. June 24, 2011).............................................................18

*Schmalfeldt v. Grady*,
  2017 WL 6628187 (D.S.C. Dec. 7, 2017), *report and recommendation
  adopted*, 2017 WL 6621189 (D.S.C. Dec. 28, 2017).........................................9, 10

*Sonoco Prods. Co. v. Inteplast Corp.*,
  867 F. Supp. 352 (D.S.C. 1994).................................................................................9

*Tucker v. Thomas*,
  853 F. Supp. 2d 576 (N.D.W. Va. 2012) .................................................................19

*Unspam Techs., Inc. v. Chernuk*,
  716 F.3d 322 (4th Cir. 2013) .....................................................................................7

*Vision Motor Cars, Inc. v. Valor Motor Co.*,
  981 F. Supp. 2d 464 (M.D.N.C. 2013) ......................................................................7

*Walden v. Fiore*,
  571 U.S. 277 (2014)........................................................................................10, 12, 13

*Walton v. Wheeling Treatment Ctr., LLC*,
  2014 WL 5512808 (N.D.W. Va. Oct. 31, 2014)......................................................19

iv

# TABLE OF AUTHORITIES
<u>(continued)</u>

**<u>Page(s)</u>**

*Weirton Area Water Bd. v. 3M Co.*,
   2020 WL 8184953 (N.D.W. Va. Nov. 20, 2020)....................................................20

*Wright v. Waste Pro USA Inc.*,
   2019 WL 3344040 (D.S.C. July 25, 2019) ...........................................................18

*Young v. Carter*,
   2020 WL 525930 (E.D.N.C. Jan. 31, 2020) ..........................................................19

**STATUTES**

18 U.S.C. § 1595(b)(1) ...........................................................................................6

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure
   Rule 4(d)(3)...........................................................................................................4
   Rule 8 ..........................................................................................................1, 7, 21
   Rule 12(b)(2).....................................................................................1, 6, 7, 8, 14, 17
   Rule 12(b)(6).....................................................................................1, 6, 7, 20, 21

v

## I.    INTRODUCTION

After more than two years of active litigation against MG Freesites Ltd., Plaintiffs' most recent (Fifth Amended) Complaint alleges for the first time – in classic "shotgun" or "group pleading" fashion – that four additional "MindGeek" entities (*see* Fifth Am. Compl. ¶ 26 (hereinafter "5AC"), ECF 193), none of which reside in South Carolina, and three of which reside outside the U.S. (including one which has been dissolved and no longer exists), are jointly and severally liable with MG Freesites Ltd. for Plaintiffs' alleged harm, *id.* ¶ 27.  In their 35-page, 197 paragraph pleading, Plaintiffs devote only a single, conclusory paragraph to each new entity – MG Freesites II Ltd, MindGeek S.à.r.l., MindGeek USA Inc. and MG Billing Ltd. (*see id.* ¶¶ 22-25) – but thereafter resort to group pleading all subsequent allegations by referring to all four, along with MG Freesites, collectively as "MindGeek."  *Id.* ¶ 26.

This pleading style gives zero indication, let alone sufficient notice under Rule 8, of what conduct each of the newly added entities has carried out in order to state either: 1) a cognizable basis for jurisdiction (warranting dismissal under Rule 12(b)(2)); or 2) a cause of action (warranting dismissal under Rule 12(b)(6)).  Plaintiffs fail to include any specific, non-conclusory allegations whatsoever to establish personal jurisdiction over the newly added, so-called "MindGeek" entities.  Dismissal is warranted on these bases alone.

Dismissal is also warranted because the declaration and documentary evidence appended to this Motion disproves the few, boilerplate allegations Plaintiffs do include, easily so – such that it is obvious Plaintiffs' counsel did not undertake any discovery or serious investigation before filing the Fifth Amended Complaint.  Had they done so, they would have quickly learned that not one of the four additional defendants belong in this case, let alone a South Carolina

1

court.  One (MG Freesites II Ltd.) is a non-existent entity that cannot sue or be sued, let alone be subject to jurisdiction in this Court.  Another (MindGeek S.à.r.l.) is a Luxembourg holding company, without employees or operations anywhere, let alone in South Carolina.  Another (MG Billing Ltd.) is an Irish entity which has no offices or employees in South Carolina.  The final one (MindGeek USA Inc.) is based in California and has no offices or employees in South Carolina.  More critically, none of these new defendants own or operate Pornhub.com, the website that Plaintiffs allege made available the surreptitiously recorded videos at the heart of this case.  Thus, they have nothing to do with the conduct at issue in this lawsuit and do not belong in this case.

Given these obvious pleading deficiencies, Plaintiffs' (only) apparent remedy is to allege in wholly conclusory fashion that the newly added entities are "alter egos" of each other and MG Freesites.  But Plaintiffs likewise fail to include any specific, factual, non-conclusory allegations in service of that theory.  Devoting only one pleading paragraph to the *notoriously* complex and highly factual issue, Plaintiffs do nothing more than recite a series of mere "labels" and legal phrases copied from South Carolina's corporate veil-piercing authorities.  According to consistent, Circuit-wide treatment of alter ego pleading standards, Plaintiffs' allegations do not even come close to reaching the proper threshold for either jurisdictional or liability purposes.

These glaring pleading deficiencies cannot be overcome by amendment and the four new "MindGeek" defendants should be dismissed with prejudice.

14741106.9

## II.    BACKGROUND FACTS

### <u>The Videos of Plaintiffs</u>

Plaintiffs are nine female former students at Bellarmine University and members of the school's field hockey team.  They allege that when they were playing an away game at Limestone College (also a named Defendant) on October 5, 2012, they secretly were videotaped in the locker room by a then-Limestone employee, Collins Murphy.  5AC ¶¶ 71-78.  Murphy then, "[a]t some point prior to October, 2019," allegedly participated (in some unspecified manner) in uploading the recordings that he took of Plaintiffs (the "Videos") to "Pornhub."  *Id.* ¶ 81.  While Plaintiffs generally allege that the Videos were uploaded to many pornographic websites, they only identify two: Pornhub.com and xhamster.com.  *Id.*

### <u>Plaintiffs' Initial Complaints and Agreement to Proceed Against MG Freesites *Only*</u>

Plaintiffs' initial Complaint in this lawsuit was filed on March 4, 2020 (ECF 1), but was amended shortly thereafter on March 18, 2020 (ECF 5).  Both of these initial pleadings named "Mindgeek Holding SARL a/k/a Mindgeek USA INC., d/b/a/ Pornhub.com," but Plaintiffs did not attempt to serve that purported entity until June 2020, ***after*** the 90-day deadline for service set forth in the Federal Rules of Civil Procedure had already passed.

On or about June 12, 2020, Plaintiffs contacted MG Freesites' U.S. counsel to ask whether it would accept service of the Amended Complaint on the then-improperly described entity in the Complaint.  *See* Declaration of Marc Mayer ("Mayer Decl.") ¶ 3.  In a show of good faith and in order to avoid delay, MG Freesites' counsel agreed to waive service of a Second Amended Complaint so long as it was amended to proceed against MG Freesites only, *i.e.,* the only proper party for a lawsuit regarding Pornhub.com.  *Id.* ¶ 6.  More specifically, counsel

14741106.9

explained that "Mindgeek Holding SARL" was a non-existent entity and "Mindgeek USA, Inc." was not involved in the Pornhub.com website. *Id.* ¶ 5.

On July 13, 2020, after several weeks of silence from Plaintiffs' counsel (and after Rule 4's 90-day deadline for service had passed), counsel for MG Freesites again offered to waive service as a show of good faith, and referenced the parties' prior understanding and agreement that Plaintiffs would pursue their action *only* against the proper, relevant party. *Id.* ¶ 7. Counsel for MG Freesites and Plaintiffs ultimately agreed to do just that. *Id.* ¶ 10. Consistent with that agreement, Plaintiffs filed a Second Amended Complaint on July 16, 2020 (ECF 33). *See also id.* ¶ 10. Pursuant to Rule 4(d)(3), on September 14, 2020, MG Freesites filed its Motion to Dismiss the Second Amended Complaint (ECF 46). Shortly thereafter, a Third Amended Complaint was filed to add Invasion of Privacy Claims (ECF 60).

### Plaintiffs Add RICO and TVPRA Claims and Engage In Discovery

On December 9, 2020, Plaintiffs filed a *fourth* amended Complaint (fifth Complaint overall) adding a RICO claim. See ECF 79-2. Like its predecessors, this complaint was a group pleading that caused substantial (and consequential) confusion. MG Freesites filed a Motion Dismiss, but because the complaint listed only Defendant xHamster as the subject of the RICO claim, MG Freesites did not move to dismiss that claim. In opposition, Plaintiffs claimed that it was their intention to include MG Freesites as a RICO defendant by way of a group pleading reference to "defendants" throughout, even though the entity was not individually identified in the RICO section.

Thereafter, Plaintiffs pursued aggressive discovery in this case. However, none of their requests sought information regarding the new "MindGeek" entities Plaintiffs seek to sue.

4

Plaintiffs served broad and extensive Requests for Production, Requests for Admission, and Interrogatories upon Defendant MG Freesites in March 2021, as well as a second round of Requests for Production at the end of October 2021. MG Freesites produced documents and audiovisual files. None of those productions included information regarding the new "MindGeek" Defendants.

In June 2021, this Court partially granted MG Freesites' Motion to Dismiss as to Plaintiffs' claims for various Invasion of Privacy Torts as well as Intentional Infliction of Emotional Distress. *See* June 16, 2021 Order (ECF 133). Plaintiffs' claims for Negligent Monitoring, False Light, Civil Conspiracy, and RICO survived the Motion to Dismiss. *Id.* For over a year, the parties proceeded on the assumption that the pleadings had been largely settled.

**Plaintiffs Add the New "MindGeek Defendants" As Well As A TVPRA Claim, Which Prompted Both These Motions and A Motion to Stay Proceedings**

On November 8, 2021, Plaintiffs, without any advance notice or discussion, explanation, or justification, informed MG Freesites by email that the following day (*i.e.*, on a single day's notice) they would be filing a motion for leave to file a Fifth Amended Complaint (*i.e.*, a sixth complaint overall) to add *four* new "MindGeek" defendants. One of these new MindGeek defendants (MG Freesites II) has been dissolved and cannot be sued. Two of the other new MindGeek defendants are European companies – a holding company located in Luxembourg and a billing company located in Ireland – without any presence in the United States or nexus to the facts of this case. The fourth new "MindGeek" company (MindGeek USA Inc.) is based in California, has no South Carolina presence, and does not own or operate Pornhub.com.

Plaintiffs added a claim for violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA") alleging (for the first time) that they were victims of "sex

5

trafficking."  5AC ¶ 102.  Plaintiffs also substantially reworked their RICO claim to rely on "Sex Trafficking" and "Sexual exploitation of children" (*id.* ¶ 115) as predicate acts, even though Plaintiffs do not allege they were minors at the time of the alleged incident, and there are no factual, non-conclusory allegations supporting a claim that MG Freesites and any other individual defendant worked together as an "enterprise."

All Defendants in this case vigorously opposed the amendment, including because the new complaint would ultimately prompt the instant jurisdictional motions to dismiss improper parties as well as a motion to stay proceedings under the TVPRA.  The Court ultimately allowed amendment.  On July 12, 2022, MG Freesites moved to stay these proceedings (ECF 206) because Collins Murphy remains under criminal investigation by the Gaffney Police Department and the TVPRA mandates a stay in these circumstances.  *See* 18 U.S.C. § 1595(b)(1) ("Any civil action filed under subsection (a) ***shall*** be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." (emphasis added)).  If granted, that motion would, in the normal course, require immediate stay of all proceedings – including deadlines to answer and proceed with jurisdictional motions.  The motion is still pending.

### III.   LEGAL STANDARD

Defendants move to dismiss the four newly added "MindGeek" entities under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).  Under Rule 12(b)(6), a complaint must be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted).  Only specific factual allegations are accepted as true, not legal

assertions, "[t]hreadbare recitals of the elements[,]" or "conclusory statements[.]"  *Id*.  And "[b]lanket conclusory allegations as to multiple defendants are insufficient."  *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F. Supp. 2d 464, 468 (M.D.N.C. 2013).

"A complaint which does not distinguish between and among the conduct of the particular defendants fails to give the notice required by Rule 8 of the Federal Rules of Civil Procedure."  *Ferguson v. Option One Mortg. Corp.*, 2012 WL 8467527, at *1 (M.D.N.C. Sept. 25, 2012), *aff'd*, 513 F. App'x 357 (4th Cir. 2013).  These limitations apply with equal force to jurisdictional allegations.  *See, e.g.*, *Haley Paint Co. v. E.I. Dupont De Nemours & Co.*, 775 F. Supp. 2d 790, 799 (D. Md. 2011) (applying general pleading rules to jurisdictional facts).

Rule 12(b)(2) limits a court's exercise of personal jurisdiction over a nonresident defendant to circumstances in which "that defendant has 'certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Unspam Techs., Inc. v. Chernuk*, 716 F.3d 322, 328 (4th Cir. 2013) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  While pleadings are construed in the light most favorable to the plaintiff, a plaintiff must include specific jurisdictional allegations.  As with a Rule 12(b)(6) inquiry, "the court need not 'credit conclusory allegations or draw farfetched inferences[]'" to support jurisdiction.  *Masselli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320 (Table), 2000 WL 691100, at *1 (4th Cir. 2000) (unpublished) (internal citation omitted); *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, 2016 WL 6781057, at *9 (D.S.C. Nov. 16, 2016) ("merely 'conclusory allegations' not supported by 'specific facts' will not do" (internal citations omitted)); *see also Salley v. Heartland-Charleston of Hanahan, SC, LLC*, 2010

7

WL 5136211, at *3-4 (D.S.C. Dec. 10, 2010) (quoting *Masselli & Lane, PC*, 2000 WL 691100, at *1).

A defendant may challenge jurisdictional allegations by submitting rebuttal declarations and/or documentary evidence; the burden thereafter shifts to the Plaintiffs to prove jurisdiction. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) ("When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence."). To meet that burden, a Plaintiff may not rest on bare complaint allegations alone. Where, as here, "a defendant presents evidence indicating that the requisite minimum contacts do not exist," it is the plaintiff who "must come forward with affidavits or other evidence in support of its position." *Freud Am., Inc. v. Milwaukee Elec. Tool Corp.*, 2020 WL 8248765, at *3 (M.D.N.C. June 17, 2020) (quoting *Pathfinder Software, LLC v. Core Cashless, LLC*, 127 F. Supp. 3d 531, 538 (M.D.N.C. 2015)).

## IV. ARGUMENT

### A. The Court Lacks Personal Jurisdiction Over the Four Newly Added "MindGeek" Defendants.

To establish personal jurisdiction over an out-of-state entity in a South Carolina court, a plaintiff must show: (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with the constitutional due-process requirements. *See Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). South Carolina courts interpret the state's long-arm statute to extend to the constitutional limits of due process. *See S. Plastics Co. v. S. Commerce Bank*, 310 S.C. 256, 260 (S.C. 1992). "Thus, the first step [of the above inquiry] … collapse[s] into the

8

second, and the only inquiry [remaining] before the court [in practice] is whether the due-process requirements are met, *i.e.*, whether the defendant has [sufficient] 'minimum contacts' with the forum state … such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Schmalfeldt v. Grady*, 2017 WL 6628187, at *3 (D.S.C. Dec. 7, 2017), *report and recommendation adopted*, 2017 WL 6621189 (D.S.C. Dec. 28, 2017) (quoting *Int'l Shoe Co.*, 326 U.S. at 316); *see also ESAB Grp., Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 328 (D.S.C. 1999); *Sonoco Prods. Co. v. Inteplast Corp.*, 867 F. Supp. 352, 354 (D.S.C. 1994).

In turn, the "minimum contacts" standard can be met in two ways: "by finding specific jurisdiction based on conduct connected to the suit [*i.e.*, "specific jurisdiction"] or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). General jurisdiction requires that Plaintiffs demonstrate contacts that are so constant and pervasive as to render it essentially "at home" there. *Bristol-Myers Squibb Co.* ["*BMS*"] *v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017). This is generally limited to the state where a corporate defendant is domiciled, *i.e.* headquartered or incorporated. *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).

By contrast, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal citation omitted). To determine whether specific jurisdiction exists, South Carolina courts consider: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'"

9

*Carefirst of Maryland, Inc.*, 334 F.3d at 397 (citing *ALS Scan, Inc.*, 293 F.3d at 711-12;

*Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414 & n.8).  "In other words, the

defendant must have 'minimum contacts' with the forum … the cause of action must arise from

those contacts, and the exercise of personal jurisdiction must be reasonable."  *Schmalfeldt*, 2017

WL 6628187, at *3 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)).

There are important limitations to the inquiry.  "District Courts are not required to engage

in speculative inferences from conclusory facts proposed to support personal jurisdiction."

*Schmalfeldt*, 2017 WL 6628187, at *3; *see, e.g.*, *Haley Paint Co.*, 775 F. Supp. 2d at 799

(applying general pleading rules to jurisdictional facts; conclusory assertions of conspiracy and

alter ego insufficient to establish personal jurisdiction).  A defendant's contacts with a person

who resides in the forum, including an "injury to a forum resident[,] is not a sufficient

connection to the forum."  *Walden v. Fiore*, 571 U.S. 277, 290 (2014).  And, a "defendant's

relationship with a … third party, standing alone, is an insufficient basis for jurisdiction."  *BMS*,

137 S. Ct. at 1781.  While courts must consider "the interests of the forum State and of the

plaintiff in proceeding with the cause in the plaintiff's forum of choice[,] … the 'primary

concern' is 'the burden on the defendant.'"  *Id.* at 1780.

Applying those standards here, it is evident that Plaintiffs have failed to include

allegations in their Complaint that correspond to any coherent theory of jurisdiction.  And, even

if they have done so, the declaration and documentary evidence attached hereto establishes that

there is no basis in fact for this Court to exercise jurisdiction over any of the new "MindGeek"

Defendants.  Accordingly, for the reasons that follow, the Court lacks either specific or general

jurisdiction over the "MindGeek" entities.

10

1.     **The Court Lacks Personal Jurisdiction Over MindGeek S.à.r.l.**

Plaintiffs do not include any specific, non-conclusory jurisdictional allegations regarding MindGeek S.à.r.l. that align with either a general or specific jurisdiction theory.  Dismissal of MindGeek S.à.r.l. can and should be granted on that basis alone.

With regard to general jurisdiction, Plaintiffs do not include required allegations (*see BMS*, 137 S. Ct. at 1780) that MindGeek S.à.r.l. is headquartered, based or otherwise principally premised in South Carolina.  It is not.  To the contrary, Plaintiffs allege that MindGeek S.à.r.l. is incorporated in Luxembourg, with a principal place of business in Canada, and offices in a numbers of additional U.S. states (but not South Carolina).  5AC ¶ 23.

With respect to specific jurisdiction, Plaintiffs do not include any specific, non-conclusory allegations whatsoever that S.à.r.l. has "purposefully availed itself of the privilege of conducting activities in" South Carolina or that any "plaintiffs' claims arise out of those activities directed at the state[.]"  *Carefirst of Maryland, Inc.*, 334 F.3d at 397.  Plaintiffs' only allegation mentioning South Carolina contacts at all is that MindGeek S.à.r.l. "conduct[s] business … in South Carolina[.]"  5AC ¶ 23.  This boilerplate, non-specific and conclusory assertion is insufficient to allege jurisdiction, let alone be credited as true.  District courts in this Circuit routinely dismiss actions for lack of jurisdiction on the face of nearly identical allegations.  *See, e.g.*, *JPB Installers, LLC v. Dancker, Sellew & Douglas, Inc.*, 2017 WL 2881142, at *5 (M.D.N.C. July 6, 2017) (dismissal on the face of the pleadings alone because "there are no factual allegations to support the conclusory allegation that [defendant] **conducts … business** in North Carolina" and such allegations are fatally flawed (emphasis added)); *Magic Toyota, Inc. v. Se. Toyota Distributors, Inc.*, 784 F. Supp. 306, 313 (D.S.C. 1992) (dismissal

11

because "[u]pon a search of the Amended Complaint … the Court was only able to find a few

vague, conclusory references to these defendants.").[1]

Plaintiffs also include a short list of scattershot allegations regarding MindGeek S.à.r.l.'s

business generally.  However, none supports the exercise of jurisdiction in this case.  Plaintiffs

allege that MindGeek S.à.r.l. "is the consolidation of two large" third party entities; "acquired

competing businesses"; and owns over one hundred other companies, websites, or brands.  *See*

5AC ¶ 23.  Plaintiffs do not allege that these unspecified third-party companies, businesses,

brands or websites are any more connected to South Carolina than MindGeek S.à.r.l.  And, any

amendment to explain the connection or relevance of these allegations would be futile because

"[a] defendant's relationship with a...third party, standing alone, is an insufficient basis for

jurisdiction."  *Companion Prop.*, 2016 WL 6781057, at *10 (quoting *Walden*, 571 U.S. at 286);

*see also id.* ("the Supreme Court 'ha[s] consistently rejected attempts to satisfy the defendant-

focused 'minimum contacts' inquiry by demonstrating contacts between...third parties[ ] and the

forum State.'").

Lastly, Plaintiffs allege MindGeek S.à.r.l. is the parent company of MG Freesites Ltd.

(5AC ¶ 21), MG Freesites II Ltd. (*id.* ¶ 22), MindGeek USA Inc. (*id.* ¶ 23), and/or MG Billing

Ltd. (*id.* ¶ 25).  This too does not move the needle on jurisdiction.  A parent company is not

subject to personal jurisdiction in a particular forum on the basis of its relationship with a

subsidiary.  *See, e.g.*, *Gray v. Riso Kagaku Corp.*, 82 F.3d 410 (Table), 1996 WL 181488, at *3

(4th Cir. 1996) (unpublished) ("[T]he mere fact that [the defendant's] subsidiaries do business in

---

[1] *See also Grant v. Lowe's Home Ctrs. LLC*, 2020 WL 1494070, at *3 (D.S.C. Mar. 27, 2020)
(dismissal where "the court need not credit [plaintiff's] conclusory allegations about"
defendant's ownership or operation of retail stores in South Carolina).

South Carolina does not confer personal jurisdiction over [the defendant].”); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 63 (4th Cir. 1993) (affirming district court's “holding that the parent-subsidiary relationship between [foreign parent corporation and third-tier subsidiary] is insufficient to justify the exercise of personal jurisdiction over [the foreign parent]”). Neither is it sufficient – or even relevant – for Plaintiffs to allege MindGeek S.à.r.l. “control[s]” its subsidiaries. 5AC ¶¶ 22, 24-25, 27; *see Black Magic, LLC v. Hartford Fin. Servs. Grp., Inc.*, 2021 WL 964969, at *5 (D.S.C. Mar. 15, 2021) (dismissal based on “conclusory” allegations that “[Defendant A] is a wholly owned subsidiary of [Defendant B], which is, in turn, a wholly owned subsidiary of [Defendant C]” and that the parent “control[s]” its subsidiaries).

In the end, Plaintiffs' conclusory allegations regarding “MindGeek” entities' “business … in South Carolina,” corporate structure and purported relationship to third parties, does not explain or make out either South Carolina contacts or the required ***direct*** connection between those contacts and the harm alleged. “When there is no such connection, specific jurisdiction is lacking[.]” *BMS*, 137 S. Ct. at 1781; *see also Companion Prop.*, 2016 WL 6781057, at *9 (“in conducting a minimum contacts analysis, the court must keep in mind that '*the defendant's suit-related conduct* must create a substantial connection with the forum State.'” (quoting *Walden*, 571 U.S. at 284)).

Irrespective of the deficiencies in Plaintiffs' allegations, there is also no factual basis for the exercise of jurisdiction over MindGeek S.à.r.l. As established by the attached Declaration of Andreas Alkiviades Andreou (“Andreou Decl.”), MindGeek S.à.r.l. is a private limited liability company (*societé á responsabilité limitée*) incorporated under the laws of Luxembourg, having its registered office in Luxembourg. Andreou Decl. ¶ 4. The entity is “nothing more than a

13

holding company, without any employees or operations of its own[.]" *Id.* ¶ 6. While S.à.r.l. does own (as a holding company) affiliated entities, it does not exercise any control over the day-to-day operations of those affiliates. *Id.* ¶¶ 5-6. In other words, this holding company is simply not connected in any way to the alleged wrongdoing in this case, let alone to minimum contacts in South Carolina that are related to this case. Dismissal is thus warranted. *See, e.g.*, *Grant*, 2020 WL 1494070, at *3 (granting 12(b)(2) motion where, to rebut conclusory allegations that Lowe's operates retail stores in South Carolina, Lowe's corporate counsel attested in a declaration simply that Lowe's does not, in fact, operate South Carolina locations); *Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, 2015 WL 751344, at *15 (D. Md. Feb. 20, 2015) (denying jurisdictional discovery because, "[i]n the face of [defendant's] 'specific denials,' under oath, plaintiff offers only 'speculation' and 'conclusory assertions' about [the defendant's] alleged contacts with Maryland."); *Freud Am., Inc.*, 2020 WL 8248765 at *3 ("[O]nce a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position." (quoting *Pathfinder Software, LLC*, 127 F. Supp. 3d at 538)).

## 2. The Court Lacks Personal Jurisdiction Over MindGeek USA Inc.

The Court also lacks personal jurisdiction over MindGeek USA Inc. ("MindGeek USA"). Plaintiffs do not allege that MindGeek USA is either headquartered or incorporated in South Carolina (*see* 5AC ¶ 24) for purposes of general jurisdiction. *BMS*, 137 S. Ct. at 1780. To the contrary, Plaintiffs allege MindGeek USA is incorporated in Delaware (5AC ¶ 24), but do not include in the Fifth Amended Complaint *any specific allegations regarding MindGeek USA's contacts with any forum whatsoever.*

14

As for specific jurisdiction, Plaintiffs again plead **only** – without explanation or specific alleged facts – that MindGeek USA "conduct[s] business … in South Carolina[.]"  5AC ¶ 24.  As explained above,[2] this boilerplate statement says nothing about, and does not sufficiently plead the necessary facts, *i.e.*, that MindGeek USA "purposefully availed itself of the privilege of conducting activities in" South Carolina or that any "plaintiffs' claims arise out of those activities directed at the state[.]"  *Carefirst of Maryland, Inc.*, 334 F.3d at 397.  Plaintiffs' only other reference to MindGeek USA is to allege it is a subsidiary (either directly or indirectly) of MindGeek S.à.r.l.  5AC ¶ 24.  But again, bald allegations regarding corporate parent-subsidiary relationships among defendants does not support, let alone establish, specific jurisdiction.  *See, e.g.*, *Gray*, 1996 WL 181488, at *3; *Black Magic, LLC*, 2021 WL 964969, at *5.

Even if these allegations were sufficient to identify a coherent basis for this Court to exercise jurisdiction over MindGeek USA (they do not), the appended Andreou Declaration makes clear that MindGeek USA *does not* purposefully avail itself of this forum – and that Plaintiffs' claims do not arise out of any activities that entity has directed at South Carolina.  Rather, MindGeek USA is a corporation incorporated under the laws of Delaware, and with its principal office located in California.  Andreou Decl. ¶ 12.  MindGeek USA's sole function is to distribute DVD-based content pursuant to the terms of a single contract.  *Id.* ¶ 13.  Plaintiffs do not allege that any of the videos at issue in this case appeared on DVDs.  MindGeek USA does not own or operate any websites at issue in this case, nor does it create, solicit, post, manage, or have any other involvement with Pornhub.com.  *Id.*

---

[2] *See supra* Section IV.A.1 (citing *Grant*, 2020 WL 1494070, at *3; *JPB Installers, LLC*, 2017 WL 2881142, at *5; *Magic Toyota, Inc.*, 784 F. Supp. at 313).

There is simply no nexus between MindGeek USA, South Carolina, and Plaintiffs' claims sufficient to support specific jurisdiction. The Court thus lacks jurisdiction over MindGeek USA and it should accordingly be dismissed from this case.

### 3. The Court Lacks Personal Jurisdiction Over MG Billing Ltd.

The Court also lacks personal jurisdiction over MG Billing Ltd. ("MG Billing"). As explained above, Plaintiffs do not allege any facts supporting general jurisdiction. Plaintiffs do not allege MG Billing is based or headquartered in South Carolina; they allege only that MG Billing is incorporated in Ireland. 5AC ¶ 25. And, as above, Plaintiffs allege only, in fatally vague and boilerplate fashion, that MG Billing "conduct[s] business … in South Carolina." 5AC ¶ 25. Plaintiffs allege that MG Billing "owns, operates, and/or manages the subscription services for one or several of the pornographic websites under the control of MINDGEEK S.A.R.L." (5AC ¶ 25), but does not allege MG Billing engages in any activity or conduct having anything to do with the websites or videos alleged to be relevant *in this case*.

In reality, MG Billing is a foreign limited liability company, created and located in the Republic of Ireland. Andreou Decl. ¶ 16. MG Billing has no offices or employees in the United States. *Id.* ¶ 15. MG Billing is involved solely with payment processing for payment-based websites, but has nothing to do with Pornhub.com, or the content allegedly posted on that website. *Id.* ¶ 17. Plaintiffs have not, and cannot, allege any conduct or activities on the part of MG Billing in South Carolina that are related to Plaintiffs' claims. The Court thus lacks jurisdiction over MG Billing, and it should be dismissed from this case.

16

4. **The Court Lacks Personal Jurisdiction Over MG Freesites II Ltd.**

Lastly, Plaintiffs' allegations regarding MG Freesites II are easily disposed of because that entity has been dissolved and *no longer* exists. Andreou Decl. ¶¶ 20-21; Mayer Decl. Ex. C. As such, Plaintiffs cannot maintain an action against – and this Court cannot exercise jurisdiction over – that entity *as a matter of law*. *See, e.g.*, *McGinnis v. Allstate Ins.*, 2015 WL 502240, at *2 (W.D.N.C. Feb. 5, 2015) ("An entity that does not exist cannot be sued. Accordingly, the Court dismisses all claims in this matter brought against" nonexistent entities); *Burkhead v. Wachovia Home Mortg.*, 2013 WL 2156472, at *1 n.1 (E.D. Va. May 17, 2013) ("the Court takes judicial notice that Wachovia no longer exists as an independent entity and thus dismisses all claims against it."); *Allmond v. Sec. 8 Dep't of Housing*, 2003 WL 23784041, at *2 (E.D. Va. Sept. 25, 2003), *aff'd*, 89 F. App'x 392 (4th Cir. 2004) (granting defendant's 12(b)(2) motion because "[a]n entity that does not exist cannot be sued."). MG Freesites II should accordingly be dismissed from this case.

B. **Plaintiffs' Cursory Alter Ego Allegations Are Insufficient To Allege An Alternate Basis For Jurisdiction.**

Perhaps realizing that they do not, and cannot, make any specific allegation to support the exercise of general or specific jurisdiction over the above entities, Plaintiffs seek to sidestep that burden altogether by alleging that the "MindGeek entities are or were the alter egos of each other" and MG Freesites and therefore "are jointly and severally liable in this action as alter egos of the other." 5AC ¶ 27. Presumably, Plaintiffs seek to impute the jurisdictional contacts of MG Freesites to the other named "MindGeek" entities.

Plaintiffs' alter ego allegations are legally deficient and factually incorrect. "In determining whether to exercise jurisdiction based on the alter-ego theory, the court must find

17

the following factors: (1) common ownership; (2) [lack of] financial independence; (3) degree of selection of executive personnel and failure to observe corporate formalities; and (4) the degree of control over marketing and operational policies." *Wright v. Waste Pro USA Inc.*, 2019 WL 3344040, at *5 (D.S.C. July 25, 2019). Plaintiffs "must show that the subsidiary functions as the agent or mere department of the parent—that is, that the subsidiary does all the business which the parent corporation could do if here on its own." *Id.* "It is essential that <u>all four factors be present with sufficient factual specificity</u> to confer jurisdiction on [ ] courts." *Id.*

Devoting a single paragraph to the topic (out of a lengthy 197 paragraphs), Plaintiffs fail to adequately address – or even mention – these required factors. Plaintiffs do not even mention the first alter ego factor – common ownership. They make various vague allegations that MindGeek S.à.r.l. is the owner and/or parent of the other so-called "MindGeek" defendants (5AC ¶¶ 22-27). However, allegations that entities simply operate as part of a typical corporate structure are not the same as alleging common ownership for alter ego purposes. If parent/subsidiary-type allegations "were sufficient to confer jurisdiction over a parent company, virtually all parent companies could be hauled into every forum in which its subsidiaries did business." *ScanSource, Inc. v. Mitel Networks Corp.*, 2011 WL 2550719, at *6 (D.S.C. June 24, 2011) (finding no personal jurisdiction and denying jurisdictional discovery where plaintiff's alter ego allegations simply described a parent/subsidiary relationship).

Plaintiffs likewise do not address the second (financial independence), third (observance of corporate formalities) or fourth (control over marketing and operational policies) alter ego factors. The Complaint is devoid of any reference to corporate formalities whatsoever. As for finances and control, the closest Plaintiffs get is to allege in conclusory, boilerplate fashion that

18

MindGeek S.à.r.l. exercises "ultimate control and dominion of the finances, policy, and business practices of the MindGeek entities" and that the entities are "related companies" and "alter egos of each other … commingling its funds and other assets" in order to "hide[.]"  5AC ¶ 27.

Courts regularly dismiss cases purporting to name alter ego defendants premised upon the recitation of legal and conclusory labels (nearly identical to what Plaintiffs have pled here) such as "alter ego," "domin[ion][,]" "control" over business and finances generally, or reference to "related" businesses or misuse of funds.  *Young v. Carter*, 2020 WL 525930, at *4 (E.D.N.C. Jan. 31, 2020) (citing *Iqbal*, 556 U.S. at 677); *see also Montague v. Dixie Nat'l Life Ins. Co.*, 2010 WL 753342, at *1-3 (D.S.C. Feb. 26, 2010) (holding nearly identical allegations that defendant "exercised total dominion and control [over the other defendant], siphoned off assets, and exists as a mere facade for the operations" was a "formulaic recitation of legal elements or conclusions bereft of facts that would allow the court to conclude that the complaint plausibly states a claim for relief under any conceivably applicable law").[3]

Neither can Plaintiffs look to their many allegations mentioning "MindGeek" – a defined group pleading term referring to MG Freesites as well as the four new entities – to bolster their non-existent alter ego allegations.  A plaintiff may not lean on "broad group pleadings" that "fail to note a single specific act taken by" an individual defendant in order to support the exercise of

---

[3] *See also Roper v. TAP Pharm. Prods., Inc.*, 2012 WL 2974912, at *4 (D.S.C. July 20, 2012) (rejecting very similar "conclusory allegations" that one party directed the operations of another); *Tucker v. Thomas*, 853 F. Supp. 2d 576, 591 (N.D.W. Va. 2012) (nearly identical allegations that defendants are related companies and "alter-egos of each other," engaging in sham transactions to avoid liability, are "conclusory and/or simply state legal terms listed as elements of alter-ego theory."); *Walton v. Wheeling Treatment Ctr., LLC*, 2014 WL 5512808, at *3 (N.D.W. Va. Oct. 31, 2014) (allegation that defendants "are involved in a joint venture or agency relationship" regarding the operation of a single entity is a "conclusory statement" that cannot support jurisdiction).

jurisdiction over that defendant. *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 354 (D. Md. 2004); *see also Weirton Area Water Bd. v. 3M Co.*, 2020 WL 8184953, at *7 (N.D.W. Va. Nov. 20, 2020) (the plaintiffs "engaged in improper group pleading, [and] thus fail[ed] to plead any facts giving rise to a plausible assertion of personal jurisdiction"). Ultimately, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

There is likewise no factual basis to conclude that MindGeek S.à.r.l., MindGeek USA, and/or MG Billing are alter egos of one another. Each of these entities is adequately capitalized, possesses its own bank accounts and enters into contracts on its own account. *See* Andreou Decl. ¶¶ 7, 11, 14, 18. Each has the equivalent of its own designated board of directors and observes all necessary and appropriate corporate formalities. *Id.* They are, in other words, typical corporate entities.

Ultimately, as noted above, Plaintiffs must present evidence to prove grounds for this Court to exercise jurisdiction, *Carefirst of Maryland, Inc*, 334 F.3d at 396. To meet its burden, a plaintiff must submit evidence supporting personal jurisdiction over each defendant. Plaintiffs cannot meet that burden, and the four new "MindGeek" entities should be dismissed.

C.     **Plaintiffs' "Shotgun" Allegations Regarding "MindGeek" Also Fail to State A Claim Against Any Of The New "MindGeek" Defendants Under Rule 12(b)(6).**

Plaintiffs' brief and perfunctory mention of each of the four new "MindGeek" entities as described above – in one single paragraph each out of 197 – likewise fails to state a claim against any of those defendants under Rule 12(b)(6).

"A complaint which does not distinguish between and among the conduct of the particular defendants fails to give the notice required by Rule 8 of the Federal Rules of Civil

14741106.9

Procedure." *Ferguson*, 2012 WL 8467527, at \*1; *see also Juntti v. Prudential-Bache Secs., Inc.*, 993 F.2d 228 (Table), 1993 WL 138523 (4th Cir. May 3, 1993) (unpublished) ("aggregation of defendants without specifically alleging which defendant was responsible for which act" was insufficient pleading). Where, as here, Plaintiffs proceed against multiple defendants, "a complaint must state facts that support a cause of action against each individual defendant." *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581 (M.D.N.C. 2020). "[A] plaintiff … must identify specific acts or conduct taken by each defendant to state a claim" upon which relief may be granted under Rule 12(b)(6). *Id.* at 582 (internal quotation marks and citations omitted). Adherence to these rules is particularly important where, as here, elements of Plaintiffs' TVPRA, RICO, and Civil Conspiracy claims depend heavily upon allegations regarding how each individual defendant contributed to, engaged in, or had notice of, alleged conduct.

Applying those standards here, to establish claims against MindGeek S.á.r.l., MG Billing, or MindGeek USA, Plaintiffs must plead that those entities have taken actions that render the claims against them plausible. They do not do so in any of the few threadbare paragraphs addressing those entities by name (*see* 5AC ¶ 22-25). Thereafter, Plaintiffs engage in improper group pleading all subsequent allegations by referring to the four, along with MG Freesites, together as "MindGeek." 5AC ¶ 26; *see Doe v. WebGroup Czech Republic, as*, 2022 WL 982248, at \*10 (C.D. Cal. Jan. 13, 2022), *amended on reconsideration in part sub nom. Doe v. WebGroup Czech Republic*, 2022 WL 982245 (C.D. Cal. Feb. 25, 2022) (dismissing sex trafficking claims against an allegedly "coordinated group of individuals and companies" because plaintiff "comingles the [d]efendants together throughout much of the pleading, without

identifying which entities are responsible for the conducted underlying the claims" and "fail[s] to specify each [d]efendant's culpability adequately").  Nowhere do Plaintiffs allege or explain each individual defendant's relationship to (or conduct regarding) a single one of Plaintiffs' claims.

Nor could they.  As laid out in the appended Andreou Declaration, none of those entities operates Pornhub.com, the website Plaintiffs allege played a role in their injury, and Plaintiffs have not pleaded any specific action taken by any of these companies relevant to their claims. Because Plaintiffs have failed to allege plausibly that MindGeek S.á.r.l., MG Billing, or MindGeek USA individually carried out any conduct whatsoever corresponding to any of the elements of their claims, those entities must be dismissed.

## V.    CONCLUSION

The Court should grant this motion and dismiss MG Freesites II Ltd., MindGeek S.à.r.l., MindGeek USA Inc., and MG Billing Ltd from the Fifth Amended Complaint with prejudice.

Respectfully submitted,

DATED November 14, 2022          TURNER, PADGET, GRAHAM AND LANEY, P.A.

Columbia, South Carolina

By:    */s/ Mark Goddard*
          Mark Goddard | Attorney ID: 09691
          1901 Main Street, 17th Floor
          Columbia, SC 29201
          email | mgoddard@turnerpadget.com
          direct | 803-227-4334

          J. Kenneth Carter | Attorney ID: 05108
          email | kcarter@turnerpadget.com
          direct | 864-552-4611
          Post Office Box 1509
          Greenville, South Carolina 29602
          facsimile | 864-282-5993

*Attorneys for Defendants Mindgeek S.A.R.L., Mindgeek USA, Inc., and MG Billing, Ltd.*

          MITCHELL SILBERBERG & KNUPP LLP

          Marc E. Mayer | Admitted Pro Hac Vice
          email | mem@msk.com
          direct | 310-312-3154
Los Angeles, California          2049 Century Park East
          18th Floor
          Los Angeles, California 90067
          facsimile | 864-282-5993

          Theresa B. Bowman | Admitted Pro Hac Vice
          email | tbb@msk.com
          direct | 202-470-2752
          1818 N Street NW,
          7th Floor
          Washington, DC, 20036
          facsimile | 202-470-2776

*Attorneys for Defendants Mindgeek S.A.R.L., Mindgeek USA, Inc., and MG Billing, Ltd.*

23

14741106.9

24