**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| JANE DOEs 1-9,<br><br>    Plaintiff,<br>   v.<br><br>COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD,<br><br>    Defendants. | CASE NO. 7:20--CV-00947-DCC<br><br><br>**DEFENDANT MINDGEEK S.A.R.L.'S ANSWERS TO LOCAL RULE 26.01 INTERROGATORIEES** |

Mindgeek S.à.r.l, a Defendant in the above captioned matter, answers interrogatories propounded by Rule 26.01, Local Civil Rules (D.S.C.), as follows:

(A)  State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**ANSWER:  None.**

(B)  As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER:  Plaintiffs' claims raised in the Fifth Amended Complaint (Dkt. # 193) should be tried by jury as seeking legal remedies for damages allegedly incurred.**

(C)  State whether the party submitting these responses is a publicly-owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of

which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**ANSWER:**

**Defendant Mindgeek S.à.r.l. is a privately-owned, foreign company. The remaining inquiry contained within LR26.01 ROG#3 is therefore inapplicable and not answered.**

(D)  State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civ. Rule 3.01 (D.S.C.).

**ANSWER:**

**Defendant Mindgeek S.à.r.l does not concede jurisdiction or venue are proper in South Carolina, but agrees that if jurisdiction and venue are proper in South Carolina, Spartanburg is the appropriate division because Plaintiffs allege facts and circumstances purportedly arising within the Spartanburg Division of the District of South Carolina.**

(E)  Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:**

**Defendant Mindgeek S.à.r.l is aware of two related cases involving the same or similar Defendants Jane Doe, v. Collins Murphy, et al., Civil Action No.: 7:21-cv-03193 DCC ("Murphy II") currently pending in the United States District Court, in the District of South Carolina, Spartanburg Division, and Jane Doe 1, et al. v. Collins Murphy, et al. Civil Action No.: 7:22-cv-03576-DCC (Murphy III). Plaintiffs in this action have filed a Motion to Consolidate Murphy II and this case (Dkt. 204).**

(F) *[Defendants only.]* If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER: Defendant Mindgeek S.à.r.l. is properly identified.**

(G) *[Defendants only.]* If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**ANSWER: Defendant Mindgeek S.à.r.l. contends that other defendants in this action, including defendant Murphy, is primarily liable to Plaintiffs for the injury alleged in this lawsuit. Defendant Mindgeek S.à.r.l. contends it is not properly in this case as it has nothing to do with the claims alleged in Plaintiffs' Fifth Amended Complaint.**

**SIGNATURE PAGE TO FOLLOW**

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED November 14, 2022 | TURNER, PADGET, GRAHAM AND LANEY, P.A. |
| Columbia, South Carolina | |
|  | By:  */s/ Mark Goddard* <br> Mark Goddard | Attorney ID: 9691 <br> 1901 Main Street, 17th Floor <br> Columbia, SC 29201 <br> email | mgoddard@turnerpadget.com <br> direct | 803-227-4334 |
|  | J. Kenneth Carter | Attorney ID: 05108 <br> email | kcarter@turnerpadget.com <br> direct | 864-552-4611 <br> Post Office Box 1509 <br> Greenville, South Carolina 29602 <br> facsimile | 864-282-5993 |
|  | *Attorneys for Defendants Mindgeek S.à.r.l.* |
|  | MITCHELL SILBERBERG & KNUPP LLP |
| Los Angeles, California | Marc E. Mayer | Admitted Pro Hac Vice <br> email | mem@msk.com <br> direct | 310-312-3154 <br> 2049 Century Park East <br> 18th Floor <br> Los Angeles, California 90067 <br> facsimile | 864-282-5993 |
|  | Theresa B. Bowman | Admitted Pro Hac Vice <br> email | tbb@msk.com <br> direct | 202-470-2752 <br> 1818 N Street NW, <br> 7th Floor <br> Washington, DC, 20036 <br> facsimile | 202-470-2776 |
|  | *Attorneys for Defendant M*indgeek S.à.r.l. |