UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| **JANE DOES 1-9,** | Case No.: 7:20-cv-00947-DCC |
| **PLAINTIFFS** | |
| vs. | |
| **COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD.,** | |
| **DEFENDANTS** | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO SEAL**

Plaintiffs, respectfully submit this Memorandum of Law in support of his Motion for leave to file evidence under seal. Specifically, Plaintiffs request leave to file the following items, under seal, in support of their Response in Opposition to Defendants' Motion to Dismiss: (1) Business Transfer Agreement.

**LEGAL STANDARD**

In considering a motion for leave to file under seal, the court must determine whether the party seeking to file under seal has complied with the requirements of Local Civil Rule 5.03 D.S.C. If the court finds that the party seeking leave to file under seal has complied with the requirements of the rule, the court, in its discretion, may grant leave if it finds that the public's

1

right to access the document is not outweighed by the competing need to seal the document. (See *Ashcraft v. Conoco, Inc*., 218 F.2d 288, 302 (4th Cir. 2000). Furthermore, in order to seal the document, the court must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document, and (3) provide specific reasons and factual findings supporting its decision to seal the document and for rejecting the alternatives." *Id*. "Docketing the motion in a manner that discloses its nature as a motion to seal" satisfies the public notice requirement. Local Civil Rule 5.03(D) D.S.C.

The Supreme Court has suggested that the factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records. *In re Knight Pub. Co*., 743 F.2d 231 (4th Cir. 1984).

## **ARGUMENT**

Under Local Rule 5.03 a party seeking to file documents under seal must file a memorandum that: (1) identifies, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law. See Local Rule 5.03.

Sealing of these documents is necessary to avoid any violation of the Confidentiality Order since they are marked Confidential-Attorneys' Eyes Only, the documents are not public. The Confidentiality Order in place for this case, specifically topic number six, pertains to the

filing of Confidential Materials. The Confidentiality Order provides three methods by which materials deemed confidential, such as those at issue here, may be filed with the court. First, a party may file a "redacted document with the consent of the party who designated the document as confidential." Second, the documents may be submitted solely for *in camera* review. Third, "where the preceding measures are not adequate, seeking permission to file the document under seal."

First, redacted filings of these documents are not a sufficient less drastic alternative. The entire documents need to be viewed by the Court. There is no way to redact portions of this evidence. Second, submitting the documents solely for *in camera review* would also not be sufficient. The Plaintiffs rely on these pieces of evidence in their Response in Opposition and as such believe they should be a part of the record in this case. Additionally, the Plaintiffs are not seeking to seal these documents for any improper purposes. Therefore, seeking permission to file the documents under seal is appropriate.

Notwithstanding the Plaintiffs' position above, submitting the documents for *in camera review* may be a sufficient less drastic alternative, although having them filed as apart of the record in this case would be more favorable.

The Court should also grant Plaintiffs Motion because the Plaintiffs have complied with all requirement under Local Rule 5.03. The Plaintiffs have filed a memorandum that identified with specificity the documents or portions thereof for which sealing is requested; stated the reasons why sealing was necessary (the Defendants have designated these documents as Confidential-Attorneys' Eyes Only and filing without seal would violate the Court Order, and these documents are not available to the public); have explained why less drastic alternatives are not sufficient (however Plaintiffs noted that submitting this evidence for *in camera review* and

may be a sufficient less drastic alternative); and lastly addressed the factors in the governing case law.

## **CONCLUSION**

In conclusion Plaintiffs' Motion to Seal should be granted and the Plaintiffs should be able to file these documents in support of their Response in Opposition to Summary Judgement or in the alternative submit them for *in camera review.*

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

4

NATIONAL CENTER ON SEXUAL EXPLOITATION

Benjamin Bull ( admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

**ATTORNEYS FOR PLAINTIFF**

January 5, 2022
Georgetown, SC

5