IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>    Plaintiffs,<br><br>v.<br><br>COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD,<br><br>    Defendants. | Civil Action Number: 7:20-cv-00947-DCC |

**DEFENDANTS MINDGEEK S.À.R.L., MINDGEEK USA INC., AND MG BILLING LTD'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs' Opposition does not rebut the jurisdictional facts that warrant dismissal of the moving Defendants for lack of personal jurisdiction under established Supreme Court and Fourth Circuit precedent. Specifically:

- MindGeek S.à.r.l. is a Luxembourg holding company, without employees or operations anywhere in the United States.

- MG Billing Ltd is an entity organized under Irish law with no U.S. offices or employees.

- MG Freesites II Ltd is a defunct company that has no business operations anywhere, including South Carolina.

- MindGeek USA Inc. is incorporated in Delaware, based in California, and has no offices or employees in South Carolina.

The moving Defendants submitted competent record evidence establishing each of these jurisdictional facts and further established that none of these Defendants owned or operated Pornhub.com – the website on which Plaintiffs allege their videos appeared.

Unable to produce any competent record evidence that rebuts any of these dispositive facts, Plaintiffs seek to obfuscate their inability to establish jurisdiction by making a series of ad hoc arguments, each less lucid than the next. First, they argue that Defendants' 12(b)(2) challenge may be rejected by presuming the truth of Plaintiffs' own jurisdictional allegations. Opp'n 8-9. But the opposite is true: Plaintiffs' "'conclusory allegations' not supported by 'specific facts' will not [support personal jurisdiction]" as a matter of law. *See* Mot. 7-8 (citing *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, 2016 WL 6781057, at *9 (D.S.C. Nov. 16, 2016)).

Second, Plaintiffs assert for the first time that jurisdiction over the moving Defendants is proper under Federal Rule of Civil Procedure 4(k)(2), which allows the Court to consider

1

national contacts outside of South Carolina if, and only if, the defendant is *not* subject to jurisdiction in any other state. As a threshold issue, "[t]he operative complaint in this case does not assert jurisdiction under Rule 4(k)(2), so Plaintiffs' arguments are waived." *Pollo Campestre, S.A. de C.V. v. Campero, Inc.*, 2018 WL 10436602, at *2, n.1 (E.D. Va. Dec. 21, 2018). Moreover, the rule is facially inapposite. Plaintiffs' claims against MindGeek S.à.r.l., MG Billing Ltd, MindGeek USA Inc., and MG Freesites II Ltd do not arise out of any of their activities in or directed at the forum. And, MindGeek USA Inc. is incorporated in Delaware and headquartered in California and is thus subject to jurisdiction in those states. Andreou ¶ 12.

Third, unable to support their assertion of personal jurisdiction against any of the moving Defendants, Plaintiffs once again resort to their alter ego allegations. But this argument is rebutted by the record and the so-called evidence that Plaintiffs offer is either incompetent or fully supportive of Defendants' position.

Fourth, Plaintiffs all but give up on personal jurisdiction and argue that the Court should exercise pendant jurisdiction. But pendant jurisdiction relates to *claims*; not *parties*. *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997) (cited by Plaintiffs at 18). Specifically, the doctrine allows a court that has federal question jurisdiction over a claim against one defendant to exercise pendant jurisdiction over state claims against the same defendant where the state and federal claims are "so related … that the two may be considered 'one constitutional case[.]'" *Id*. The doctrine does not allow a court to exercise pendant personal jurisdiction over a separate defendant that is not independently subject to the court's jurisdiction.

Finally, Plaintiffs seek to forestall dismissal by requesting jurisdictional discovery. While courts have some discretion to offer a plaintiff additional limited jurisdictional discovery to develop or clarify jurisdictional arguments, allowing Plaintiffs to continue down this path

would be a waste of judicial and party resources – and would be fundamentally unfair to Defendants. Plaintiffs have not alleged or argued there are any reasons why the additional defendants are necessary to properly decide this case, or that a judgment in this case could not be enforced against MG Freesites, the entity that operates the Pornhub website. Nor do Plaintiffs appear to have in mind any line-drawing between the entities they added and the many more they signal in their opposition brief that they would like to add. There is simply no practical reason, nor legal justification, for this Court to exercise jurisdiction over the moving Defendants.

## ARGUMENT

**I.  PLAINTIFFS HAVE NOT ESTABLISHED PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS.**

Plaintiffs wrongly, and repeatedly, argue on opposition that the Court should reject Defendants' 12(b)(2) challenge because the Court must presume the truth of Plaintiffs' jurisdictional allegations. Opp'n 8-9. This is both incorrect and demonstrative of the fatal flaws in Plaintiffs' arguments. Case after dispositive case firmly establishes that bare, conclusory jurisdictional allegations are not due any deference whatsoever. *See* Mot. 7-8 (citing *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, 2016 WL 6781057, at *9 (D.S.C. Nov. 16, 2016) ("'conclusory allegations' not supported by 'specific facts' will not do")). And where, as here, Defendants have "present[ed] evidence indicating that the requisite minimum contacts do not exist[;]" Plaintiffs "must come forward with affidavits or other evidence in support of [their] position." *Freud Am., Inc. v. Milwaukee Elec. Tool Corp.*, 2020 WL 8248765, at *3 (M.D.N.C. June 17, 2020). Plaintiffs have not met this burden.

3

### A. Plaintiffs Do Not Proffer Any Evidence in Support of Personal Jurisdiction Over Any of The Moving Defendants.

#### 1. Rule 4(k)(2) Does Not Salvage Plaintiffs' Jurisdictional Argument.

Plaintiffs tacitly concede that the moving Defendants do not have sufficient contacts with South Carolina to support personal jurisdiction. Instead, they allege for the first time that jurisdiction is proper under Fed. R. Civ. P. 4(k)(2). This argument fails for a host of reasons. As a threshold matter, where, as here, "[t]he operative complaint in this case does not assert jurisdiction under Rule 4(k)(2), [] Plaintiffs' arguments are waived." *Pollo Campestre, S.A. de C.V. v. Campero, Inc.*, 2018 WL 10436602, at *2, n.1 (E.D. Va. Dec. 21, 2018).

The argument also fails on the merits. Rule 4(k)(2) has three independent requirements.[1] The first element, *i.e.*, that the "suit must arise under federal law" is not in dispute. Plaintiffs acknowledge the second element, *i.e.*, that "the defendant must not be subject to personal jurisdiction in any [other] state[,]" but do not include any argument or showing that it applies here. *Hill-Rom Servs., Inc. v. Verses Tech., Inc.*, 2006 WL 1540851, at *8-9 (M.D.N.C. June 2, 2006) (rejecting 4(k)(2) argument where Plaintiff failed to show no jurisdiction in other states). In any event, MindGeek USA Inc. is incorporated in Delaware and headquartered in California, Andreou ¶ 12, and is thus presumptively subject to jurisdiction in those states. Accordingly, Rule 4(k)(2) is facially inapplicable to that entity. The third element, that "the defendant must have contacts with the United States 'consistent with the Constitution and laws of the United States,'" is absent for all Defendants, as addressed in more detail below.

Rule 4(k)(2) requires Plaintiffs to establish that these nationwide minimum contacts meet the same minimum contacts due process analysis as is conducted under" the state long-arm

---

[1] *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 275 (4th Cir. 2005); *see also Base Metal Trading, Ltd. v.* OJSC *"Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 212 (4th Cir. 2002).

statute "with the significant difference that the relevant forum is the United States as a whole, not an individual state." *Colt Def. LLC v. Heckler & Koch Def., Inc.*, 2004 WL 7350327, at *19 (E.D. Va. Oct. 22, 2004). Plaintiffs have not specifically alleged, let alone established, that any of the foreign moving Defendants has any minimum contacts anywhere within the United States. *See* Andreou ¶¶ 6, 20. And, even if Plaintiffs could identify any contacts *with any forum*, such contacts could not possibly be related to this lawsuit because none of the moving Defendants (including Mindgeek USA) is involved with the Pornhub website. *Id.* ¶ 17. Thus, any attempt to establish personal jurisdiction based on aggregate contacts is a nullity.

### 2. Plaintiffs Do Not Present Any Minimum Contacts Individually Undertaken By Any Defendant.

On opposition, Plaintiffs do not improve, or meaningfully add to, the short list of insufficient jurisdictional allegations Defendants described in their Motion (at 12). Plaintiffs do not directly address or rebut any of Defendants' evidence regarding Mindgeek S.à.r.l.'s lack of presence in the United States and South Carolina, as well as its observation of corporate formalities and independence. Instead, Plaintiffs merely double down on asserting the same unfounded allegations Defendants explained were insufficient as a matter of law, namely that Mindgeek S.à.r.l. is the parent company of Defendant MG Freesites, Ltd. and the other moving Defendants. *See* Mot. 11-14. As explained below, this is not evidence linking these entities to the claims in this action or any relevant forum. Plaintiffs' continued insistence on lumping all of the Defendants together as "MindGeek" is also not evidence.

Moreover, the only purported minimum contacts Plaintiffs specify (at all) on opposition regarding the United States or South Carolina have to do with the operation of the Pornhub.com

website, *see* Opp'n 9-12 (citing Exhibits 3-5).[2]  These allegations, at most are only relevant to MG Freesites (the operator of Pornhub).  Plaintiffs do not allege (far less attempt to prove) that Mindgeek S.à.r.l., MG Billing, or Mindgeek USA own, operate or manage Pornhub.com, or any other website at issue.  *See* 5AC ¶¶ 23-25.  Only MG Freesites is alleged by Plaintiffs to "own[], operate[], and/or manage[] one or several of the websites at issue[.]"  5AC ¶ 21.[3]  MG Freesites does not dispute the allegation.  ECF 197 ¶ 21.

Plaintiffs' argument that another court found that they were subject to personal jurisdiction in the U.S. is also a red herring.  *See* Opp'n 13 (citing *Doe #1 v. MG Freesites, LTD*, 2022 WL 407147, at *26 (N.D. Ala. Feb. 9, 2022)).  The court in that case noted that the defendants did "not challenge the Court's ability to exercise personal jurisdiction over them to adjudicate [one plaintiff's] claims," *Doe #1*, 2022 WL 407147, at *26, and as Plaintiffs' opposition acknowledges in a footnote (Opp. at 13 n.21), the defendants there were "primarily arguing that venue was improper" as to the other plaintiff.  The Court in *MG Freesites, LTD* did not perform a nationwide contact test as to any foreign defendant and is therefore irrelevant here.

### Mindgeek S.à.r.l.

There is no bona fide dispute that "MindGeek S.à.r.l. serves as the ultimate parent corporation of MindGeek USA Incorporated and MG Billing[] Ltd."  Andreou ¶ 5.   Plaintiffs

---

[2] As discussed *supra* n.3, Plaintiffs do not properly aver how Exhibits 3-5 were sourced, created, captured or preserved.  Plaintiffs' approach appears to have purposefully obscured indicia of unreliability.  For example, Exhibit 5 purports to be an instance of "Pornhub … provide[ing] 'Searches related to 'South Carolina,'" to imply the website includes some focus on South Carolina.  Opp'n 12.  However, Exhibit 5 appears to be the result of a user, possibly even counsel, prompting the results by typing "South Carolina" into a search bar.  Exhibits 3-5 also appear to be excerpts, with no explanation of what they were excerpted from.  In their current form, Defendants are unable to fairly evaluate these documents.

[3] Plaintiffs allege that MG Freesites II also owns, operates, and/or manages one of the websites at issue in the case, 5AC ¶ 22, but MG Freesites II no longer exists and cannot be sued.

recognize this fact but nevertheless argue that the Court has jurisdiction over Mindgeek S.à.r.l. because it is the parent of MG Freesites, Ltd, 5AC ¶ 21.  To support this argument, Plaintiffs submit unauthenticated, unreliable, or irrelevant "evidence"[4] such as crowdsourced Wikipedia pages (*see* supra at 11) and unsourced documents reflecting (at most) that Mindgeek S.à.r.l. submitted a Consolidated Financial Statement ("CFS") in 2018 for itself and its subsidiaries, Opp'n 9, Pls.' Exhibit 1.  The CFS reported on revenue for the entities jointly covered by the statement, *id*., and is consistent with the Andreou declaration.  Pls.' Exhibit 1 at 13 (describing Mindgeek S.à.r.l. as the Luxembourg-located "ultimate parent company" of several subsidiaries).

The fact that MindGeek S.à.r.l. is an ultimate parent of MG Freesites is irrelevant.  "[T]he mere fact that [the defendant's] subsidiaries do business in [the relevant forum] does not confer personal jurisdiction over [the defendant]."  *See* Mot. 12 (citing *Gray v. Riso Kagaku Corp.*, 82 F.3d 410 (Table), 1996 WL 181488, at *3 (4th Cir. 1996) (unpublished)); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 63 (4th Cir. 1993) (affirming district court's "holding that the parent-subsidiary relationship … is insufficient to justify the exercise of personal jurisdiction over [the foreign parent]"); *Afa Polytek (N. Am.) Inc. v. Clorox Co.*, 2014 WL 12608562, at *5 (D.S.C. Jan. 17, 2014) (The "general rule" is that "the mere fact that a subsidiary has minimum contacts with a forum is not enough to confer personal jurisdiction over the parent company.").  Plaintiffs

---

[4] Plaintiffs attach exhibits directly to their opposition brief, without any explanation or affidavit attesting to their source, method of creation or preservation.  This is a violation of the federal rules.  Fed. R. Civ. P. 43(c) ("When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.").  The rule is no mere technicality; movants must authenticate submitted facts and documents and explain their source.  *Neal v. Residential Credit Sols., Inc.*, 2012 WL 1453597, at *2 (D. Md. Apr. 24, 2012) (Denying jurisdictional motion "[s]ince the documents [attached to the motion] are not authenticated by way of affidavit, they may not be considered as evidence before the Court. *See* Fed. R. Civ. P. 43(c).").

thus do not offer any argument or evidence that Mindgeek S.à.r.l. has engaged in any relevant jurisdictional minimum contacts whatsoever.

## MG Billing

Plaintiffs offer even less for MG Billing. In the entire opposition brief, there are only two supposedly jurisdictional facts mentioned specific to MG Billing: 1) the entity allegedly is a subsidiary of Mindgeek S.à.r.l. in the 2018 CFS, Opp'n 9, and 2) the vague, unsupported statement that "MG Billing Ltd. handles the money" without further detail or explanation, Opp'n 13. Even giving these rather threadbare arguments all benefit of the doubt, there is no actual dispute that Mindgeek S.à.r.l. is the "ultimate parent corporation" of MG Billing, Andreou ¶ 5, nor that, broadly speaking, MG Billing "handles … money" (though not money attributable to the Pornhub website). Opp'n 13.

However, neither of these statements address the requisite jurisdictional contacts. Again, a parent/subsidiary relationship alone is not sufficient basis for either specific or general jurisdiction. And, the Andreou Declaration explains that any so-called money-handling by MG Billing is limited to "assist in the processing of payments for so-called 'paysites' that is, websites on which users must pay to access and view adult content" and has nothing to do with Pornhub.com or the content allegedly posted on that website. Andreou ¶ 17. Plaintiffs' own allegations, even if assumed to be true, **are in accord on this point** – "MG Billing LTD owns, operates, and/or manages *the subscription services* for one or several of the pornographic websites," 5AC ¶ 25 (emphasis added), while Pornhub.com "is a leading *free* … website," *id.*

¶ 36 (emphasis added). None of these activities are therefore relevant to specific jurisdiction (which requires contacts arising out of the Plaintiffs' claims).[5]

### 3. Plaintiffs Do Not Establish That MG Freesites Is The Alter Ego of Any Other Defendant For Jurisdictional Purposes.

Unable to identify any actual conduct undertaken by Mindgeek S.à.r.l., MG Billing or Mindgeek USA that could even arguably confer jurisdiction, Plaintiffs rely on an alter ego theory of jurisdiction, claiming that the business contacts of MG Freesites, Ltd. (*i.e.,* by operating Pornhub.com) ought be imputed to other Defendants. But none of the evidence or allegations justifies that imputation. The only exception to the general rule forbidding the exercise of jurisdiction on the basis of corporate relationships is where one entity exercises *overwhelming*, day-to-day control over the other as an alter ego. *See Mylan Labs.*, 2 F.3d at 61; *Wright*, 2019 WL 3344040, at *5. Plaintiffs briefly acknowledge that their arguments do depend upon establishing alter ego, but fail to analyze or even mention the alter ego factors test. Opp'n 14-15. Instead, Plaintiffs invent their own alternative test, claiming that a parent company is an alter ego of a subsidiary any time "the parent exerts considerable control" over a subsidiary. *Id.* at 14 (citing *Mylan Labs.,* 2 F.3d at 61). This is false; the alter ego test (according to *Mylan Labs.* and other controlling authorities) is far more detailed and demanding, and ultimately requires "complete domination and control[.]" *Mylan Labs.*, 2 F.3d at 61.[6]

---

[5] And, with regard to general jurisdiction, Plaintiffs nowhere allege or argue that MG Billing, which is organized under the laws of Ireland, is essentially "at home" in the United States.

[6] The court must find the following alter ego factors: "(1) common ownership; (2) [lack of] financial independence; (3) degree of selection of executive personnel and failure to observe corporate formalities; and (4) the degree of control over marketing and operational policies." *See* Mot. 17-18 (quoting *Wright v. Waste Pro USA Inc.*, 2019 WL 3344040, at *5 (D.S.C. July 25, 2019)). Plaintiffs "must show that the subsidiary functions as the agent or mere department of the parent—that is, that the subsidiary does all the business which the parent corporation could

9

When the proper standard is applied, Plaintiffs' alter ego arguments quickly fall apart. Plaintiffs' only purported evidence on alter ego – a consolidated financial statement – is not enough. An "allegation that the various [corporate] entities use consolidated financial statements … [even] taken as true, would be insufficient to justify piercing the corporate veil." *In re Am. Honda Motor Co., Inc. Dealerships Rels. Litig.*, 941 F. Supp. 528, 551–52 (D. Md. 1996) (Plaintiff's "allegation that the various Honda entities use consolidated financial statements … [even] taken as true, would be insufficient to justify piercing the corporate veil.); *see also* Opp'n 14-16 (citing cases). Also insufficient is the 2018 CFS's brief reference to "control" as a basis for the consolidated statement. The alter ego analysis contemplates that some (even considerable) control between parent and subsidiary is normal, and that control alone cannot justify piercing the corporate veil. *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 721, 723 (D. Md. 2000) (Rejecting heavy reliance on CFS and SEC filing statement that stated parent "will control [subsidiary's] management and affairs, including decisions about acquisitions and dispositions, changes to our capital structure" because even this "does not mean the two companies operate as one" and that one "dominated" the other).

If anything, the sections of the CFS on which Plaintiffs rely (Opp'n 4, 14) undercut their alter ego theory. For example, CFS Section 2.3 states that Mindgeek S.à.r.l. exercises control over its subsidiaries in only the typical way "[a] parent controls a subsidiary" and in the most passive sense, *i.e.*, through "voting rights" – far less than the control rejected in *Newman*. Pls.' Exhibit 1 at 13. Likewise, the CFS states that there are separate "transactions and balances" and

---

do if here on its own." *Id.* at 18 (citing *Wright*, 2019 WL 3344040, at *5). "It is essential that all four factors be present with sufficient factual specificity to confer jurisdiction[.]" *Id.*

"asset sales" that exist as between the separate subsidiaries and Mindgeek S.A.R.L, thereby confirming that Mindgeek S.à.r.l. observes corporate formalities by dealing at arms-length through contracts with subsidiaries, and maintains independent, separate assets and accounts to be bought and sold. *Id.* at 14; *see also id.* (describing how the acquisition of ownership control is obtained by the transfer of fair market value business consideration). This is wholly consistent with (and confirmed by) the Andreou Declaration. *See* Andreou ¶ 7 ("MindGeek S.à.r.l. is adequately capitalized, both possessing its own bank accounts and serving as a party to and responsible for fulfilling its own contracts."). And, while the CFS reflects that Mindgeek S.à.r.l. has an ownership interest in many of its subsidiaries, Ex. A at 75-76, "[s]tock ownership … [is] insufficient grounds in themselves to justify disregarding the corporate form." *Newman*, 125 F. Supp. 2d at 723.

Plaintiffs also argue generally (and without support) that Mindgeek S.à.r.l. is "not a passive holding company, but takes an active role as 'the ultimate parent company' of the 'Group'" described in the CFS, Opp'n 15. Plaintiffs do not identify what that "active role" entails. In any event, the fact that a holding company also acts as a parent entity is not by itself sufficient. *Higgs v. Brian Ctr. Health & Ret./Windsor, Inc.*, 367 F. Supp. 3d 439, 449–50 (E.D.N.C. 2019) (no jurisdiction over holding company that owns the corporate entity managing the business at issue in the lawsuit, because the holding company itself had no contacts with the forum); *Hill-Rom Servs.*, 2006 WL 1540851, at *8 (similar); *Pollo Campestre, S.A.*, 2018 WL 10436602, at *2 (similar).

Lastly, Plaintiffs rely on unverified, unreliable open-source webpages and databases to argue that the moving Defendants are part of a corporate structure designed to frustrate creditors, litigants and tax authorities alike. Opp'n 2-4. However, the only citations for these speculative

11

claims are a German-language website (*id.* 4, n.9) and entries for "Mindgeek" on Wikipedia.com and Opencorporates.com. *Id.*, n.2, 3. The Fourth Circuit has sharply criticized "Wikipedia's lack of reliability," noting the "danger in relying" on the website given its "open-access nature … [a]llowing anyone to edit Wikipedia" with untrue or "unchecked information." *United States v. Lawson*, 677 F.3d 629, 650 (4th Cir. 2012) (courts often "admonish counsel from using Wikipedia as an authority[.]"). Opencorporates.com is also "user contributed," Opp'n 2, n.2, and thus equally unreliable.[7] Accordingly, none of this random internet content can serve to establish an *alter ego* relationship.

## II.    PENDENT JURISDICTION IS NOT AN INDEPENDENT, ALTERNATE BASIS TO EXERCISE JURISDICTION IN THIS CASE.

Plaintiffs urge in the alternative that this Court should exercise "pendant personal jurisdiction" where "the traditional exercise of specific or personal jurisdiction" has failed. This argument is meritless. Pendant jurisdiction relates to *claims*; not *parties*. *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997) (cited by Plaintiffs at 18). Specifically, the doctrine allows a court that has federal question jurisdiction over a claim against a particular defendant to exercise pendent jurisdiction over state claims against the same defendant where the state and federal claims are "so related … that the two may be considered" one case." *Id*. The doctrine does not allow a court to exercise pendent personal jurisdiction over a separate defendant that is not independently subject to the court's jurisdiction.

---

[7] Even if accurate, Plaintiffs' use of the data is misleading. Nothing on the linked webpages states that any companies are "managed by Mindgeek" as Plaintiffs claim. Opp'n 2, n.2. And, many, if not most, of the listed entities are "inactive." Further, on a more practical level, opencorporates.com reflects that it is common for multi-national companies to include tens, if not hundreds of affiliated entities. *See* https://opencorporates.com/corporate_groupings/Disney (listing 753 companies in the Walt Disney Company "corporate group"), https://opencorporates.com/corporate_groupings/Google (listing 384 companies in the Google, Inc. "corporate group").

## III. PLAINTIFFS DO NOT MEANINGFULLY REBUT DEFENDANTS' 12(B)(6) CHALLENGE.

Plaintiffs' primary response to Defendants' 12(b)(6) arguments is to nitpick at what they say are factual reasons to distinguish a handful of Defendants' authorities. Opp'n 20-23. But Plaintiffs do not identify any contrary test or standard to judge when group pleadings have crossed the line from efficient to confusing and incomplete. Substantively, Plaintiffs offer only one, conclusory defense for failing to allege any specific wrongdoing or conduct on the part of any one of the moving Defendants: "Plaintiffs are alleging that they are functionally the same entity, and are accusing them of doing the same thing." Opp'n 21. But just because Plaintiffs say this in their Complaint, does not make the statement sufficiently plausible or non-conclusory to forgive the so-called shotgun pleading approach Plaintiffs employ. Neither have Plaintiffs "uncovered" evidence that "supports treating the MindGeek Defendants as one entity for jurisdiction and liability purposes." Opp'n 23 (citing only the 2018 CFS, Pls.' Ex. 1). Contrary to Plaintiffs' misreading, Opp'n 9, 23, not even the 2018 CFS uses the term "Mindgeek" to refer to all entities as Plaintiffs do in their Complaint. *See* Pls.' Exhibit 1 at 13 (referring to "MindGeek S.a r.l. (hereinafter 'MindGeek')" and identifying subsidiaries separately where necessary in the consolidated report).

## IV. PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED.

Plaintiffs' brief request for jurisdictional discovery, Opp'n 18-19, also should be rejected. There are no disputes of "key facts alleged by Plaintiffs," which are "pertinent … [and] bearing on the question of jurisdiction[.]" Opp'n 18-19. To the contrary, Plaintiffs fail to identify *any* facts that would impact their position, or even a reasonable basis to conclude that any such facts exist. They do not even explain what purported jurisdictional discovery they are seeking, and

13

why it would be relevant.  *Colt*, 2004 WL 7350327, at *20 (rejecting similar request).  Plaintiffs also "suggest[] no avenues by which jurisdictional facts will be obtained."  *Id.*  Discovery cannot be used as a fishing expedition in the absence of any evidence supporting the jurisdictional claims.  Neither is any discovery required to understand "who is in control of Pornhub and how Pornhub earns revenue."  Opp'n 19.  As noted above, the former issue is not even in dispute; Plaintiffs do not allege that any other entity operates the website.  As for discovery on revenues, Plaintiffs do not identify any relevance to *their claims*, nor why MG Freesites could not provide it if relevant.

Jurisdictional discovery is improper where Plaintiffs "attempt[] to haul" the corporate family of a defendant into court for reasons unrelated to Plaintiffs' actual alleged claims.  *Colt*, 2004 WL 7350327, at *20 (no jurisdictional discovery in part because jurisdiction over the defendant "directly responsible for the alleged claims" has already been established).  Plaintiffs have identified no substantive or practical reason to deviate from this well-settled norm.  And, to the extent Plaintiffs seek discovery to support other goals unrelated to this litigation, that would also be improper.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED January 27, 2023 | TURNER, PADGET, GRAHAM AND LANEY, P.A. |
| Columbia, South Carolina | |
|  | By: */s/ Mark Goddard* <br> Mark Goddard \| Attorney ID: 9691 <br> 1901 Main Street, 17th Floor <br> Columbia, SC 29201 <br> email \| mgoddard@turnerpadget.com <br> direct \| 803-227-4334 <br><br> J. Kenneth Carter \| Attorney ID: 05108 <br> email \| kcarter@turnerpadget.com <br> direct \| 864-552-4611 <br> Post Office Box 1509 <br> Greenville, South Carolina 29602 <br> facsimile \| 864-282-5993 <br><br> *Attorneys for Defendants Mindgeek S.à.r.l., Mindgeek USA, Inc., and MG Billing, Ltd* <br><br> MITCHELL SILBERBERG & KNUPP LLP |
| Los Angeles, California | Marc E. Mayer \| Admitted Pro Hac Vice <br> email \| mem@msk.com <br> direct \| 310-312-3154 <br> 2049 Century Park East <br> 18th Floor <br> Los Angeles, California 90067 <br> facsimile \| 864-282-5993 <br><br> Theresa B. Bowman \| Admitted Pro Hac Vice <br> email \| tbb@msk.com <br> direct \| 202-470-2752 <br> 1818 N Street NW, <br> 7th Floor <br> Washington, DC, 20036 <br> facsimile \| 202-470-2776 <br><br> *Attorneys for Defendants Mindgeek S.à.r.l., Mindgeek USA, Inc., and MG Billing, Ltd* |