# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, <br><br> Plaintiffs, <br> vs. <br><br> COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD., <br><br> Defendants. | Case No.: 7:20-cv-00947 <br><br> **HAMMY MEDIA LTD, TRAFFICSTARS, LTD, WISEBITS, LTD, XHAMSTER IP HOLDINGS, LTD, AND WISEBITS IP, LTD'S NOTICE OF SUPPLEMENTAL LEGAL AUTHORITY** |

Defendants Hammy Media, Ltd. ("Hammy") Trafficstars, Ltd. ("TL"), Wisebits, Ltd. ("WL"); xHamster IP Holdings, Ltd. ("XIH"); and Wisebits IP, Ltd. ("WIL") hereby provide this honorable court with Notice of Supplemental Legal Authority in support of their various Motions to Dismiss and Motions for Judgment on the Pleadings. On May 18, 2023, the United States Supreme Court issued its unanimous decision in *Twitter, Inc. v. Taamneh, et al.,* 2023 U.S. LEXIS 2060 (May 18, 2023), a copy of which is attached hereto at Exhibit A.

The Plaintiffs in *Twitter* were family members of victims of the 2017 Reina nightclub bombing in Istanbul, Turkey orchestrated by the Islamic State of Iraq and Syria ("ISIS"). Plaintiffs brought suit against Twitter, Facebook, and Google (which owns and operates YouTube) for aiding and abetting ISIS in the commission of the bombing. Plaintiffs alleged that ISIS posted videos to

Defendants' websites in order to radicalize and recruit new members to ISIS. Plaintiffs also alleged, *inter alia*, that the Defendants encouraged users to watch ISIS recruitment videos by recommending such videos to users once they had watched one terrorism-related video; that the defendant websites profited from displaying such videos by displaying advertising with and alongside such videos; and that:

> defendants have known that ISIS has used their platforms for years. Yet, plaintiffs claim that defendants have failed to detect and remove a substantial number of ISIS-related accounts, posts, and videos. (For example, plaintiffs aver that defendants "have failed to implement . . . a basic account detection methodology" to prevent ISIS supporters from generating multiple accounts on their platforms. App. 150.) Accordingly, plaintiffs assert that defendants aided and abetted ISIS by knowingly allowing ISIS and its supporters to use their platforms and benefit from their "recommendation" algorithms, enabling ISIS to connect with the broader public, fundraise, and radicalize new recruits. And, in the process, defendants allegedly have profited from the advertisements placed on ISIS' tweets, posts, and videos.
>
> Plaintiffs also provide a set of allegations specific to Google. According to plaintiffs, Google has established a system that shares revenue gained from certain advertisements on YouTube with users who posted the videos watched with the advertisement. As part of that system, Google allegedly reviews and approves certain videos before Google permits ads to accompany that video. Plaintiffs allege that Google has reviewed and approved at least some ISIS videos under that system, thereby sharing some amount of revenue with ISIS.

*Id.* at *19-20.

Accordingly, Plaintiffs sued Defendants under the Justice Against Sponsors of Terrorism Act (JASTA). As the Supreme Court stated, "as the law now stands, those injured by an act of international terrorism can sue the relevant terrorists directly under §2333(a)—or they can sue anyone 'who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism' under §2333(d)(2)." Id. at *21.

Following an extensive discussion of the civil and criminal caselaw concerning secondary liability, the Supreme Court returned to Plaintiffs' arguments in support of their claim that Defendants had "aided and abetted" ISIS and rejected them in their entirety:

> The mere creation of those platforms, however, is not culpable. To be sure, it might be that bad actors like ISIS are able to use platforms like defendants' for illegal—and sometimes terrible—ends. But the same could be said of cell phones, email, or the internet generally. Yet, we generally do not think that internet or cell service providers incur culpability merely for providing their services to the public writ large. Nor do we think that such providers would normally be described as aiding and abetting, for example, illegal drug deals brokered over cell phones—even if the provider's conference-call or video-call features made the sale easier.
>
> …To be sure, plaintiffs assert that defendants' "recommendation" algorithms go beyond passive aid and constitute active, substantial assistance. We disagree.

*Id.* at *42-43.

Ultimately, the Supreme Court rejected as too broad the blanket imposition of aiding and abetting liability on companies that provide online platforms to third parties, even if those third parties utilize the platforms to unlawful ends:

> The fact that some bad actors took advantage of these platforms is insufficient to state a claim that defendants knowingly gave substantial assistance and thereby aided and abetted those wrongdoers' acts. And that is particularly true because a contrary holding would effectively hold any sort of communication provider liable for any sort of wrongdoing merely for knowing that the wrongdoers were using its services and failing to stop them. That conclusion would run roughshod over the typical limits on tort liability and take aiding and abetting far beyond its essential culpability moorings.

*Id.* at *48.

Respectfully Submitted,

/s/ Hannah Rogers Metcalfe
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendant Hammy Media LTD, Trafficstars, LTD, Wisebits, LTD, xHamster IP Holdings, LTD, and Wisebits IP, LTD*

May 24, 2023
Greenville, South Carolina