# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JANE DOES 1-9,<br><br>    PLAINTIFFS,<br><br>vs.<br><br>COLLINS MURPHY et al.,<br><br>    DEFENDANTS. | C/A No. 7:20-CV-00947-DCC<br><br><br>**PLAINTIFFS' RESPONSE TO DKT. NO. 298** |

    Plaintiffs, Jane Does 1-9, respond to the "Notice of Supplemental Legal Authority" submitted by the xHamster Defendants.[1] Neither the federal rules nor the local rules of civil procedure specifically provide for notices of supplemental authority.[2] Defendants have not sought leave to file a supplemental pleading, FRCP 15(d), or to otherwise supplement the briefing of the pending motions. The appellate rules permit notices of supplemental authority that state the reasons for the citation referring to the page of the brief and are limited to 350 words. *See* FRAP 28(j). Defendants' Notice fails to comply with these standards. In any event, the new authority is irrelevant and does not support Defendants' position.

    There are no meaningful similarities between *Taamneh* and this case. The *Taamneh* decision has nothing to do with Defendants' arguments in their various motions concerning personal jurisdiction, Section 230, shotgun pleading, or the standards for Civil-RICO claims. *Taamneh* interprets 18 U.S.C. §2333(d)(2), which allows for civil liability toward "any person who

---

[1] The Defendants associated with xHamster.com are Hammy Media, Ltd., Trafficstars, Ltd., Wisebits, Ltd., xHamster IP Holdings, Ltd., and Wisebits IP, Ltd.
[2] *See Robert Baker, Plaintiff, v. The Boeing Co., Defendant.*, No. 2:18-02574-RMG-MGB, 2021 WL 2819460, at *25 (D.S.C. May 19, 2021).

aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism." Op. *1.

This is different from 18 U.S.C. §§1591 and 1595. For example, here, the standard is not "substantial assistance"—Op. *29-30—but benefiting financially "or receiving *anything* of value." 18 U.S.C. §1591(a)(2) (emphasis added); *see* dkt. 232 at 13-4 (Defendants benefit financially by receiving and sharing revenue from the videos of Plaintiffs). The Defendants in *Taamneh* could point to no act of encouraging, soliciting, or advising the commission of the … attack . . ." Op. *24. But here xHamster hosted non-consensual, spy-cam videos as a specific genre—and offered prospective content uploaders the inducement of revenue sharing. *See* 5th Am. Comp. at ¶¶ 45, 89, and 127.

Plaintiffs stand ready to fully brief the *Taamneh* decision if the Court deems it necessary.

**[SIGNATURE BLOCK ON THE FOLLOWING PAGE.]**

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
jeb@belllegalgroup.com
jsalley@belllegalgroup.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull (admitted Pro Hac Vic)
Danielle Bianculli Pinter (admitted Pro Hac Vice)
Christen Price (admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

***ATTORNEYS FOR THE PLAINTIFF***

July 03, 2023
Georgetown, South Carolina