IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JANE DOES 1-9,<br><br>   PLAINTIFFS<br><br>vs.<br><br>COLLINS MURPHY et al.<br><br>   DEFENDANTS | C/A No. 7:20-CV-00947-DCC<br><br><br>**PLAINTIFFS' NOTICE OF ADDITIONAL SUPPLEMENTAL LEGAL AUTHORITY** |

  Plaintiffs, Jane Does 1-9, hereby provide this Notice of Additional Supplemental Legal Authority to bring to the Court's attention relevant decisions in support of their various Oppositions to Defendants Motions to Dismiss and Motions for Judgment on the Pleadings.

  On August 3, 2023, the U.S. Court of Appeals for the Seventh Circuit issued its decision in ***G.G and Deana Rose v. Salesforce.com Inc.,* \_\_\_ F.4th \_\_\_, 2023 WL 4944015 (7th Cir. Aug. 3, 2023).** In that case, the Court found that Sections 1591 and 1595 do not require a Plaintiff's pleadings to include a "venture" that is primarily a sex trafficking venture in order to prevail under the law (*6); that a Plaintiff need not establish a Defendant had constructive knowledge that a specific Plaintiff was the victim of sex trafficking (*8-9); that a Plaintiff need not establish that a Defendant was directly engaged in a "common undertaking or enterprise involving risk and benefit" (*10-14); and that a Plaintiff need not establish a Defendant had actual knowledge that the benefit they were receiving in return for their services was at the result of trafficking (*15-16). In summary regarding Sections 1591 and 1595, the Court found that "these defense theories seek to impose restrictions on the civil remedy that are not consistent with the statute as we understand its language." *Id*. at *1.

Additionally, the Court found that Defendant Salesforce, Inc. is not entitled to Section 230 immunity, despite its argument that it was not engaged in the publishing of content. Specifically, the Court found that through Defendants participation in the facilitation of trafficking, it was not entitled to protection under Section 230. *Id*. at *16-18. The Court explained:

> [P]laintiffs' allegations simply do not seek to treat Salesforce as a publisher or speaker. Plaintiffs' claim does not depend on Salesforce having published or spoken anything. Rather, plaintiffs seek to hold Salesforce accountable for supporting Backpage, for expanding Backpage's business, for providing Backpage with technology, for designing custom software for Backpage, for facilitating the trafficking of G.G., for helping Backpage with managing its customer relationships, streamlining its business practices, and improving its profitability, and for enabling Backpage "to scale its operations and increase the trafficking conducted on Backpage." In other words, plaintiffs are seeking to hold Salesforce liable under Section 1595 for its own acts or practices, rather than for publishing content created by another.

*Id*. at *17 (internal quotes and citations omitted). The Seventh Circuit's decision in *Salesforce* decision is attached to this Notice.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

<u>s/J. Edward Bell, III</u>
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
jeb@belllegalgroup.com
jsalley@belllegalgroup.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Jordan A. Stanton (admitted Pro Hac Vice)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com

lshepherd@kytrial.com
jstanton@kytrial.com

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull (admitted Pro Hac Vic)
Danielle Bianculli Pinter (admitted Pro Hac Vice)
Christen Price (admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

***ATTORNEYS FOR PLAINTIFF***

August 10, 2023
Georgetown, SC