## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CA No.: 7:20-cv-00947 |
| | ) |
| COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CA No.: 7:21-cv-03193 |
| | ) |
| LIMESTONE UNIVERSITY F/K/A LIMESTONE COLLEGE, COLLINS MURPHY, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA, LTD. d/b/a XHAMSTER.COM, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO PRECLUDE THE RECONVENING OF DEPOSITION**

On February 29, 2024, the Defendant Wisebits IP, Ltd. [hereinafter Wisebits IP] filed a motion captioned Motion for Protective Order to Preclude the Reconvening of Deposition. In the Memorandum in Support of Motion for Protective Order to Preclude the Reconvening of Deposition, Wisebits IP asked the Court to enter an order declaring that the February 21, 2024 Rule 30(b)(6) deposition of its representative Constantinos Christoforou – suspended by the Plaintiffs on February 21, 2024 - be deemed concluded.

The Plaintiffs oppose this motion and have separately filed their Motion to Reconvene Rule 30(b)(6) Deposition of Defendant Wisebits IP, Ltd., to Compel Testimony, and to Impose Sanctions. The Plaintiffs incorporate by reference this motion and the Memorandum of Law submitted *in camera*[1] and also filed on PACER[2] in support of the motion. The Memorandum of Law sets forth the factual circumstances that led to the suspension of the February 21, 2024 Rule 30(b)(6) deposition.

## ARGUMENT

I.  **WISEBITS IP'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE THE RECONVENING OF DEPOSITION SHOULD BE DENIED**

   **A. Wisebits IP has waived all objections to the February 21, 2024 Rule 30(b)(6) deposition and, therefore, the deposition may and should be reconvened**

   Local Civ. Rule 30.04(C) provides:

---

[1] The Memorandum of Law is submitted "in camera" out of abundance of caution to avoid violating this Court's July 20, 2021 Confidentiality Order. Wisebits IP has improperly designated the entire deposition as confidential and has moved to file it under seal. The Memorandum of Law quotes extensively from the improperly designated "confidential" deposition. The Plaintiffs have also marked the entire deposition as an exhibit to this Memorandum, which was submitted in camera.
[2] This modified Memorandum of Law, filed on PACER, deletes all quotes from the deposition and omits the deposition exhibit to avoid any potential violation of the Court's Order, pending an outcome on Defendants Motion to Seal.

> Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court or unless that counsel intends to present a motion under Fed. R. Civ. P. 30(d)(1). In addition, counsel shall have an affirmative duty to inform their clients that unless such an objection is made, the question must be answered. **Counsel** directing that a witness not answer a question on those grounds or **allowing their clients to refuse to answer a question** on those grounds **shall move the court for a protective order under Fed. R. Civ. P. 26(c) or 30(d)(3) within seven (7) days of the suspension** or termination of the deposition. **Failure to timely file such a motion will constitute waiver of the objection, and the deposition may be reconvened.**

Local Civ. Rule 30.04(C) (D.S.C.)(emphasis added). The same rule should apply when a witness refuses to answer on other grounds.

As set forth in the Memorandum of Law, Mr. Christoforou refused or failed to answer approximately 100 questions primarily because he believed he was not required to answer any questions that he unilaterally believed fell outside the deposition notice. The Plaintiffs never agreed to these counter-designations and, in any event, Wisebits IP waived them. Wisebit IP's defense counsel did not object to any question on grounds of privilege, court order, or Fed. R. Civ Pro. 30(d)(1). Despite this failure to make these objections, Wisebit IP's defense counsel did not instruct Mr. Christoforou that he was required to answer the questions.

The Plaintiffs suspended Wisebits IP's' deposition on February 21, 2024. Wisebits IP filed its motion for a protective order to preclude reconvening *eight* days later on February 29, 2024. That is one day too late and Wisebits IP has waived any objection to reconvening the deposition.

**B. Defendants Motion is not only untimely, but also meritless**

Defendant's Motion is not only untimely but is meritless. In moving for a protective order to preclude the reconvening of the deposition, Wisebits IP accuses the Plaintiffs of bad faith on three grounds:

3

> In the present case, over the course of approximately four hours, Wisebits'
> representative was asked approximately 437 questions, with more than a third of
> those (approximately 165) being outside the scope of the Rule 30(b)(6) notice; not
> within the knowledge of Wisebits; and/or wholly irrelevant to Plaintiffs' actual
> claims in this litigation… This is precisely the type of bad faith behavior that Rule
> 30(d)(3) contemplates prohibiting.

(Motion at 6).

All three grounds are meritless. As discussed in the Memorandum of Law in Support of Plaintiff's Motion to Reconvene the Deposition, all five of the contested categories of questions fell squarely within the Plaintiff's Notice of 30(b)(5) and 30(b)(6) Deposition Notice and the questions posed were relevant to the *alter ego* doctrine and/or the substantive claims.

Wisebits IP certainly has failed to show otherwise. The Plaintiffs will address each challenged question as follows.

**(1) Questions about work Mr. Christoforou, a former director of Wisebits IP, performed for Hammy Media Ltd or XHamster.com.**

Wisebits IP complains about a series of questions asking Mr. Christoforou, a former director of Wisebits IP, if he performed fee for service work for Hammy Media Ltd or XHamster.com. These questions pertain to the Plaintiffs' *alter ego* claims as well as the substantive claims.

The Plaintiffs have filed suit against, *inter alia*, Hammy Media, Ltd. d/b/a XHamster.com. Hammy Media is the operator of various pornographic media and social networking sites, including websites where the Plaintiffs' videos have been uploaded. The Fifth Amended Complaint, para. 72-76)[hereinafter FAC] alleges that Hammy Media "is the front for a number of alter-ego and affiliate corporations which all comprise the XHamster operation." (FAC, para. 29). Wisebits IP is one of the *alter ego* and affiliate corporations that manages XHamster IP Holdings, Ltd., and controls the use of the XHamster brand. (FAC, para. 34).

4

The Fourth Circuit has directed lower courts to consider the following factors in determining whether one entity is the *alter ego* of another:

> In Keffer, as well as DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681 (4th Cir.1976), we articulated several factors that "guide the determination of whether one entity constitutes the alter ego of another." … These factors include "gross undercapitalization, insolvency, siphoning of funds, failure to observe corporate formalities and maintain proper corporate records, non-functioning of officers, control by a dominant stockholder, and injustice or fundamental unfairness." … Other factors properly considered by the district court in this case include intermingling of funds; overlap in ownership, officers, directors, and other personnel; common office space; the degrees of discretion shown by the allegedly dominated corporation; and whether the dealings of the entities are at arm's length.

*Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 544 (4th Cir. 2013).

The questions about the work Mr. Christoforou performed or performs for these entities is highly relevant to the Plaintiffs' piercing the corporate veil claim. It is the first question the Plaintiffs have to ask to determine if the dealings between Wisebits IP and Hammy Media are "at arm's length." Further, if former director Christoforou was paid for his work from revenues generated by the pornographic websites, there may well be intermingling of funds, another key veil piercing factor. And receipt of the funds is also relevant to the substantive claims as further explained in Plaintiff's Memorandum of Law in Support of the Motion to Reconvene.

Even more meritless is Wisebits IP's complaint that "Plaintiffs' counsel attempted to ask questions of Wisebits' witness about whether he had served as a director for companies other than Wisebits, asserting that the witness had some obligation to answer such questions in his personal capacity…." (Motion at 8). First, common directors between related corporation is one of the most basic veil piercing factors. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 544 (4th Cir. 2013)("[o]ther factors properly considered by the district court in this case include …

overlap in ownership, officers, directors, and other personnel"). Therefore, this certainly is a proper line of inquiry.

Second, the Plaintiffs did not ask the deponent "questions in his personal capacity…." The Plaintiffs only asked questions based on the deponent's personal knowledge *of the noticed matters*. Such questions are clearly proper under Rule 30(b)(6). *Escano v. RCI, LLC*, Civ. 2:22-360 DHU/GJF (D. N.M. 2024)("A Rule 30(b)(6) designee must testify based on both his personal knowledge of the noticed matters and also on "information known or reasonably available to the organization" as a whole"). If Mr. Christoforou served as a director of the other challenged entities, this is a question based on his personal knowledge of the noticed matters and is clearly proper. When the deposition is reconvened, the Plaintiffs will be careful to phrase the questions in this manner.

**(2) Questions about the financial statements**

Category Three of the Rule 30(b)(6) Notice provides

> 3. All services by which Wisebits generates revenues and profit for, by, from, or through xHamster.com and/or Hammy Media, along with the financial statements for Wisebits during the relevant time period. This topic would **include explanation of items contained in the relevant financial statements.**

(Pls. Ex. 1)(emphasis added).

The Plaintiffs presented Mr. Christoforou with the financial statements of Wisebits IP and asked him to explain various items on the financial statements, including a reference to an item marked as an "opinion." He flatly refused to answer these questions, even though he admitted he knew the answer to many of the questions. Understanding the financial statements is relevant to the *alter ego* inquiry to determine if funds have been intermingled between the various XHamster entities and Wisebits IP, Ltd. Understanding the financial statements is

relevant to the substantive claims to enable the Plaintiffs to determine if revenues from the pornographic websites are paid to Wisebits IP.

**(3) <u>Questions concerning CDN servers and vendor contracts</u>**

Wisebits IP also complains about questions concerning "Content Delivery Network Servers" (CDN) and contracts to which "Wisebit IP is not a party" .Content Delivery Network ("CDN") services allows for content to be shared quickly across the world. The CDN providers are necessary to provide Wisebits IP and the other Defendants with service ti host and store all content on remote locations so anyone who requests to view the content locally can view it without interruption.

The Defendants have several vendor contracts that assist with disseminating their content to a large audiences through CDN servcies. One of the third party contracts was with Wisebit Ad Net, Ltd. and Century Link. Another was with Cloudflare. Upon information and belief, Wisebit Ad Net, Ltd. and Cloudflare provided services for Hammy Media Ltd. d/b/a xHamster.com, TrafficStars Ltd., Wisebits Ltd., xHamster IP Holdings Ltd., Wisebits IP Ltd from 2012 to present. On March 14, 2018 Doug Kramer and Constantinos Christoforou, on behalf of Hammy Media Ltd. d/b/a xHamster.com, TrafficStars Ltd., Wisebits Ltd., xHamster IP Holdings Ltd., Wisebits IP Ltd. signed the Cloudflare Enterprise Subscription Service Level Agreement. The Plaintiffs line of questioning sought to determine if Mr. Christoforou had any involvement with Cloudflare or the Wisebit Ad Net Ltd –Century Link contract.

These questions obviously fall squarely in Category Six of the Rule 30(b)(6) Notice:

> 6. Ownership, control or interaction with the content delivery network for Hammy Media, including the locations of all CDN or cache servers that are used in the process of relaying, transmitting, accessing, archiving, or otherwise storing or facilitating the delivery of content for any Hammy Media brand or affiliate, during the relevant time period.

7

(Pls. Ex. 1).

Wisebits IP's claim that the foregoing questions were abusive and outside the scope of the Rule 30(b)(6) Notice accordingly are meritless. These questions bear on control of common equipment used by Wisebits IP and the suspected alter ego corporations. They accordingly are relevant to the alter ego claims and by no means are abusive. It must be remembered that the Plaintiffs never agreed to the more limited counter-designations proposed by Wisebits IP and, therefore, Mr. Christoforou had no legal basis to unilaterally limit his response to those categories.

With respect to the contention that some questions were not within the knowledge of Wisebits IP, that is not the standard for a Rule 30(b)(6) deposition. The deponent "shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. Pro. 30(b)(6). As Judge Norton has explained:

> To be sure, Rule 30(b)(6) "imposes a 'duty to prepare the designee that goes beyond matters personally known to the designee or to matters in which the designee was personally involved.'" …However, "[a]bsolute perfection is not required of a 30(b)(6) witness." …The corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the requesting party] and to prepare those persons in order that they can answer fully, completely, and unevasively, the questions posed . . . as to the relevant subject matters."

*United Prop. & Cas. Ins. v. Couture,* 2:19-cv-01856-DCN (D. S.C. 2021). Wisebits IP has presented no evidence that the answer to any question was not reasonably available to the corporation. Accordingly, there is absolutely no bad faith with respect to the Plaintiffs conduct of the deposition..

Wisebits IP further complains about questions pertaining to the number of employees of non-party Global Solutions, decisions made by the non-party auditor, and when the Plaintiffs were harmed. Out of the spirit of compromise, the Plaintiffs will agree to omit any questions on

these matters when the deposition is reconvened. Questions relating to any auditor statements *on the financial statements*, however, remain fair game as discussed above.

Accordingly, with these compromises, any possible undue or improper burden on Wisebits IP is eliminated. As a result, there is absolutely no basis for granting the requested Motion for Protective Order to Preclude the Reconvening of Deposition and the motion should be denied.

## CONCLUSION

For the reasons stated, the Motion for Protective Order to Preclude the Reconvening of Deposition should be denied.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Gabrielle A. Sulpizio (12715)
Joshua M. W. Salley (13214)
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Chad Propost (admitted Pro Hac Vice)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
cpropost@kytrial.com

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull ( admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

**ATTORNEYS FOR PLAINTIFF**

March 13, 2024
Georgetown, SC