# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CA No.: 7:20-cv-00947 |
| | ) |
| COLLINS MURPHY , SHARON | ) |
| HAMMONDS, BRENDA F. WATKINS, | ) |
| LIMESTONE UNIVERSITY , MG | ) |
| FREESITES, LTD., d/b/a PORNHUB.COM, | ) |
| MG FREESITES II LTD., MINDGEEK | ) |
| S.A.R.L., MINDGEEK USA, INC., MG | ) |
| BILLING LTD., and HAMMY MEDIA LTD. | ) |
| d/b/a XHAMSTER.COM, TRAFFICSTARS | ) |
| LTD., WISEBITS LTD, XHAMSTER IP | ) |
| HOLDINGS LTD, WISEBITS IP LTD., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CA No.: 7:21-cv-03193 |
| | ) |
| LIMESTONE UNIVERSITY F/K/A | ) |
| LIMESTONE COLLEGE, COLLINS | ) |
| MURPHY, MG FREESITES, LTD., d/b/a | ) |
| PORNHUB.COM, and HAMMY MEDIA, | ) |
| LTD. d/b/a XHAMSTER.COM, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER TO PRECLUDE THE RECONVENING OF DEPOSITION, AND IN  SUPPORT OF MOTION TO RECONVENE RULE 30(b)(6)  DEPOSITION OF DEFENDANT WISEBITS IP, LTD.,  TO  COMPEL TESTIMONY, AND TO IMPOSE SANCTIONS

Pursuant to Fed. R. Civ. Pro. 26, 30, and 37, the above-captioned Plaintiffs have moved the Court to order the reconvening of the February 21, 2024 Rule 30(b)(6) deposition of Defendant Wisebits IP, Ltd. [hereinafter Wisebits IP]. The Plaintiffs also oppose Wisebits IP's Motion for Protective Order to Preclude the Reconvening of Deposition. This Memorandum of Law is filed in a redacted version and without exhibits  out of abundance of caution to avoid violating this Court's July 20, 2021 Confidentiality Order. Wisebits IP has designated the entire deposition as confidential and has moved to file it under seal. The Memorandum of Law quotes extensively from the deposition and designates the entire deposition as an exhibit.

The Plaintiffs further  have moved the Court to compel the designee of Wisebits IP to provide complete answers to all of the questions redlined in the attached copy of the February 21, 2024 deposition, and to impose sanctions on Wisebits IP in the form of paying for the costs of these motions and the reconvened deposition. The reason for these motions? The Defendant's Rule 30(b)(6) designee simply refused to answer, or claimed he did not know the answer, to approximately 100 questions. The resulting deposition was nearly worthless. This Memorandum of Law sets forth the points and authorities that require that the Plaintiffs' motions be granted, and that the defense motion for a protective order be denied.

A. **Background**

In 2012, Collins Murphy, an employee of Limestone University then known as Limestone College, secretly placed a video camera in the men's locker room in the Limestone College gymnasium. On October 5, 2012, Plaintiffs Jane Does 1-9, members of the Bellarmine University field hockey team, traveled to Limestone College to play Limestone College in field hockey. A Limestone agent directed the women to shower and change clothes in the men's locker room. Murphy thereafter secretly video recorded the Plaintiffs while they were in various

stages of nudity without their knowledge or consent. (Fifth Amended Complaint, para. 72-76)[hereinafter FAC].

At some point prior to October of 2019, Murphy and other third parties uploaded the videos to the Pornhub and XHamster pornographic websites with the expectation that they would receive valuable consideration from the websites. The videos were then disseminated to countless other pornographic websites. (FAC, para. 81-82). Voyeurs from all over the world could simply access these websites, click the "hidden camera" button, and see the Plaintiffs undressing in the locker room.

Subsequent to the uploading, the Plaintiffs discovered the videos had been uploaded to the pornographic websites. As a result they sustained, and will continue to sustain injuries, and damages including anxiety, humiliation, embarrassment, and other severe emotional distress. (FAC, para. 94).

The Plaintiffs have filed suit against, *inter alia*, Hammy Media, Ltd. d/b/a XHamster.com. Hammy Media is the operator of various pornographic media and social networking sites, including websites where the Plaintiffs' videos have been uploaded. Hammy Media also "is the front for a number of alter-ego and affiliate corporations which all comprise the XHamster operation." (FAC, para. 29). Wisebit IP is one of the *alter ego* and affiliate corporations that manages XHamster IP Holdings, Ltd., and controls the use of the XHamster brand:

> WISEBITS IP LTD. is a Cypriot company conducting business throughout the United States, including within this District in South Carolina. Upon information and belief, Wisebits IP LTD owns, operates, and/or manages the Defendant XHamster IP Holdings Ltd and controls the use of the XHamster brand.

(FAC, para. 34). The Plaintiffs have also sued Wisebits IP and its subsidiary XHamster IP Holdings, Ltd.

The FAC asserts nine causes of action against Wisebits IP and the other XHamster Defendants.[1] Count One asserts a claim for damages for violation of the Trafficking Victims Protection Reauthorization Act (TVPRA). "The TVPRA permits a party to bring a civil claim against perpetrators and against persons or entities who, although not the direct perpetrator, knowingly benefits [sic] from participating in what they should know was a sex trafficking venture." (FAC, para. 98). Count Two asserts a claim under 18 U.S.C. § 1962(c) of the Racketeer Influenced and Corrupt Organizations Act (RICO). This statute provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Count Nine asserts a claim for negligent monitoring of the pornographic websites. Count Ten asserts a claim for "false light " invasion of privacy. Count Eleven asserts a claim for civil conspiracy.

### B. The Rule 30(b)(6) Notice of Deposition and Wisebits IP's Counter-Designations

On October 5, 2023, the Plaintiffs in Civil Action 00947 served Wisebits IP with Plaintiff's Notice of 30(b)(5) and 30(b)(6) Deposition. (Pls. Ex. 1) Pursuant to the notice, the Plaintiffs advised Wisebits IP that they would take the deposition of the representative "who shall be designated to testify on behalf of Wisebits regarding all information known or reasonably available with respect to the subject matters identified below."

The "subject matters identified below" listed 12 areas of inquiry:

---

[1] As used in the FAC,  "XHamster" includes Defendants Hammy Media, Ltd., TrafficStars, Ltd., Wisebits, Ltd., XHamster IP Holdings, Ltd., Wisebits IP, Ltd., and all of their parents, subsidiaries and affiliates, including but not limited to xHamster.com. (FAC, para. 35). Hence all captions that refer to XHamster mean the cause of action is asserted against Wisebits IP.

1. The ownership and control structure (including organizational chart) of Wisebits; particularly any common ownership or officers or controlling shareholders of Wisebits with any other Defendant or former Defendant in this case, during the relevant time period; as well as parent companies, subsidiaries, controlling shareholders, and affiliates.

2. All entities, domains, brands, companies, parents, subsidiaries and/or affiliates through which Wisebits is linked through common ownership, shareholder interest or control, management, revenue or profit sharing, or advertising agreement, during the relevant time period.

3. All services by which Wisebits generates revenues and profit for, by, from, or through xHamster.com and/or Hammy Media, along with the financial statements for Wisebits during the relevant time period. This topic would include explanation of items contained in the relevant financial statements.

4. Identify all companies, brands, domains, and/or other publicly accessible internet platforms in which Wisebits holds an ownership interest, during the relevant time period.

5. The relationship between Wisebits and Hammy Media as it relates to the operation of adult entertainment websites, particularly xHamster.com., during the relevant time period.

6. Ownership, control or interaction with the content delivery network for Hammy Media, including the locations of all CDN or cache servers that are used in the process of relaying, transmitting, accessing, archiving, or otherwise storing or facilitating the delivery of content for any Hammy Media brand or affiliate, during the relevant time period.

7. List all intellectual property rights owned or administered by Wisebits that involve provision of adult entertainment content over the internet.

8. Describe all policies, procedures, or operations used to monitor the use of intellectual property rights held or administered through or by Wisebits to ensure compliance with applicable laws and regulations of locations where the intellectual property may be used or accessed.

9. Any and all means by which Wisebits promotes, markets, or contributes to the promotion or marketing of any adult entertainment website or brand, including xHamster.com.

10. Describe any connection, through common ownership, control, management, controlling stockholder interest or contract, between Wisebits and Trafficstars LTD.

11. Any holdings by Wisebits that have offices or places of business within the United States.

12. Identify any shared management between Wisebits and Hammy Media during the relevant time period.

(Pls. Ex. 1).

The Plaintiff's Notice of 30(b)(5) and 30(b)(6) Deposition accordingly advised Wisebits IP that the representative would be expected to testify not only as to Wisebits IP but also as to all affiliated entities that shared common officers, directors, employees, or shareholders. The Notice also advised that the representative would be expected to testify as to any revenue and/or profits generated by the pornographic websites that were shared by Wisebits IP and the other XHamster corporations.

This information is relevant – and indeed critical – to three completely different issues. First, the Plaintiffs have alleged and strongly suspect that Hammy Media is the front for a number of *alter ego* and affiliate corporations, including Wisebits IP, which all comprise the XHamster operation. In other words, these corporations are not distinct legitimate legal entities and the Plaintiffs need to obtain evidence that will allow them to "pierce the corporate veil" of Wisebits IP, or any other entity that in fact is the *alter ego* of Hammy Media.

Second, Wisebits IP potentially is liable under TVPRA if it knowingly benefits from participating in what the corporation should know was a sex trafficking venture, even if Wisebits IP is not the direct perpetrator. Hence revenues flowing from XHamster advertising, or subscriptions, that reach Wisebits IP provide a basis for imposing liability on Wisebits IP under the TVPRA. Third, Wisebits IP is potentially liable under RICO and the state civil conspiracy claim if it conspired to violate the RICO statute, or conspired to commit wire fraud, or any other

RICO predicate acts. The receipt and use of monies generated from the websites also constitute overt acts in the furtherance of the conspiracy.

On October 10, 2023, Wisebits IP served the Plaintiffs with objections and counter-designations to each category. (Pls. Ex. 2). Wisebits IP advised that its witness "will speak to information possessed by Wisebits IP, Ltd., and not other companies." Wisebits IP also advised that "the proper time frame is 2019 and that is what we expect our witness to testify about." Apparently oblivious to the *alter ego* allegations and the scope of liability under TVPRA, RICO, and civil conspiracy, Wisebits IP contended that information pertaining to its ownership interests would be irrelevant to the claims asserted:

> Topic 4:Identify all companies, brands, domains, and/or other publicly accessible internet platforms in which Wisebits holds an ownership interest, during the relevant time period.
>
> Objections and Response. This topic is overbroad and seeks irrelevant and disproportionate information and testimony. It is hard to see how this topic relates in any way to Plaintiffs' claims in this litigation.

(Pls. Ex. 2).

Despite this attempt to drastically narrow the scope of the deposition,  Wisebits IP **did not file a motion for a protective order**. To the contrary, Wisebits IP proposed that the deposition proceed as scheduled.   Wisebits IP further proposed –"if you believe that there are relevant topics covered in your 30(b)(6) notice for which the witness was unable to provide testimony, that we address those issues with the Court (if necessary) at that time." (Pls. Ex. 2) The Plaintiffs, however, did not agree to any of Wisebits IP's requests to narrow the deposition topics. (Pls. Ex. 3)[2](Wisebits IP Dep. at 41, lines 7-8).

---

[2] Exhibit 3 was submitted for *in camera* review along with the *Memorandum of Law* that quotes the testimony being challenged in the Defendant's Motion to Seal and Plaintiff's Response in Opposition to Motion for Protective Order.

C. **The Deposition**

Wisebits IP designated Constantinos Christoforou as its Rule 30(b)(6) representative. On February 21, 2024, at 9:04 a.m., the Plaintiffs began Mr. Christoforou's deposition as a Rule 30(b)(6) designee. At the beginning of the deposition, defense counsel did not object to the categories in the notice. In fact, defense counsel did not raise its objections to the scope of the deposition until page 40 of the deposition when defense counsel reiterated that "the proper time frame is 2019" and that questions prior to 2019 "we consider to be outside the scope of what this witness was here to testify to." (Pls. Ex. 3)[3](Wisebits IP Dep. at 40, lines 23-25, 41, lines 1-5). Plaintiffs' counsel reminded defense counsel "we have never agreed to your limitations of the time frame…." (Pls. Ex. 3)[4](Wisebits, IP Dep. at 41, lines 7-8).

Defense counsel never instructed Mr. Christoforou to refuse to answer any questions. Mr. Christoforou, however, **unilaterally chose which questions to answer and which questions to refuse to answer.** He repeatedly refused to answer questions about any entity but Wisebits IP, even though he admitted he knew the answer to many of the questions posed. He also refused to answer many questions on matters outside of the 2019 time frame. With respect to some questions, he claimed he simply did not know the answer, even though the information was readily available to the corporation. Mr. Christoforou refused to answer approximately 100 questions during the course of the deposition. These questions are redlined on the deposition transcript attached as Pls. Ex. 3. As explained i*nfra*, all of these questions fell squarely within

---

[3] Exhibit 3 was submitted for *in camera* review along with the *Memorandum of Law* that quotes the testimony being challenged in the Defendant's Motion to Seal and Plaintiff's Response in Opposition to Motion for Protective Order.

[4] Exhibit 3 was submitted for *in camera* review along with the *Memorandum of Law* that quotes the testimony being challenged in the Defendant's Motion to Seal and Plaintiff's Response in Opposition to Motion for Protective Order.

the Rule 30(b)(6) Notice and are highly relevant to either the *alter ego* allegations, or the

TVRVA, RICO, and/or civil conspiracy claims.

On February 27, 2024, Wisebits IP's counsel by email advised that he planned to file a

motion for protective order to have the deposition ruled closed the following day. The Plaintiffs

by email in response advised that the Plaintiffs planned to file a motion to reconvene the

deposition and to compel answers. The Plaintiffs nonetheless offered to discuss the matter

further. (Pls. Ex. 4)(Email Chain).

The Plaintiffs now seek to reconvene the deposition, to compel Mr. Christoforou or other

designee to answer these questions, and to impose sanctions in the form of holding the Defendant

liable for the costs incurred in making these motions and the cost of the second deposition,

including reasonable attorney fees. The Plaintiffs also obviously oppose the  Motion for

Protective Order to Preclude the Reconvening of Deposition. Finally, as more fully explained

herein, Wisebits IP has twice waived its proposed counter-designations by failing to file a timely

motion for protective order. Hence the Court need only consider whether the subject discovery

falls within the Plaintiff's Notice of 30(b)(5) and 30(b)(6) Deposition  and is relevant to the

claims in this action to determine whether the Plaintiffs' motions should be granted.

## **ARGUMENT**

## I.     **RULES 30 AND 37 AUTHORIZE THE COURT TO ORDER THE DEPOSITION RECONVENED AND TO COMPEL THE DEPONENT TO ANSWER THE QUESTIONS**

Although depositions are normally limited to 1 day of seven hours, Rule 30 provides that

a court must allow *additional time* if the deponent impedes, or delays, the deposition:

> (1) Duration. Unless otherwise stipulated or ordered by the court, a deposition is
> limited to 1 day of 7 hours. The court must allow additional time consistent with
> Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent,
> another person, or any other circumstance impedes or delays the examination.

Fed. R. Civ. Pro. 30(d)(1). As discussed in more detail below, Mr. Christoforou impeded or delayed the deposition by refusing to answer – or being unprepared to answer – approximately 100 questions without any legal justification. Hence the 1 day rule is not applicable to these motions.

Rule 30 sets forth the circumstances in which a party deponent may refuse to answer a question during the course of a deposition. Fed. R. Civ. Pro.  30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Local Civ. Rule 30.04(C) (D.S.C.), also states that "[c]ounsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or limitation on evidence directed by the Court or unless counsel intends to present a motion under Fed.R.Civ.P. 30(d)(1)." Defense counsel never instructed Mr. Christoforou to refuse to answer questions. He made that decision on his own. Rule 30(c)(2) accordingly does not excuse his conduct and he was required to answer all of the questions posed. Mr. Christoforou's refusal to answer accordingly is a blatant violation of Rule 30 and constitutes impeding and delaying the deposition.

Local Civ. Rule 30.04(C) (D.S.C.) further provides "counsel shall have an affirmative duty to inform their clients that unless such an objection is made, the question must be answered." Wisebits IP's counsel, in violation of Local Rule 30,  likewise impeded the deposition by failing to instruct Mr. Christoforou that he was required to answer the questions. Accordingly, the Plaintiffs respectfully submit that the Court has a mandatory duty to order the deposition reconvened to allow the Plaintiffs to fairly examine the deponent.

Fed. R. Civ. Pro. 37 in turn authorizes the Plaintiffs to seek an order compelling answers to its questions in the reconvened deposition:

> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> (i) a deponent fails to answer a question asked under Rule 30 or 31;

Fed. R. Civ. Pro. 37(a)(3)(B)(i). Rule 37 further provides:

> 4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Fed. R. Civ. Pro. 37(a)(4). Finally, Rule 37 further provides:

> (2) Unacceptable Excuse for Failing to Act. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, **unless the party failing to act has a pending motion for a protective order under Rule 26(c)**.

Fed. R. Civ. Pro. 37(d)(2)(emphasis added).

At the time Mr. Christoforou refused to answer questions, there was no pending motion for a protective order. Nor was he instructed by counsel to refuse to answer any question. Accordingly, Mr. Christoforou had no legally acceptable excuse for failing to answer.

Discussing all 100 questions at issue in this motion is not possible given the motion page limits. The Plaintiffs, however, will summarize the five primary categories of questions to which the deponent failed to provide answers. All 100 questions, however, are redlined on Pls. Ex. 3 and are covered by this motion to compel.

First, Mr. Christoforou refused to answer who paid his compensation when he served as a director for Wisebits IP, despite admitting he knew the answer to this question. (Pls. Ex. 3)(Wisebits IP Dep. at 30, lines 22-25, 31, lines 9-12). This question falls squarely within Category Two and perhaps Ten of the Notice:

2. All entities, domains, brands, companies, parents, subsidiaries and/or affiliates through which Wisebits is linked through common ownership, shareholder interest or control, management, revenue or profit sharing, or advertising agreement, during the relevant time period.

10. Describe any connection, through common ownership, control, management, controlling stockholder interest or contract, between Wisebits and Trafficstars LTD.

(Pls. Ex. 1).

If Hammy Media uses revenues, or profits, from the websites to pay the directors of Wisebits IP, then Wisebits IP is obviously "linked" to Hammy Media. If TrafficStars Ltd., by contract uses revenues, or profits, from the websites to pay the directors of Wisebits IP, then Wisebits IP is obviously "connected" to TrafficStars, Ltd.

These questions in turn are highly relevant as to whether Wisebits IP is the *alter ego* of Hammy Media, or TrafficStars, Ltd. The Fourth Circuit has directed lower courts to consider the following factors in determining whether one entity is the *alter ego* of another:

> In Keffer, as well as DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681 (4th Cir.1976), we articulated several factors that "guide the determination of whether one entity constitutes the alter ego of another." … These factors include "gross undercapitalization, insolvency, siphoning of funds, failure to observe corporate formalities and maintain proper corporate records, non-functioning of officers, control by a dominant stockholder, and injustice or fundamental unfairness." … Other factors properly considered by the district court in this case include intermingling of funds; overlap in ownership, officers, directors, and other personnel; common office space; the degrees of discretion shown by the allegedly dominated corporation; and whether the dealings of the entities are at arm's length.

*Vitol, S.A. v. Primerose Shipping Co*., 708 F.3d 527, 544 (4th Cir. 2013). The intermingling of funds if any between Wisebits IP and TrafficStars, and/or Hammy Media, thus is a proper Rule 26 inquiry for this case.

With respect to the substantive claims, if Wisebits IP received revenues, or profits, generated from sex trafficking by the other Defendants to pay its directors, Wisebits IP

potentially would be liable under TVPRA. If the revenues, or profits, were received as part of the wire fraud scheme, Wisebits IP potentially would be liable under RICO. If Wisebits, IP received the revenues, or profits, as part of the civil conspiracy, Wisebits, IP potentially would be liable for civil conspiracy. Hence the questions are also relevant to the substantive claims.

Second, the Plaintiffs presented Mr. Christoforou with the financial statements of Wisebits IP and asked him to explain various items on the financial statements, including a reference to an item marked as an "opinion." He flatly refused to answer these questions, even though he admitted he knew the answer to many of the questions.

(Pls. Ex. 3)[5](Wisebits IP Dep. at 38, lines 22-25, 39, lines 3-6);(Wisebits IP Dep. at 41, lines 24-25, 42, lines 1-4, 45, lines 2-3, 48, lines 7-10, 65, lines 17-23, 69, line 25, 70, lines 1-9).

These questions obviously fall squarely in Category 3 of the Rule 30(b)(6) Notice:

> 3. All services by which Wisebits generates revenues and profit for, by, from, or through xHamster.com and/or Hammy Media, along with the financial statements for Wisebits during the relevant time period. This topic would **include explanation of items contained in the relevant financial statements.**

(Pls. Ex. 1)(emphasis added). Understanding the financial statements is relevant to the *alter ego* inquiry to determine if funds have been intermingled between the various XHamster entities and Wisebits IP, Ltd. Understanding the financial statements is relevant to the substantive claims to enable the Plaintiffs to determine if revenues from the pornographic websites are paid to Wisebits IP.

---

[5] Exhibit 3 was submitted for *in camera* review along with the *Memorandum of Law* that quotes the testimony being challenged in the Defendant's Motion to Seal and Plaintiff's Response in Opposition to Motion for Protective Order.

Third, Mr. Christoforou likewise refused to answer a series of questions as to the identity of the current shareholder of Wisebits IP: (Pls. Ex. 3)[6](Wisebits IP Dep. at 46, lines 14-25, 47, lines 1-6, 12-19, 48, lines 1-4, 79, lines 20-25, 80, lines 1, 17-19). He also refused to answer how many other XHamster entities employed him as a director. (Pls. Ex. 3)[7](Wisebits IP Dep. at 90, lines 44-25, 91, lines 1-3).

These questions obviously fall squarely in Category One of the Rule 30(b)(6) Notice:

> 1. The ownership and control structure (including organizational chart) of Wisebits; particularly any common ownership or officers or controlling shareholders of Wisebits with any other Defendant or former Defendant in this case, during the relevant time period; as well as parent companies, subsidiaries, controlling shareholders, and affiliates.

 (Pls. Ex. 1).  Rule 26 relevancy is also clear. The existence of common directors between corporations – and identifying controlling persons - are key piercing the corporate veil factors. *Vitol, S.A. v. Primerose Shipping Co*., 708 F.3d 527, 544 (4th Cir. 2013)("[t]hese factors include "…control by a dominant stockholder, and injustice or fundamental unfairness." .. Other factors properly considered …include … overlap in ownership, officers, directors, and other personnel; common office space; the degrees of discretion shown by the allegedly dominated corporation; and whether the dealings of the entities are at arm's length").

---

[6] Exhibit 3 was submitted for *in camera* review along with the *Memorandum of Law* that quotes the testimony being challenged in the Defendant's Motion to Seal and Plaintiff's Response in Opposition to Motion for Protective Order.
[7] Exhibit 3 was submitted for *in camera* review along with the *Memorandum of Law* that quotes the testimony being challenged in the Defendant's Motion to Seal and Plaintiff's Response in Opposition to Motion for Protective Order.

Fourth, Mr. Christoforou likewise refused, or stated he did not know the answer to, a series of questions about CDN servers used by the Defendants. (Pls. Ex. 3)[8](Wisebits IP Dep. at 91, lines 24-25, 92, line 1, 93, lines 7-15, 94, lines 18-21, 97, lines 15-17). Mr. Christoforou similarly refused to answer questions about the functionality of the software that it owns that operates the websites: (Pls. Ex. 3)[9](Wisebits IP Dep. at 114, lines 3-5, 107, lines 18-24).

These questions obviously fall squarely in Category Six of the Rule 30(b)(6) Notice:

> 6. Ownership, control or interaction with the content delivery network for Hammy Media, including the locations of all CDN or cache servers that are used in the process of relaying, transmitting, accessing, archiving, or otherwise storing or facilitating the delivery of content for any Hammy Media brand or affiliate, during the relevant time period.

(Pls. Ex. 1). With respect to Rule 26 relevancy, The Defendants have several third party vendor contracts that assist with disseminating their content to a large audience. Content Delivery Network ("CDN") services allows for content to be shared quickly and be accessible to viewers. The CDN providers are necessary to provide the Defendants with service where they host and store all content on remote locations so anyone who requests to view the content locally can view it without interruption.

Fifth, Mr. Christoforou refused to answer questions about whether TrafficStars, Ltd., uses intellectual property licensed by Wisebits IP. (Wisebits IP Dep. at 106, lines 23-25, 107, lines 1-2).

---

[8] Exhibit 3 was submitted for *in camera* review along with the *Memorandum of Law* that quotes the testimony being challenged in the Defendant's Motion to Seal and Plaintiff's Response in Opposition to Motion for Protective Order.
[9] Exhibit 3 was submitted for *in camera* review along with the *Memorandum of Law* that quotes the testimony being challenged in the Defendant's Motion to Seal and Plaintiff's Response in Opposition to Motion for Protective Order.

These questions obviously fall squarely in Categories Seven and Ten of the Rule 30(b)(6) Notice:

> 7. List all intellectual property rights owned or administered by Wisebits that involve provision of adult entertainment content over the internet.

> 10. Describe any connection, through common ownership, control, management, controlling stockholder interest or contract, between Wisebits and Trafficstars LTD.

(Pls. Ex. 1). Again, this information is highly relevant to the *alter ego* claims.

Frustrated with Mr. Christoforou's refusal and/or inability to answer questions squarely within the Rule 30(b)(6) Notice, Plaintiffs' counsel after three hours of largely fruitless inquiry stated on the record that he would pause the deposition and move the Court to reconvene it. (Pls. Ex. 3)[10](Wisebits IP Dep. at 119, lines 5-15). At 12:54 p.m., the deposition accordingly was officially paused.

The foregoing summary shows that all of the specified questions – as well as the other redlined questions on Pls. Ex. 3 - fell within the Rule 30(b)(6) Notice and are relevant to the claims in this action. The Plaintiffs respectfully request the Court to order the deposition reconvened and to compel the deponent to provide complete answers to these questions, except as noted *infra*.

## II.    WISEBITS IP TWICE WAIVED ITS COUNTER–DESIGNATION OF TOPICS BY FAILING TO FILE A MOTION FOR A PROTECTIVE ORDER PRIOR TO THE FEBRUARY 26, 2024 DEPOSITION OR THEREAFTER

Fed. R. Civ. Pro. 30 contains no provisions permitting a party to serve objections and counter-designations to Rule 30(b)(6) topics *in advance* of the deposition. Rule 30(c)(2) permits

---

[10] Exhibit 3 was submitted for *in camera* review along with the *Memorandum of Law* that quotes the testimony being challenged in the Defendant's Motion to Seal and Plaintiff's Response in Opposition to Motion for Protective Order.

objections *during* a deposition and Rule 30(c)(3) permits a court to terminate, or limit, a deposition *during* a deposition. Consequently, the proper procedure for a party who objects to Rule 30(b)(6) deposition topics and proposes counter-designations is to file a motion for a protective order *in advance of the deposition:*

> Couture states that "[t]he proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." Id. (citing Beach Mart, Inc. v. L&L Wings, Inc., 302 F.R.D. 396, 406 (E.D. N.C. 2014)). "**The corporation cannot make its objections and then provide a witness that will testify only within the scope of its objections.**" …
>
>    The court agrees with Couture that UPC should have moved for a protective order prior to the 30(b)(6) deposition.

*United Prop. & Cas. Ins. v. Couture*, 2:19-cv-01856-DCN (D. S.C.  2021)(emphasis added).

Similarly, as United States Magistrate Judge Fouratt explained last week:

> the Court finds no support in the express language of Rule 30(b) for the serving of objections to Rule 30(b)(6) deposition topics in lieu of seeking a protective order. …In other words, **Rule 30 specifically contemplates the narrowing of a deposition's scope through a protective order."**
>
> Under these circumstances, the Court cannot agree that RCI "followed the proper procedural path" such that its formal objections obviated the need to file a motion for protective order. Rather, the Court's reading of the applicable procedural rules leads it to conclude that **the proper procedure for a party opposing Rule 30(b)(6) deposition topics is to request a protective order in advance of the deposition or to otherwise move to limit the deposition pursuant to Rule 30(d)(3), not merely to respond to those topics with objections or a counter-designation of topics.**

*Escano v. RCI, LLC*, CA No.: 2:22-360 DHU/GJF (D. N.M. Mar 01, 2024)(emphasis added).

Despite receiving the Plaintiff's Notice of 30(b)(5) and 30(b)(6) Deposition on October 5, 2023, Wisebits IP failed in advance of the February 21, 2024 deposition to file any motion for a protective order, or to file a Rule 30(d)(3) motion seeking to narrow the designated topics. Nor

17

did Wisebits IP even mention its objections and counter-designations until a third of the deposition had already been conducted.

In Wisebits IP, LTD's Memorandum in Support of Motion for a Protective Order to Prevent the Reconvening of Deposition, Wisebits IP attempts to excuse this failure by arguing *the Plaintiffs* should have sought the Court's intervention – "During that time, Plaintiffs could easily have sought the Court's intervention if they believed any of Wisebits' objections to be improper or unfounded, but they chose not to do so." Unfortunately for Wisebits IP,  however, that is not how a Rule 30(b)(6) deposition works - **"**the proper procedure for a party opposing Rule 30(b)(6) deposition topics is to request a protective order in advance of the deposition or to otherwise move to limit the deposition pursuant to Rule 30(d)(3), not merely to respond to those topics with objections or a counter-designation of topics." *Escano v. RCI, LLC, supra.*

When a party fails to file a motion for a protective order to raise objections to a Rule 30(b)(6) deposition under the circumstances of this case, the Plaintiffs respectfully submit that the proper remedy is for the Court to hold that the objections are waived. Thus, in a recent case in Louisiana federal district court, the magistrate judge ruled:

> The biggest problem with this discovery dispute is that the law imposed on the Advocacy Center (a named party to this litigation) an obligation to file a motion for a protective order if it had objections to the 30(b)(6) notice. Wood v. PACCAR, 2020 WL 831142 (N.D. Iowa 2020); Orchestrate v. Trombetta, 2015 WL 11120526 (N.D. Tex. 2015)("A party cannot fail to raise objections to Rule 30(b)(6) deposition notices, present
> a representative to testify on those topics, and then later raise objections to the scope or propriety of the topics. The objections, when raised for the first time (in some fashion) ... were untimely by many months and had been waived.") Furthermore, Rule 37(d)(2) provides in relevant part that a failure of a party to appear for a deposition after prior notice is not excused on the ground that the discovery was objectional "unless the party failing to act has a pending motion for a protective order under Rule 26(c)."
>
> The Advocacy Center filed no such motion. Therefore, the court finds that it has waived its objections to the 30(b)(6) notice. The Advocacy Center is

18

ordered to present a fully prepared authorized representative to testify on its
behalf on the topics identified in the notice of deposition on a date mutually
agreeable to all parties and counsel.

*Tellis v. LeBlanc*, CA No.: 18-cv-0541 (W.D. La. March 17, 2020).

Wisebits IP waived its objections and counter-designation *a second time* when,

*subsequent* to the deposition, it failed to file a motion for a protective order to limit topics to its

counter-designation. On February 29, 2024, Wisebits instead filed a motion for a protective order

seeking only to have the Court "issue a protective order declaring the 30(b)(6) deposition to be

concluded." (Wisebits IP, LTD's Memorandum in Support of Motion for a Protective Order to

Prevent the Reconvening of Deposition at 13).

Although the motion is styled as being filed pursuant to Rule 30(d)(3), the deadline for filing a

Rule 30(d)(3) motion has expired:

> (3) Motion to Terminate or Limit.
> (A) Grounds. At any time during a deposition, the deponent or a party may move
> to terminate or limit it on the ground that it is being conducted in bad faith or in a
> manner that unreasonably annoys, embarrasses, or oppresses the deponent or
> party. The motion may be filed in the court where the action is pending or the
> deposition is being taken. If the objecting deponent or party so demands, the
> deposition must be suspended for the time necessary to obtain an order.

Fed. R. Civ. Pro. 30(d)(3). At no time *during the deposition* did Wisebits move to terminate or

limit the deposition on grounds that the deposition was "being conducted in bad faith or in a

manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." To the

contrary, Wisebits permitted the deposition to proceed and allowed the deponent to pick and

choose what questions he was willing to answer.

It is too late now to invoke Fed. R. Civ. Pro. 30(d)(3). More important, Wisebits LP in this

motion has abandoned its counter-designation – it argues only that the 100 questions were

outside of the scope *of the Plaintiffs'* topics. Whatever the merits of the counter-designations – and they had none – Wisebits IP twice has waived them.

It is true that waiver does not *automatically* occur when a party fails to file a pre-deposition motion for a protective order seeking to limit Rule 30(b)(6) topics. In *United Prop. & Cas. Ins. v. Couture*, 2:19-cv-01856-DCN (D. S.C. 2021), Judge Norton denied a motion to reconvene a Rule 30(b)(6) deposition on certain topics and declined to rule that the defendant had waived objections to the scope of the Rule 30(b)(6) deposition. In *Couture*, however, the Rule 30(b)(6) designee after the deposition *filed a sworn affidavit* asserting that he had provided "all of the information that it can reasonably obtain through a corporate records search related to these line items...." He further asserted that  the "information cannot be obtained absent the dedication of tremendous amounts of manhours and resources to evaluate tens of thousands of policies...." Judge Norton found this explanation to be sufficient to excuse the defendant from providing further discovery on the topic. With respect to other contested topics, Judge Norton found the plaintiffs' need for the information to be relatively minimal, that some of the information could be obtained from other sources, and that some of the information sought was not necessarily discoverable.  Judge Norton ultimately granted the post-deposition motion for a protective order on three topics and denied the motion to reconvene and compel.

In the instant case, Wisebits IP has presented no sworn evidence that any of the deposition topics posed an undue burden on it to answer. This failure ends any attempt to rely on *Couture* because "[t]he party seeking to avoid discovery 'must demonstrate how the request is burdensome by submitting affidavits or other evidence revealing the nature of the burden.'" *United Prop. & Cas. Ins. v. Couture*, 2:19-cv-01856-DCN (D. S.C. Nov 04, 2021) quoting *Douty v. Rubenstein*, 2015 WL 4163093 (S.D. W.Va. July 9, 2015). Moreover, such an affidavit would

not be possible because the deponent admitted he knew the answer to many of the questions he chose not to answer. Nor is the information sought relatively minimal, or otherwise not proper under Fed. R. Civ. Pro. 26.  The relationship between the corporations is critical to the *alter ego* doctrine and the substantive claims. Accordingly, the Plaintiffs respectful request the Court to rule that Wisebits IP has waived its objections to the Rule 30(b)(6) Notice and its proposed counter-designations.

### III.    WISEBITS LP'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE THE RECONVENING OF DEPOSITION SHOULD BE DENIED

Local Civ. Rule 30.04(C) provides:

> Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court or unless that counsel intends to present a motion under Fed. R. Civ. P. 30(d)(1). In addition, counsel shall have an affirmative duty to inform their clients that unless such an objection is made, the question must be answered. **Counsel** directing that a witness not answer a question on those grounds or **allowing their clients to refuse to answer a question** on those grounds **shall move the court for a protective order under Fed. R. Civ. P. 26(c) or 30(d)(3) within seven (7) days of the suspension** or termination of the deposition. **Failure to timely file such a motion will constitute waiver of the objection, and the deposition may be reconvened.**

Local Civ. Rule 30.04(C) (D.S.C.)(emphasis added). The same rule should apply when a witness refuses to answer on other grounds. The Plaintiffs suspended Wisebits IP's' deposition on February 21, 2024. Wisebits filed its motion for a protective order on February 29, 2024. That is one day too late and Wisebits IP waived any objection to reconvening the deposition.

Even if timely, the motion is meritless. In moving for a protective order to preclude the reconvening of the deposition, Wisebits IP accuses the Plaintiffs of bad faith on three grounds:

> In the present case, over the course of approximately four hours, Wisebits' representative was asked approximately 437 questions, with more than a third of those (approximately 165) being outside the scope of the Rule 30(b)(6) notice; not

within the knowledge of Wisebits; and/or wholly irrelevant to Plaintiffs' actual claims in this litigation.3 This is precisely the type of bad faith behavior that Rule 30(d)(3) contemplates prohibiting.

(Motion at 6).

All three grounds are meritless. As discussed above, all five of the contested categories of questions fell squarely within the Rule 30(b)(6) topics and the questions posed were relevant to the *alter ego* doctrine and/or the substantive claims. With respect to the contention that some questions were not within the knowledge of Wisebits IP, that is not the standard for a Rule 30(b)(6) deposition. The deponent "shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. Pro. 30(b)(6). As Judge Norton has explained:

> To be sure, Rule 30(b)(6) "imposes a 'duty to prepare the designee that goes beyond matters personally known to the designee or to matters in which the designee was personally involved.'" …However, "[a]bsolute perfection is not required of a 30(b)(6) witness." …The corporation "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the requesting party] and to prepare those persons in order that they can answer fully, completely, and unevasively, the questions posed . . . as to the relevant subject matters."

*United Prop. & Cas. Ins. v. Couture,* 2:19-cv-01856-DCN (D. S.C.  2021). Wisebits IP has presented no evidence that the answer to any question was not reasonably available to the corporation.

Wisebits IP complains about questions pertaining to the number of employees of non-party Global Solutions, decisions made by the non-party auditor, and when the Plaintiffs were harmed. Out of the spirit of compromise, the Plaintiffs will agree to omit any questions on these matters when the deposition is reconvened. Questions relating to any auditor statements *on the financial statements*, however,  remain fair game as discussed above.

Wisebits LP also complains that the Plaintiffs sought to ask the deponent "questions in his personal capacity…." (Motion at 8). This is incorrect. Plaintiffs seek only to ask questions

based on the deponent's personal knowledge *of the noticed matters*. Such questions are clearly

proper under Rule 30(b)(6). *Escano v. RCI, LLC*, Civ. 2:22-360 DHU/GJF (D. N.M.  2024)("A

Rule 30(b)(6) designee must testify based on both his personal knowledge of the noticed matters

and also on "information known or reasonably available to the organization" as a whole"). When

the deposition is reconvened, the Plaintiffs will be careful to phrase the questions in this manner.

Accordingly, with these compromises, any possible undue or improper burden on Wisebits IP is

eliminated.  As a result, there is absolutely no basis for granting the requested Motion for

Protective Order to Preclude the Reconvening of Deposition and the motion should be denied.

## IV.    BECAUSE WISEBITS IP HAD ABSOLUTELY NO LEGAL JUSTIFICATION FOR FAILING TO PROVIDE ANSWERS TO THE SPECIFIED QUESTIONS, THE COURT SHOULD AWARD THE PLAINTIFFS' SANCTIONS

Rule 37 provides for the award of attorney fees and reasonable expenses when a motion

to compel is granted, subject to three exceptions:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After
> Filing). If the motion is granted—or if the disclosure or requested discovery is
> provided after the motion was filed—the court must, after giving an opportunity
> to be heard, require the party or deponent whose conduct necessitated the motion,
> the party or attorney advising that conduct, or both to pay the movant's reasonable
> expenses incurred in making the motion, including attorney's fees. But the court
> must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the
> disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially
> justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 37(a)(5)(A).

Prior to filing the subject motions, the Plaintiffs attempted in good faith to obtain the

subject discovery through a properly filed  Plaintiff's Notice of 30(b)(5) and 30(b)(6) Deposition.

The Plaintiffs also consulted with Wisebits IP on February 27, 2024 in a last attempt to obtain

the discovery. Hence exception one is inapplicable.

Wisebits IP's nondisclosures, responses, and/or objections were not substantially justified as discussed above. Further, Local Rule 30 required defense counsel to instruct the deponent to answer the questions under the circumstances here presented – but counsel failed to do that. Exception two is also inapplicable.

Finally, there are no other circumstances that make an award of sanctions unjust. If the Court grants the motion to compel, the Plaintiffs will submit an affidavit detailing their reasonable expenses, including attorney fees.

Rule 30 provides that sanctions may be awarded against any person who impedes, delays or frustrates the fair examination of the deponent:

> (2) Sanction. The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. Pro. 30(d)(2). Because Wisebits IP had absolutely no legal justification for failing to provide answers to the specified questions in the Rule 30(b)(6) Notice, the Plaintiffs respectfully request the Court to award them the reasonable expenses and attorney fees they will incur *in conducting the second deposition*. The Plaintiffs will submit to the Court an affidavit and court reporter receipt detailing these expenses when the second deposition is concluded.

## **CONCLUSION**

In *Tuition Payer 100 v. Bishop of Charleston*, CA 2:21-613-RMG (D. S.C. 2021), the defendant LS3P's Rule 30(b)(6) representative Attanasio frequently stated his opinion that he believed certain questions were outside the scope of the plaintiffs' Rule 30(b)(6) notice. Defense counsel failed to advise him that he was required to answer the question.  In granting the plaintiff's motion to reconvene the deposition and to compel answers to questions Attanasio

refused to answer, Judge Gergel found that both LS3P and its counsel had failed to comply with

the rules governing 30(b)(6) depositions:

> The Court finds problematic the conduct of LS3P's representative Attanasio and, to a lesser degree, LS3P's counsel. Contrary to Plaintiffs' characterization otherwise, Attanasio did respond to most questions Plaintiffs posed him. …Problematically, however, Attanasio often answered questions only after stating that he believed a question was "outside the scope" of Plaintiffs' Rule 30(b)(6) notice. …Plaintiffs argue Attanasio testified in this manner at the prompting of LS3P's counsel who frequently objected as to scope. This may be so. In sum, Attanasio's and LS3P's counsel's behavior was inappropriate and violated Fed.R.Civ.P. 30(c)(2) and Local Civil Rule 30.04(C). Fed.R.Civ.P. 30(c)(2) (noting counsel-not the deponent- should state on the record objections "in a nonargumentative and nonsuggestive manner"); Local Civil Rule 30.04(C), D.S.C. (noting that "counsel shall have an affirmative duty to inform their clients that unless [an objection regarding privilege or a court ordered limitation] is made, **the question must be answered**") (emphasis added).

> Considering the above, the Court finds LS3P and its counsel failed to comply with the rules governing the conduct of oral depositions. Fed.R.Civ.P. 30(c); Local Civil Rule 30.04.

*Tuition Payer 100 v. Bishop of Charleston*, Civil Action 2:21-613-RMG (D. S.C.

2021)(emphasis in original).

Judge Gergel accordingly denied LS3P's motion to terminate the deposition. The only

reason Judge Gergel did not also award sanctions was because "[t]he Court finds an award of

attorney's fees would be unjust and unwarranted given the fact that, until the moment the

deposition stopped, Attanasio had ultimately responded to most of Plaintiffs' questions."

*Tuition Payer* is almost directly on point. The only real difference is that Mr.

Christoforou did not answer most questions but failed to answer approximately 100 questions.

Defense counsel in turn violated the Local Rule 100 times by failing to instruct Mr. Christoforou

he had to answer. The Plaintiffs  respectfully request that the Court should follow Judge Gergel's

reasoning, except that the Plaintiffs' request for monetary sanctions should be *granted* because of

the near total violation of the rules by Wisebits IP and its counsel

For the reasons stated, the Plaintiffs respectfully request the Court to order the reconvening of the Wisebits IP Rule 30(b)(6) deposition; to order the deponent to provide full answers to each of the questions listed above as well as the other questions redlined on Pls. Ex. 3; to award the Plaintiffs sanctions pursuant to Rule 30 and Rule 37; and to deny Wisebits IP's motion for a protective order.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

_s/J. Edward Bell, III_
J. Edward Bell, III (1280)
Gabrielle A. Sulpizio (12715)
Joshua M. W. Salley (13214)
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Chad Propost (admitted Pro Hac Vice)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
cpropost@kytrial.com

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull ( admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004

bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

**ATTORNEYS FOR PLAINTIFF**

March 13, 2024
Georgetown, SC