UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CA No.: 7:20-cv-00947 |
| | ) |
| COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CA No.: 7:21-cv-03193 |
| | ) |
| LIMESTONE UNIVERSITY F/K/A LIMESTONE COLLEGE, COLLINS MURPHY, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA, LTD. d/b/a XHAMSTER.COM, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO MOTION TO SEAL**

The Defendant Wisebits IP, Ltd., has moved the Court to seal the entire transcript of the February 21, 2024 Rule 30(b)(6) deposition of its representative Constantinos Christoforou. The Plaintiffs oppose this motion for the reasons hereafter stated.

## ARGUMENT

In the Fourth Circuit, federal district courts are required to presume that public access to documents outweighs competing interests. To overcome this presumption, the district court must follow the procedures set forth below:

> In Knight, we explained that, while a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests," the "presumption" in such cases favors public access. Knight, 743 F.2d at 235; see also Stone, 855 F.2d at 182 ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances"). Accordingly, before a district court may seal any court documents, we held that it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) **provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives**…These procedures "must be followed when a district court seals judicial records or documents."

*Ashcraft v. Conoco Inc*., 218 F.3d 288, 302 (4th Cir. 1998). Wisebits IP has utterly failed to provide any legitimate reason why the deposition should be sealed and this is fatal to the motion and the Court cannot possibly make finding.

I.  **THE MOTION TO SEAL SHOULD BE DENIED BECAUSE THE DEPOSITION TRANSCRIPT IS NOT A "CONFIDENTIAL DOCUMENT" WITHIN THE MEANING OF THE CONFIDENTIALITY ORDER**

Wisebits IP claims that the deposition transcript is a "a confidential document" that requires a court order to disclose. Contrary to Wisebits IP's claim, the February 21, 2024 Rule 30(b)(6) deposition of its representative Constantinos Christoforou is not "a confidential document" within the meaning of the Court's July 20, 2021 Confidentiality Order. In order to designate a document as confidential, a party must comply with paragraph 3 of the order:

2

> Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.

(Confidentiality Order, para. 3). Neither Wisebits IP nor any other party has filed an Attachment A certification that the February 21, 2024 Rule 30(b)(6) transcript contains "information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information." Moreover, the Confidentiality Order does not permit an entire deposition to be designated as confidential. Only those portions containing "information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information" can be designated as confidential:

> 4. Depositions. Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

(Confidentiality Order, para. 3).

Wisebits IP apparently believes that the entire deposition somehow became confidential because: (1) its counsel declared at the beginning of the deposition "I want to make sure that this entire deposition is marked as attorneys –eyes only." (Wisebit IP Dep. at 9, lines 3-4); and (2) the deposition reporter typed CONFIDENTIAL- ATTORNEYS'- EYES only on the first page. Neither act had any legal effect. The Confidentiality Order is quite clear- to declare a document confidential, a party – *after review of the document* - must execute the Attachment A certification and, in the case of A deposition, specify the portions that should be deemed confidential.

3

Wisebits IP's failure to take either step *after review of the transcript* ends any debate as to whether the transcript is a confidential document. The pre-deposition declaration was obviously meaningless, since counsel had no idea at that time as to whether the deponent would disclose "information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information." The motion to seal should be denied for this reason.

## II. WISEBITS IP HAS FAILED TO SHOW ANY VALID REASON WHY THE DEPOSITION TRANSCRIPT SHOULD BE SEALED

Wisebits IP has not identified any valid reason why the deposition transcript should be sealed. The **only** reason given is that two of the defendants are direct competitors:

> One of the reasons for this "Attorney's Eyes Only" designation is that two of the Defendants in this case are direct competitors of each other. As such, pursuant to the terms of this Court's protective order, the transcript requires a court order for disclosure.

(Memorandum in Support of Wisebits IP, Ltd.'s Motion to Seal at 2). Wisebits IP apparently has not even read the Confidentiality Order. Again, in order to qualify as "confidential," the document must contain "information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information." The argument that Wisebits IP is a direct competitor with other defendants *does not make the deposition confidential*, or subject to being sealed.

Moreover, the notion that Wisebits IP would be placed at a competitive disadvantage by any testimony given by Mr. Christoforou is ridiculous on its face. Mr. Christoforou failed to answer approximately 100 questions and Wisebits IP as a result is subject to Plaintiffs' Motion to Reconvene the Deposition. In any event, the burden is on Wisebits IP to show a valid reason why the deposition should be sealed and the one sentence in its brief – "One of the reasons for this

4

"Attorney's Eyes Only" designation is that two of the Defendants in this case are direct competitors of each other" – does not come close to discharging this burden.

## CONCLUSION

For the reasons stated, the Motion to Seal should be denied.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*s/J. Edward Bell, III*
J. Edward Bell, III (1280)
Gabrielle A. Sulpizio (12715)
Joshua M. W. Salley (13214)
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted Pro Hac Vice)
Liz J. Shepherd (admitted Pro Hac Vice)
Chad Propost (admitted Pro Hac Vice)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
cpropost@kytrial.com

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull ( admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004

5

bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

**ATTORNEYS FOR PLAINTIFF**

March 13, 2024
Georgetown, SC