# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| **JANE DOES 1-9,** | **Case No.: 7:20-cv-00947-DCC** |
| **Plaintiffs,** | |
| **vs.** | |
| **COLLINS MURPHY et al,** | |
| **Defendants.** | |

**HAMMY MEDIA LTD.'S RESPONSES TO PLAINTIFFS' SECOND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 33, Hammy Media Ltd. ("Hammy") responds to Plaintiffs'

Second Request for Production of Documents as follows.  Hammy states that an agreement to

produce those responsive documents in its care, custody, or control responsive to a particular

discovery request is not a representation that any such documents exist.

**RESPONSES TO REQUEST FOR DOCUMENTS**

**REQUEST NO. 1**

Your company's certificate of incorporation, bylaws, rules, regulations, procedures, and any

proposed amendments thereto, or changes of any kind during the Relevant time period.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible information.  Additionally, Hammy objects to the

time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this

request is limited to the relevant time period of 2019-2020.  Hammy also objects to this request as

being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, Hammy will produce responsive documents that have been filed with the Department of Registrar of Companies.

**REQUEST NO. 2**

One copy of each of your most current employee lists and organizational charts; a copy of each organizational chart reflecting any changes during the Relevant time period and indicating the applicable dates such chart was accurate.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the above objections, Hammy will produce a document showing the current organization chart together with the locations from which all department heads currently work.

**REQUEST NO. 3**

One copy of each annual or other periodic report of your company, separately for your company and each of its parents, divisions, or subsidiaries for each year during the Relevant time period.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2020.  Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).  Hammy also objects to this request to the extent that it purports to seek documents of companies or entities other than Hammy.

**RESPONSE**

Subject to the foregoing objections, Hammy will produce those documents in its care, custody, or control.

**REQUEST NO. 4**

All minutes, recordings, summaries, or reports of meetings, whether formal or informal, of the members of each board of directors of your company and of each committee or subgroup of each board created during the Relevant time period.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

3

### RESPONSE

Pursuant to the foregoing objections, Hammy will not be producing documents in response to this request.

### REQUEST NO. 5

All minutes, recordings, summaries, or reports of meetings, whether formal or informal, of the members of each committee, group, or subgroup of management employees of your company, separately for your company and each of its divisions or subsidiaries that relate to issues of non-consensual content appearing on any of your platforms.

### OBJECTION

Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the Plaintiffs in this litigation

### RESPONSE

Subject to the foregoing objections, Hammy will produce those documents in its care, custody, or control that relate to the videos in question in this litigation.

### REQUEST NO. 6

All documents that report, describe, summarize, analyze, discuss, or comment on competition from, or the marketing or sales strategies, market shares of projected market shares, market conditions or the profitability of, any company, including your company, in the hosting of sexually explicit or "adult" videos, including all strategic plans, long-range plans and business plans of any such company.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Pursuant to the foregoing objections, Hammy will not be producing documents in response to this request.

**REQUEST NO. 7**

All documents that report, describe, summarize, analyze, discuss, or comment on compensation or sharing of revenues in any form to users, user accounts, or third-party individuals or entities.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, Hammy will produce responsive documents relating to the videos in question in the present litigation if any such responsive documents exist.

**REQUEST NO. 8**

All documents that report, describe, summarize, analyze, discuss, or comment on complaints that content is non-consensual, in whole or in part.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2020. Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, Hammy will produce responsive documents in its care, custody or control relating solely to the account under which the videos in question at the litigation were posted.

**REQUEST NO. 9**

For the relevant time period, all documents that list, set forth, report, describe, summarize, analyze, discuss, or comment on the categories, keywords, or key terms for organizing content and/or advertising content Hammy Media sites.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as

being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, and to the extent that they exist, Hammy will produce lists of the categories utilized on the xHamster.com website.

**REQUEST NO. 10**

All documents relating to the creation, acquisition, or termination of any domain name to be used for the purposes of hosting sexually explicit videos during the relevant time frame.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Pursuant to the foregoing objections, Hammy will not be producing documents in response to this request.

**REQUEST NO. 11**

All documents relating to any communication with any other entity regarding the terms or conditions for that entity purchasing, distributing, acquiring, migrating, or using content uploaded to any Hammy Media website.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, Hammy will produce any responsive documents that relate to the videos in question in the present litigation, to the extent that such documents exist.

**REQUEST NO. 12**

All documents that report, describe, summarize, analyze, discuss, or comment on the training of individuals to monitor or moderate content uploaded, or submitted to be uploaded, to any Hammy Media site.

**OBJECTION**

Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023.

**RESPONSE**

Subject to the foregoing objections, Hammy will produce those responsive documents in its care, custody, or control.

**REQUEST NO. 13**

All documents relating to any litigation or potential litigation claiming damages for the hosting of sexual or sexually explicit content depicting a non-consenting individual.

### OBJECTION

Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2020.

### RESPONSE

Subject to the foregoing objections, Hammy will produce those responsive documents in its care, custody, or control for the relevant period 2019-2020.

### REQUEST NO. 14

Please produce all help desk tickets (such as Jira, Zendesk, or any other program used for this purpose) or reports used to document, review, or request the removal of videos for suspected nonconsensual content.

### OBJECTION

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2020. Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

### RESPONSE

Subject to the foregoing objections, Hammy will produce responsive documents in its care, custody or control relating solely to the account under which the videos in question at the litigation were posted.

### REQUEST NO. 15

Please produce all Documents relating Hammy Media's profits or value from videos/channels or playlists that are displayed on its websites, including any benefit or revenues attributed to materials flagged or reported for nonconsensual content.

### OBJECTION

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Hammy also objects to this interrogatory as being unintelligible. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2020. Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

### RESPONSE

Subject to the foregoing objections, Hammy will produce any responsive documents that relate to the videos in question in the present litigation, to the extent that such documents exist.

### REQUEST NO. 16

Please produce all Documents pertaining to expenditures by Hammy Media for the monitoring, preventing, or removing of nonconsensual content.

### OBJECTION

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as

being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

### RESPONSE

Subject to the foregoing objections, Hammy will produce those responsive documents in its care, custody, or control.

### REQUEST NO. 17

Please produce all Documents regarding the identification and age verification processes for users of Hammy Media's websites including, but not limited to, account holders and those depicted in sexually explicit content. This request includes any Documents reflecting procedures not adopted or implemented.

### OBJECTION

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

### RESPONSE

Pursuant to the foregoing objections, Hammy will not be producing documents in response to this request.

**REQUEST NO. 18**

For the relevant period, please produce all Documents relating to advertising contracts or advertising programs, including the valuation of advertising contracts or programs, and the use of the same, that Hammy Media utilizes to place advertisements on their website.

**OBJECTION**

Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.

**RESPONSE**

Subject to the foregoing objections, Hammy will produce those contracts pursuant to which it receives advertising services from TrafficStars.

**REQUEST NO. 19**

Please produce all Documents relating to training, materials, policies, procedures, support and assistance provided to your employees or any business partners/members, including, but not limited to, Documents pertaining to nonconsensual content.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, Hammy will produce those responsive documents in its care, custody, or control.

**REQUEST NO. 20**

All documents relating to Hammy Media's policy concerning retention, storage, or destruction of any video content.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, Hammy will produce those responsive documents in its care, custody, or control.

**REQUEST NO. 21**

All communications during the relevant time period relating to advertising revenue earned through Hammy Media's websites based on keywords or geographic location.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this

request is limited to the relevant time period of 2019-2023.  Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, Hammy will produce responsive communications relating to advertising revenue from videos that are subject to litigation, if such documents exist and if such documents are within Hammy's care, custody, or control.

**REQUEST NO. 23** [sic – no request No. 22]

All contracts or agreements that indicate the business services provided by Cloudflare, Inc.

**OBJECTION**

Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2020.

**RESPONSE**

Subject to the foregoing objections, Hammy will produce those responsive documents in its care, custody, or control.

**REQUEST NO. 24**

All contracts or agreements with any business providing hosting services or web services for the xHamster.com website.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.  Hammy also objects to this request as

being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, Hammy will produce those responsive documents in its care, custody, or control.

**REQUEST NO. 25**

All contracts or agreements with any business providing content delivery services to the United States for the xHamster.com website.

**OBJECTION**

Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2021.

**RESPONSE**

Subject to the foregoing objections, Hammy will produce those responsive documents in its care, custody, or control.

**REQUEST NO. 26**

For the relevant time period, all documents related to data collection and analysis on the xHamster.com website.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as

being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing, Hammy will provide its Privacy Policy and Cookie Policy in accordance with which Hammy collects and analyzes personal data on the xHamster.com website.

**REQUEST NO. 27**

For the relevant time period, all documents related to search engine optimization.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Pursuant to the foregoing objections, Hammy will not be producing documents in response to this request.

**REQUEST NO. 28**

All documents prepared by any person in connection with your company's response to these document requests.

**OBJECTION**

Hammy objects to this request to the extent that it seeks information protected by the attorney-client and/or work-product privileges.

**RESPONSE**

Subject to the foregoing objections, Hammy states that no such documents exist.

**REQUEST NO. 29**

Please produce all reports made to Hammy Media by law enforcement, users, and/or the public about videos taken without consent or knowledge - including any reports made regarding the videos which are the subject of the Complaint.

**OBJECTION**

Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023.

**RESPONSE**

Subject to the foregoing objections, Hammy will produce responsive documents in its care, custody or control relating solely to the account under which the videos in question at the litigation were posted.

**REQUEST NO. 30**

Please produce all communications during the relevant time period that discuss hidden cam(era), spy cam(era), voyeur(ism), locker room, bathroom/shower videos, limestone college, or South Carolina.

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs. Accordingly, any response to this request is limited to the relevant time period of 2019-2023. Hammy also objects to this request as

being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Subject to the foregoing objections, Hammy will produce responsive documents in its care, custody or control relating solely to the account under which the videos in question at the litigation were posted.

**REQUEST NO. 31**

Please produce all communications regarding banned/restricted terms and categories for the relevant time period and any internal/policy/training materials created regarding these.

**OBJECTION**

Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this request is limited to the relevant time period of 2019-2023.

**RESPONSE**

Subject to the foregoing objections, Hammy will produce those responsive documents in its care, custody, or control.

**REQUEST NO. 32**

Please produce all videos and images, with their associated metadata, for the relevant time period, that were associated with keywords or categories or had titles or tags that included the words "voyeur," "cam," "camera," "hidden," "spy," "locker room," "South Carolina." or "public nudity."

**OBJECTION**

Hammy objects to this request as being overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Additionally, Hammy objects to the time frame for this interrogatory as defined by the Plaintiffs.  Accordingly, any response to this

request is limited to the relevant time period of 2019-2023.  Hammy also objects to this request as being wholly unrelated to Plaintiffs' claims and not proportional to the needs of the case in accordance with Fed. R. Civ. P. 26(b)(1).

**RESPONSE**

Pursuant to the foregoing objections, Hammy will not be producing documents in response to this request.

**REQUEST NO. 32 [sic]**

Please produce each document index your company prepares in responding to these document requests.

**OBJECTION**

Hammy objects to this request to the extent that it seeks information protected by the attorney-client and/or work-product privileges.

**RESPONSE**

Subject to the forgoing objection, Hammy states that no such responsive documents exist.

/s/ Hannah Rogers Metcalfe
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendant Hammy Media LTD*