# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9,<br><br>    Plaintiffs,<br>vs.<br><br>COLLINS MURPHY, SHARON HAMMONDS, BRENDA F. WATKINS, LIMESTONE UNIVERSITY, MG FREESITES, LTD., d/b/a PORNHUB.COM, MG FREESITES II LTD., MINDGEEK S.A.R.L., MINDGEEK USA, INC., MG BILLING LTD., and HAMMY MEDIA LTD. d/b/a XHAMSTER.COM, TRAFFICSTARS LTD., WISEBITS LTD, XHAMSTER IP HOLDINGS LTD, WISEBITS IP LTD.,<br><br>    Defendants. | Case No.: 7:20-cv-00947<br><br>**WISEBITS IP, LTD'S REPLY IN SUPPORT OF MOTION TO SEAL** |
| JANE DOE,<br><br>    Plaintiff,<br>vs.<br><br>LIMESTONE UNIVERSITY F/K/A LIMESTONE COLLEGE, COLLINS MURPHY, MG FREESITES, LTD., d/b/a PORNHUB.COM, and HAMMY MEDIA, LTD. d/b/a XHAMSTER.COM,<br><br>    Defendants. | Case No.: 7:21-cv-03193<br><br>**WISEBITS IP, LTD'S REPLY IN SUPPORT OF MOTION TO SEAL** |

    Plaintiffs' Opposition to Wisebits' Motion to Seal the deposition transcript of Wisebits' 30(b)(6) witness is frivolous and not properly before the Court, but clearly was filed with a purpose – just not a legitimate one. As noted in Wisebits' Memorandum in Support of its Motion for Protective Order, Plaintiffs are prosecuting this case not as if they are looking to vindicate legitimate rights, but as a morality crusade against the adult entertainment industry as a whole.

1

And, as part of that crusade, Plaintiffs apparently hope to put as much confidential information as possible into the public record. Nonetheless, this Court need not delve into Plaintiffs' ulterior motives to brush aside the arguments made in Plaintiff's Opposition to Wisebits' Motion to Seal the deposition transcript of Wisebits' 30(b)(6) witness. Instead, the Court need only refer to the Confidentiality Order stipulated to by the parties and put in place by the Court at Docket Entry # 138.

Ironically, in an Opposition where Plaintiffs spend most of their time chiding Wisebits for "apparently… not even read[ing] the Confidentiality Order," it is Plaintiffs who seem not to have read or followed the dictates of that Order.

Plaintiffs first spend a good portion of their Opposition discussing the requirements of Section 3 of the Confidentiality Order, which deals with the designation of **documents** and the procedures for the same. It is understandable, of course, that such procedures may be in place with respect to written discovery being produced, given that counsel likely has the time necessary prior to producing such information to review it and properly designate the information.

Such is not the case, for obvious reasons, with respect to a deposition, which is why the Confidentiality Order deals with depositions separately, in Section 4 of the Confidentiality Order, which allows for the designation to take place "when the deposition is taken," precisely as Attorney Gurvits did at the start of the deposition of Wisebits' 30(b)(6) witness.

It should be noted that both the Mindgeek-related entities and the Hammy-related entities have designated the depositions of their respective 30(b)(6) witnesses as Attorney's Eyes Only. Plaintiffs have never once before their Opposition even suggested that they thought such designations were improper. The designations were made so that the corporate defendants could

fully respond to Plaintiffs' discovery requests and deposition questions without concern that doing so would reveal proprietary or competitive information to the other.

And, without revealing any of the actual content of the deposition transcript (which the Court has), and as just examples of why the transcript should remain Attorney's Eyes Only, as designated, the witness' testimony touched upon:

1) Confidential and proprietary information regarding the corporate structure and operations of Wisebits IP (such as employees, subsidiaries, ownership, etc.). *See, Tr.* at p. 30 ln. 13-21; p. 31 ln 17-25; p. 33 ln 19-23; p. 34 ln 1-24; pp. 36-27 ln 25-10; p. 82 ln 1-10; pp. 85-86 ln 21-3; pp. 89-90 ln 13-4; p. 94 5-10; p. 108 ln 4-22; p. 109 ln 7-18; pp. 110 – 111 ln 7 – 9; and p. 112 ln 1-20

2) Confidential Contracts and Agreements. *See Tr.* at pp. p 54-59 ln 4 – 24; p. 80-81 ln 25-14; pp. 91-94 ln 3-10; pp. 97-104 ln 19-24; p. 106 ln 8-25; pp. 105-106 ln 1-7; and p. 115 ln 1-4; and

3) Documents Subject to Attorney's Eyes Only Designation/Protective Order (specifically Exhibits 5, 8, 10-12). *See Tr.* at Exhibit 5 (Intercompany Services Agreement) and pp. 54-59 ln 4 – 24; Exhibit 8 – (Hammy Media's 30(b)(6) deposition transcript and pp 76-81 ln 5-14; Exhibit 10 (Agreement for CDN services and pp. 91-94 ln 3-10; Exhibit 11 (Enterprise subscription agreement) and pp. 97-104 ln 19-24; and Exhibit 12 (Independent Contractor Agreement) and pp. 105-106 ln 1-7 and p. 115 ln 1-4.

Section 6(2) of the Confidentiality Order governs how a party should handle the filing of materials designated as confidential and specifically provides that, where appropriate, such as in connection with a discovery motion, the party shall submit "the documents solely for *in camera* review." Again, this is precisely what Wisebits did in filing its motion to seal and providing the Court with a copy of the deposition transcript.

Clearly – and for whatever actual reason they may have – Plaintiffs now claim to dispute Wisebits' designation of the transcript as Attorney's Eyes Only. There is a process for Plaintiffs to do so and it is not by opposing Wisebits' Motion to Seal.

3

Section 8(b) of the Confidentiality Order provides the proper procedure for a party wishing to contest another party's confidentiality designation:

> A party who contends that documents designated CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

Section 8(c) of the Confidentiality Order provides that the original designation stands until such time as the designating party voluntarily removes the designation; the designating party fails to move for an order confirming the designation following the 15-day period after receipt of a proper notice challenging the designation; or the Court rules on the motion to confirm the designation.

Plaintiffs have attempted to leapfrog past these requirements by filing an opposition to Wisebits' motion to seal. There is no reason that the Court should allow them to do so and, as such, Plaintiffs' opposition must be disregarded and Wisebits' motion to seal should be allowed.

Respectfully submitted,

/s/ Hannah Rogers Metcalfe
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20

Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendant Wisebits IP, Ltd.*

March 20, 2024
Greenville, South Carolina