# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, | ) |
|         Plaintiffs, | ) |
| vs. | ) CA No.: 7:20-cv-00947 |
| COLLINS MURPHY, et al. | ) |
|         Defendants. | ) |
| JANE DOE, | ) |
|         Plaintiff, | ) |
| vs. | ) CA No.: 7:21-cv-03193 |
| LIMESTONE UNIVERSITY, et al. | ) |
| Defendants. | ) |

### PLAINTIFFS' REPLY TO WISEBITS IP, LTD'S, RESPONSE TO PLAINTIFFS' MOTIONS

Defendant Wisebits IP, Ltd., has filed a Response In Opposition To Plaintiffs' Motion To Reconvene Rule 30(b)(6) Deposition of Defendant Wisebits, IP, Ltd., To Compel Testimony, And To Impose Sanctions (hereinafter Wisebits IP Response). The Plaintiffs respectfully submit this Reply to the arguments made in the Response and reiterate their request that the Plaintiffs' Motions be granted.

### ARGUMENT

**I.     WISEBITS IP'S ARGUMENT THAT THEY HAVE ANSWERED 82% OF THE QUESTIONS POSED IS NO DEFENSE TO THE PLAINTIFFS' MOTIONS**

Wisebits IP initially seeks to excuse Mr. Christoforou's failure to answer approximately 100 questions on grounds that he answered, "more than 82% of the questions posed." (Wisebits

IP Response at 3). That argument is meritless. Fed. R. Civ. Pro. 30 requires a deponent to answer *all* questions, unless instructed by his counsel to refuse to answer on grounds of privilege or court limitation, or unless a Fed. R. Civ. Pro. 30(d)(3)(A) motion is filed, and the deposition suspended. Local Civ. Rule 30.04(C) (D.S.C.) (emphasis added) in turn provides "counsel shall have an affirmative duty to inform their clients that unless such an objection is made, the question must be answered." Because defense counsel never instructed Mr. Christoforou to refuse to answer and never moved to suspend the deposition under Rule 30(d)(3)(A), Mr. Christoforou was required to answer all the questions – period. If Mr. Christoforou had refused to answer a *single* question, the Plaintiffs would be entitled to compel his answer. Fed. R. Civ. Pro. 37 (a)(3)(B)(i)("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31").

Wisebits IP's second argument is that the "approximately 100 questions" number is "wildly inflated and wildly misleading." (Wisebits IP Response at 3). If so, Wisebits IP has only itself to blame. The Plaintiffs took this number *from Wisebits IP's own brief*:

> Despite being outside of the scope of the Rule 30(b)(6) notice, Mr. Christoforou nonetheless answered approximately 65 of the 165 improper questions.

(Memorandum in Support of Motion for Protective Order to Preclude the Reconvening of Deposition at 6). Regardless of the exact number, the questions Mr. Christoforou, or other designee, must answer when the deposition is reconvened are redlined on the *in camera* submission and highlighted in yellow if they are cited in Plaintiff's Memorandum. There is nothing "mysterious" about this. And, while it is true that discussions between counsel are sometimes included in the highlighted portions, this is only to give the Court the context in

which the deponent refused to answer. The discussions between counsel are not counted as separate questions.

## II.     WISEBITS IP HAS FAILED TO SHOW ANY REASON WHY IT SHOULD NOT BE COMPELLED TO ANSWER THE PLAINTIFFS' QUESTIONS ABOUT COMMON DIRECTORS AND SHAREHOLDERS

The Plaintiff's Notice of 30(b)(5) and 30(b)(6) Deposition advised Wisebits IP that the Plaintiffs would inquire about common officers, directors, or shareholders shared by Wisebits IP and the other xHamster entities:

> 1. The ownership and control structure (including organizational chart) of Wisebits; particularly any common ownership or officers or controlling shareholders of Wisebits with any other Defendant or former Defendant in this case, during the relevant time period; as well as parent companies, subsidiaries, controlling shareholders, and affiliates.
>
> 2. All entities, domains, brands, companies, parents, subsidiaries and/or affiliates through which Wisebits is linked through common ownership, shareholder interest or control, management, revenue or profit sharing, or advertising agreement, during the relevant time period.
>
> 10. Describe any connection, through common ownership, control, management, controlling stockholder interest or contract, between Wisebits and Trafficstars LTD.
>
> 12. Identify any shared management between Wisebits and Hammy Media during the relevant time period.

(Pls. Ex. 1)(Plaintiff's Notice of 30(b)(5) and 30(b)(6) Deposition, Categories 1, 2, 10, & 12). Despite four distinct categories identifying this area of inquiry, Mr. Christoforou refused to answer questions concerning common directors and shareholders. These questions, of course, are crucial questions that must be answered for the Plaintiffs to prove, or disprove, their "*alter ego/ piercing the corporate veil*" allegations. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 544 (4th Cir. 2013)("Other factors properly considered by the district court in this case include …overlap in ownership, officers, directors, and other personnel").

Wisebits IP offers no valid reason why it should not be compelled to answer these questions. With respect to common directors, Wisebits only complains that the Plaintiff's counsel "asked the witness no less than seven different times to name the companies – other than Wisebits IP – for which he serves (or has served) as a director." (Wisebits IP Response at 3). That obviously is not a reason why the questions should not be answered. Moreover, Wisebits IP ignores the differences between the questions.

Counsel first asked broadly if Mr. Christoforou, a former director of Wisebits IP, had served as a director for any other xHamster entities in the caption. When Mr. Christoforou refused to answer, counsel reminded him the question was not outside the scope of the Rule 30(b)(g) deposition, but Mr. Christoforou still refused to answer. (Pls. Ex. 3)[1] (Wisebits IP Dep. at 24, lines 6-22, 25 line 18). Counsel returned to this subject later in the deposition and rephrased the question *more narrowly* in the hope of getting an answer.(Pls. Ex. 3) (Wisebits IP Dep. at 90, lines 12-25, 91, lines 1-3). Thus, the questions were not identical as Wisebits IP implies but were directed to different time periods, repeated after counsel reminded Mr. Christoforou that the questions were within the scope of the deposition notice, or rephrased to improve clarity. Regardless, Wisebits fails to explain why the rephrasing of the question provides any basis for denying the Plaintiffs' motions. When the deposition is reconvened, the Plaintiffs are not going to ask the same question seven times, because the witness will be compelled to give a proper answer. They will start with a single question with respect to Mr. Christoforou-

> when you were the director of Wisebits LP limited, how many other xHamster-affiliated entities were you the director of

---

[1] The exhibits were filed/submitted with the Plaintiffs' Memorandum of Law in Opposition to Motion for Protective Order and in Support of Motion To Reconvene Rule 30(b)(6) Deposition Of Defendant Wisebits, IP, Ltd., To Compel Testimony, and To Impose Sanctions.

and will follow up by asking him how many other common directors Wisebits IP does have with xHamster affiliated entities. These are proper questions which Mr. Christoforou must be compelled to answer.

With respect to common shareholders, Wisebits IP claims that "[t]he only other category of information within the company's knowledge that the witness originally declined to answer (other than the source of his compensation, now provided) was the name of the Cyprus corporation that is the current sole shareholder of Wisebits, Ltd." (Wisebits IP Response at 11). Wisebits IP further claims that Mr. Christoforou ultimately did answer this question in the deposition and updated it in his Affidavit filed with the response.

This assertion is a complete misrepresentation of the record. The above question was not the only common shareholder question the deponent refused to answer. The common shareholder questions at issue pertain to whether Hammy Media and Wisebits IP have the same ultimate beneficial owner. (Pls. Ex. 3) (Wisebits IP Dep. at 79, lines 20-25, 80, lines 1, 13-19). Despite admitting that he knew the shareholders of Wisebits IP, he refused to answer and never answered the question about the common ultimate beneficial owner of the two corporations. The identity of the current shareholder of Wisebits IP is obviously a completely different question. And the ultimate beneficial shareholder is not necessarily the subsidiary that owns Wisebits IP but the ultimate *beneficial* owner of Hammy Media and Wisebits IP - regardless of how many of the subsidiaries the Defendants have incorporated to protect the ultimate beneficial shareholder. Once again, this is classic piercing the corporate veil information that Mr. Christoforou must be compelled to answer.

**III.    WISEBITS IP HAS FAILED TO SHOW ANY REASON WHY IT SHOULD NOT BE COMPELLED TO ANSWER THE PLAINTIFFS' QUESTIONS**

**CONCERNING ITS INTERPRETATION OF ITEMS ON ITS FINANCIAL STATEMENTS.**

Wisebits IP fares no better with its argument that Mr. Christoforou should not be compelled to answer questions explaining items contained in Wisebits IP's financial statements. Category Three of the Rule 30(b)(6) provided:

> 3. All services by which Wisebits generates revenues and profit for, by, from, or through xHamster.com and/or Hammy Media, along with the financial statements for Wisebits during the relevant time period. **This topic would include explanation of items contained in the relevant financial statements**.

(Pls. Ex. 1)(Category 3).Wisebits IP did not file any motion for a protective order challenging this topic; nor did Wisebits IP suspend the deposition when the Plaintiffs began asking these questions; nor did defense counsel instruct Mr. Christoforou that he had to answer the questions as required by the Local Rule. Instead, defense counsel simply left it up to Mr. Christoforou to decide whether or not to answer these questions.

Wisebits IP now makes a meritless attempt to justify this failure by claiming-

> Plaintiffs attempted to transform Wisebits IP's 30(b)(6) witness into an accounting expert witness, asking him questions about why the -Company's outside auditors issued a qualified opinion on some audited financial statements and an unqualified opinion on others. Or they would ask him to explain accounting terms and why certain amounts were amortized in the financial terms.

(Wisebits IP Response at 7).

This objection is meritless. When a corporation is served with a Rule 30(b)(6) notice, "[t]he persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. Pro. 30(b)(6). In this regard:

> The law is well-settled that corporations have an "affirmative duty" to make available as many persons as necessary to give "complete, knowledgeable, and binding answers" on the corporation's behalf. Reilly v. NatWest Mkt. Group Inc.,181 F.3d 253, 268 (2d Cir.1999) (internal quotation marks omitted; quoting Sec. & Exch. Comm'n v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y.1992)); see Fed.R.Civ.P. 30(b)(6) ("organization so named shall designate one or more

6

>officers, directors, or managing agents, or other persons who consent to testify on its behalf" (emphasis added)).

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007).

As Judge Osteen explained last week:

>If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." U.S. v. Taylor, 166 F.R.D. 356, 361 (M.D. N.C. 1996). "Moreover, the designee must not only testify about facts within the corporation's knowledge, but also its subjective beliefs and opinions. The corporation **must provide its interpretation of documents and events**." Id. (internal citation omitted).

*Scott v. Full House Mktg.*, CA 1:21-cv-242 (M.D. N.C. Mar 04, 2024)(emphasis added).

If Mr. Christoforou lacked knowledge about the items on the financial statements, Wisebits IP had an affirmative duty to prepare him so he could answer. Or Wisebits IP could have provided a second Rule 30(b)(6) designee who had this knowledge. Plaintiff's counsel was not asking for expert testimony of obscure accounting principles but simply Wisebits IP's interpretation of its own financial statements. The inquiries are clearly proper and Wisebits IP must be compelled to provide answers when the deposition is reconvened.

The same principles apply to his refusal to answer questions concerning Traffic Stars' use of intellectual property licensed by Wisebits IP. Of course, it is ridiculous on its face for a licensor to claim that it does not know if a third party is using its licensed content. If Traffic Stars' is not the *alter ego* of Wisebits IP as Plaintiffs have alleged, Traffic Stars would pay licensing fees to Wisebits IP. Or Wisebits IP could sue Traffic Stars for unlawful use of its licensed product. This type of evidence is critical to the *alter ego*/piecing the corporate veil allegations because it is strongly probative of the intermingling of funds, or probative that the dealings of the supposed independent subsidiaries are not at arm's length. *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 544 (4th Cir. 2013)("Other factors properly considered

by the district court in this case include intermingling of funds; overlap in ownership, officers, directors, and other personnel; common office space; the degrees of discretion shown by the allegedly dominated corporation; and whether the dealings of the entities are at arm's length").

Similarly, Wisebits IP provides no justification for its failure to provide a witness who could testify about CDN servers. Category Six required Wisebits IP to provide a witness who could testify about-

> 6. Ownership, control or interaction with the content delivery network for Hammy Media, including the locations of all CDN or cache servers that are used in the process of relaying, transmitting, accessing, archiving, or otherwise storing or facilitating the delivery of content for any Hammy Media brand or affiliate, during the relevant time period.

(Pls. Ex. 1)(Category Six).

Wisebits IP did not file any motion for a protective order claiming this information was not reasonably available to the corporation; nor did Wisebits IP suspend the deposition when the Plaintiffs began asking these questions; nor did defense counsel instruct Mr. Christoforou that he had to answer the questions as required by the Local Rule. Instead, defense counsel simply left it up to Mr. Christoforou to decide that he would refuse to answer these questions. Mr. Christoforou testified that he did not even know what a CDN server is. (Pls. Ex. 3)(Wisebits IP Dep. at 91, lines 24-25, 92, line 1, 93).

Once again-

> "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." U.S. v. Taylor, 166 F.R.D. 356, 361 (M.D. N.C. 1996).

*Scott v. Full House Mktg.*, CA 1:21-cv-242 (M.D. N.C. Mar 04, 2024)(emphasis added).

Wisebits IP had an affirmative duty to prepare Mr. Christoforou to discuss CDN servers, or to designate someone else to do so. Wisebits IP accordingly failed to provide a witness

8

knowledgeable about the topic. Wisebits IP's attempt to excuse Mr. Christoforou's inability/refusal to answer CDN server questions-

> Plaintiffs' continued insistence that Wisebits' 30(b)(6) witness was required to be prepared to testify about information that Wisebits does not possess misapprehends the purpose and scope of Rule 30(b)(6) entirely.

(Wisebits IP Response at 12) – accordingly is meritless. Unless Wisebits established in a motion for a protective order that this information was not reasonably available to the corporation – and Wisebits did not attempt to do this - Wisebits IP was required to provide a witness who could answer.

### IV.  THE PLAINTIFFS DO NOT SEEK TO COMPEL MR. CHRISTOFOROU TO TESTIFY IN HIS PERSONAL CAPACITY

Wisebits IP continues to insist - incorrectly - that the Plaintiffs are seeking to force Mr. Christoforou to testify in his personal capacity. To the contrary, when the deposition is reconvened, the Plaintiffs will ask him to testify only as to his *personal knowledge* of the noticed matters as well as corporate knowledge. The law is quite clear that questions of this nature are proper. As Chief United States District Judge Terry L. Wooten has explained:

> Federal Rule of Civil Procedure 30(b)(6) requires a corporation to respond to a deposition notice by designating and producing a witness who is familiar with the topics listed in the notice. **The designated witness testifies on the corporation's behalf and, thus, testifies not only on his personal knowledge of a subject**, but on corporate knowledge. …"It follows that, in order to comply with the rule, the corporation has an affirmative duty to ensure that its designee has knowledge of all information on the noticed topics reasonably available to the corporation and is prepared to provide complete, binding answers on that information." Id.; see also Bd. of Trustees of Leland Stanford Jr. University v. Tyco Intern. Ltd., 253 F.R.D. 524 (C.D. Cal. 2008) (Rule 30(b)(6) implicitly requires a corporate designee to review all matters known or reasonably available to the corporation in preparation for the deposition, even if the documents are voluminous and reviewing them would be burdensome).

*McCray v. Allstate Ins. Co*., C/A No.: 3:14-cv-02623-TLW (D. S.C. Oct 22, 2015). Similarly, in a more recent case, the Court stated:

9

Stated differently, a corporation must respond to a deposition notice by designating and producing a witness who is familiar with the topics listed in the notice and who can testify on the corporation's behalf, which **includes not only his or her personal knowledge** but the corporate knowledge as well. See Ethox Chem., LLC c. Coca-Cola Co., No. 6:12-cv-01682-TMC, 2014 WL 2719214, at *1-2 (D.S.C. June 16, 2014) (citation omitted).

*Springs ex rel. C.S. v. Waffle House, Inc.*, CA No. 3:18-cv-03516-JMC (D. S.C. May 12, 2020).

## CONCLUSION

For the reasons stated, the Plaintiffs respectfully reiterate their request for the Court to order the reconvening of the Wisebits IP Rule 30(b)(6) deposition; to order the deponent to provide full answers to each of the questions listed above as well as the other questions redlined/highlighted on Pls. Ex. 3; to award the Plaintiffs sanctions pursuant to Rule 30 and Rule 37; and to deny Wisebits IP's motion for a protective order.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

*/s/ J. Edward Bell, III*
J. Edward Bell, III (#1280)
Gabrielle Sulpizio (12715)
Joshua M. W. Salley (#13214)
219 North Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@edbelllaw.com
gsulpizio@belllegalgroup.com
jsalley@edbelllaw.com

**ATTORNEYS FOR PLAINTIFFS**

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

Tyler S. Thompson (admitted *Pro Hac Vice*)
Liz J. Shepherd (admitted *Pro Hac Vice*)
Jordan A. Stanton (admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772

10

tthompson@kytrial.com
lshepherd@kytrial.com
jstanton@kytrial.com

**ATTORNEYS FOR PLAINTIFFS**

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull (admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C.20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

**ATTORNEYS FOR PLAINTIFFS**

April 02, 2024
Georgetown, SC