UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jane Does 1–9, | ) | C/A No. 7:20-cv-00947-DCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Collins Murphy, Limestone College, Hammy Media Ltd., MG Freesites Ltd., Sharon Hammonds, Brenda F. Watkins, MG Freesites II LTD., Mindgeek USA Inc., Mindgeek S.A.R.L., MG Billing LTD., Trafficstars LTD., Wisebits LTD., Xhamster IP Holdings LTD., Wisebits IP LTD., | ) | |
| | ) | |
| Defendants. | ) | |
| ─────────────────────────── | ) | |
| Jane Doe, | ) | C/A No. 7:21-cv-03193-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Limestone University, Collins Murphy, MG Freesites Ltd., Hammy Media Ltd., Sharon Hammonds, Brenda F. Watkins, Mindgeek S.A.R.L., Trafficstars LTD., Wisebits LTD., Xhamster IP Holdings LTD., Wisebits IP LTD., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Wisebits IP Ltd.'s ("Wisebits") Motion to Seal. ECF No. 351[1], 175[2]. For the reasons set forth in this Order, the Motion is granted.

---

[1] The Motion can be found at ECF No. 351 in C/A No. 7:20-cv-00947-DCC.
[2] The Motion can be found at ECF No. 175 in C/A No. 7:21-cv-03193-DCC.

**APPLICABLE LAW**

In *Ashcroft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000), the Fourth Circuit recognized that a U.S. District Court has "supervisory power over its own records and may, in its discretion, seal documents if the public's right or access is outweighed by competing interest." *See also In re Knight Publishing*, 743 F.2d 231, 234 (4th Cir. 1984). There is a presumption in favor of public access to court records. *Ashcroft,* 218 F.3d at 302. A District Court, however, has discretion to seal court records if: (1) it gives public notice of the request to seal so as to allow interested parties a reasonable opportunity to object; (2) it considers less drastic alternatives to sealing the documents; and (3) it provides specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.*

**ANALYSIS**

For the case at hand, the Court finds that it is appropriate to seal the document at issue based on three above mentioned criteria. Wisebits has submitted the supporting document for the Court's *in camera* review.

Regarding the first criteria, Local Civil Rule 5.03(D) (D.S.C.) provides that the docketing of a motion to seal in a manner that discloses its nature constitutes public notice of the motion.  Therefore, no further public notice is required.

Regarding the second criteria, it appears there are no less drastic alternatives other than sealing the document based on its contents. For example, the Court has specifically considered redaction of the document at issue, but the volume of confidential information contained in the documents renders that alternative useless.  In fact, the

2

entirety of the document contains some form of confidential information. Therefore, sealing the document is the most appropriate option under the circumstances.

Regarding the third criteria, Wisebits contends that the exhibit contains confidential and proprietary information and that it has been designated as "Confidential – Attorneys' Eyes Only."  Therefore, the public's right to obtain this information is outweighed by the Defendant interest in keeping its business information private from competitors, including another Defendant in this case. *See E & G, Inc. v. Mount Vernon Mills, Inc.*, No. 6:17-cv-00318-DCC, 2017 WL 11667887, at *2 (D.S.C. Dec. 18, 2017) (sealing agreement because it "concerns matters that might give an advantage to [the litigant]'s competitors if made to be publically available knowledge"). Accordingly, the Court finds and adopts these specific reasons in support of its decision to seal the document.

Plaintiff seems to challenge whether the exhibit has been designated as "Confidential – Attorneys' Eyes Only" as required by the Confidentiality Order in place in this case.  For the reasons given in the Reply, the Court believes that it has been so designated.  As Wisebits notes in the Reply, there is a process in place for Plaintiff to dispute the "Attorney's Eyes Only" designation, which does not contemplate so doing in response to a motion to seal. The Confidentiality Order provides the proper procedure for this type of contest. According to Section 8(c) of the Confidentiality Order, Plaintiff was required to give Wisebits previous written notice of the contest to the designation along with the specific basis for the challenge. There is no indication that such written notice was given, and the designating party did not voluntarily remove the designation. Therefore, while the motion to seal is granted, it is without prejudice as to Plaintiff's rights to avail itself of the procedures outlined in the Confidentiality Order.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Seal [351] is hereby **GRANTED**. Wisebits is directed to file the accompanying Exhibit of its Memorandum in Support of Motion for Protective Order to Preclude the Reconvening of Deposition under seal.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 9, 2024
Spartanburg, South Carolina