# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, <br><br> Plaintiffs, <br><br> v. <br><br> COLLINS MURPHY et al., <br><br> Defendants. | CASE NO. 7:20-CV-00947-DCC |

## [PROPOSED] ORDER GRANTING DEFENDANTS LEAVE TO CONDUCT INDEPENDENT MENTAL EXAMINATIONS (FED. R. CIV. P. 35)

The Court, having considered the motion by Defendants MG Freesites Ltd. and MindGeek S.à r.l. to compel independent mental examinations hereby orders, adjudges, and decrees as follows:

Plaintiffs Jane Does 2, 4, 5, 6, 7, and 9 shall submit to independent mental examinations ("IMEs" or "examinations"), pursuant to Federal Rule of Civil Procedure 35, subject to the following manner, conditions, and scope:

1. The IMEs will be conducted by psychologist Dr. Janine Shelby, Ph.D. Dr. Shelby shall be the sole defense examiner, and Defendants shall not conduct more than one IME of each Plaintiff.

2. The IMEs are for the purpose of allowing Dr. Shelby to assess the presence and/or extent of each Plaintiff's alleged psychological injuries, and she may conduct an interview, mental status examination, and psychological testing. Dr. Shelby is permitted to assess Plaintiffs' claimed psychological injuries resulting from the events at issue in the litigation in the context of, where applicable, each Plaintiff's pre-existing injuries, disorders, experiences, and functioning level. The scope of the examination may include factors that have bearing on the etiologies, contexts, and

16558987.1

manifestations of disorders/symptoms/difficulties.  The examination may include each Plaintiff's developmental, academic, social/familial, occupational, criminal, medical, mental health, and psychological/psychiatric treatment history.  In addition, the examination may include an assessment of Plaintiff's exposure to adversity, as well as current mental status, symptoms, response bias, and functional impairment.  No medically invasive procedures may be used.

3. The IMEs will be conducted remotely using the Zoom video conferencing platform. Each Plaintiff will be physically present in the state of Kentucky for her IME.  Each Plaintiff will participate in the examination from a private, quiet setting, where she has a strong internet connection.

4. The IMEs will be conducted by _____, 2024.

5. Each IME will last approximately eight hours, exclusive of breaks.  Breaks will be permitted throughout the examination, except during a brief period in which cognitive testing will be conducted.

6. No other person will be allowed in the room with Plaintiff during the IME.  The examination will not be broadcast or transmitted live.  Plaintiff will not be coached during breaks.

7. Each IME will be recorded, except for the portion of the psychological assessment involving standardized administration of tests that contain trade secrets, which Dr. Shelby is ethically and legally obliged to keep secure.

8. For each IME, Dr. Shelby will conduct psychological testing, using standard psychological assessment instruments, followed by a clinical interview.  Approximately half of the examination time will be used to complete psychological assessment measures, and the remainder of the time will be devoted to the clinical interview.

9. The psychological testing will include the administration of tests selected from the following by Dr. Shelby in her professional discretion, provided that Dr. Shelby shall have the right to supplement, omit, or amend use of the anticipated instruments if she determines that doing so is reasonably justifiable:

    A. **Cognitive Instruments:** Selected subtests of the WAIS-IV, TOMAL-2, or the NAB Digits Forward and Backward Test, but only one of these instruments will be used.

    B. **Wide-Scope Assessment Instruments:** PAI, MMPI-2-RF, MMPI-3, or MCMI-IV, but usually only one of these four assessment measures will be administered.

    C. **Instruments designed to assess specific symptoms or issues:** (1) Risk Inventory and Strengths Evaluation (RISE); (2) Suicide Probability Scale and/or SASSI-4; (3) TSI-2 and/or CAPS-5; and (4) Adult Manifest Anxiety Scale will be administered if Dr. Shelby determines they are relevant.

    D. **Instruments designed to assess adverse experiences, response style, and life quality/functional impairment:** (1) Adverse Childhood Experiences Scale or Impact of Events Scale-Revised; (2) M-FAST, MENT, VIP, SIMS, SIRS-2, or TOMM, but no more than two of these instruments; and (3) Quality of Life Inventory and/or Barkley Functional Impairment Scale for Adults (BFIS).

    E. **Additional instrumentation:** (1) BDI-2 or Hamilton Depression Rating Scale, but not both; and (2) BAI will be administered if Dr. Shelby determines they are warranted and relevant.

10. Following the IMEs, Dr. Shelby shall prepare a report, pursuant to Federal Rule of Civil Procedure 35(b), which Defendants will produce to Plaintiffs. Additionally, Defendants will provide Plaintiffs with copies of Dr. Shelby's recordings of the IMEs. However, the raw data from Plaintiffs' IMEs will only be given to Plaintiffs' psychological expert – if and when Plaintiffs identify such an expert – in keeping with the rules and ethical codes governing psychological assessment instruments.

11. Upon delivery of Dr. Shelby's report, Defendants shall be entitled to receive examination reports from Plaintiffs pursuant to Federal Rule of Civil Procedure 35(b)(3) and (b)(4).

12. Neither side shall conduct any psychologist or psychiatrist evaluation of Plaintiffs Jane Does 1, 3, and 8.

**IT IS SO ORDERED.**

_____
HON. DONALD C. COGGINS, JR.

_____, 20_____

_____, South Carolina