# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| JANE DOES 1-9, | CASE NO. 7:20-CV-00947-DCC |
| Plaintiffs, | |
| v. | |
| COLLINS MURPHY et al., | |
| Defendants. | |

| | |
|---|---|
| JANE DOE, | CASE NO. 7:21-CV-03193-DCC |
| Plaintiff, | |
| v. | |
| COLLINS MURPHY et al., | |
| Defendants. | |

## RESPONSE OF DEFENDANT MG FREESITES AND MINDGEEK S.À R.L TO MOTION TO EXTEND DISCOVERY CUT-OFF

16562644

**INTRODUCTION**

Defendants MG Freesites Ltd. and Mindgeek S.à r.l. (together, "Defendants") do not oppose a brief extension of the deadlines in this matter to allow the parties to complete their outstanding timely discovery. However, Defendants are concerned with the nature and scope of Plaintiffs' Motion for Extension of Time (Dkt. No. 392) (cited herein as "Mot."), as the relief Plaintiffs seek would permit plaintiffs to initiate—as is apparent from their moving papers—a planned new round of exhaustive discovery into issues that are not remotely proportional to the scope of this case. Moreover, the requested extension is unrealistic and prejudicial in that it would cause the discovery period and remaining pretrial deadlines to overlap.

Discovery in this case has, with minor exception, drawn to a natural and fair close. An extension of the discovery cut-off should be for the sole purpose of completing existing and timely discovery, and not an open-ended invitation to engage in brand new discovery past the existing discovery deadline. Additionally, any extension of the discovery cut-off *also* should extend all other dates in this action, especially the trial date and dispositive motion deadline. This is extremely important, because if the discovery cut-off were moved without moving the remaining dates, then discovery would not be completed prior to the time that dispositive motions must be filed—thereby providing Plaintiffs with an unfair opportunity to engage in discovery while dispositive motions are being briefed and potentially depriving Defendants of the ability to complete depositions of all of Plaintiffs' experts.

Thus, as set forth in more detail below, Defendants request that the Court:

1. Extend *all deadlines* in the case by 60 days; and

2. Limit the extended discovery period to only those discovery matters which currently are *outstanding* and have yet to be completed or otherwise resolved;

16562644

namely, outstanding written discovery requests, expert depositions, the three remaining depositions sought by Plaintiffs (Lauren Franklin, Braden Bulloch, Matt Kilicci, and third party Ashley Walling), the one remaining deposition sought by Defendant of the Plaintiff in Case No. 7:21-CV-03193-DCC (the "2021 Action"), and Rule 35 independent mental examinations ("IMEs").

**ARGUMENT**

As this Court is aware, these cases were filed in 2020 and 2021—between three and four years ago—and the parties have engaged in months (if not years) of discovery.[1] During this lengthy period of time, Plaintiffs have served five sets of written discovery demands on Defendants and taken depositions of five Rule 30(b)(6) witnesses on more than two dozen topics (who they *also* deposed in their personal capacity) and several percipient witnesses. In response to written discovery, Defendants provided dozens of pages of written interrogatory responses and produced more than 60,000 pages of responsive documents—the large majority of which have no connection to Plaintiffs or the specific videos at issue in this case (including, for example, financial records, documents related to Defendants' corporate structure and internal organization, internal database information, internal and external emails, and hundreds of pages of moderator training materials and procedures).

Plaintiffs have had ample time (indeed, they have had years) to complete discovery within the Court's allotted discovery period, and have no reasonable basis to claim that they have been unable to gather the discovery that they need for trial.[2] Any claim that Defendants have "frustrated

---

[1] Plaintiffs served their first set of discovery requests on Defendants on ***January 14, 2021***.

[2] The Court has previously extended the discovery cut-off in this case. Most recently, on January 8, 2024, the Court issued an Amended Scheduling Order which allowed for an additional nearly

2

the discovery process" is incorrect and unsupported. In fact, Plaintiffs did not once identify any deficiencies or request a meet-and-confer on any of Defendants' written discovery responses until October 2023 (years after the responses were served), they delayed (sometimes weeks) in responding to deposition dates offered by Defendants, and they unilaterally postponed several scheduled depositions. With respect to Defendants' custodial document production, what Plaintiffs ignore in their papers is that their demand for a global keyword search of more than a dozen additional custodians' files (which, like the prior demands, was not tied to any particular document request) was not made until late February 2024. In any event, MindGeek responded promptly with rolling productions. The final custodial document production was made this week.[3]

The foregoing aside, Defendants recognize and agree that several outstanding discovery tasks remain to be completed. While four depositions requested by Plaintiffs remain to be taken or resolved—two Rule 30(b)(6) witnesses, one current employee, and one non-party former employee who is separately represented and resides outside the United States—Defendants have been unable to complete their own discovery as a result of unexplained delay and hard-line discovery positions taken by Plaintiffs. Specifically, Defendants have been unable to take the deposition of the Doe Plaintiff in the 2021 Action because she has failed to provide her medical records, after several requests. Defendants also have been attempting to reach agreement with Plaintiffs with respect to Rule 35 IMEs for six of the nine Plaintiffs in the 2020 Action, but Plaintiffs have refused to consent to such examinations. As a result, Defendants filed a motion to compel the Rule 35 examinations yesterday (Dkt. No. 401), meaning that such examinations will

---

five months of discovery. *See* Dkt. 335.

[3] Contrary to Plaintiffs' assertion, Defendants did not "wait[] until May 13, 2024" to make a supplemental production. Following the April 16, 2024 status conference, Defendants produced custodial documents on a rolling basis, starting with a production on April 26, 2024 consisting of approximately 21,307 pages of documents.

3

16562644

not be able to take place until June or July 2024, depending upon the availability of Defendants' proposed expert, Dr. Shelby, and the six Plaintiffs themselves.

Additionally, the parties have not yet scheduled the depositions of any experts disclosed in this action. Since Plaintiffs designated *six* expert witnesses and Defendants designated two expert witnesses, some time will be needed to schedule and take all of these depositions. It also is possible that Plaintiffs will conduct their own Rule 35 examinations. If so, then time must be allotted for those examinations and for a deposition of Plaintiffs' examining expert.

In light of the foregoing, Defendants do not oppose—and, in fact, consent to—a reasonable extension of the discovery cut-off in this action. ***However,*** some important limitations and conditions should be attached to any such extension.

***First,*** the discovery extension should only apply to the completion of timely, outstanding discovery. Defendants are extremely concerned that Plaintiffs will use an open-ended extension to further expand the scope of discovery and to further burden Defendants with additional depositions and discovery demands that could have been propounded years ago.

Defendants' concern is not without basis; throughout this litigation Plaintiffs have made discovery a moving target. For example, in the course of this action Plaintiffs have repeatedly modified their list of requested deponents (adding and subtracting deponents seemingly at random), served several "amended" and inconsistent Rule 30(b)(6) notices and topics (sometimes on the day of or the day before a deposition), and expanded or changed the agenda for discovery conferences without notice. By way of example, in November 2023, Defendants were led to believe that only a handful of written discovery disputes remained, only to then be confronted in a January 2024 discovery conference with a six-page agenda identifying more than ***35*** separate

4

issues. Then, once those issues were resolved, Plaintiffs newly demanded a global keyword search of numerous custodians' files.

Further underscoring Plaintiffs' lack of diligence, Plaintiffs inexplicably waited until the end of discovery to make demands that they could have propounded months—if not years—earlier. Plaintiffs do not attempt to explain why they waited until May 1, 2024 (*i.e.*, 30 days before the discovery cut-off) to serve their purportedly "narrowly tailored" requests regarding, among other things, the "SEO business model/monetization for Pornhub.com" and "organizational/operational control of Pornhub.com." Mot. at 1-2. Plaintiffs also ignore that on ***May 3, 2024***, they served an additional set of discovery requests, ***knowing*** that they were untimely and that responses to those requests would be due ***after*** the May 31, 2024 discovery cut-off. Thus, it appears that Plaintiffs never had any intention of abiding by the discovery cut-off, but instead intentionally violated that deadline in the hopes that they would obtain the extension that they now seek.

Accordingly, any extension of the discovery cut-off should ***not*** be an open-ended invitation for Plaintiffs to revisit discovery in this action. Instead, any extension of the discovery cut-off should be ***limited to the completion of outstanding discovery tasks***, which should require no more than 60 days to complete. Specifically, the remaining discovery should be limited to the following:

- Depositions of all designated and identified experts in this action.
- Rule 35 examinations of Plaintiffs, pursuant to Defendants' pending Motion to Compel.
- The deposition of Lauren Franklin, Defendants' Rule 30(b)(6) witness.
- The deposition of Braden Bulloch, Defendants' final Rule 30(b)(6) witness.
- Resolution of Plaintiffs' demand for the deposition of Matt Kilicci.

16562644

- Plaintiffs' demand for the deposition of third-party Ashley Walling, for which Plaintiff will require issuance of a letter of request to the Canadian Central Authority.

- The deposition of Plaintiff in the 2021 Action.

- All outstanding written discovery requests that were served as of the date of Plaintiffs' request for an extension of time.

In other words, neither party should be permitted to notice or take any additional depositions, serve additional written discovery, or designate additional expert witnesses (other than IME experts). These limitations are necessary to ensure that none of the parties abuse the extended discovery period and improperly expand the scope of discovery in this action. Discovery should not be a never-ending process and it is long past time for it to come to a close.

*Second,* Defendants do *not* believe that it is appropriate to extend *only* the discovery cut-off without moving all other deadlines, including the trial date and dispositive motion deadline. Under the current Scheduling Order (Dkt. No. 334), dispositive motions and *Daubert* motions are due on *July 10, 2024*, mediation is to be completed by *July 31, 2024*, pretrial disclosures are due on *August 5, 2024*, and trial is set for on or after *September 10, 2024*. If granted, Plaintiffs' requested 90-day extension would make the new discovery cut-off *August 29, 2024*—more than a month *after* the dispositive motion deadline, several weeks after pre-trial disclosures, and just two weeks before trial. That would be highly prejudicial to Defendants, including because they should not be required to file a dispositive motion while discovery is ongoing and before they have had an opportunity to depose Plaintiffs' expert witnesses. Moreover, if the dispositive motion deadline were to be moved without moving the trial date (*e.g.*, to August or September 2024), then it is likely that dispositive motions would not be fully briefed and decided in sufficient time for

the parties to know the scope of the case prior to preparing for a September 10, 2024 trial. Thus, it is only fair to continue *all* pending deadlines to conform to the extension of the discovery cut-off.

Defendants note that, on May 15, 2024, they specifically informed Plaintiffs that they were willing to consent to the foregoing in order to avoid unnecessary motion practice on the issue. Plaintiffs, however, did not respond to that proposal. Instead, they filed this Motion two days later, without any mention of this compromise offer. Defendants continue to believe that their proposal is fair and reasonable, and should be adopted by the Court.

## **CONCLUSION**

For the reasons set forth herein, Defendants request that *all* dates be moved by *60* (rather than 90) days, and that the discovery cut-off be extended only to permit completion of existing, outstanding discovery requests and depositions, such that the new schedule would be as follows:

| Event | Existing Date | Proposed New Date |
| --- | --- | --- |
| Discovery shall be completed no later than: | May 31, 2024 | July 30, 2024, limited to the completion or resolution of discovery matters that currently are outstanding – i.e. written requests served on or before May 1, noticed depositions, expert depositions, and Rule 35 examinations. |
| Dispositive motions, Daubert Motions and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. | July 10, 2024 | September 9, 2024 |

| Event | Existing Date | Proposed New Date |
|---|---|---|
| 12, and those relating to the admissibility of evidence at trial shall be filed on or before: | | |
| Mediation shall be completed in this case on or before: | July 31, 2024 | September 30, 2024 |
| Motions in limine must be filed no later than: | August 15, 2024 | October 15, 2024 |
| This case is subject to being called for jury selection and/or trial on or after: | September 10, 2024 | November 12, 2024 |

DATED: May 31, 2024

Columbia, South Carolina

TURNER, PADGET, GRAHAM AND LANEY, P.A.

By: /s/ Mark Goddard
Mark Goddard | Attorney ID: 09194
email | mgoddard@turnerpadget.com
direct | 803-227-4334
1901 Main Street, 17th Floor
Columbia, South Carolina 29209

J. Kenneth Carter | Attorney ID: 05108
email | kcarter@turnerpadget.com
direct | 864-552-4611
Post Office Box 1509
Greenville, South Carolina 29602
facsimile | 864-282-5993

Los Angeles, California

MITCHELL SILBERBERG & KNUPP LLP

Marc E. Mayer | admitted *pro hac vice*
email | mem@msk.com
direct | 310-312-3154
2049 Century Park East, 18th Floor
Los Angeles, California 90067

QUINN EMANUEL URQUHART & SULLIVAN LLP

Michael E. Williams | admitted *pro hac vice*

8

16562644

email | michaelwilliams@quinnemanuel.com
direct | 213-443-3251
Diane Cafferata | admitted *pro hac vice*
email | dianecafferata@quinnemanuel.com
direct | 213-443-3666
Robert Jason Becher | admitted *pro hac vice*
email | robertbecher@quinnemanuel.com
direct | 213-443-3182
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

*Attorneys for Defendant MG Freesites, Ltd. and Mindgeek S.à r.l*