| | |
|---|---|
| **JANE DOES 1-9,** | **Case No.: 7:20-CV-00947-DCC** |
| Plaintiffs, | |
| vs. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL** |
| **COLLINS MURPHY et. al.,** | |
| Defendants. | |

Under Local Civil Rule 5.03 of the United States District Court District of South Carolina, Plaintiffs Jane Does 1-9 submit this memorandum of law in support of their motion to seal certain exhibit materials and an unredacted response in opposition to Defendants' MG Freesites Ltd. and Mindgeek S.à.r.l.'s (Pornhub Defendants) motion to compel independent medical examinations of the Does.

## BACKGROUND

Does 1-9 are nine former college students who visited Defendant Limestone College (now University) for a field hockey match in October 2012. During their visit to Limestone, they were surreptitiously recorded changing clothes in a locker room. Those recordings were then uploaded to various pornographic websites, including sites hosted by the Pornhub Defendants.

Due to the sensitive nature of the allegations of this case, all parties have taken great effort to protect the identities of Does 1-9. In order to respond to the Pornhub Defendants' motion for medical examinations, it is necessary for Does 1-9 to cite to certain of their testimony and to provide an affidavit from one of their consulting experts. The Does refer to their deposition testimony in the response brief and attach their depositions as Exhibits 1-4. Exhibits 5 and 6 contain a supporting affidavit pertaining to the Does. Each of Does' depositions have been marked as confidential under Paragraph 4 of the Confidentiality Order (DE 138) because the

depositions contain sensitive information that could be used to identify the Does and details regarding their medical history and treatment. Accordingly, in an effort to continue to protect the identities of the Does and in accordance with the terms of Paragraph 6 of the Confidential Order and Local Rule 5.03, the Does seek to file the unredacted version of the response brief and Exhibits 1-6 under seal.

## LEGAL STANDARD

There is a presumption in favor of public access to court records. *In re Knight Pub. Co.,* 743 F.2d 231, 235 (4th Cir. 1984). However, this Court does have "supervisory power over its own records and may, in its discretion, seal documents if the public's right or access is outweighed by competing interest." *Ashcroft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2002) (quoting *Knight,* 743 F.2d at 235). Therefore, before sealing any court document, the district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and rejecting the alternatives." *Id.*

## DISCUSSION

### A. Public Notice and Opportunity to Object

Counsel for the Does designated their entire deposition transcripts to be confidential under Paragraph 4 of the Confidentiality Order. No other party to the litigation has challenged the confidentiality designation. Counsel for the Pornhub Defendants has consented to the filing of these materials under seal, in order to protect the Does' privacy and identities, given the sensitive nature of this case.

Further, the Does have no objection to their motion to seal being made public via the Pacer

6

System such that any interested member of the public may objection.

### B. Less Drastic Alternatives

The Does have considered and—where possible—employed, less drastic alternatives to sealing. In particular, the Does have redacted the portions of their response brief that contain sensitive information so that it may be filed publicly and merely seek to file the unredacted version under seal to protect the confidential information. However, redaction of Exhibits 1-6, containing the deposition transcripts of the Does and supporting affidavit, is not possible because the transcripts have been designated as confidential in their entireties on the grounds that they contain the Does' sensitive personal information. The deposition testimony is relevant and necessary for the Court's consideration of the Pornhub Defendants' motion to compel.

### C. Reasons for Sealing

The Does response brief and Exhibits 1-6 contain the Does' deposition transcripts and supporting affidavit, which have been marked as confidential under Paragraph 4 of the Confidentiality Order. As such, publication of the transcripts require a court order. Given the sensitive nature of this case and the importance of protecting the Does' identities, the request to seal these exhibits "are not meant to avoid 'annoyance and criticism,' but [is] necessary to preserve privacy in a matter of most sensitive and highly personal nature." *Doe v. Richland School District Two*, 2020 WL 1065359, at *4 (D.S.C. March 5, 2020). The public's right to access in this case is ultimately outweighed by the compelling interest in protecting the privacy of the Does. To the extent there is any public interest in this case, it would be more than satisfied by the pleadings and filings in this case that are publicly filed.

<u>Conclusion</u>

For the aforementioned reasons, Does 1-9 respectfully request that their motion to seal be granted and the documents identified in the index attached to the motion as **Exhibit 1** be filed under seal with the Court.

**BELL LEGAL GROUP, LLC**

<u>/s/ J. Edward Bell, III</u>
J. Edward Bell, III (#1280)
Joshua M. W. Salley (#13214)
Gabrielle A. Sulpizio (#12715)
219 North Ridge Street
Georgetown, SC 29440
Telephone: (843) 546-2408
jeb@belllegalgroup.com
jsalley@belllegalgroup.com
gsulpizio@belllegalgroup.com

~ and ~

**DOLT, THOMPSON, SHEPHERD & CONWAY, PSC**

TYLER S. THOMPSON (admitted *Pro Hac Vice*)
LIZ J. SHEPHERD (admitted *Pro Hac Vice*)
CHAD O. PROPST (Admitted *Pro Hac Vice*)
13800 Lake Point Circle
Louisville, KY 40223
Telephone: (502) 244-7772
tthompson@kytrial.com
lshepherd@kytrial.com
cpropst@kytrial.com

~ and ~

8

**NATIONAL CENTER ON SEXUAL EXPLOITATION**

Benjamin Bull (admitted Pro Hac Vic)
Danielle Bianculli Pinter ( admitted Pro Hac Vice)
Christen Price ( admitted Pro Hac Vice)
Peter Gentala (admitted Pro Hac Vice)
1201 F Street NW
Washington, D.C. 20004
bbull@ncose.com
dpinter@ncoselaw.org
cprice@ncoselaw.org
pgentala@ncoselaw.org

*Counsel for Plaintiffs Jane Does 1-9*

June 10, 2024
Georgetown, SC

9