**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| JANE DOES 1-9, | CASE NO. 7:20-CV-00947-DCC |
| Plaintiffs, | |
| v. | |
| COLLINS MURPHY et al., | |
| Defendants. | |

### DEFENDANTS MG FREESITES LTD AND MINDGEEK S. À.R.L'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO SEAL

Pursuant to Local Civil Rule 5.03 of the United States District Court District of South Carolina, Defendants MG Freesites Ltd. and Mindgeek S.à r.l. (together, "Defendants"), submit this Memorandum in Support of their Motion to Seal certain confidential materials submitted in its Reply Memorandum of Law filed in support of Defendants' Motion to Compel Independent Medical Examinations pursuant to Rule 35 of the Federal Rules of Civil Procedure and Exhibits A and B to the Declaration of Marc E. Mayer (the "Exhibits").

### DISCUSSIONS

Plaintiffs in this action are nine former college students who visited defendant Limestone University for certain athletic events in 2012 and 2013. During their visits to Limestone University, they were surreptitiously recorded changing clothes in a locker room. Those recordings were uploaded by third parties to various websites.

Due to the sensitive nature of the allegations of this case, all parties have taken great effort to protect the identities of the nine Plaintiffs. In its Reply Memorandum of Law filed in support of Defendants' Motion to Compel Independent Medical Examinations of certain Plaintiffs, it is necessary for Defendants to cite to certain testimony from Plaintiffs' depositions. Defendants

1

quote and refer to Plaintiffs' deposition testimony in the Reply Memorandum and also attach excerpts from Plaintiffs' deposition transcripts as Exhibits A and B to the Declaration of Marc E. Mayer. Each of Plaintiffs' depositions have been marked as confidential pursuant to Paragraph 4 of the Confidentiality Order [E.C.F. 138] as the depositions contain sensitive information that could be used to identify the Plaintiffs and details regarding their medical history and treatment. Accordingly, in an effort to continue to protect the identities of the Plaintiffs, and in accordance with the terms of Paragraph 6 of the Confidential Order and Local Rule 5.03, Defendants seek to file the unredacted version of the Reply Memorandum of Law and Exhibits A and B under seal.

There is a presumption in favor of public access to court records. *In re Knight Pub. Co.,* 743 F.2d 231, 235 (4th Cir. 1984). However, this Court does have "supervisory power over its own records and may, in its discretion, seal documents if the public's right or access is outweighed by competing interest." *Ashcroft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2002) (quoting *Knight,* 743 F.2d at 235). Therefore, before sealing any court document, the district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and rejecting the alternatives." *Ashcroft*, 218 F.3d at 302.

### A. Public Notice and Opportunity to Object

Counsel for the Plaintiffs designated Plaintiffs' entire transcript to be confidential pursuant to Paragraph 4 of the Confidentiality Order. No other party to the litigation has challenged this confidentiality designation. Counsel for Plaintiffs have consented to the filing of these materials under seal in order to protect Plaintiffs' privacy and identities given the sensitive nature of this case.

Further, Defendants have no objection to its Motion to Seal being made public via the Pacer System such that any interested member of the public may objection.

**B. Less Drastic Alternatives**

Defendants have considered, and, where possible, employed, less drastic alternatives to sealing. In particular, Defendants have redacted the portions that contain sensitive information so that it may be filed publicly, and merely seek to file the unredacted version under seal to protect the confidential information. However, redaction of the Exhibits is not possible, as the transcripts have been designated by Plaintiffs as confidential in their entireties on the grounds that they contain Plaintiffs' sensitive personal information. The deposition testimony is relevant and necessary for the Court's consideration of Defendants' Motion to Compel.

**C. Reasons for Sealing**

The Reply Brief and Exhibits A and B to the Declaration of Marc E. Mayer contain excerpts of Plaintiffs' deposition transcripts, which have been marked as confidential pursuant to Paragraph 4 of the Confidentiality Order. As such, pursuant to the terms of the Confidentiality Order, the publication of the transcripts require a court order.

Given the sensitive nature of this case and the importance of protecting the Plaintiffs' identities, the request to seal these exhibits "are not meant to avoid 'annoyance and criticism,' but [is] necessary to preserve privacy in a matter of most sensitive and highly personal nature." *Doe v. Richland School District Two*, 2020 WL 1065359 (D.S.C. March 5, 2020). The public's right to access in this case is ultimately outweighed by the compelling interest in protecting the privacy of the Plaintiffs. To the extent there is any public interest in this case, it would be more than satisfied by the pleadings and filings in this case that are publicly filed, including Plaintiff's Complaint and Amended Complaint as well as the Defendants' Answers, Motions, and supporting

memoranda.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion to Seal be granted and the documents identified in the Index attached to the Motion as Exhibit A be filed under seal with the Court.

| | |
|---|---|
| DATED: June 14, 2024 | TURNER, PADGET, GRAHAM AND LANEY, P.A. |
| Columbia, South Carolina | By: /s/ Mark Goddard<br>Mark Goddard \| Attorney ID: 09194<br>email \| mgoddard@turnerpadget.com<br>direct \| 803-227-4334<br>1901 Main Street, 17th Floor<br>Columbia, SC 29209<br><br>J. Kenneth Carter \| Attorney ID: 05108<br>email \| kcarter@turnerpadget.com<br>direct \| 864-552-4611<br>Post Office Box 1509<br>Greenville, South Carolina 29602<br>facsimile \| 864-282-5993 |
| Los Angeles, California | MITCHELL SILBERBERG & KNUPP LLP<br><br>Marc E. Mayer \| admitted *pro hac vice*<br>email \| mem@msk.com<br>direct \| 310-312-3154<br>2049 Century Park East<br>18th Floor<br>Los Angeles, California 90067<br><br>*Attorneys for Defendant MG Freesites, Ltd. and Mindgeek S.à r.l.* |