**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| JANE DOES 1-9,<br><br>       Plaintiffs,<br><br>  v.<br><br>COLLINS MURPHY, et al.,<br><br>       Defendants. | CASE NO. 7:20-CV-00947-DCC |
| JANE DOE,<br><br>       Plaintiff,<br><br>  v.<br><br>LIMESTONE UNIVERSITY, et al.,<br><br>       Defendants. | CASE NO. 7:21-CV-03193-DCC |

**MINDGEEK DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE
EXPERT REPORT AND EXPERT TESTIMONY OF W. SCOTT BRANDON**

Plaintiffs have failed to oppose, and thus concede, the arguments made by Defendants MG Freesites Ltd and MindGeek S.à r.l (collectively the "Mindgeek Defendants") in their motion to exclude the testimony and opinions of Plaintiffs' proposed expert witness, W. Scott Brandon, filed on August 15, 2025 (Dkt No. 613). Plaintiffs filed an opposition brief on August 25, 2025 (Dkt. No. 615) that is linked on the docket to the Mindgeek Defendants' Motion, but that brief does not actually reference, respond to, or otherwise oppose the Mindgeek Defendants' Motion. Instead, it is an exact, carbon copy of the brief that Plaintiffs previously filed (Dkt. No. 600) in opposition to the Hammy Media Defendants' (*i.e.*, Hammy Media Ltd., Wisebits IP, Ltd., and Trafficstars, Ltd.) motion to exclude Mr. Brandon's expert report and testimony (Dkt. No. 589). It appears that Plaintiffs changed only the name of the defendants in the first sentence of the brief on page 1 – replacing the names of the Hammy Media Defendants with the Mindgeek Defendants. Plaintiffs wrongly state in that sentence that the "Motion to Exclude" referenced therein is the Mindgeek Defendants' Motion, but all of the following citations to the "Motion to Exclude" are actually to the Hammy Media Defendants' Motion (Dkt. No. 589). *See, e.g.,* Dkt. No. 615 at 14 (quote attributed to the Mindgeek Defendants' "Motion to Exclude" actually appears within Hammy Media's Motion, *i.e.* Dkt. No. 589, not Dkt. No. 613), *id.* at 16, 17, 20, 21, 25, 26 (same, while repeatedly responding to "Hammy Media" specific arguments, such as whether "the Hammy Media Defendants are entitled to immunity").

Plaintiffs' chosen approach creates the very confusion and duplicative briefing the Mindgeek Defendants sought to avoid. As the Mindgeek Defendants explained in their Motion, while they "agree with, and adopt, the majority of arguments made by the Hammy Media Defendants' in their previously-filed motion" and thus simply joined in those areas of evident common ground "[i]n an effort to avoid burdening this Court with briefing that forwards nearly

identical points and legal authorities," the Mindgeek Defendants *also submitted briefing and arguments regarding "additional reasons not covered by the Hammy Media motion (some of which are unique to the Mindgeek Defendants)*." Dkt. No. 613 at 2, n.1 (emphasis added). Plaintiffs' copy/paste of their previously-filed opposition completely ignores (and thus waives) the Mindgeek Defendants' additional arguments.

Specifically, Plaintiffs have failed to respond to, and thus have waived, three particular arguments forwarded by the Mindgeek Defendants in their Motion (and not included within the Hammy Media Defendants' Motion).

*First*, the Mindgeek Defendants argued that Mr. Brandon's opinions are inadmissible because his methods do not comport with certain specific *Daubert* factors, including because Mr. Brandon confirmed at deposition he has not even attempted to refine, formalize or subject to peer review, his analysis or approach. *See* Dkt. No. 613 at 7. Plaintiffs' opposition does not reference, or respond to, this argument. Plaintiffs argue only more generally (in response to the Hammy Media Defendants' arguments) that the *Daubert* factors ought not apply to Mr. Brandon's report and testimony to begin with. *See* Dkt. No. 615 at 10-11. The Mindgeek Defendants agree with, and join in, the Hammy Media Defendants' already-briefed legal analysis on reply as to why Plaintiffs are incorrect. *See* Dkt. No. 606. However, Plaintiffs' silence regarding the Mindgeek Defendants' specific arguments on this point must be construed as waiver.

*Second*, the Mindgeek Defendants argued that Mr. Brandon is not qualified to opine as an expert on any of the specialized topics implicated by his report such as content moderation, the ability to tell the difference between illegal and consensual content, and video-sharing website operations. *See* Dkt. No. 613 at 7-8. Plaintiffs' opposition does not reference, or respond to, this argument. Plaintiffs' opposition includes (in response to the Hammy Media Defendants'

2

arguments) more general argument that Mr. Brandon is "qualified to provide the offered expert testimony by virtue of" his background and review of the case record, but Plaintiffs address only (at best) why Mr. Brandon is sufficiently educated *with regard to the Hammy Media Defendants only*.  *See* Dkt. No. 615 at 7 (explaining "Mr. Brandon has… studied the pertinent discovery" such as the "30(b)(6) deposition of XHamster designee Nikita Popov" but not any specific Mindgeek Defendant designee or discovery).  Plaintiffs' explanation as to why "Mr. Brandon's testimony is based on sufficient facts or data" also references facts or data in the record relating to the Hammy Media Defendants.  *See* Dkt. No.615 at 9-10 (referencing a series of purported discovery disputes with the Hammy Media Defendants); Dkt. No. 615 at 23 (addressing the Hammy Media Defendants' arguments that Mr. Brandon misunderstands the role of Wisebits and TrafficStars, which of course has nothing to do with the Mindgeek Defendants' arguments); Dkt No. 615 at 24 (arguing "[w]ith respect to Hammy Media Ltd, Mr. Brandon clearly has sufficient facts and data for his opinions" but including no argument regarding the Mindgeek Defendants).  Plaintiffs' silence regarding the Mindgeek Defendants' arguments on these points must be construed as waiver.

***Third***, the Mindgeek Defendants argued Mr. Brandon's "material contribution" opinions are not sufficiently rooted in "good grounds" and contain confusing "analytical gap[s]" between the record and the opinions he proffers.  Dkt. No. 613 at 8-10.  Specifically, "Mr. Brandon relies heavily (if not exclusively) upon documents regarding Pornhub's *Content Partner Program* as the basis for many, if not most, of his opinions that the Mindgeek Defendants "'materially' contributed to, if not 'solicited,' the videos at issue [in this case] by providing instructions and financial incentives to the uploaders of those videos by way of the Content Partner Program documents." *Id.* at 8.  "[T]he fatal problem with Mr. Brandon's opinions is that the uploaders of the videos in this case *were not a part of the content partner program*, and documents such as the Pornhub Playbook were not applicable to them.  *See* Defs.' MSJ Reply (Dkt. No. 578) at 4, 10 & n.7

3

(collecting record citations)." *Id.* at 9. Mr. Brandon also admitted at deposition not knowing whether or not the uploaders were content partners, not knowing if they had actually been compensated (despite implying heavily – if not outright misrepresenting – in his opinions that they were), and that he was not even familiar with both of the uploaders' usernames. *Id.* Plaintiffs' opposition does not reference, or respond to, these arguments – nor does it include any argument even tangentially related to the same subject matter. As above, Plaintiffs' silence regarding the Mindgeek Defendants' arguments on these points must be construed as waiver.

*****

For the avoidance of doubt, and to the extent Plaintiffs' opposition brief does contain further substantive argument relevant to both the Hammy Media Defendants' Motion and the Mindgeek Defendants' Motion (such as the Defendants' shared argument that Mr. Brandon offers improper legal conclusions or that the *Daubert* factors govern the inquiry), the Mindgeek Defendants' join in, and incorporate by reference, all of the legal arguments submitted by the Hammy Media Defendants on Reply (Dkt. No. 606) to Plaintiffs' identical brief. The Mindgeek Defendants respectfully submit that it would only compound the confusion caused by Plaintiffs' filing were they to attempt to respond with any further granularity to Plaintiffs' opposition arguments, as they are oriented to an entirely separate Motion made by separate defendants.

For the foregoing reasons, Defendants MG Freesites Ltd and MindGeek S.à r.l again ask that the Court exclude the testimony and opinions of Mr. W. Scott Brandon.

4

| | |
|---|---|
| DATED: September 2, 2025 | TURNER, PADGET, GRAHAM AND LANEY, P.A. |
| Columbia, South Carolina | By: /s/ Mark Goddard<br>Mark Goddard | Attorney ID: 09691<br>email | mgoddard@turnerpadget.com<br>direct | 803-227-4334<br>1901 Main Street, 9th Floor<br>Columbia, South Carolina 29201 |
| Los Angeles, California | MITCHELL SILBERBERG & KNUPP LLP<br><br>Marc E. Mayer | admitted *pro hac vice*<br>email | mem@msk.com<br>direct | 310-312-3154<br>2049 Century Park East<br>18th Floor<br>Los Angeles, California 90067<br><br>*Attorneys for Defendant MG Freesites Ltd and MindGeek S.à r.l.* |

5