| | |
|---|---|
| JANE DOES 1-9, | Case No.: 7:20-cv-00947-DCC |
| Plaintiffs, | |
| vs. | |
| COLLINS MURPHY, et al., | |
| Defendants. | |
| JANE DOE, | Case No.: 7:21-cv-03193-DCC |
| Plaintiff, | |
| vs. | |
| LIMESTONE UNIVERSITY, et al., | |
| Defendants. | |

## HAMMY MEDIA LTD'S, WISEBITS IP, LTD'S, AND TRAFFICSTARS, LTD'S RULE 54(B) MOTION FOR CERTIFICATION OF SEPARATE AND FINAL JUDGMENT

Defendants Hammy Media, Ltd. ("Hammy") Trafficstars, Ltd. ("TL") and Wisebits IP, Ltd. ("WIL")(collectively, the "Hammy Media Defendants") hereby respectfully move for the certification of a separate and final judgment as to all claims which had been asserted by Plaintiffs against the Hammy Media Defendants, each of which was dismissed by the Court in its Opinion and Order of September 3, 2025 (D.E. 635)(the "Summary Judgment Order"). Oddly, although Plaintiffs informed this Court that they intended to seek the same relief as the Hammy Media

Defendants seek in this motion, they have not agreed to this motion being filed as unopposed despite requests that they do so.

In support of this Motion, the Hammy Media Defendants state as follows.

## BACKGROUND

Plaintiffs' Fifth Amended Complaint ("FAC") asserted five claims against the Hammy Media Defendants: Count I, alleging a violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"); Count II, alleging civil RICO violations; Count IX, alleging Negligent Monitoring; Count X, alleging False Light; and Count XI, alleging Conspiracy.

Plaintiffs' FAC also alleged claims against Collins Murphy ("Murphy"); Limestone University and two of its employees (the "Limestone Defendants"); and MindGeek Freesites, Ltd. and affiliated companies (the "MindGeek Defendants").

The claims alleged against Murphy are: Count III, invasion of privacy/wrongful intrusion upon private affairs; Count IV, invasion of privacy/wrongful publicizing of private affairs; Count V, invasion of privacy/wrongful appropriation of personality; Count VI, intentional infliction of emotional distress; and XI, civil conspiracy.

On June 18, 2025, Plaintiffs and the Limestone Defendants informed the Court during a hearing that they had reached a settlement of the claims against the Limestone Defendants. According to a status report filed by Plaintiffs on September 11, 2025 (DE 447), that settlement is in the process of being finalized.

On September 3, 2025, the Court issued its Summary Judgment Order, dismissing all of the claims against the Hammy Media Defendants and the Mindgeek Defendants. As of the date

of this motion, then, live claims remain only against Murphy.[1]

## ARGUMENT

Federal Rule 54(b) provides, in relevant part, that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The Fourth Circuit has held that consideration of a Rule 54(b) motion requires the trial court to make two separate written findings[2]: (1) that its judgment is "final" and (2) that "there is no just reason for delay." *Braswell Shipyards v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

A judgment is "final" when it constitutes "an ultimate disposition of an individual claim…." *Id.* In the present case, there is no question but that the Court's Summary Judgment Order constituted the ultimate disposition of each of the claims sounding against the Hammy Media Defendants.

In deciding whether "there is no just reason for delay," the Court "considers what course is 'in the interest of sound judicial administration.'" *Weaver v. Graziano*, 2024 U.S. Dist. LEXIS 242380 (D.S.C. 2024). Such a determination is primarily concerned with avoiding unnecessary "fragmentation of appeals" and is "necessarily case specific." *Braswell Shipyards* at 1335. In making this determination, the Fourth Circuit has articulated a number of factors to consider, if

---

[1] In their status report, Plaintiffs and Murphy appear to request that the Court stay the proceedings against Murphy, stating that they believe the appellate process should first run its course with respect to the Hammy Media Defendants and the Mindgeek Defendants. The Hammy Media take no position on whether the case against Murphy should be stayed but note that the resolution of Plaintiffs' and Murphys' request is immaterial to the present motion.

[2] The Fourth Circuit has stressed that the district court is required to articulate its reasoning with respect to the Rule 54(b) factors. *Doe v. City of Gauley Bridge*, 2023 U.S. App. LEXIS 23153 (4th Cir. 2023).

applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335-36.

In the present case, the first three factors are all related to one another. With a single exception, there is no overlap between the claims Plaintiffs brought against the Hammy Media Defendants, which all center around the fact that Plaintiffs' videos were posted by a third-party to the xHamster.com website, and the claims Plaintiffs brought against Murphy, which all center around the allegation that Murphy surreptitiously recorded the Plaintiffs. As the Court's Summary Judgment Order made clear, the claims against Hammy Media failed primarily because Hammy Media was entitled to the immunity afforded by Section 230 of the Communications Decency Act; the claims against Wisebits IP failed for lack of personal jurisdiction (and failures to prove essential elements of the claims against Wisebits IP); and the claims against TrafficStars failed for failures to prove the essential elements of the claims against TrafficStars. These findings had nothing to do with Defendant Murphy or the claims against him and, as such, the claims against the Hammy Media Defendants would not be affected by additional proceedings against Murphy, nor would the resolution of the claims against Murphy – regardless of how they are resolved – result in the duplicative claims being presented to the Fourth Circuit. Because the claims that sound against the Hammy Media Defendants are separate and distinct from the claims that sound against Murphy, certification of final judgment is appropriate here.

The sole claim that sounds against both the Hammy Media Defendants and Murphy is the conspiracy count. Even here, though, certification of final judgment is appropriate. In its Summary Judgment Order, the Court specifically held that, "Based on the undisputed facts before the Court in this case, there is no evidence that Hammy entered into an agreement with Defendant[] Murphy..." Summary Judgment Order, p. 63. And, to the extent that the court found that there was *any* evidence of an agreement with respect to the Hammy Media Defendants, it was that the Hammy Media Defendants agreed with one another, agreements that "involved their legitimate business needs and a review of the record reveals that Plaintiffs have provided no facts showing that an agreement existed to commit unlawful acts based upon these business agreements. Accordingly, the Court finds that Plaintiffs' claim for civil conspiracy fails as a matter of law because Plaintiffs have failed to provide sufficient evidence to establish an essential element of their claim." *Id.* at 64.

To the extent that Plaintiffs may intend to appeal the Court's factual holdings, then, those holdings involve the Hammy Media Defendants and not Murphy and, as such, the claims do not overlap and do not present a risk of duplicative appeals.[3]

The final two factors are inapplicable to the present case and, as such, certification of a final judgment with respect to the claims against the Hammy Media Defendants is appropriate.

## CONCLUSION

For the reasons stated hereinabove, the Hammy Media Defendants respectfully request that the Court certify as final its Order dismissing each of the claims against the Hammy Media Defendants.

---

[3] Obviously, to the extent the Court is inclined to grant Plaintiffs' and Murphy's request to stay the remainder of the case pending appellate review, this would eliminate *any* possible risk of duplicative appeals.

Respectfully Submitted,

/s/ Hannah Rogers Metcalfe
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605
(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Hammy Media, LTD,*
*Trafficstars LTD, and Wisebits IP LTD*

September 18, 2025
Greenville, South Carolina