IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jane Does 1–9, | ) | C.A. No. 7:20-cv-00947-DCC |
| Plaintiffs, | ) | |
| v. | ) | |
| Collins Murphy, Limestone College, Hammy Media Ltd., MG Freesites Ltd., Sharon Hammonds, Brenda F. Watkins, Mindgeek S.A.R.L., TrafficStars LTD., Wisebits IP LTD., | ) | |
| Defendants | ) | |
| Jane Doe, | ) | |
| Plaintiff, | ) | C/A No. 7:21-cv-03193-DCC |
| v. | ) | **OPINION AND ORDER** |
| Limestone University, Collins Murphy, MG Freesites Ltd., Hammy Media Ltd., Sharon Hammonds, Brenda F. Watkins, Mindgeek S.A.R.L., TrafficStars LTD., Wisebits IP LTD., | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants TrafficStars LTD ("TrafficStars"), Wisebits IP LTD ("Wisebits"), and Hammy Media, Ltd's ("Hammy") (the "Hammy Media Defendants") Motion for Certification of Separate and Final Judgment under Rule 54(b), Plaintiffs' Motion for Certification of Separate and Final Judgment under Rule 54(b), and

Plaintiffs' Motion to Stay.  ECF Nos. 641, 642[1], 643, 649.[2]  Plaintiffs filed a response to the Hammy Media Defendants' Motion and Defendants MG Freesites Ltd ("MindGeek") and Mindgeek S.A.R.L. (together, the "MindGeek Defendants") filed a response in support of Plaintiffs' Motion for Certification of Separate and Final Judgment under Rule 54(b).  ECF Nos. 642, 650.  For the following reasons, the Motions are granted.

## I.  BACKGROUND

On June 3, 2022, Plaintiffs Jane Does 1–9 filed the operative Fifth Amended Complaint, asserting the following claims, as relevant to the pending Motions before the Court: (1) violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA") against Collins Murphy, the MindGeek Defendants, and the Hammy Media Defendants; (2) "conducting the affairs of an enterprise through a pattern of racketeering activity" in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Murphy, the MindGeek Defendants, and the Hammy Media Defendants; (3) invasion of privacy based on wrongful intrusion upon private affairs, wrongful publicizing of private affairs, and wrongful appropriation of personality against Murphy; (4) intentional infliction of emotional distress against Murphy; (5) "negligent monitoring" against the MindGeek Defendants and the Hammy Media Defendants; (6) "false light" against the MindGeek Defendants and the Hammy Media Defendants; and (7) "civil conspiracy" against the

---

[1] Plaintiffs combined their response to the Hammy Media Defendants' Motion with their Motion for entry of judgment under Rule 54(b).  *See* ECF No. 642, 649.  These filings were docketed as two entries but are the same document.  *See id.*

[2] For ease of reference, the Court will cite to the docket entry numbers in C.A. No. 7:20-cv-00947-DCC.  The Court notes that the corresponding Motions, Responses, and Replies have also been filed in C/A No. 7:21-cv-03193-DCC.  *See* C/A No. 7:21-cv-03193-DCC, ECF Nos. 448, 449, 450, 456, 457.

MindGeek Defendants and the Hammy Media Defendants.  ECF No. 193 at 21–30, 32–35.  On August 9, 2022, Plaintiff Jane Doe filed the operative Third Amended Complaint with the same claims.  *See* C/A No. 7:21-cv-03193-DCC, ECF No. 91 (Aug. 9, 2022).

On January 10, 2025, the Hammy Media Defendants and the Mindgeek Defendants filed Motions for Summary Judgment.  ECF Nos. 475, 477, 478, 479.  On September 3, 2025, the Court issued its Summary Judgment Order, dismissing all the claims against the Hammy Media Defendants and the Mindgeek Defendants.  ECF No. 635.  Specifically, the Court found that Plaintiffs' claims against Wisebits failed because the Court lacked personal jurisdiction over Wisebits; Plaintiffs had abandoned their RICO claims and all of their claims against Defendant MindGeek S.A.R.L.; Plaintiffs' claims for negligent monitoring and false light against Hammy and MindGeek were barred under § 230 of the Communications Decency Act ("Section 230"); to the extent Section 230 immunity did not apply to Plaintiffs' claims for negligent monitoring and false light against Hammy and MindGeek, Plaintiffs had failed to show genuine issues of material fact existed; Plaintiffs had failed to show genuine issues of material fact existed as to its claims under the TVPRA or for civil conspiracy; and although Section 230 immunity did not apply to TrafficStars, Plaintiffs had failed to show any genuine issue of material fact existed as to their claims against TrafficStars.  *Id.* at 8 n.10, 12 n.13, 25, 31, 53, 60 n.21, 61–68, 72 n. 27, 72–76.

On September 29, 2025, a stipulation of dismissal was filed and all claims asserted by Plaintiffs against Defendants Limestone University, Sharon Hammonds, and Brenda F. Watkins were dismissed with prejudice.  ECF No. 646 at 2.  Accordingly, the only live claims remaining are against Murphy.  On September 18, 2025, the Hammy Media

Defendants moved for certification of separate and final judgment under Rule 54(b), and on September 24, 2025, Plaintiffs did the same. *See* ECF Nos. 641, 649. The MindGeek Defendants responded to Plaintiffs' Motion agreeing that a Rule 54(b) certification was warranted based on the Court's Order granting summary judgment to the MindGeek Defendants and the Hammy Media Defendants. ECF No. 650 at 3. Plaintiffs also moved to stay the proceedings as to Murphy. ECF No. 643. The Motions are now ripe for review.

## II. APPLICABLE LAW

### A. Rule 54(b) Standard

"Rule 54(b) certification is recognized as the exception rather than the norm." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). Accordingly, it "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims[.]" *Id.* (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

Rule 54(b) provides, "[w]hen an action presents more than one claim for relief . . . or . . . when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit. *Braswell*, 2 F.3d at 1335. Rule 54(b) also allows the district court to provide relief to litigants that would suffer undue hardship if final

4

judgment were not entered on the adjudicated claim prior to the resolution of the unadjudicated claims. *Id.*

To enter final judgment under Rule 54(b), a court must "first determine whether the judgment is final and second, determine whether there is no just reason for the delay in the entry of judgment." *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (internal quotation marks and citations omitted). The former determination requires that "the judgment [be] 'final in the sense that it is an ultimate disposition of an individual claim entered in the cour[se] of a multiple claims action.'" *Id.* (quoting *MCI Const., LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010)). The latter determination requires the district court "to conduct a case-specific inquiry, keeping in mind that this inquiry is 'tilted from the start against the fragmentation of appeals.'" *Id.* at 874 (quoting *Braswell*, 2 F.3d at 1335). This case-specific inquiry is guided by several factors, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* The party seeking Rule 54(b) certification bears "[t]he burden . . . to demonstrate that the case warrants certification." *Braswell*, 2 F.3d at 1335 (citing *Allis-Chalmers Corp. v. Phil Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

5

## B. Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to grant or deny a motion to stay "calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1944). The court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "Traditionally, a court may consider the following factors when deciding whether to stay legal proceedings: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed." *Brown-Thomas v. Hynie*, C.A. No. 1:18-cv-02191-JMC, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019) (quoting *Mitchell v. Lonza Walkersville, Inc.*, 2013 WL 3776951, at *2 (D. Md. July 17, 2013) (internal quotation marks omitted)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 862 (9th Cir. 1979). The decision to grant a stay is "generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 76 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

## III. DISCUSSION

## A. Rule 54(b)

In their Motion, the Hammy Media Defendants contend that the claims against them would not be affected by additional proceedings against Murphy nor would the resolution of claims against Murphy result in duplicative claims being presented to the Fourth Circuit. ECF No. 641 at 4. Hammy Media contends that because the claims against the Hammy Media Defendants are separate and distinct from the claims that against Murphy, certification of final judgment is appropriate here. *Id.* The Hammy Media Defendants further contend that although they and Murphy are both named in Plaintiffs' cause of action for civil conspiracy, there is no evidence that they entered into an agreement with Murphy, so there is not a risk of duplicative appeals. *Id.*

Plaintiffs assert that they "do not oppose the Hammy Media Defendants' Rule 54(b) Motion . . . ; however, [they] disagree with some of the factual allegations that were made therein." ECF No. 649 at 2. The factual disputes that Plaintiffs have with the Hammy Media Defendants are twofold: (1) they disagree with the Hammy Media Defendants' assertion that the stay is immaterial to the Rule 54(b) Motion; and (2) they disagree with the Hammy Media Defendants' assertion that there is no overlap in claims against Hammy Media Defendants and Murphy because Plaintiffs' claims are based on videos of Plaintiffs that were posted by a third-party. *Id.* at 4–5. However, Plaintiffs nevertheless agree that the Court's grant of summary judgment in favor of the Hammy Media Defendants and the MindGeek Defendants is a final judgment and there is no just reason for delay in entering judgment. *Id.* at 6–7. Specifically, while Plaintiffs assert certain factual allegations involving both Hammy Media Defendants and Murphy, those allegations do not pertain to the applicability of Section 230 immunity raised by the

7

MindGeek Defendants and the Hammy Media Defendants as Murphy is unable to raise Section 230 as a defense. *Id.* at 7–8.

Finally, the MindGeek Defendants agree that the Court's grant of summary judgment in their favor warrants a Rule 54(b) certification as them. ECF No. 650 at 3. The MindGeek Defendants note that neither Section 230 immunity or the personal jurisdiction analysis by the Court applies to the only remaining defendant—Murphy. *Id.* at 3–4. Additionally, while recognizing that Plaintiffs asserted a claim for civil conspiracy against both Murphy and the MindGeek Defendants, the MindGeek Defendants argue that any potential factual findings involving Murphy at trial would be inapplicable to the MindGeek Defendants and do not present a risk of duplicative appeals as Plaintiffs affectively abandoned this claim against the MindGeek Defendants. *Id.* at 4.

Upon consideration of the relevant factors, the Court determines that there is no just reason for delay and that entry of final judgment under Rule 54(b) as to the MindGeek Defendants and the Hammy Media Defendants is appropriate. All parties agree that entry of judgment with respect to the MindGeek Defendants and the Hammy Media Defendants is appropriate because the Court's entry of summary judgment against them was a final judgment. Although the Parties have some disagreement about the factual issues and how these issues impact the relationship between the adjudicated and unadjudicated claims, they agree that these issues do not warrant precluding the entry of judgment on these claims and that future developments in the Court's addressing the remaining party—Murphy—would not moot the need for review or create the possibility of duplicative appeals. The Court agrees that further adjudication as to the claim against Murphy would not impact the finality of the judgment against the MindGeek Defendants and the Hammy

Media Defendants as many of the legal arguments would not be applicable to Murphy—the sole remaining Defendant. Further, there are no claims or counterclaims pending before the Court which could result in a set-off against any judgment entered as to the MindGeek Defendant and the Hammy Media Defendants. For these reasons, the Court finds that there is no reason for delay and grants the Motions for entry of final judgment under Rule 54(b) as to the MindGeek Defendants and the Hammy Media Defendants.

**B. Motion to Stay**.

Plaintiffs, together with counsel for Murphy, move this Court to enter a stay of all proceeding as to Murphy to allow Plaintiffs to seek appellate review of the Court's Order entering summary judgment in favor of the MindGeek Defendants and the Hammy Media Defendants. ECF No. 643 at 1–2. Plaintiffs contend that a stay will preserve judicial resources and will not prejudice any party to the litigation, and Murphy consents to the stay. *Id.* at 2. Although terminated from this action, the MindGeek Defendants and the Hammy Media Defendants take no position on whether the case against Murphy should be stayed. ECF Nos. 643 at 2; 641 at 3 n.1; 650 at 2 n.2. Based on the current procedural posture of this case after the Court's entry of judgment under Rule 54(b) and upon consideration of Murphy's consent to Plaintiffs' request for stay, the Court finds staying the case is appropriate in the interest of judicial economy. Accordingly, Plaintiffs' Motion to Stay is granted.

### IV. CONCLUSION

For the reasons set forth above, the Hammy Media Defendants' Motion for Certification of Separate and Final Judgment under Rule 54(b) [641], Plaintiffs' Motion for

Certification of Separate and Final Judgment under Rule 54(b) [649], and Plaintiffs' Motion to Stay [643] are **GRANTED**.

    IT IS SO ORDERED.

                                            s/ Donald C. Coggins, Jr.
                                            United States District Judge

October 22, 2025
Spartanburg, South Carolina