**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| JANE DOES 1-9, | Case No.: 7:20-cv-00947-DCC |
| Plaintiffs, | |
| vs. | |
| Collins Murphy, Limestone College, Hammy Media Ltd., MG Freesites Ltd., Sharon Hammonds, Brenda F. Watkins, Mindgeek S.A.R.L., TrafficStars LTD., Wisebits IP LTD, | |
| Defendants. | |
| JANE DOE, | Case No.: 7:21-cv-03193-DCC |
| Plaintiff, | |
| vs. | |
| Limestone University, Collins Murphy, MG Freesites Ltd., Hammy Media Ltd., Sharon Hammonds, Brenda F. Watkins, Mindgeek S.A.R.L., TrafficStars, LTD., Wisebits IP LTD., | |
| Defendants. | |

**HAMMY MEDIA LTD'S, WISEBITS IP, LTD'S, AND TRAFFICSTARS, LTD'S**
**MOTION FOR INJUNCTIVE RELIEF AND SANCTIONS**

*"I think the Court was very confused… going in circles and I think it comes down to that place where … the judges… they lack confidence in addressing tech defendants."*

*"…even with a notorious bad actor like Pornhub, with multiple cases… there was all this support for the Court to find the right way… but still… this judge still didn't feel the confidence to let our clients have their day in court…"*

*"And to me it can only be explained by a fear of the tech industry and sort of a cowardice when it comes to dealing with technology."*

*"…maybe this will improve as judges get younger."*

-- Dani Pinter, Counsel for the Plaintiffs
"Pornhub Lawsuit: 10 Survivors Denied Justice"
NCOSE's Ending Sexploitation Podcast

## INTRODUCTION

In what can only be described as an intentional and flagrant violation of South Carolina's Rules of Professional Conduct – and an apparent attempt to prejudice any future jury pool if the present case were ever to go to trial – Plaintiff's counsel created and broadcast a 30-minute video podcast in which she (and her organization, the National Center on Sexual Exploitation ("NCOSE")), formerly Morality in Media), repeatedly disparaged this Court; misrepresented the evidence presented in the case; and made the type of impermissibly prejudicial statements about the Defendants that would ordinarily be kept from a jury.

The podcast, which has been viewed almost 19,000 times on YouTube[1] alone, is also available on Apple Podcasts, Spotify, through the NCOSE's website, and on any number of other podcast streaming services. And, more shockingly still, the NCOSE is using the present case – through its podcasts and articles about the case – as a fundraising tool: each iteration of the podcast includes a solicitation of funds for the NCOSE and links to the NCOSE website, where funds are also solicited, with screaming bolded exhortations to "**Please Help Us Overturn this Injustice!**"

There is little question but that judicial intervention is both warranted and necessary to prevent further potential contamination of the jury pool and to restore the proper level of respect

---

[1] The podcast is available on YouTube here:
https://www.youtube.com/watch?v=AULJyXgHvzY.

for the present proceedings and the Court.

Accordingly, Hammy Media LTD's, Wisebits IP, LTD's, And Trafficstars, LTD's ("Hammy Media Defendants") respectfully request that this Court order Attorney Pinter (and the NCOSE) to (a) immediately remove the podcast and related articles from all places on the internet where it appears, and (b) pay the Hammy Media Defendants' reasonable costs and attorney's fees in connection with the present motion. The Hammy Media Defendants also reserve their right to ask the Court for directed voir dire at the appropriate time if this matter were ever to be brought to trial. In support of this Motion, the Hammy Media Defendants state as follows.

## BACKGROUND

On September 3, 2025, this Court issued a detailed and well-reasoned 78-page Summary Judgment Order, dismissing all of the claims against the Hammy Media Defendants and the Mindgeek Defendants. On October 22, 2025, this Court allowed the Hammy Media Defendants' Motion for Separate and Final Judgment. On November 17, 2025, Plaintiffs filed their Notice of Appeal of the Court's Summary Judgment Order. Plaintiffs' appeal remains pending before the Fourth Circuit Court of Appeals.

Apparently, in December of 2025, with Plaintiffs' appeal still pending, Plaintiffs' attorney, Dani Pinter – the Chief Legal Officer and Director of the Law Center at the NCOSE – posted a podcast on YouTube in which Attorney Pinter discusses the present litigation with Haley McNamara, the NCOSE's Executive Director. At the same time, the NCOSE made the podcast available through Apple Podcasts, Spotify, the NCOSE's own website and, possibly, other podcast streaming platforms.

As the Court can see from the image below, the podcast has been viewed almost 19,000 times on YouTube alone:

3



In the description section for the YouTube podcast, the NCOSE includes links to "read more about this case" and to "donate to the law center to help continue their pro bono work:"



The same links are included in the description sections for the podcast on Spotify and Apple Podcasts.

When one clicks on the link to learn more about the case, one is first presented with a pop up for the NCOSE "Law Center" asking the viewer to "Donate Today":



Clicking past the pop up box brings the viewer to the NCOSE's article about the present case, which also contains a donation box at the bottom of the page:



And, in the body of that article, the NCOSE again directs readers to the podcast and asks for donations, imploring the viewer to "Please Help Us Overturn this Injustice!"

5



## Please Help Us Overturn this Injustice!

The NCOSE Law Center has never been one to give up. We are appealing this decision, drawing hope from recent victories where our appeals met with success and a case initially thrown out on account of Section 230 is now allowed to proceed. We also continue to fight tooth and nail for Section 230 to be repealed, advocating on the Hill and consulting with legislators.

But this fight can't be won without you. **Please become a Defender by committing to a monthly gift.** Survivors need you to stand by their side.

**Currently, we live in a world where survivors are denied their day in court, and simply playing sports can be a sex trafficking sentence for women. We need you to change that.**

Throughout the podcast, Attorney Pinter makes statements that: (a) misrepresent the facts and evidence; (b) are more prejudicial than probative and which would likely be kept from any jury; and (c) openly disparage this Court and the present proceedings. For example, in addition to the quotations included at the top of this Motion, Attorney Pinter states that:

• the "evidence showed" that xHamster and PornHub were "working hand in hand with the person posting the content";

6

- when she (Attorney Pinter) investigated the websites, she found hundreds of videos of people peeing in public restrooms;

- the websites create a dangerous atmosphere for women and everyone;

- the websites are notorious bad actors; and

- the websites are "predatory."

And, in addition, as is indicated above, Ms. Pinter repeatedly disparages this Court, the present proceedings, and the Court's Summary Judgment decision.

## ARGUMENT

### I.     This Court Retains Jurisdiction to Address the Present Motion.

Although it is true that, as a general rule, the filing of a notice of appeal divests the district court of jurisdiction over a case, this rule has a crucial limitation: the district court is only divested of jurisdiction in connection with those matters actually at issue in the appeal. *See, e.g., Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *Mt. Valley Pipeline, LLC v. 8.37 Acres of Land,* 101 F.4th 350, 360 (4th Cir. 2024)("But the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of 'all matters relating to the appeal from the district court to the court of appeals.' …Put differently, a notice of appeal divests the district court of 'its control over those aspects of the case involved in the appeal'")(citations omitted); *Durham Sch. Servs., L.P. v. Gen. Drivers, Warehousemen & Helpers, Local Union No. 509*, 2016 U.S. Dist. LEXIS 35788, at *6-7 (D.S.C. Mar. 21, 2016)("notwithstanding the filing of a notice of appeal, district courts retain jurisdiction to determine collateral and ancillary matters that do not affect the questions presented on appeal.")

Motions for sanctions and attorney's fees are collateral to an appeal and remain within the district court's jurisdiction. *Durham Sch. Servs., L.P.* at *7 ("An award of costs and attorney's fees has generally been recognized as a collateral issue that is appropriate for resolution by the trial court even after a party has filed a notice of appeal. … The issues in the motion for sanctions are collateral and ancillary to the issues presented in Durham's appeal. Therefore, the court retains jurisdiction to decide this motion despite Durham's pending appeal.")

Here, both the request for sanctions and the request for injunctive relief are collateral to the issues on appeal. Indeed, Plaintiffs' counsel's actions took place *after* their filing of the notice of appeal and, as such, could not possibly be part of the issues on appeal. Because the issues raised in this motion do not affect the questions presented on appeal, this Court retains jurisdiction over the present motion.

**II.    Attorney Pinter's Conduct Violates the Applicable Rules of Professional Conduct and Threatens the Orderly Administration of Justice.**

Attorneys who practice before this Court are subject to both the South Carolina Rules of Professional Conduct ("SCRPC") and the District Court's Rules of Disciplinary Enforcement ("RDE"), Local Rule 83.I.08. ("The Code of Professional Responsibility adopted by this court is the South Carolina Rules of Professional Conduct (Rule 407 of the South Carolina Appellate Court Rules) adopted by the South Carolina Supreme Court, as amended from time to time by that state court, except as otherwise provided by specific rule of this court.")

SCPRC 3.6, which deals with "Trial Publicity" states:

*A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.*

SCPRC 8.4, which deals with attorney misconduct, provides, in relevant part, that:

*It is professional misconduct for a lawyer to:*
*...*
*(e) engage in conduct that is prejudicial to the administration of justice.*

And, RDE Rule IV(H), which also addresses attorney misconduct states that:

*Misconduct, as the term is used herein, means any one or more of the following:*
*...*
*(4) Conduct tending to pollute or obstruct the administration of justice or to bring the courts or the legal profession into disrepute.*

On its face, Attorney Pinter's comments violate each of the above-listed ethical rules. Attorney Pinter's comments are clearly of the type that present a substantial likelihood of materially prejudicing any trial that might occur in this case. Attorney Pinter's comments, for example, referring to Defendants as "notorious bad actors" and referencing other litigations are the type of comments that would be excluded under Federal Rules of Evidence R. 403. And her comments about having discovered hundreds of covert videos of people urinating in public restrooms – something that is neither in evidence in this case nor relevant to Plaintiffs' claims, would be similarly excluded. And, her claim that the Defendants were "working hand in hand with the person posting the content" has been flat-out disproven during discovery and her comments to the contrary are clearly prejudicial and have a high likelihood of prejudicing any potential juror who may have seen the podcast.

Similarly, it is hard to imagine comments more likely to "bring the courts or the legal profession into disrepute" than the comments made by Attorney Pinter in reference to this Court and its summary judgment order.

### III.     The Court Has the Inherent Power to Craft an Appropriate Remedy.

It is a given that District Courts have the inherent power to issue orders that are necessary "for 'protecting the due and orderly administration of justice' and 'maintaining the authority and dignity of the court.'" *Keyes Law Firm, LLC v. Napoli*, 120 F.4th 139, 143 (4th Cir.

9

2024)(citations omitted). "At the core of this inherent power is the authority to 'fashion an appropriate sanction for conduct which abuses the judicial process'. …Without it the 'judicial Power' would be no 'Power' at all. It would be but a shell, lacking the substance courts need to protect their role within our constitutional structure." *Id.*

And, while counsel certainly has the right to speak publicly about the present case, as the ethical rules make clear, she does not have the right to make public comments that she "reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." SCPRC 3.6. Attorney Pinter's comments in the podcast – which misrepresent the evidence in the case; contain comments that are more prejudicial than probative; and which directly disparage the Court all fit this definition. The remedies requested – the removal of the offending podcast and the payment of the reasonable attorney's fees incurred as a result of Attorney Pinter's improper actions – are narrowly tailored to remedy Attorney Pinter's ethical violations and minimize the threats to a fair trial caused by said violations.

## CONCLUSION

For the reasons stated hereinabove, the Hammy Media Defendants respectfully request that the Court order Attorney Pinter (and the NCOSE) to: (a) immediately remove the relevant podcast and related articles from all places on the internet where it appears, and (b) pay the Hammy Media Defendants' reasonable costs and attorney's fees in connection with the present motion.

Respectfully Submitted,

/s/ Hannah Rogers Metcalfe
Hannah Rogers Metcalfe, Fed ID. 9943
Metcalfe & Atkinson, LLC
1395 South Church Street
Greenville, South Carolina 29605

10

(864) 214-2319

Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*Attorneys for Defendant Hammy Media LTD*

April 27, 2026
Greenville, South Carolina

11