IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jane Does 1–9, | ) | No. 7:20-cv-00947-DCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Collins Murphy, Limestone College, Hammy Media Ltd., MG Freesites Ltd., Sharon Hammonds, Brenda F. Watkins, Mindgeek S.A.R.L., TrafficStars LTD., Wisebits IP LTD., | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |
| Jane Doe, | ) | |
| | ) | No. 7:21-cv-03193-DCC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Limestone University, Collins Murphy, MG Freesites Ltd., Hammy Media Ltd., Sharon Hammonds, Brenda F. Watkins, Mindgeek S.A.R.L., TrafficStars LTD., Wisebits IP LTD., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Hammy Media, Ltd's; Wisebits IP LTD's; and TrafficStars LTD's (collectively, the "Moving Defendants")'s Motion for Injunctive Relief and Sanctions.[1] ECF No. 656. Plaintiffs Jane Does 1–9 and Jane Doe

---

[1] For ease of reference, the Court will cite to the docket entry numbers in No. 7:20-cv-00947-DCC. The Court notes that the corresponding Motion, Response, and Reply has also been filed in No. 7:21-cv-03193-DCC. *See* No. 7:21-cv-03193-DCC, ECF Nos. 463, 464, 465.

(collectively, "Plaintiffs") filed a Response in Opposition to the Moving Defendants' Motion. ECF No. 657. The Moving Defendants replied in support of their Motion. ECF No. 658.

## I. BACKGROUND

This action arises out of the recording of Plaintiffs in various stages of undress while in the visiting women's locker room at Limestone College, which were subsequently uploaded to various pornographic websites, including xHamster.com which is affiliated with the Moving Defendants. *See* ECF No. 193. On January 10, 2025, the Moving Defendants filed their Motions for Summary Judgment. ECF Nos. 477, 478, 479. On September 3, 2025, the Court granted the Moving Defendants' Motions for Summary Judgment, and the Moving Defendants were terminated as Parties to this action. ECF Nos. 635, 637. Plaintiffs still have pending claims remaining against at least one other Defendant after the Court ruled on the Moving Defendants' Motions for Summary Judgment. *See* ECF Nos. 636, 643. On September 18, 2025, the Moving Defendants filed a Motion for Certification of Separate and Final Judgment pursuant to Federal Rule of Civil Procedure 54(b), which Plaintiffs did not oppose. ECF Nos. 641, 649 at 2. On October 22, 2025, the Court granted the Moving Defendants' Motion. ECF No. 651. Plaintiffs filed a Notice of Appeal on November 17, 2025, as to the Court's Order on the Moving Defendants' Motions for Summary Judgment. ECF No. 652.

In December of 2025, Plaintiffs' attorney, Dani Pinter, appeared in a podcast video on YouTube, which was created and produced by her organization, the National Center on Sexual Exploitation ("NCOSE"), and discussed the Court's summary judgment decision that is currently on appeal. ECF Nos. 656 at 2–3; 657 at 4. This podcast was

allegedly available on Youtube, Apple Podcasts, Spotify, through the NCOSE's website, and other podcast streaming services and had been viewed approximately 19,000 times on Youtube alone at the time of the Moving Defendant's Motion.[2]  *See* ECF No. 656 at 2. The Podcast including bolded exhortations to "Please Help Us Overturn this Injustice!" *See id.* at 2, 6.

On April 27, 2026, the Moving Defendants filed their Motion for Injunctive Relief and Sanctions, specifically asking that the Court order Attorney Pinter and the NCOSE to (a) immediately remove the podcast and related articles from all places on the internet where it appears, and (b) pay the Moving Defendants' reasonable costs and attorney's fees in connection with the present Motion.  *Id.* at 3, 8–9, 10.  Plaintiffs filed a Response in Opposition, and the Moving Defendants filed a Reply.  ECF No. 657, 658.  The Motion is now ripe for review.

### III.  DISCUSSION

The Moving Defendants assert that they are entitled to injunctive relief, in the form of removal of the podcast video, and sanctions, in the form of attorney's fees and costs in bringing this Motion, based on Attorney Pinter and the NCOSE's conduct and statements related to the podcast.  *See* ECF No. 656 at 9–10.  According to the Moving Defendants, Attorney Pinter made disparaging remarks about the Court in critiquing the Court's summary judgment decision that "bring the courts or the legal profession into disrepute" and made comments that misrepresented the evidence and the Court's decision in violation of the ethical rules.  *Id.* at 8–9.  The Moving Defendants further

---

[2] Plaintiffs represent that they have made the video podcast unlisted until the Moving Defendants' Motion is resolved.  ECF No. 657 at 2 n.1.

contend that Attorney Pinter's comments on the podcast present a substantial likelihood of materially prejudicing any trial that might occur in this case by, for example, referring to the Moving Defendants as "notorious bad actors" and misrepresenting the evidence in discovery. *Id.* at 9. The Moving Defendants recognize that the filing of a notice of appeal divests the district court of jurisdiction over a case but argue that their request for injunctive relief and sanctions related to the podcast are collateral and not connected with the matters at issue on appeal in this case, and, thus, the Court retains jurisdiction. *Id.* at 7–8.

In response, Plaintiffs contend that this Court has no jurisdiction as the communications at issue all concern matters that are the subject of Plaintiffs' appeal. ECF No. 657 at 3–4. Plaintiffs further assert that Attorney Pinter's discussions on the podcast concerned material available in the public record and did not violate the trial publicity rule under the Rules of Professional Conduct. *Id.* at 4–11. Plaintiffs further contend that Attorney Pinter's comments on the podcast were merely "criticiz[ing] the state of the law" and nothing more than a "measured critique" of the Court's decision, and these statements were "fair, constitionally protected criticisms" under the First Amendment. *Id.* at 11–13.

The Court first addresses whether it retains jurisdiction to rule on the Moving Defendants' Motion. "Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014); *see also Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982) ("[I]t [is] generally understood that a federal district court and a federal court of appeals should not attempt

4

to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  However, a district court is not divested of jurisdiction for matters that are collateral to the appeal or in aid of the appeal.  *Doe*, 749 F.3d at 258.

The issue here is whether the Moving Defendants' requests for sanctions and injunctive relief based on Attorney Pinter's discussion of the Court's summary judgment decision, the very matter on appeal, are collateral to the appeal itself.  While several courts have considered imposition of monetary sanctions, specifically attorney's fees and costs, to generally be a collateral matter under some conditions, the bases for such relief in those cases are all factually distinct from those present in this action.  *See, e.g.*, *Durham Sch. Servs., L.P. v. Gen. Drivers,* No. 2:14-CV-1241-DCN, 2016 WL 1095498, at *2 (D.S.C. Mar. 21, 2016) (finding the district court retained authority to sanction a party when an appeal was pending on issues that did not relate to the dispute involving that particular party); *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 268 (1988) (finding that a pending appeal did not divest the district court of jurisdiction to consider attorney's fees sought predicated on Federal Rule of Civil Procedure 54(d) and an "[a]ssessment of such costs [did] not involve reconsideration of any aspect of the decision on the merits"); *Langham-Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1331 (4th Cir. 1987) (finding that a request for attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1974 raised issues collateral to the main cause of action as attorney's fees are not compensation for the injury giving rise to the action and thus are not an element of relief)*.* It is a closer question whether Attorney Pinter's conduct in discussing the very Motion at

issue on appeal is a "matter touching upon, or involved in, the appeal." *Griggs*, 459 U.S. at 58. While Attorney Pinter's conduct occurred after the appeal and her appearance on the podcast itself is not the subject of the appeal, the subject matter which she discusses and her statements related thereto are the basis of the Moving Defendants' requests for sanctions and injunctive relief. Accordingly, the Court finds that it is doubtful that it retains jurisdiction over this matter.

Even if the Court were to find the exercise of jurisdiction was proper, the Court does not believe that the imposition of sanctions and granting of the injunctive relief requested is appropriate in this matter. First, considering the Moving Defendant's request for injunctive relief, the Court finds that injunctive relief is unnecessary to preserve the status quo in this action. While courts have widely recognized the Federal Rules of Civil Procedure provide a limited exception to divesture as outlined in *Griggs* as to injunctive relief pending appeal, this exception is very narrow and only permitted to the extent necessary to maintain the status quo pending appeal. *See* Fed. R. Civ. P. 62(d) ("While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."); *Duke v. Uniroyal, Inc.*, 777 F. Supp. 428, 431 (E.D.N.C. 1991) ("Rule 62 has been 'narrowly interpreted to allow district courts to grant only such relief as may be necessary to preserve the status quo pending appeal where the consent of the court of appeals has not been obtained.'" (quoting *International Ass'n of Machinists v. Eastern Air Lines, Inc.,* 847 F.2d 1014, 1018 (2d Cir. 1988)). The burden is on the Moving Defendants to support their request for the desired relief. *See Hodges*

6

*v. Shalala*, 127 F. Supp. 2d 790, 791–92 (D.S.C. 2001). In determining whether to grant relief under Rule 62, courts generally look to the same standards applicable to petitions for other injunctive relief: (1) the likelihood of irreparable harm to the Moving Defendants if the injunction is denied, (2) the likelihood of harm to Plaintiffs if the requested relief is granted, and (3) the public interest. *Id.* at 792 (citing *Rum Creek Coal Sales, Inc. v. Caperton,* 926 F.2d 353, 359 (4th Cir.1991); *Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F.2d 189 (4th Cir.1977)). "The irreparable harm to the [Moving Defendants] and the harm to the [Plaintiffs] are the two most important factors." *Rum Creek Coal Sales,* 926 F.2d at 359.

In carefully applying the factors to this case, the Court finds that the Moving Defendants have not met their burden. While the Moving Defendants claim that Attorney Pinter's statements on the podcast are highly prejudicial and could "have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter," they concede that they have only been viewed 19,000 times on YouTube, and there is no evidence or even assertion that any of these viewers was a potential juror. ECF Nos. 657 at 2, 8–9; 658 at 3–4. Indeed, according to Plaintiffs, the offending podcast video has been made unlisted pending the Court's disposition on this Motion, which makes it unlikely that significantly more potential jurors have seen it while this Motion has been pending. ECF No. 657 at 2 n.1. Without a doubt, Attorney Pinter's comments on the podcast were ill-advised and borderline at best in consideration of her duties to the Court and the public under the Rules of Professional Conduct when this litigation, contrary to Plaintiffs' assertions, remains pending as to at least one party and very well could be revived as to other parties if Plaintiff is successful on appeal. However, the Court finds

7

that, should this action proceed to trial, her comments may be better addressed through the less extraordinary remedy of identifying potentially prejudiced jurors through voir dire or a jury questionnaire rather than the injunctive relief that the Moving Defendants requested. Given the extraordinary nature of injunctive relief and the availability of alternative relief, the Court finds that it is not appropriate under these circumstances. *See Peterson v. Nat'l Telecomms. & Info. Admin.*, 505 F. Supp.2d 313, 317 (E.D. Va. 2006) (recognizing that injunctive relief "is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it" (quoting *Direx Israel Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1992)).

Turning to the issue of sanctions, the Moving Defendants request the Court impose a sanction of attorney's fees and costs on Plaintiffs pursuant to the Court's inherent equitable powers. ECF No. 656 at 9–10. "The district court has the inherent authority to impose sanctions against a party who 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Thomas v. Ford Motor Co.*, 244 F. App'x 535, 538 (4th Cir. 2007) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). "This inherent authority 'extends to a full range of litigation abuses.'" *Id.* (citing *Chambers*, 501 U.S. at 46). "Due to the very nature of the court as an institution," the Court has the inherent power to issue sanctions "to impose order, respect, decorum, silence, and compliance with lawful mandates." *U.S. v. Shaffer Equipment Co.*, 11 F.3d 450, 461 (4th Cir. 1993). This inherent power "is necessary to the exercise of all other powers" of the court. *Id.* The inherent power to issue sanctions "must be exercised with the greatest restraint and caution" because it is not subject to regulation by Congress or the people. *Id.* at 461.

8

For many of the same reasons outlined above in the Court's discussion of injunctive relief, the Court likewise finds that the imposition of attorney's fees and costs pursuant to the Court's inherent authority is inappropriate. As outlined above, Attorney Pinter's conduct was highly unadvisable, and the Court in no way wishes to endorse her conduct, but the Court finds her conduct does not rise to the level warranting sanctions. Given the restraint which the Court must apply in issuing such sanctions and that her conduct may be better remedied by alternative relief, the Court declines to exercise its inherent authority to impose monetary sanctions on Plaintiffs in the form of attorney's fees and costs.[3] Accordingly, the Court denies the Moving Defendants' Motion.

### IV. CONCLUSION

For the reasons set forth above, the Moving Defendants' Motion for Injunctive Relief and Sanctions [656] is **DENIED**.[4]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 10, 2026
Spartanburg, South Carolina

---

[3] While the Court finds Attorney Pinter's statements on the podcast to be concerning and unwise, it does reach the issue of whether these statements were made in violation of the Rules of Professional Conduct. The Court's ruling on the Moving Defendants' Motion does not preclude the Moving Defendants from reporting Attorney Pinter's conduct to the appropriate institutions that specifically address attorney conduct or raising this issue before the Fourth Circuit if they so choose.

[4] The corresponding Motion for Injunctive Relief and Sanctions [463] in No. 7:21-cv-03193-DCC is likewise **DENIED**.